IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **NICOLE P. ERAMO** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00023-GEC |
| ) | |
| **ROLLING STONE LLC,** ) | |
| **SABRINA RUBIN ERDERLY, and** ) | |
| **WENNER MEDIA LLC,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**

Plaintiff Nicole P. Eramo, through her undersigned counsel, respectfully submits this Memorandum of Law in Support of her Motion to Remand.

Dated: June 8, 2015                    Respectfully submitted,

By: /s/ *Elizabeth M. Locke*
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com

*ATTORNEYS FOR PLAINTIFF*

## TABLE OF CONTENTS

Page

INTRODUCTORY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ........................... 2

ARGUMENT ................................................................................................................ 3

CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bostic Development at Lynchburg, LLC v. Liberty University, Inc.*,
  No. Civ.A.6:05-cv-00013, 2005 WL 2065251 (W.D. Va. Aug. 25, 2003) ............................. 4, 5

*Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*,
  636 F.3d 101 (4th Cir. 2011) ............................................................................................... 3, 4

*Hart v. Terminex Int'l*,
  336 F.3d 541 (7th Cir. 2003) ..................................................................................................... 4

*Joy Family Limited Partnership v. United Financial Banking Companies*,
  No. ELH-12-3741, 2013 WL 4647321 (D. Md. Aug. 28, 2013) ................................................ 4

*Meyn America, LLC v. Omtron USA LLC*,
  856 F. Supp. 2d 728 (M.D.N.C. 2012) ................................................................................... 4, 5

*Mulcahey v. Columbia Organic Chemicals. Co.*,
  29 F.3d 148 (4th Cir. 1994) ....................................................................................................... 4

*Receivership Estate of Mann Bracken, LLP v. Cline*,
  No. RWT-12-cv-292, 2012 WL 2921355 (D. Md. July 16, 2012) ............................................. 4

*Reid v. The Wailers*,
  606 F.Supp.2d 627 (E.D. Va. 2009) .......................................................................................... 4

*Schaftel v. Highpointe Business Trust*,
  No. WMN-11-2879, 2012 WL 219511 (D. Md. Jan. 24, 2012) ............................................. 5, 6

*Thomas v. Guardsmark, LLC,*
  487 F.3d 531 (7th Cir. 2007) ..................................................................................................... 2

**Statutes**

28 U.S.C. § 1332 ............................................................................................................................. 3

28 U.S.C. § 1332(a) ........................................................................................................................ 3

28 U.S.C. § 1332(a)(1) .................................................................................................................... 2

28 U.S.C. § 1332(c)(1) .................................................................................................................... 2

28 U.S.C. § 1447(c) ........................................................................................................................ 7

**INTRODUCTORY STATEMENT**

Defendants Rolling Stone LLC, Wenner Media LLC, and Sabrina Rubin Erdely have improperly removed this action to federal court — and they have done so knowingly — in contravention of decades of black letter law and another federal court decision involving the *same* Rolling Stone LLC defendant represented by the *same* defense counsel.  Defendants filed a joint Notice of Removal on May 29, 2015 of this action, which Plaintiff Nicole P. Eramo ("Dean Eramo"), Associate Dean of Students at the University of Virginia filed in the Circuit Court for the City of Charlottesville, Virginia on May 12, 2015.  Dean Eramo's lawsuit arises out of Defendants' false and defamatory statements in the now-discredited article "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA" that was published in *Rolling Stone* magazine and on RollingStone.com to a global audience.  In their Notice of Removal, although Defendants conclude that there is complete diversity of citizenship among all the parties, Defendants knowingly fail to identify the citizenship of defendants Rolling Stone LLC and Wenner Media LLC because they do not properly trace the citizenship of these unincorporated associations by specifically identifying all of the members of Straight Arrow Publishers LLC, a member of Wenner Media LLC.  It is black-letter law that a removing defendant must identify *every* member of a party limited liability company and *each* member's citizenship.  Moreover, if any of those constituent members are themselves limited liability companies, partnerships, or trusts, the members, partners, or trustees of each of those entities must be specifically identified as well.

