IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO            )<br>                            )<br>      **Plaintiff,**       )<br>                            )<br>      v.                    )<br>                            )<br>ROLLING STONE LLC,          )<br>SABRINA RUBIN ERDELY, and   )<br>WENNER MEDIA LLC,           )<br>                            )<br>      **Defendants.**      )<br>_____) | Case No. 3:15-cv-00023-GEC |

## AMENDED NOTICE OF REMOVAL OF ACTION

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC (collectively "Defendants") file this Amended Notice of Removal ("Amended Notice") regarding the action styled *Eramo v. Rolling Stone LLC, et al.*, originally filed in the Circuit Court of the City of Charlottesville, Case No. CL15-205, and removed to this Court on May 29, 2015. In support of their Amended Notice, Defendants respectfully state:

1.    *The Complaint:* The Complaint was filed in the Circuit Court of the City of Charlottesville on May 12, 2015. Defendants are the sole defendants named in the Complaint.

2.    *Service of the Complaint:* Defendants agreed with counsel for Plaintiff Nicole P. Eramo ("Plaintiff") to accept service of process as of May 26, 2015. (Supplemental Declaration of Natalie Krodel in Support of Notice of Removal of Civil Action Under 28 U.S.C. 1441 (Diversity) ("Krodel Supp. Decl.") ¶ 2, attached as **Exhibit A** hereto.) At no time prior to May 26, 2015 did Plaintiff serve the Complaint or Summons on Defendants. (*Id.*) Accordingly, this

Amended Notice is timely filed within thirty (30) days after Defendants' receipt of the Complaint, through service or otherwise, under 28 U.S.C. § 1446(b).

3. ***Citizenship of the Plaintiff:*** Plaintiff alleges in the Complaint that she is a resident of Virginia, and states in her motion to remand that she is a citizen of Virginia. *See* Compl. ¶ 17; Plaintiff's Memorandum of Law in Support of Motion to Remand at 3. Upon information and belief, Plaintiff is a citizen of Virginia. (Krodel Supp. Decl. ¶ 19.)

4. ***Citizenship of the Defendants:*** Defendant Rolling Stone LLC is Delaware limited liability company, with its principal place of business in New York. (Compl. ¶ 18; Krodel Supp. Decl. ¶ 3.)

5. Rolling Stone LLC's sole member is Defendant Wenner Media LLC, which is a Delaware limited liability company, with its principal place of business in New York. (Compl. ¶ 20; Krodel Supp. Decl. ¶¶ 3-4.) The sole member of Wenner Media LLC is Straight Arrow Publishers LLC, which is a Delaware limited liability company, with its principal place of business in New York. (*Id*. ¶ 4-5.)

6. Straight Arrow Publishers LLC has the following nine members: (1) Straight Arrow Publishers Inc.; (2) the Jacob Eisner 2012 Trust 45; (3) the Sophie Eisner 2012 Trust 45; (4) the Robin Ruddell 2012 Trust 45; (5) the 2006 Wenner Family LLC; (6) Megan Kingsbury; (7); Jacob Eisner; (8) Sophie Eisner; and (9) the Kalei Wenner Irrevocable Trust. (*Id*. ¶ 5.)

7. Straight Arrow Publishers Inc. is a corporation incorporated in Delaware with its principal place of business in New York. Straight Arrow Publishers Inc. therefore is a citizen of New York and Delaware. (*Id*. ¶ 6.)

8. The Jacob Eisner 2012 Trust 45 is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New

Jersey and therefore is a citizen of New Jersey.  Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York.  The beneficiary of the trust is Jacob Eisner, a domiciliary of California and therefore a citizen of California.  Accordingly, depending on the law that the Court applies,[1] the Jacob Eisner 2012 Trust 45 is either a citizen of New York and New Jersey, or a citizen of New York, New Jersey, and California.  (*Id*. ¶ 7.)

