IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **NICOLE P. ERAMO**             )<br>                                                          )<br>             **Plaintiff,**             )<br>                                                          )<br>     v.                                                )<br>                                                          )<br>**ROLLING STONE LLC,**           )<br>**SABRINA RUBIN ERDELY, and** )<br>**WENNER MEDIA LLC,**            )<br>                                                          )<br>             **Defendants.**          )<br>                                                          ) | Case No. 3:15-cv-00023-GEC |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants Rolling Stone LLC ("Rolling Stone"), Sabrina Rubin Erdely ("Erdely"), and Wenner Media LLC ("Wenner Media") respectfully submit this memorandum in opposition to Plaintiff's motion to remand. (Dkt. No 10). Defendants' Notice of Removal established that the Defendants, including all members of Defendants Rolling Stone and Wenner Media, are not residents of Virginia and that complete diversity exists because Plaintiff is a citizen of Virginia. Nonetheless, Plaintiff's motion argues that the Notice of Removal was deficient because it did not sufficiently specify the identity of each constituent member of Wenner Media. To avoid any doubt, Defendants have filed the Amended Notice of Removal ("Amended Notice") (Dkt. No. 20) which again establishes that all the parties are citizens of different states and that complete diversity exists. Accordingly, federal jurisdiction is proper, and the motion should be denied.

### STATEMENT OF FACTS AND PROCEDURAL POSTURE

Plaintiff, who acknowledges in her motion that she is a citizen of Virginia, filed the Complaint in this defamation suit against Rolling Stone, Wenner Media, and Erdely on May 12, 2015 in the Circuit Court of the City of Charlottesville, Virginia. Amended Notice ¶ 1, Ex. B.

1

23075/1/7150174v1

Defendants agreed to accept service of the Complaint as of May 26, 2015.  Amended Notice ¶ 2.  At no time prior to May 26, 2015 did Plaintiff serve the Complaint or Summons on Defendants.  *Id.*

On May 29, 2015, Defendants removed the action to this Court on grounds of diversity of citizenship.  Notice of Removal ¶ 6 (Dkt. No. 1).  The original Notice of Removal stated that Defendant Rolling Stone is a limited liability company, whose sole member is Defendant Wenner Media, whose sole member is Straight Arrow Publishers LLC.  *Id.* ¶ 4.  The original Notice also stated that the collective members of Straight Arrow Publishers LLC are citizens of California, Delaware, Hawaii, Michigan, and New York, and that "[n]one of the members of Straight Arrow Publishers LLC is a citizen of Virginia."  *Id.* ¶ 4.  *See also* Declaration of Natalie Krodel in Support of Removal ("Krodel Decl.") ¶ 6 (Dkt. No. 1-4) (providing additional detail and summarizing: "None of the members of Straight Arrow Publishers LLC is a citizen of Virginia").  On June 8, 2015, Plaintiff filed a motion to remand (Dkt. Nos. 10-11), arguing that Defendants had failed to identify each constituent member of Straight Arrow Publishers LLC and to specify their individual citizenship.  Memorandum of Law in Support of Remand ("Mem. Remand") at 1-2, 3-7 (Dkt. No. 11).

On June 12, 2015, Defendants filed an Amended Notice providing the information that Plaintiff claims was missing from the original Notice of Removal.  *See* Amended Notice ¶¶ 4-19; Supplemental Declaration of Natalie Krodel in Support of Amended Notice ("Krodel Supp. Decl.") ¶¶ 3-17, 20. (Dkt. No. 20-1).  Specifically, the Amended Notice states that Straight Arrow Publishers LLC has the following nine members and provides information substantiating the citizenship status of each member, including all the constituent members of each member: (1) Straight Arrow Publishers Inc., a citizen of New York and Delaware; (2) the Jacob Eisner

2012 Trust 45, a citizen of New York and New Jersey, or a citizen of New York, New Jersey, and California (depending on the law the Court applies[1]); (3) the Sophie Eisner 2012 Trust 45, a citizen of New York and New Jersey, or a citizen of New York, New Jersey, and Michigan (depending on the law the Court applies); (4) the Robin Ruddell 2012 Trust 45, a citizen of New York and New Jersey, or a citizen of New York, New Jersey, and Hawaii (depending on the law the Court applies); (5) the 2006 Wenner Family LLC, a citizen of New York and New Jersey, based on detailed information set forth in the Amended Notice about the constituent individuals and trusts; (6) Megan Kingsbury, a citizen of California; (7); Jacob Eisner, a citizen of California; (8) Sophie Eisner, a citizen of Michigan; and (9) the Kalei Wenner Irrevocable Trust, a citizen of Hawaii, or a citizen of California and Hawaii (depending on the law the Court applies). Amended Notice ¶¶ 6-15; Krodel Supp. Decl. ¶¶ 5-14.

