IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
|     Plaintiff, | ) | Civil Action No. 3:15CV0023 |
| | ) | |
| v. | ) | SCHEDULING ORDER |
| | ) | |
| ROLLING STONE LLC, *et al.*, | ) | Hon. Glen E. Conrad |
|     Defendant. | ) | Chief United States District Judge |

*The court proposes the following as the scheduling order pursuant to Federal Rule of Civil Procedure 16(b). If no party requests a change within 10 days, it will constitute the scheduling order in this case. The court may amend the order on its own motion or* **the parties may amend its disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f).**

<u>Summary</u>

TRIAL DATE:        July 18, 2016 – 2 weeks   (Civil Jury Trial)

TIME:        9:30 a.m.

PLACE:        United States District Court
        255 W. Main Street, Room 300
        Charlottesville, VA  22902

PLAINTIFF(S) INITIAL DISCLOSURES:         August 31, 2015

DEFENDANT(S) INITIAL DISCLOSURES:         September 15, 2015

DEADLINE TO COMPLETE DISCOVERY:         June 3, 2016

DEADLINE TO FILE DISPOSITIVE MOTIONS:         June 8, 2016

    In order to ensure fair and orderly processing of this case, it is now

O R D E R E D

as follows:

<u>Trial and Settlement</u>

1.    This case is scheduled for a jury trial, tentatively scheduled to begin @ 9:30 a.m. on

    July 18, 2016,  and scheduled to last ten days.

2    At the request of any party, the court will conduct a final pretrial conference before trial.

3. Proposed jury instructions and special interrogatories must be submitted to the court at least seven (7) days prior to trial, with copies provided to opposing counsel at least fourteen (14) days prior to trial.

4. Absent a contrary ruling from the court, or unless all the parties agree otherwise, issues of liability and damages will be bifurcated. If the trial is bifurcated, the same jury will hear both issues.

5. If the case settles prior to trial and the court does not receive the proposed final order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice without further notice.

## Motions

6. A motion to dismiss included in an answer will not be considered and will be summarily denied. Such motions must be filed by way of an independent pleading, supported by legal authority.

7. A supporting brief must accompany all pretrial motions, except unopposed motions and motions for continuance, unless the motion contains the legal argument necessary to support it. If a motion was filed before entry of this order without supporting legal argument, the movant must file a supporting brief within 14 days of the entry of this order. If the motion is opposed, a brief in opposition must be filed within 14 days of the service of movant's brief (or within 14 days of this order if a motion and supporting brief were served before this order). Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed. If the moving party desires to submit a reply brief, it must be filed within 7 days of the date of service of the brief opposing the motion.

8. If any party desires a hearing on a motion, the hearing may be scheduled with the court before or after the filing of the motion, but must be scheduled promptly following the filing of the last brief, or the court will consider the motion to be submitted for decision without hearing. In any event, if within 45 days of filing of any dispositive or nondispositive pretrial motion, the moving party has not brought the motion on for hearing or advised the court that the motion is ripe for decision, the motion will be deemed denied without further notice or order of this court, and the court will not entertain a renewed motion on the same issue, except for good cause.

9. Motions for summary judgment must be filed no later than 40 days before the trial and unless the parties agree otherwise, must be served at least 14 days before the time noticed for the hearing. The hearing must be scheduled no less than 15 days prior to trial, except with prior permission of the court. Any response to the motion, including the brief in opposition, must be filed before the day of the hearing, or in any event, no later than 14 days after service of the motion.

10. If a motion is unopposed and the moving party certifies such fact in the motion, no brief need be filed, nor response made to the motion. Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation, or modification.

11. Any motion to join other parties and to amend the pleadings must be filed prior to the cutoff day for discovery.

12. All motions pertaining to the admission of evidence, including motions in limine and motions for qualification of experts, shall be directed to the presiding district judge. All nondispositive pretrial motions and issues, including discovery matters and requested

3

changes to this order, shall also be directed to the presiding district judge. The court will sometimes refer individual issues and motions for consideration by a United States Magistrate Judge, pursuant to 28 U. S. C. § 636(b)(1)(A).

## Discovery

13. Unless the parties stipulate otherwise, they must confer and develop a discovery plan as required by Rule 26(f) and make initial disclosures as required by Rule 26(a)(1).

14. All discovery must be completed at least 45 days prior to trial. This schedule requires that all written discovery be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery.

15. Except disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties **must** file, the parties are not to file discovery or disclosure material unless and until actually used in the proceeding.

16. If a party withholds information otherwise discoverable by claiming that it is privileged or protected by work product doctrine, that party shall file a privilege log not later than 10 days prior to the discovery cutoff date, which shall describe the nature of the documents, communications or things not produced in such a fashion as will enable the other parties to assess the applicability of the privilege or protection.

17. Disclosure or discovery of electronically stored information shall be governed by Rule 26(b)(2)(B).

## Witnesses

18. Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the

        plaintiff must submit the written report of each expert not later than 45 days from the date of this order, and the defendant must submit the written report of each expert no later than 60 days from the date of this order. Supplemental and additional reports may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably before the discovery cutoff date without undue duplication and expense.

19. With respect to expert witnesses who are not retained or specially employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefor not later than 45 days from the date of this order. The defendant must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefor not later than 60 days from the date of this order. Supplemental and additional disclosures may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

20. Any motion to exclude the testimony of an expert based on the sufficiency or the reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

## Use of Depositions at Trial

21. Unless otherwise agreed by the parties, depositions or portions thereof, from persons not appearing at trial may be read into the record at trial, only if designated for such use at least fourteen days prior to the beginning of the trial. Objection to such designations, and

counter designations, must be filed no less than three business days prior to the beginning of the trial.

22. Except for depositions of persons designated pursuant to Rule 30(b)(6), or for purposes of impeachment of a witness, depositions from witnesses appearing at trial may not be read into the record, unless otherwise agreed by the parties or unless leave of court is first sought and received.

## Mediation

23. The court makes active use of mediation practice. This case may be referred for mediation at the request of either party, or on the court's own motion. Mediation of the case shall proceed independently of all other pretrial development. Mediation of the case shall not operate so as to modify or stay the scheduling provisions of any pretrial order, except upon demonstration of exceptional cause.

## Summary of Deadlines

24. 

| | |
|---|---|
| Trial Date | July 18, 2016 - 2 weeks |
| Submit Jury Instructions | 7 days before trial |
| Object to Deposition Testimony or Exhibits | 7 days before trial |
| Disclose Witnesses and Exhibits | 14 days before trial |
| File Summary Judgment Motions and Motions to Exclude Experts | June 8, 2016 |
| Complete Discovery | June 3, 2016 |

Enter: This <u>16th</u> day of July, 2015.

                                                      *s/ Glen E. Conrad*
                                                      Chief United States District Judge