Defendants unquestionably know this.  In 2008, Judge Lefkow of the Northern District of Illinois remanded an action against Rolling Stone LLC because, as in this case, Rolling Stone refused to identify all the members and their citizenship of Rolling Stone LLC and Straight Arrow Publishers LLC.  Judge Lefkow held that "'an LLC's jurisdictional statement must

identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well'… Thus, defendant's failure to plead or otherwise disclose either the identity or the citizenship of each of the members of Rolling Stone L.L.C. is fatal to the court's jurisdiction." (*See* Sept. 4, 2008 Order, *Solano, et al. v. Rolling Stone, LLC*, No. 1:08-cv-03909 (N.D. Ill., Lefkow, J.) (quoting *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 533-34 (7th Cir. 2007) (Attached as Exhibit A).) Nor can there be any claim that this is simply an oversight. The very same defense counsel represented Rolling Stone LLC in that case as in this one.

Because Defendants have wholly failed to identify each of the individual members of Straight Arrow LLC and their respective citizenship, Defendants have improperly invoked this Court's subject matter jurisdiction. This Court must remand this action to state court.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Nicole P. Eramo commenced this action on May 12, 2015, by filing a Complaint in the Circuit Court for the City of Charlottesville. (May 12, 2015 Complaint ("Compl.") [Dkt. 1-1].) The Complaint names as defendants Rolling Stone LLC and Wenner Media LLC, the entities that publish *Rolling Stone*, as well as Sabrina Rubin Erdely, the author of the defamatory article. (Compl. ¶¶ 18-20.) On May 29, 2015 Defendants' jointly filed their Notice of Removal of Action [Dkt. 1] ("Notice of Removal"). The Notice of Removal alleged federal jurisdiction based on complete diversity of the parties under 28 U.S.C. §§ 1332(a)(1) and (c)(1). (Notice of Removal ¶ 6). Defendants allege that defendant Erdely is a citizen of Pennsylvania. (*Id*. ¶ 5.) With respect to the limited liability company defendants, Defendants alleged the following:

> ***Citizenship of the Defendants:***  Defendant Rolling Stone LLC is a Delaware limited liability company. (Compl. ¶ 18; Krodel Decl. ¶ 3.) Rolling Stone LLC's sole member is Defendant Wenner Media LLC, which is a Delaware limited liability company. (Compl. ¶ 20; Krodel Decl. ¶¶ 3-4.) The sole member of Wenner Media LLC is Straight Arrow Publishers LLC, which is a Delaware

2

> limited liability company.  (Krodel Decl. ¶¶ 4-5.)  **The members of Straight Arrow Publishers LLC are Straight Arrow Publishers Inc., 2006 Wenner Family LLC, and certain trusts and individuals.  (Id.)  The collective members of Straight Arrow Publishers LLC are citizens of California, Delaware, Hawaii, Michigan, and New York.  (Id. ¶ 6.)**  None of the members of Straight Arrow Publishers LLC is a citizen of Virginia.  (*Id*.)  Therefore, Defendants Rolling Stone LLC and Wenner Media LLC are citizens of California, Delaware, Hawaii, Michigan, and New York, not Virginia (Krodel Decl. ¶ 7.)

(*Id*. ¶ 4 (emphasis added).)  Plaintiff Dean Eramo is a citizen of Virginia.  (*Id*. ¶ 3.)  Defendants' Notice of Removal does not identify the members of 2006 Wenner Family LLC, nor does it identify the "certain trusts and individuals" that are also members of Straight Arrow Publishers LLC.  (*See id*. ¶ 4.)  Moreover, it does not identify specifically the citizenship of Straight Arrow Publishers Inc.  (See id. ¶ 4.)

## ARGUMENT

Defendants' removal fails because they have not met their burden of showing complete diversity as required by 28 U.S.C. § 1332.  With respect to Rolling Stone LLC and Wenner Media LLC, Defendants have intentionally declined to identify the entities, individuals, or trusts that are members of Straight Arrow Publishers LLC or of 2006 Wenner Family LLC, both of which are constituent members of defendant Wenner Media LLC — which in turn is the sole member of defendant Rolling Stone LLC.  As a result, Defendants have not properly or sufficiently alleged the citizenship of either Rolling Stone LLC or Wenner Media LLC, and this case must be remanded.