9. The Sophie Eisner 2012 Trust 45 is a trust.  The trustees of the trust are Timothy Walsh and Benjamin Needell.  Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York.  The beneficiary of the trust is Sophie Eisner, a domiciliary of Michigan and therefore a citizen of Michigan.  Accordingly, depending on the law that the Court applies, the Sophie Eisner 2012 Trust 45 is either a citizen of New York and New Jersey, or a citizen of New York, New Jersey, and Michigan. (*Id*. ¶ 8.)

10. The Robin Ruddell 2012 Trust 45 is a trust.  The trustees of the trust are Timothy Walsh and Benjamin Needell.  Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey.  Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York.  The beneficiary of the trust is Robin Ruddell, a domiciliary of Hawaii.  Accordingly, depending on the law that the Court applies, the Robin Ruddell 2012 Trust 45 is either a citizen of New York and New Jersey, or a citizen of New York, New Jersey, and Hawaii.  (*Id*. ¶ 9.)

---

[1] Neither the Fourth Circuit nor the Supreme Court has definitively ruled on how to determine a trust's citizenship when a trust sues or is sued in its own right (as opposed to when a trustee sues in his/her own name). Courts in this District have adopted two different approaches. In *Bostic Development at Lynchburg LLC v. Liberty University, Inc.*, No. Civ. A. 6:05 CV 00013, 2005 WL 2065251, at *2 (W.D. Va. Aug. 25, 2005), the court held that the citizenship of a trust follows the citizenship of its trustee. In *Poulos v. GeoMet Operating Co., Inc.*, No. 1:12CV00094, 2013 WL 2456044, at *2 (W.D. Va. June 6, 2013), the court held that the citizenship of a trust follows the citizenship of both its trustee and its beneficiaries.  Defendants include information regarding the citizenship of the beneficiaries of the trusts in question in the event that the Court decides that *Poulos* is the better-reasoned approach.

11. The 2006 Wenner Family LLC is a Delaware limited liability company, with its principal place of business in New York. The 2006 Wenner Family LLC has the following 13 members: (1) Jann S. Wenner; (2) Jane Wenner; (3) the 2004 Trust f/b/o A. Wenner; (4) the 2004 Trust f/b/o T. Wenner; (5) the 2004 Trust f/b/o E. Wenner; (6) Alexander Wenner; (7) Theodore Wenner; (8) the A. Wenner 2005 Suc. II Trust; (9) the T. Wenner 2005 Suc. II Trust; (10) the G. Wenner 2005 Suc. II Trust; (11) the Alex Wenner 2012 Trust 45; (12) the Theo Wenner 2012 Trust 45; and (13) the Gus Wenner 2012 Trust 45. (*Id*. ¶ 10.)

   a. Jann S. Wenner is an individual who is a domiciliary of New York and therefore is a citizen of New York. (*Id*. ¶ 10(a).)

   b. Jane Wenner is an individual who is a domiciliary of New York and therefore is a citizen of New York. (*Id*. ¶ 10(b).)

   c. The 2004 Trust f/b/o A. Wenner is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Alexander Wenner, a domiciliary of New York and therefore a citizen of New York. The 2004 Trust f/b/o A. Wenner therefore is a citizen of New York and New Jersey. (*Id*. ¶ 10(c).)

   d. The 2004 Trust f/b/o T. Wenner is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and

therefore is a citizen of New York. The beneficiary of the trust is Theodore Wenner, a domiciliary of New York and therefore a citizen of New York. The 2004 Trust f/b/o T. Wenner therefore is a citizen of New York and New Jersey. (*Id*. ¶ 10(d).)

e. The 2004 Trust f/b/o E. Wenner is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Edward Wenner, a domiciliary of New York and therefore a citizen of New York. The 2004 Trust f/b/o E. Wenner therefore is a citizen of New York and New Jersey. (*Id*. ¶ 10(e).)

f. Alexander Wenner is an individual who is a domiciliary of New York and therefore is a citizen of New York. (*Id*. ¶ 10(f).)