Accordingly, based on the citizenship of its members, and the members, trustees, and beneficiaries of those members, Straight Arrow Publishers LLC—and thus Rolling Stone and Wenner Media—are citizens of California, Delaware, Hawaii, Michigan, New Jersey, and New York.  Amended Notice ¶¶ 16-17.  Krodel Supp. Decl. ¶¶ 15-16.  Therefore, because Erdely is a citizen of Pennsylvania (Amended Notice ¶ 18; Krodel Supp. Decl. ¶ 18), the Amended Notice confirms that "[n]one of the Defendants are or have been citizens of Virginia." Amended Notice ¶ 20.

---

[1] Defendants include information regarding the citizenship of the beneficiaries of the trusts in the event the Court decides to adopt the approach in *Poulos v. Geomet Operating Co.*, No. 1:12CV00094, 2013 WL 2456044, at *2 (W.D. Va. June 6, 2013) (holding that the citizenship of a trust follows "the citizenship of both its trustee and its beneficiaries").

**ARGUMENT**

I.  **The motion should be denied because the requirement of complete diversity is satisfied.**

Complete diversity requires that "the state of citizenship of each plaintiff must be different from that of each defendant." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).  The issue is ultimately the whether the citizenship of the parties is diverse, not the identity of the parties in their own right.  *See Contreras v. Thor Norfolk Hotel, LLC*, 292 F. Supp. 2d 794, 795-796 (E.D. Va. 2003) (holding an LLC's removal petition not defective where it alleged that the defendant "is a citizen of neither Virginia nor Georgia because none of its members are citizens of those states"). In this vein, the Fourth Circuit has made clear that "jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the . . . choice of verbiage." *Nutter v. Rents, Inc.*, 945 F.2d 398, 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991) (unpublished table decision) (internal quotation marks omitted).  In other words, substance not form controls for determining diversity.

Defendants believe that their original Notice of Removal adequately substantiated the grounds for removal by identifying the citizenship—as opposed to the identity—of Straight Arrow Publishers LLC's constituent members.[2]  Nevertheless, to address Plaintiff's concerns, Defendants today filed an Amended Notice that specifically identifies and provides the citizenship status of each constituent member of Straight Arrow Publishers LLC, and the constituent members of each of those members.  Amended Notice ¶¶ 6-16, 19; Krodel Supp.

---

[2] The only change between the original Notice of Removal and the Amended Notice is the addition of New Jersey to the list of states of which Straight Arrow Publishers LLC—and thus Rolling Stone LLC and Wenner Media—are citizens.  Tim Walsh, the CFO of Wenner Media, acts as the trustee for several of the trusts involved, and Defendants mistakenly understood that his business address at Wenner Media in New York was the relevant one for purposes of his work for the various trusts.  Krodel Supp. Decl. ¶ 17.  The Amended Notice corrects this to reflect his domicile in New Jersey, and the change has no substantive effect on the diversity question.

Decl. ¶¶ 5-15, 20.  This detailed information does not change the ultimate conclusion: none of the Defendants are citizens of Virginia.  As set forth more fully in the Amended Notice, Defendants Rolling Stone and Wenner Media are, and at all relevant times have been, citizens of California, Delaware, Hawaii, Michigan, New Jersey, and New York, <u>not</u> Virginia.  Amended Notice ¶¶ 4-16, 19.  Therefore, because Defendant Erdely is a citizen of Pennsylvania and Plaintiff is a citizen of Virginia, complete diversity is and has been present at all relevant times.