Removal based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) is only proper where there is "complete diversity among parties," so that "the citizenship of every plaintiff is different from the citizenship of every defendant."  *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  In the context of an unincorporated entity such as a limited liability company, the party's citizenship is not based on state of registration or

3

principal place of business, but rather "is determined by the citizenship of all of [the LLC's] members." *Id*. The party seeking removal always bears the burden of establishing federal jurisdiction, and removal jurisdiction is "strictly construe[d]." *Mulcahey v. Columbia Organic Chemicals. Co*., 29 F.3d 148, 151 (4th Cir. 1994).

Defendants have not met their burden here. District courts in this Circuit have consistently held that a notice of removal that does not *identify* all members of a limited liability company defendant is deficient. *See, e.g., Receivership Estate of Mann Bracken, LLP v. Cline*, No. RWT-12-cv-292, 2012 WL 2921355, *6-7 (D. Md. July 16, 2012); *Reid v. The Wailers*, 606 F.Supp.2d 627, 630-31 (E.D. Va. 2009) ; *Joy Family Limited Partnership v. United Financial Banking Companies*, No. ELH-12-3741, 2013 WL 4647321, *14 (D. Md. Aug. 28, 2013); *Meyn America, LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 734-35 (M.D.N.C. 2012). Moreover, where a party that is an unincorporated association has *constituent members* that are themselves limited liability companies, partnerships, trusts, or any other form of unincorporated association, a removing party is required to identify each of the members, partners, or trustees of *those* entities and properly allege their citizenship. *Joy Family Limited Partnership*, 2013 WL 4647321, at *14 ("Moreover, '[t]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'") (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); *Bostic Development at Lynchburg, LLC v. Liberty University, Inc*., No. Civ.A.6:05-cv-00013, 2005 WL 2065251, at *1 (W.D. Va. Aug. 25, 2003) ("[I]f a parent LLC contains a constituent member LLC or corporation, the citizenship of the parent LLC cannot be established until the citizenship of [the] constituent member LLC or corporation is determined pursuant to the usual standard. In such situations, an inquiry is necessary into the citizenship of the members of the constituent member LLC…"); *Meyn*

*America, LLC,* 856 F.Supp.2d at 734 ("Since the proper method of determining a limited liability company's citizenship is to evaluate the citizenship of its members, [removing defendant] must identify [the LLC's] specific members and their citizenship.  If one or more of [the LLC's] members is, itself, a limited liability company or a partnership, [removing defendant] must identify the members of those entities as well."); *Schaftel v. Highpointe Business Trust*, No. WMN-11-2879, 2012 WL 219511, at *2 (D. Md. Jan. 24, 2012).

Defendants have stated that defendant Rolling Stone is a single-member LLC, and that defendant Wenner Media LLC is that sole member. (Notice of Removal ¶ 4.)  The sole member of Wenner Media LLC is Straight Arrow Publishers LLC.  (*Id*.)  Defendants then allege that "[t]he members of Straight Arrow Publishers LLC are Straight Arrow Publishers Inc., 2006 Wenner Family LLC, and certain trusts and individuals," and further state — in conclusory fashion — that "[t]he collective members of Straight Arrow Publishers LLC are citizens of California, Delaware, Hawaii, Michigan, and New York." (*Id*.)  Nowhere do Defendants identify the members of 2006 Wenner Family LLC — or any constituent members thereof — nor do they identify the "certain trusts and individuals" that are also members of Straight Arrow Publishers LLC.  These allegations of diversity are therefore plainly deficient.