g. Theodore Wenner is an individual who is a domiciliary of New York and therefore is a citizen of New York. (*Id*. ¶ 10(g).)

h. The A. Wenner 2005 Suc. II Trust is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Alexander Wenner, a domiciliary of New York and therefore a citizen of New York. The

A. Wenner 2005 Suc. II Trust therefore is a citizen of New York and New Jersey. (*Id*. ¶ 10(h).)

i. The T. Wenner 2005 Suc. II Trust is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Theodore Wenner, a domiciliary of New York and therefore a citizen of New York. The T. Wenner 2005 Suc. II Trust therefore is a citizen of New York and New Jersey. (*Id*. ¶ 10(i).)

j. The G. Wenner 2005 Suc. II Trust is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Edward Wenner, a domiciliary of New York and therefore a citizen of New York. The G. Wenner 2005 Suc. II Trust therefore is a citizen of New York and New Jersey. (*Id*. ¶ 10(j).)

k. The Alex Wenner 2012 Trust 45 is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Alexander

23075/1/7150131v1
Case 3:15-cv-00023-GEC   Document 20   Filed 06/12/15   Page 6 of 12   Pageid#: 838

Wenner, a domiciliary of New York and therefore a citizen of New York. The Alex Wenner 2012 Trust 45 therefore is a citizen of New York and New Jersey. (*Id.* ¶ 10(k).)

l. The Theo Wenner 2012 Trust 45 is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Theodore Wenner, a domiciliary of New York and therefore a citizen of New York. The Theo Wenner 2012 Trust 45 therefore is a citizen of New York and New Jersey. (*Id.* ¶ 10(l).)

m. The Gus Wenner 2012 Trust 45 is a trust. The trustees of the trust are Timothy Walsh and Benjamin Needell. Timothy Walsh is an individual who is a domiciliary of New Jersey and therefore is a citizen of New Jersey. Benjamin Needell is an individual who is a domiciliary of New York and therefore is a citizen of New York. The beneficiary of the trust is Edward Wenner, a domiciliary of New York and therefore a citizen of New York. Gus Wenner 2012 Trust 45 therefore is a citizen of New York and New Jersey. (*Id.* ¶ 10(m).)

n. Accordingly, the 2006 Wenner Family LLC is a citizen of New York and New Jersey. (*Id.* ¶ 10(n).)

12. Megan Kingsbury is an individual who is a domiciliary of California and therefore is a citizen of California. (*Id.* ¶ 11.)

23075/1/7150131v1
Case 3:15-cv-00023-GEC   Document 20   Filed 06/12/15   Page 7 of 12   Pageid#: 839

13. Jacob Eisner is an individual who is a domiciliary of California and therefore is a citizen of California. (*Id*. ¶ 12.)

14. Sophie Eisner is an individual who is a domiciliary of Michigan and therefore is a citizen of Michigan. (*Id*. ¶ 13.)

15. The Kalei Wenner Irrevocable Trust is a trust. The trustee of the trust is Steven Ruddell. Steven Ruddell is an individual who is a domiciliary of Hawaii and therefore is a citizen of Hawaii. The beneficiary of the trust is Seven Kamehameha. Seven Kamehameha has residences in both California and Hawaii. Depending on the year, Mr. Kamehameha's domicile switches between California and Hawaii, and therefore he is a citizen of either California or Hawaii. In no event does Mr. Kamehameha have any connection to Virginia. Accordingly, depending on the law the Court applies and Mr. Kamehameha's present domicile, the Kalei Wenner Irrevocable Trust therefore is either a citizen of Hawaii, or a citizen of California and Hawaii. (*Id*. ¶ 14.)

16. Accordingly, based on the citizenship of its members, Straight Arrow Publishers LLC is, at most, a citizen of California, Delaware, Hawaii, Michigan, New Jersey, and New York. (*Id*. ¶¶ 5-15.) None of the members of Straight Arrow Publishers LLC is a citizen of Virginia. (*Id*.)