## II.  Defendants' filing of an Amended Notice was proper.

Under 28 U.S.C. § 1446(b), a defendant sued in state court has thirty days in which to file a notice of removal.  "[D]uring that thirty-day removal period, a defendant seeking removal generally has <u>the right</u> to amend its removal petition to include either missing or imperfectly stated grounds for removal."  *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797, 799 (E.D. Va.  2004) (emphasis added); *Britton v. Gardner*, No. 3:14CV683 RCY, 2015 WL 163382, at *3 (E.D. Va. Jan. 13, 2015) (same); *A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Americas*, LLC, No. 2:14-CV-425, 2015 WL 128055, at *2 (E.D. Va. Jan. 9, 2015) (same).  *See also Diversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1005-06 (E.D. Wis. 2011) (denying motion to amend because defendant filed an amended notice that cured the deficiency); *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 518 (D. Md. 2006) ("Defendants corrected their error in an Amended Notice filed on May 2, 2005, which was still within the thirty-day removal period.").[3]  In

---

[3] *See also, e.g.*, *San Joaquin Gen. Hosp. v. Sheikh*, No. 2:14–cv–1509–MCE, 2014 WL 4635535, at *4 (E.D. Cal. Sept. 12, 2014) ("Defendants may freely amend their notice of removal during that thirty day period, but must petition the court for permission to amend once the period has lapsed."); *Godonou v. Rondo, Inc.*, No, 12-2113, 2012 WL 1969130, at *1 n.1 (E.D. Pa. May 31, 2012) ("A notice of removal may be amended for any reason without leave of court within the 30 day period for removal."); *Davis v. Citibank, N.A.*, No. 4:14 CV 1129 CDP, 2014 WL 6673520, at *3 (E.D. Mo. Nov. 24, 2014) ("[A] notice of removal may be amended without leave from the court during the 30 day period during which removal may be filed under 28 U.S.C. § 1446(b)."); *Wingard v. Guillot Textilmaschinen Gmbh*, No. 2:08CV342 WKW, 2008 WL 4368884, at *1 n.1 (M.D. Ala. Sept. 23, 2008) ("Parties can amend removal notices without leave of court any time within the thirty-day period for filing a removal notice.").

5

contrast, leave of court is only required to amend <u>after</u> the thirty-day period has elapsed. *Muhlenbeck*, 304 F. Supp. 2d at 799 ("After the thirty-day removal period, a defendant may amend its removal petition with leave of court . . . ."); *Britton*, 2015 WL 163382, at *3 (same); *A.E.A. ex rel. Angelopoulos*, 2015 WL 128055, at *2 (same).

Here, Defendants' filing of an amended notice is permissible as of right because it was made within thirty days of Defendants' receipt of the Complaint, through service or otherwise, under 28 U.S.C. § 1446(b). Moreover, the changes made are of a type that would be permissible even <u>outside</u> the thirty-day limit. *See, e.g., Woods v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) ("After thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal[,] . . . such as the exact grounds underlying diversity jurisdiction."), *cert. denied*, 135 S. Ct. 1426 (2015); *Nutter*, 1991 WL 193490, at *2 (affirming amendment of notice of removal after thirty days where corporate defendant removed on the basis of diversity but failed to identify its principal place of business in original notice); *Muhlenbeck*, 304 F. Supp. 2d at 801-802 (permitting defendant to amend notice of removal after thirty days where the defendant, an LLC, removed on the basis of diversity and did not include citizenship of members in its original notice of removal).

In short, the Amended Notice, made within the thirty-day limit provided for in 28 U.S.C. § 1446(b), makes clear that complete diversity is present. Therefore, the motion to remand should be denied.[4]

---

[4] Because Defendants' have identified "all constituent members and their citizenships for the Court and Plaintiff to analyze" (Mem. Remand at 7 n.2), by its own terms Plaintiff's request for attorneys' fees is moot.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that the Court should deny Plaintiffs' motion for remand.

                                                           Respectfully submitted,

                                                           ROLLING STONE LLC
                                                           SABRINA RUBIN ERDELY
                                                           WENNER MEDIA LLC

                                                           /s/ Michael J. Finney

W. David Paxton (VSB No. 19798)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: finney@gentrylocke.com

Elizabeth A. McNamara (admitted *pro hac vice*)
Samuel M. Bayard (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison B. Schary (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

23075/1/7150174v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

                                                                /s/ Michael J. Finney

23075/1/7150174v1