Defendants are required to identify the specific members of Straight Arrow Publishers LLC and those of its constituent member limited liability company, Wenner Family LLC. Defendants are also required to identify the specific "individuals" who are members of Straight Arrow Publishers LLC.  And Defendants are required to identify the "certain trusts" that are members of Straight Arrow LLC, as well as the trustees of those trusts, whose citizenship controls for diversity purposes.  *See Bostic Development at Lynchburg, LLC*, 2005 WL 2065251, at *1-2 ("Here, Plaintiff has successfully identified the members of the constituent LLCs for [the

5

party LLC]. One of the members of a constituent LLC, however, is the Hahn Family Investment Trust, which Plaintiff identifies simply as "a North Carolina trust." This pleading is inadequate…. Plaintiff must identify and state the citizenship of [the] trustee to properly plead diversity jurisdiction as to the trust."); *see also Schaftel*, 2012 WL 219511, at *2 (to determine the citizenship of a business trust, the court must evaluate the citizenship of the trustee; if the trustee is itself a limited liability company, the court must evaluate the citizenship of each of its members). Defendants' failure to identify the members of Straight Arrow Publishers LLC — and to identify the citizenship of each such member — is fatal and remand is required.

Defendant Rolling Stone LLC — and its counsel — know that the Notice of Removal is improper. In 2008, in *Solano v. Rolling Stone, LLC*, Defendants' counsel filed a Notice of Removal, and like here, failed to identify the members of Rolling Stone LLC. (*See* July 9, 2008 Notice of Removal, *Solano, et al. v. Rolling Stone, LLC*, No. 1:08-cv-03909 (N.D. Ill.) [Dkt. 1].) Judge Lefkow of the Northern District *sue sponte* remanded the action — ***after*** providing Rolling Stone LLC the opportunity to amend their Notice of Removal to provide this information.[1] Rolling Stone chose not to do so. Accordingly, in a written decision, the Court held that "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction," and that Defendant "fail[ed] to properly plead the citizenship of Rolling Stone L.L.C.," because "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." (Ex. A.) Therefore, Rolling Stone LLC's decision not

---

[1] *See* Ex. A ("Because the defendant has failed to establish federal jurisdiction in its notice of removal, the court must remand this case. … Pursuant to 28 U.S.C. § 1447 and Local Rule 81.2, 'the clerk shall not transmit the certified copy of the remand order for 14 days following the date of docketing that order.' N.D. Ill. 81.2. If an amended notice of removal is filed, the clerk shall not remand until further order of court to that effect.").

"to plead or otherwise disclose either the identity or the citizenship of each of the members of Rolling Stone L.L.C. [wa]s fatal to the court's jurisdiction." (*Id.*)

Having been remanded once already on this basis, Defendant Rolling Stone LLC and its counsel are plainly aware of the requirements for pleading specially the citizenship of all constituent members. Apparently, however, Defendants do not want to identify the members of Wenner Family LLC, or the other trusts and individuals that are members of Straight Arrow Publishers LLC. Defendants presumably have their own reasons for withholding this information (and it is their right to do so). But having made the election to keep this information from the Court, they cannot simultaneously invoke this Court's limited subject matter jurisdiction and this action should be remanded.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant her Motion to Remand.

Dated: June 8, 2015

Respectfully submitted,

By: /s/ *Elizabeth M. Locke*
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com

*ATTORNEYS FOR PLAINTIFF*

---

[2] To the extent Defendants do not withdraw their Notice of Removal and/or fail to properly identify all constituent members and their citizenships for the Court and Plaintiff to analyze their claim that diversity jurisdiction exists, the Court should award Plaintiff fees and costs associated with filing this Motion to Remand. Section 28 U.S.C. § 1447(c) permits this Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees and costs are particularly appropriate here, where Defendant Rolling Stone LLC and Defendants' counsel knew the rules for removal, have been remanded for violating those rules in the past, and have still elected to imposed upon Dean Eramo the time, cost, and expense of filing this motion (and any reply brief) to litigate this issue.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Motion to Remand in the above-captioned matter was served on the below counsel of record on June 8, 2015, via the Court's electronic filing system.

Michael John Finney
William David Paxton
Gentry Locke Rakes & Moore
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9373
Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Micah J. Ratner
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
Telephone: (202) 973-4200
Fax: (202) 973-4499
Email: micahratner@dwt.com

Elizabeth A. McNamara
Samuel M. Bayard
Alison B. Schary
Davis Wright Tremaine LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com
Email: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC,
Sabrina Rubin Erdely, and Wenner Media LLC*

Dated:  June 8, 2015                                        By:  */s/ Elizabeth M. Locke*
                                                                  Elizabeth M. Locke