17. Accordingly, Defendants Rolling Stone LLC and Wenner Media LLC are, at most, citizens of California, Delaware, Hawaii, Michigan, New Jersey, and New York. (*Id*. ¶ 16.) Defendants Rolling Stone LLC and Wenner Media LLC are not citizens of Virginia. (*Id*.)

18. Defendant Sabrina Rubin Erdely is an individual who is a domiciliary of Pennsylvania and therefore is a citizen of Pennsylvania. (*Id*. ¶ 18.) Defendant Sabrina Erdely is not a citizen of Virginia. (*Id*.)

19. All of the statements in Paragraphs 3-18 above were true as of May 12, 2015, when the Complaint in this action was filed in the Circuit Court of the City of Charlottesville, and have remained true at all times thereafter up to and including the date of this Amended Notice. (*Id*. ¶ 20.)

20. ***Diversity of the Parties*:** At the time of the filing of the Complaint and up to and including the date of this Amended Notice, Defendants have been and remain citizens of California, Delaware, Hawaii, Michigan, New Jersey, New York, and Pennsylvania. (Krodel Supp. Decl. ¶¶ 3-16, 18, 20.) None of the Defendants are or have been citizens of Virginia. (*Id*.) On information and belief, at the time of the filing of the Complaint and up to and including the date of this Amended Notice, Plaintiff has been and remains a citizen of Virginia, not California, Delaware, Hawaii, Michigan, New Jersey, New York, and Pennsylvania. (*Id.* ¶ 19.) At the time of the filing of the Complaint and up to and including the date of this Amended Notice, the citizenship of Plaintiff has been and remains diverse from the citizenship of all Defendants. Accordingly, the diversity requirement set forth in 28 U.S.C. §§ 1332(a)(1) is satisfied.

21. ***Amount in Controversy:*** The Complaint contains six counts of alleged defamation. In the Prayer for Relief, Plaintiff seeks compensatory damages of at least $7,500,000.00 and punitive damages of at least $350,000.00, along with other relief. (Compl. ¶ 75.) By these allegations, Plaintiff seeks to recover damages in excess of the required jurisdictional amount, $75,000, exclusive of interests and costs. 28 U.S.C. §§ 1332(a), 1446(c)(2).

22.     *Venue:* Venue lies in the United States District Court for the Western District of Virginia, Charlottesville Division, under 28 U.S.C. § 1441(a) and Local Rule 2(a)(3), because Plaintiff filed the Complaint in the Circuit Court of the City of Charlottesville.

23.     ***Copies of All Process, Pleadings, and Orders Filed in State Court:*** Copies of all process, pleadings, and orders served on Defendants in the state court action were previously attached to Defendants' original May 29, 2015 Notice of Removal. (Dkt. No. 1-1.)  In addition, the state court records from the Charlottesville City Circuit Court were filed on June 11, 2015. (Dkt. No. 14.)

24.     *Notice to Circuit Court*:  Upon filing this Amended Notice, Defendants will promptly file a Notice of Amended Notice of Removal in Federal Court and a copy of this Amended Notice with the Circuit Court of the City of Charlottesville, 315 East High St., Charlottesville, Virginia 22902, under 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as **Exhibit B**.

25.     *Reservation of Defenses:* Defendants have good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by filing of this Notice of Removal.

WHEREFORE, for the reasons stated above, this Court has original jurisdiction over this action under 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. §§ 1441 and 1446.

> Respectfully submitted,
>
> ROLLING STONE LLC
> SABRINA RUBIN ERDELY
> WENNER MEDIA LLC
>
> /s/ Michael J. Finney

W. David Paxton (VSB No. 19798)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: finney@gentrylocke.com

Elizabeth A. McNamara (admitted *pro hac vice*)
Samuel M. Bayard (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison B. Schary (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ Michael J. Finney