**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| NICOLE P. ERAMO | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-00023-GEC** |
| | ) | |
| ROLLING STONE LLC, | ) | |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER

Defendants Rolling Stone LLC, Sabrina Rubin Erdely ("Erdely"), and Wenner Media LLC (collectively "Defendants"), by and through their undersigned attorneys, hereby answer or otherwise respond to the Complaint brought against them by Plaintiff Nicole P. Eramo ("Eramo" or "Plaintiff"). To the extent that any unnumbered headings in the Complaint are deemed to contain allegations, Defendants deny those allegations.

### RESPONSE TO PLAINTIFF'S ALLEGATIONS
### REGARDING THE NATURE OF THE ACTION

1. Defendants admit that an article titled "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA," authored by Erdely, was published online and in *Rolling Stone* magazine (hereinafter the "Article"). Except as expressly admitted, Defendants deny those allegations of Paragraph 1 of the Complaint that are deemed to be allegations of fact. To the extent the allegations of Paragraph 1 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.

2. Defendants deny the allegations of Paragraph 2 of the Complaint.

1

3. In response to the allegations of Paragraph 3 of the Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article opens with Jackie's recollection of being sexually assaulted by multiple men during a party at the Phi Kappa Psi fraternity house in her freshman year. Except as expressly admitted, Defendants deny the allegations of Paragraph 3 of the Complaint.

4. In response to the allegations of Paragraph 4 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof, which instead of "cast[ing]" Dean Eramo "as the chief villain," as alleged, observes that Dean Eramo is "beloved by survivors, who consider her a friend and confidante," that survivors "laud [her] as their best advocate and den mother," that Jackie called her "an asset to the community," and that "students praise" UVA's deans that deal with sexual assault like Dean Eramo "as caring folks who answer late-night calls from victims and even make emergency-room visits," among other positive descriptions. Defendants otherwise deny the allegations of Paragraph 4 of the Complaint, including allegations concerning an unidentified "slew of media appearances and interviews."

5. In response to the allegations of Paragraph 5 of the Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof, which includes, among other things, the following description of Dean Eramo's response to Jackie's report of her assault:

> When Jackie finished talking, Eramo comforted her, then calmly laid out her
> options. If Jackie wished, she could file a criminal complaint with police. Or, if

Jackie preferred to keep the matter within the university, she had two choices. She could file a complaint with the school's Sexual Misconduct Board, to be decided in a "formal resolution" with a jury of students and faculty, and a dean as judge. Or Jackie could choose an "informal resolution," in which Jackie could simply face her attackers in Eramo's presence and tell them how she felt; Eramo could then issue a directive to the men, such as suggesting counseling. Eramo presented each option neutrally, giving each equal weight. She assured Jackie there was no pressure – whatever happened next was entirely her choice.

Rather than depicting Dean Eramo as doing "'nothing' in response to Jackie's allegations," or intentionally trying to "persuade [Jackie] not to report her rape," as Plaintiff alleges, the Article further reports that Dean Eramo "e-mailed a follow-up note thanking Jackie for sharing, saying, 'I could tell that was very difficult for you,' and restating that while she respected Jackie's wish not to file a report, she'd be happy to assist 'if you decide that you would like to hold these men accountable.'" Yet further, the Article reports that "Dean Eramo had connected [Jackie] with … One Less, a student-run sexual-assault education organization that doubles as a support group." Finally, following Jackie's report of her assault, coupled with Jackie's report to Dean Eramo that there were two other assaults at the Phi Psi house, UVA "placed Phi Kappa Psi under investigation." Defendants further deny that the Article, including the above passages, "differ[s] materially" from the narrative presented in Paragraph 5 of the Complaint, and otherwise deny the allegations of Paragraph 5 of the Complaint.

6.     Defendants admit, upon information and belief, that Jackie's report to Dean Eramo of her assault did not result in an official complaint or report to the police since, as the Article reports, despite the options outlined by Dean Eramo, "Jackie's wish [was] not to file a report" and she "didn't feel ready to file a complaint," and that Jackie retained a lawyer at some point following the publication of the Article. Defendants lack knowledge or information sufficient to form a belief as to the truth of statements made by the Charlottesville Police Department. To the extent the allegations of Paragraph 6 purport to characterize the Article,

Case 3:15-cv-00023-GEC   Document 27   Filed 07/16/15   Page 3 of 79   Pageid#: 890

Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof, and further state that the words "suppress," "incompetent" and "insensitive" do not appear anywhere in the Article. Defendants otherwise deny the allegations of Paragraph 6 of the Complaint.

7.     To the extent the allegations of Paragraph 7 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 7 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations. Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof, and further state that the Article does not state that Plaintiff "abused" Jackie or "discouraged her from reporting her alleged gang rape."

8.     Defendants deny knowledge or information sufficient to form a belief as to Plaintiff's career, how she saw herself or what e-mails or letters she received and otherwise deny the allegations of Paragraph 8 of the Complaint.

9.     To the extent the allegations of Paragraph 9 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 9 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

10.     To the extent the allegations of Paragraph 10 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 10 of the Complaint are deemed to be allegations of fact, Defendants deny that they "consciously fail[ed] to investigate" statements concerning Plaintiff since, in addition to multiple sources verifying the depiction of Plaintiff, Defendants sought and was denied an interview of

Plaintiff. Except as expressly admitted, Defendants deny the allegations and specifically deny that they had any doubt about the truth of any statement concerning Plaintiff.

11. To the extent the allegations of Paragraph 11 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 11 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

12. To the extent the allegations of Paragraph 12 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 12 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations, including that by November 26, 2014 they had "concluded that Jackie was unreliable" or were "concerned with the integrity of their story," or that they thereafter "kept up a public charade."

13. To the extent the allegations of Paragraph 13 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 13 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations, including that Defendants "doubled down on their false claims" or that they "continued to profess publicly absolute faith in Jackie's credibility, despite knowing privately that she was not credible."

14. Defendants admit that *Rolling Stone* commissioned an independent review and report by the Columbia School of Journalism, at its own expense, to evaluate the editorial processes that led to the publication of the Article, and that *Rolling Stone* published the report unedited and in its entirety on its website on April 5, 2015, along with a public apology for the reporting errors the report identified (the "Columbia Report"). To the extent the allegations of

5

Paragraph 14 characterize and selectively quote from the Columbia Report and other unidentified "commentators," Defendants state that the Columbia Report and any other publications referenced in Paragraph 14 speak for themselves and respectfully refer the Court to the Columbia Report and such other publications for a true and correct recitation of the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. To the extent the allegations of Paragraph 16 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 16 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations, and further deny that Plaintiff is entitled to any award of damages for her claims.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES

17. To the extent the allegations of Paragraph 17 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 17 of the Complaint are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's residence but admit, upon information and belief, that Plaintiff is an Associate Dean of Students at the University of Virginia. Except as expressly admitted, Defendants deny the allegations of Paragraph 17 of the Complaint.

18. To the extent the allegations of Paragraph 18 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 18 of the Complaint are deemed to be allegations of fact, Defendants admit the first four sentences of Paragraph 18 of the Complaint and admit the Article was published online on the website www.rollingstone.com and in Issue 1223 of *Rolling Stone* magazine, dated

6

December 4, 2014. Except as expressly admitted, Defendants deny the allegations of Paragraph 18 of the Complaint.

19.     To the extent the allegations of Paragraph 19 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 19 of the Complaint are deemed to be allegations of fact, Defendants admit that Defendant Erdely is a freelance journalist and a contributing editor to *Rolling Stone* magazine; that Erdely is a resident of Pennsylvania; and that Erdely authored the Article. Except as expressly admitted, Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     To the extent the allegations of Paragraph 20 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 20 of the Complaint are deemed to be allegations of fact, Defendants admit that Wenner Media LLC is a Delaware limited liability company; that it publishes *Rolling Stone* magazine in conjunction with Rolling Stone LLC; that it also publishes *US Weekly* and *Men's Journal* magazines; and that the Article was published online on the website www.rollingstone.com and in Issue 1223 of *Rolling Stone* magazine, dated December 4, 2014. Except as expressly admitted, Defendants deny the allegations of Paragraph 20 of the Complaint.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

21.     In response to the allegations of Paragraph 21 of the Complaint, Defendants state that they do not challenge the exercise of personal jurisdiction in this action. To the extent the allegations of Paragraph 21 of the Complaint are otherwise deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 21 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

7

22.     To the extent the allegations of Paragraph 22 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 22 of the Complaint are deemed to be allegations of fact, Defendants admit knowledge that UVA is a Virginia institution and admit, upon information and belief, that Eramo is a Virginia resident. Defendants otherwise deny the allegations of Paragraph 22 of the Complaint.

23.     To the extent the allegations of Paragraph 23 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 23 of the Complaint are deemed to be allegations of fact, Defendants admit that *Rolling Stone* magazine is available for sale within Virginia; that Virginia residents subscribe to the magazine; and that *Rolling Stone* licensed a photograph for use in the Article from the *Cavalier Daily*. Except as expressly admitted, Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     To the extent the allegations of Paragraph 24 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 24 of the Complaint are deemed to be allegations of fact, Defendants admit that Erdely conducted multiple interviews in Virginia and with individuals located in Virginia, including Jackie; that Erdely visited Charlottesville and the UVA campus in the course of reporting the Article; and that Erdely attended a UVA Board of Visitors meeting. Except as expressly admitted, Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     In response to the allegations of Paragraph 25 of the Complaint, Defendants do not dispute that venue is proper in this jurisdiction, and otherwise state that the allegations of Paragraph 25 are allegations of law to which no responsive pleading is required.

8

<u>**RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS**</u>

26.     Defendants admit, upon information and belief, that Plaintiff is an alumna of UVA.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.     Defendants admit, upon information and belief, that Plaintiff has worked with UVA's Sexual Misconduct Board since 2006.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31.     Defendants admit, upon information and belief, that Plaintiff has continued to chair the Sexual Misconduct Board since 2010.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

Case 3:15-cv-00023-GEC   Document 27   Filed 07/16/15   Page 9 of 79   Pageid#: 896

34.     In response to the allegations of Paragraph 34 of the Complaint, which purport to characterize a letter titled "Advocating for Dean Eramo" published in the *Cavalier Daily* on or about November 24, 2014, Defendants state that the letter speaks for itself and refer the Court to the letter for the contents thereof, which is available at

http://www.cavalierdaily.com/article/2014/11/letter-advocating-for-dean-eramo. Defendants otherwise deny the allegations of Paragraph 34 of the Complaint.

35.     Defendants admit that Erdely has stated publicly that she decided to become a journalist in college; that she graduated from the University of Pennsylvania in 1994; and that she has written for the publications listed in Paragraph 35 of the Complaint, among others. Defendants further admit that Erdely has reported stories on a wide range of topics, including rape, sexual harassment, and women's access to health and medical care. Except as expressly admitted, Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     In response to the allegations of Paragraph 36 of the Complaint, which purport to characterize and selectively quote from a televised discussion between Erdely and arts critic Anthony De Curtis at the University of Pennsylvania in October 2012, Defendants state that the interview speaks for itself and respectfully refer the Court to the full interview for a true and correct recitation of the contents thereof, available at

https://media.sas.upenn.edu/app/public/watch.php?file_id=139200. Defendants otherwise deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     In response to the allegations of Paragraph 38 of the Complaint, Defendants admit that Erdely published an article titled "Intimate Intimidation" in the April 1996 issue of

10

*Philadelphia* magazine. Defendants state that the article speaks for itself and respectfully refer the Court to the article for a true and correct recitation of the contents thereof.

39. In response to the allegations of Paragraph 39 of the Complaint, Defendants admit that Erdely published an article titled "The Crime Against Women No One Understands" in the November 2008 issue of *Self* magazine. Defendants state that the article speaks for itself and respectfully refer the Court to the article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 39 of the Complaint.

40. In response to the allegations of Paragraph 40 of the Complaint, Defendants admit that Erdely published an article titled "The Catholic Church's Sex-Crime Files" in Issue 1139 of *Rolling Stone* magazine, dated September 15, 2011. Defendants state that the article speaks for itself and respectfully refer the Court to the article for a true and correct recitation of the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 40 of the Complaint, including that Erdely has authored articles about sexual assaults that resulted in "serious criticism for their factual inaccuracy."

41. In response to the allegations of Paragraph 41 of the Complaint, Defendants admit that Erdely published an article titled "The Rape of Petty Officer Blumer" in Issue 1176 of *Rolling Stone* magazine, dated February 14, 2013. Defendants state that the article speaks for itself and respectfully refer the Court to the article for a true and correct recitation of the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 41 of the Complaint.

42. In response to the allegations of Paragraph 42 of the Complaint, Defendants state that the article titled "The Rape of Petty Officer Blumer" speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants deny

11

that Erdely "simply ignored" the Navy investigation referenced in Paragraph 42; to the contrary, the article reports that the JAG overseeing Blumer's case "revealed that the toxicology results had come back negative: [n]o date rape drugs had been detected" and later "informed Blumer that the investigation had concluded there was no evidence her assault had taken place." Defendants otherwise deny the allegations of Paragraph 42 of the Complaint.

43.     To the extent the allegations of Paragraph 43 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 43 of the Complaint are deemed to be allegations of fact, Defendants admit that the stories titled "The Catholic Church's Sex-Crime Files" and "The Rape of Petty Officer Blumer" were published in *Rolling Stone* magazine and otherwise deny the allegations of Paragraph 43 of the Complaint.

44.     In response to the allegations of Paragraph 44, Defendants admit that the *Washington Post* published an article titled "Sabrina Rubin Erdely, woman behind Rolling Stone's explosive U-Va. Alleged rape story" on November 28, 2014, which reports that Erdely interviewed women at various elite universities over the course of six weeks in preparation for reporting the Article and reports that when Erdely was introduced to Jackie by Emily Renda – who at the time was working for UVA as a Project Coordinator for the Vice President of Students Affairs Office, focusing on sexual assault issues – Jackie was "dying to share" the story of her assault.  Defendants further state that the article speaks for itself and respectfully refer the Court to the article for a true and correct recitation of the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants admit the allegations of Paragraph 45 of the Complaint.

46.     In response to the allegations of Paragraph 46 of the Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 46 of the Complaint.

47.     In response to the allegations of Paragraph 47 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 47 of the Complaint.

48.     In response to the allegations of Paragraph 48 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 48 of the Complaint.

49.     In response to the allegations of Paragraph 49 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 49 of the Complaint.

50.     In response to the allegations of Paragraph 50 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 50 of the Complaint.

51.     In response to the allegations of Paragraph 51 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for

13

itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 51 of the Complaint.

52. In response to the allegations of Paragraph 52 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 52 of the Complaint.

53. In response to the allegations of Paragraph 53 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. To the extent the final sentence of Paragraph 53 is intended to suggest that a student who does not choose to pursue a criminal complaint or university disciplinary process in response to a sexual assault is an inherently untrustworthy source, Defendants deny that implication. Defendants further state that Erdely was not the first person to whom Jackie had told her story; to the contrary, Jackie had reported her assault to UVA administrators, including Plaintiff, and described her experience to friends and sexual assault survivors on campus, including members of "One Less." Defendants further state that, upon information and belief, and as reported in the Article, numerous students at UVA have reported sexual assaults to members of the UVA administration, including Plaintiff, and yet have not "pursue[d] a disciplinary process through the University or file[d] a criminal complaint with the police." Except as expressly admitted, Defendants deny the allegations of Paragraph 53 of the Complaint.

54. To the extent the allegations of Paragraph 54 purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants deny that the Article is

14

"dedicated to describing Jackie's interactions with Dean Eramo" and state that the Article is a lengthy piece that explored not just the experiences related by Jackie, but also the experiences of other current and former students who have reported sexual assaults at the University of Virginia, as well as issues faced by universities across the country in dealing with sexual assault claims. Defendants otherwise deny the allegations of Paragraph 54 of the Complaint.

55. In response to the allegations of Paragraph 55 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 55 of the Complaint.

56. In response to the allegations of Paragraph 56 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 56 of the Complaint.

57. In response to the allegations of Paragraph 57 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 57 of the Complaint.

58. In response to the allegations of Paragraph 58 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 58 of the Complaint.

59. In response to the allegations of Paragraph 59 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for

15

itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants deny that the passage quoted in Paragraph 58 "falsely characterize[ed]" Jackie's report to Plaintiff of her assault or her "subsequent interaction with [Plaintiff]," and state that the quoted passage above does not materially differ from Plaintiff's allegations in Paragraph 5 of the Complaint, wherein she alleges that "upon being told of Jackie's allegations of sexual assault," Plaintiff "immediately offered to assist Jackie in holding her attackers accountable – by going to the police, by pursuing misconduct proceedings within the University, or by both." Defendants otherwise deny the allegations of Paragraph 59 of the Complaint.

60.     In response to the allegations of Paragraph 60 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 60 of the Complaint.

61.     In response to the allegations of Paragraph 61 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.   Defendants otherwise deny the allegations of Paragraph 61 of the Complaint.

62.     In response to the allegations of Paragraph 62 of the Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article reports that Jackie emailed Plaintiff in May 2014 to discuss her physical assault and to report two additional women who had allegedly been gang-raped at the Phi Kappa Psi

16

house.  Except as expressly admitted, Defendants deny the allegations of Paragraph 62 of the Complaint.

63.     In response to the allegations of Paragraph 63 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants admit that the quoted passage appears in the Article, state that the Article speaks for itself, and respectfully refer the Court to the entire Article for a true and correct recitation of the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     In response to the allegations of Paragraph 64 of the Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 64 of the Complaint.

65.     In response to the allegations of Paragraph 65 of the Complaint, which purport to characterize and selectively quote from the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 65 of the Complaint.

66.     Defendants deny the allegations of Paragraph 66 of the Complaint.

67.     Defendants deny the allegations of Paragraph 67 of the Complaint.

68.     Defendants deny that the Article includes any statement that Plaintiff "abused" Jackie, and otherwise deny the allegations of Paragraph 68 of the Complaint.

69.     Defendants lack knowledge or information sufficient to form as a belief as to the number of meetings that Plaintiff allegedly "arranged for and attended" in response to Jackie's allegations.  Defendants further state that the Article reports that "Dean Eramo had connected

17

[Jackie] with Emily, a fourth-year who'd become active in One Less, a student-run sexual-assault education organization that doubles as a support group." Except as expressly admitted, Defendants deny the allegations of Paragraph 69 of the Complaint.

70.     Defendants deny that the Article makes any "claim" that Plaintiff "intentionally presented Jackie with an array of options in order to confuse her into not reporting her alleged gang rape." In response to the allegations of Paragraph 70 of the Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof, which includes, among other things, the following description of Dean Eramo's response to Jackie's report of her assault:

> When Jackie finished talking, Eramo comforted her, then calmly laid out her options. If Jackie wished, she could file a criminal complaint with police. Or, if Jackie preferred to keep the matter within the university, she had two choices. She could file a complaint with the school's Sexual Misconduct Board, to be decided in a "formal resolution" with a jury of students and faculty, and a dean as judge. Or Jackie could choose an "informal resolution," in which Jackie could simply face her attackers in Eramo's presence and tell them how she felt; Eramo could then issue a directive to the men, such as suggesting counseling. Eramo presented each option neutrally, giving each equal weight. She assured Jackie there was no pressure – whatever happened next was entirely her choice.

Defendants otherwise deny the allegations of Paragraph 70 of the Complaint.

71.     Since UVA did not allow Erdely's scheduled interview with Plaintiff to go forward, Defendants lack knowledge or information sufficient to form as a belief as to Plaintiff's recollection of her reaction to Jackie's claims as set forth in Paragraph 71.

72.     To the extent the allegations of Paragraph 72 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of the said Paragraph are deemed to be allegations of fact, Defendants admit that they licensed a photograph of Plaintiff from the *Cavalier Daily* for editorial use in the Article, and admit that the

image in Paragraph 72 is the image that appeared in the *Cavalier Daily*. Except as expressly admitted, Defendants deny the allegations of Paragraph 72 of the Complaint.

73. In response to the allegations of Paragraph 73 of the Complaint, Defendants admit that *Rolling Stone* contracted with artist John Ritter to provide illustrations for the Article. To the extent the allegations of Paragraph 73 purport to characterize and selectively quote from the website of Ritter Illustrations, Defendants state that the website speaks for itself and respectfully refer the Court to the website for the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 73 of the Complaint.

74. In response to the allegations of Paragraph 74 of the Complaint, which purport to characterize the illustration appearing on page 74 of the print magazine, Defendants state that the illustration speaks for itself and respectfully refer the Court to the illustration for the contents thereof. Defendants otherwise deny the allegations of Paragraph 74 of the Complaint.

75. Defendants admit that the image in Paragraph 75 is a copy of one of the illustrations that appeared in the Article. Except as expressly admitted, Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. In response to the allegations of Paragraph 77 of the Complaint, Defendants state that Erdely participated in a number of local and national interviews following publication of the Article – a small fraction of the media requests she received – and most of these interviews were conducted in or near her home, not on a "press tour," as alleged. Defendants deny that Erdely made any "false claims concerning Dean Eramo" in any of those interviews, and Defendants otherwise deny the allegations of Paragraph 77 of the Complaint.

19

78. In response to the allegations of Paragraph 78 of the Complaint, which purport to characterize and selectively quote from the November 26, 2014 broadcast of The Brian Lehrer Show, Defendants state that the broadcast speaks for itself and respectfully refer the Court to the full broadcast for the contents thereof, available at http://www.wnyc.org/story/mishandling-campus-rape/. Defendants further state that Exhibit C to the Complaint purports to be a transcript of the November 26, 2014 broadcast, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. Defendants further state that the quoted language in Paragraph 78, read in context, describes the reactions of Jackie's "friends," "peers," and "the administration," and does not refer to Eramo or any other individual. Defendants otherwise deny the allegations of Paragraph 78 of the Complaint.

79. In response to the allegations of Paragraph 79 of the Complaint, which purport to characterize and selectively quote from the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html. Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. Defendants deny that Erdely made any statements to *Slate* on November 27, 2014, and state that the podcast episode was pre-recorded on the morning of November 26, 2014, prior to Erdely's conversation with Jackie later that day. Defendants further state that the quoted statements, when read in context, refer to the response or lack thereof by "the administration" at UVA – not Plaintiff individually. Defendants further state that the quoted language includes Erdely's opinions that cannot be proven true or

20

false, and Defendants are not required to plead thereto. Defendants otherwise deny the allegations of Paragraph 79 of the Complaint.

80. Defendants admit that Erdely tweeted a link to the *Washington Post* story for which she was interviewed, state that the tweet speaks for itself, and refer the Court to the tweet for the contents thereof. Defendants otherwise deny the allegations of Paragraph 80 of the Complaint.

81. Defendants admit that the Article received press coverage when it was published and was shared on social media platforms. Defendants further admit that as of December 5, 2014, the online version of the Article had received approximately 2.4 million unique visitors. Except as expressly admitted, Defendants deny the allegations of Paragraph 81 of the Complaint.

82. In response to the allegations of Paragraph 82 of the Complaint, Defendants admit that a blog post was published on a blog titled "Shots in the Dark," at the URL http://www.richardbradley.net/shotsinthedark/2014/11/24/is-the-rolling-stone-story-true/, state that the blog post speaks for itself, and refer the Court to that blog post for the contents thereof. Defendants otherwise deny the allegations of Paragraph 82 of the Complaint.

83. In response to the allegations of Paragraph 83 of the Complaint, Defendants admit that a blog post was published on a blog titled "Shots in the Dark," at the URL http://www.richardbradley.net/shotsinthedark/2014/11/24/is-the-rolling-stone-story-true/, state that the blog post speaks for itself, and refer the Court to that blog post for the contents thereof. Defendants otherwise deny the allegations of Paragraph 83 of the Complaint.

84. In response to the allegations of Paragraph 84 of the Complaint, Defendants admit that a blog post was published on a blog titled "Shots in the Dark," at the URL http://www.richardbradley.net/shotsinthedark/2014/11/24/is-the-rolling-stone-story-true/, state

21

that the blog post speaks for itself, and refer the Court to that blog post for the contents thereof. Defendants otherwise deny the allegations of Paragraph 84 of the Complaint.

85.     In response to the allegations of Paragraph 85 of the Complaint, which purport to characterize and selectively quote from the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html.  Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript.  Defendants deny that Erdely made any statements to *Slate* on November 27, 2014, and state that the podcast episode was pre-recorded on the morning of November 26, 2014, prior to Erdely's conversation with Jackie later that day.  Defendants otherwise deny the allegations of Paragraph 85 of the Complaint.

86.     In response to the allegations of Paragraph 85 of the Complaint, which purport to characterize and selectively quote from the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html.  Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript.  Defendants otherwise deny the allegations of Paragraph 86 of the Complaint.

87.     In response to the allegations of Paragraph 87 of the Complaint, which purport to characterize and selectively quote from a *Slate* article titled "The Missing Men," available at http://www.slate.com/articles/double_x/doublex/2014/12/sabrina_rubin_erdely_uva_why_didn_t_a_rolling_stone_writer_talk_to_the_alleged.2.html, Defendants state that the article speaks for itself and respectfully refer the Court to the full article for the contents thereof.  Defendants otherwise deny the allegations of Paragraph 87 of the Complaint.

88.     In response to the allegations of Paragraph 88 of the Complaint, which purport to characterize and selectively quote from a December 2, 2014 blog post by Erik Wemple, Defendants state that the blog post speaks for itself and respectfully refer the Court to the full post, a copy of which is purportedly attached as Exhibit F to the Complaint, for the contents thereof.  Defendants otherwise deny the allegations of Paragraph 88 of the Complaint.

89.     In response to the allegations of Paragraph 89 of the Complaint, which purport to characterize unspecified articles from the *Washington Post*, Defendants state that the articles referenced in Paragraph 89 speak for themselves and respectfully refer the Court to those articles for a true and correct recitation of the contents thereof.  Defendants further state that the allegations in Paragraph 89 make no reference to Plaintiff.  Defendants further state that in interviews post-dating the Article's publications, these individuals have claimed that Jackie told them that she had been sexually assaulted by multiple men on that night; that she was "crying and shaking" from "trauma"; and that at least one of the friends urged her, as reported in the Article, to report the assault to police or go to the hospital.  Except as expressly admitted, Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     In response to the allegations of Paragraph 90 of the Complaint, Defendants admit that the Virginia Alpha Chapter of Phi Kappa Psi released a statement on December 5, 2015,

concerning the events described in the Article.  Defendants refer the Court to the full statement, available at

http://www3.alumni.virginia.edu/multimedia/aig/phipsi/images/UVAVirginiaAlphaChapterPhiKappsPsiStatement120513%20website.pdf for the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     In response to the allegations of Paragraph 91 of the Complaint, Defendants admit that on December 5, 2014, *Rolling Stone* published a "Note to Our Readers," followed by a second statement on December 7, 2014.  Defendants refer the Court to the full text of both statements for the contents thereof.  Defendants deny that the Article was "sourced entirely on one (pseudonymous) individual," and except as expressly admitted, deny the remaining allegations in Paragraph 91 of the Complaint.

92.     In response to the allegations of Paragraph 92 of the Complaint, which purport to characterize unspecified articles from the *Washington Post*, Defendants state that the articles referenced in Paragraph 92 speak for themselves and respectfully refer the Court to those articles for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations in Paragraph 92 of the Complaint.

93.     In response to the allegations of Paragraph 93 of the Complaint, which purport to characterize unspecified interviews published after the Article, Defendants state that the interviews referenced in Paragraph 93 speak for themselves and respectfully refer the Court to those interviews for the contents thereof.  Defendants state that they lack information or knowledge sufficient to form a belief as to the truth of the allegations attributed to "Ryan" in Paragraph 93, and otherwise deny the allegations in Paragraph 93 of the Complaint.

94. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint. Defendants otherwise deny the allegations in Paragraph 94 of the Complaint.

95. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint. Defendants otherwise deny the allegations in Paragraph 95 of the Complaint.

96. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint. Defendants otherwise deny the allegations in Paragraph 96 of the Complaint.

97. Defendants lack knowledge or information sufficient to form a belief as to what the individuals identified as "Randall," "Andy," and "Cindy" "would have" said or done if Erdely's attempts to reach them had been successful. Defendants otherwise deny the allegations of Paragraph 97 of the Complaint.

98. In response to the allegations of Paragraph 98, Defendants admit that Plaintiff's attorneys sent a one-paragraph letter to Defendants on December 23, 2014, marked "Confidential Settlement Communication," which requested an "in-person meeting" to discuss unspecified "remedial measures" that Plaintiff desired, but did not specify any statements that Plaintiff believed was false and defamatory of her. Defendants further state that the letter referenced in Paragraph 98 speaks for itself and respectfully refer the Court to that letter for the contents thereof. Defendants further state that the parties engaged in further communications, both orally and in writing, and that such communications were expressly described as confidential and are inadmissible in this action pursuant to Fed. R. Evid. 408. Because Plaintiff has chosen to incorporate such communications in her Complaint, despite their inadmissibility, Defendants

respond that they repeatedly requested, by letter and email, that Plaintiff identify the statements that she believed were false and defamatory as to her in order to aid any discussions of her claim, but that Plaintiff ignored such requests and declined to identify any such statements in advance of the meeting she had requested. Defendants deny that Plaintiff "did not threaten litigation" and "did not demand any monetary payment"; to the contrary, Plaintiff in subsequent correspondence expressly threatened to sue Defendants for libel and demanded that Defendants "compensate Dean Eramo" for an unspecified amount of alleged "damage." Except as expressly admitted, Defendants deny the allegations of Paragraph 98 of the Complaint.

99.     In response to the allegations of Paragraph 99 of the Complaint, Defendants admit that the parties engaged in communications, both orally and in writing, in response to Plaintiff's initial "Confidential Settlement Communication," state that the communications referenced in Paragraph 99 speak for themselves, and respectfully refer the Court to those communications for the contents thereof. Defendants further state that such communications were expressly described as confidential and are inadmissible in this action pursuant to Fed. R. Evid. 408. Because Plaintiff has chosen to describe such communications in her Complaint, despite their inadmissibility, Defendants respond that they advised Plaintiff that as they were "not aware of any inaccuracies concerning Dean Eramo" in the article, "it would be helpful if you could identify what your client's specific concerns are and the basis for those concerns." Defendants further state that Plaintiff ignored this request as well as subsequent, follow-up requests to identify her "specific concerns" in advance of a meeting she requested to discuss her claims. Except as expressly admitted, Defendants deny the allegations of Paragraph 99 of the Complaint.

100.    In response to the allegations of Paragraph 100 of the Complaint, Defendants admit that the parties engaged in communications, both orally and in writing, in response to

Plaintiff's initial "Confidential Settlement Communication," state that the communications referenced in Paragraph 100 speak for themselves, and respectfully refer the Court to those communications for the contents thereof. Defendants further state that such communications were expressly described as confidential and are inadmissible in this action pursuant to Fed. R. Evid. 408. Because Plaintiff has chosen to describe such communications in her Complaint, despite their inadmissibility, Defendants respond that Plaintiff ignored repeated requests by Defendants to specify the statements from the Article that she believed were false and defamatory as to her, and that it was not until a week after the parties met in person that Plaintiff's counsel sent a letter detailing her specific concerns. In that letter, Plaintiff threatened to sue Defendants for libel and demanded that Defendants "enter into good faith negotiations to compensate Dean Eramo for the extensive damage it has already caused her." Except as expressly admitted, Defendants deny the allegations of Paragraph 100 of the Complaint.

101. In response to the allegations of Paragraph 101 of the Complaint, Defendants admit that the parties engaged in communications, both orally and in writing, in response to Plaintiff's initial "Confidential Settlement Communication," and further state that such communications were expressly described as confidential and are inadmissible in this action pursuant to Fed. R. Evid. 408. Because Plaintiff has chosen to describe such communications in her Complaint, despite their inadmissibility, Defendants state that they responded by letter to Plaintiff's legal demand on February 4, 2015 (two months before the Columbia Report issued), addressing each of the claims raised by Plaintiff and explaining why, in Defendants' view, she did not have a viable libel claim. Defendants state that the February 4, 2015 letter speaks for itself and refer the Court to that letter, a copy of which is attached as Exhibit A, for the contents thereof. Defendants pointed out that the Article depicted Plaintiff as "beloved by survivors" and

recognized that she "surely has among the most difficult jobs at UVA"; that there was "no dispute" that Jackie reported a sexual assault involving multiple men to Plaintiff; and there was also no dispute that Plaintiff's office was aware of, and was looking into, allegations of additional sexual assaults at Phi Kappa Psi at the time of publication.  Defendants further responded to each of the specific statements that Plaintiff highlighted from the Article and explained that none contained any false or defamatory statements of fact concerning Plaintiff that would be actionable in a libel claim.  Defendants stated that because Plaintiff had not provided any facts or statements from the Article that would support a viable libel claim, they "cannot agree to your demands"; nevertheless, Defendants stated that they would be "happy to speak with [Plaintiff] further concerning [her] concerns."  Defendants state that Plaintiff never responded to Defendants' invitation for further discussions and instead brought the instant libel suit months later.  Defendants further deny that Defendants "refused to retract the article" and "did not apologize to Dean Eramo"; to the contrary, Defendants first apologized on December 5 and December 7, and further state that upon publication of the Columbia Report on April 5, 2015, *Rolling Stone* issued an editor's note "officially retracting" the Article, and issued an apology to, among others, "UVA administrators and students," and that Defendant Erdely apologized to, among others, "the UVA community."  Except as expressly admitted, Defendants deny the allegations of Paragraph 101 of the Complaint.

     102.     Defendants deny the allegations of Paragraph 102 of the Complaint.

     103.     Defendants deny the allegations of Paragraph 103 of the Complaint.

     104.     In response to the allegations of Paragraph 104 of the Complaint, Defendants state that in response to requests for comment following Plaintiff's "open letter," *Rolling Stone* stated

that it "sincerely regret[s] any pain we caused Dean Nicole Eramo and others affected by this story." Defendants otherwise deny the allegations of Paragraph 104 of the Complaint.

105. Defendants deny the allegations of Paragraph 105 and state that the edited version of Dean Eramo's letter was published in Issue 1235 of *Rolling Stone* magazine, which was available for sale on May 8, 2015 and bore a cover date of May 21, 2015.

106. Defendants deny the allegations of Paragraph 106 of the Complaint.

107. In response to the allegations of Paragraph 107 of the Complaint, Defendants admit that the Charlottesville Police Department issued a press release on March 23, 2015, titled "Charlottesville Police Department's Investigation into an Alleged Sexual Assault as depicted in Rolling Stone Magazine Article dated November 19, 2014." Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711. Defendants otherwise deny the allegations of Paragraph 107 of the Complaint.

108. In response to the allegations of Paragraph 108 of the Complaint, which purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711. Defendants otherwise deny the allegations of Paragraph 108 of the Complaint.

109. To the extent the allegations of Paragraph 109 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press

29

release for a true and correct recitation of the contents thereof, available at

http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants admit, upon

information and belief and as reported in the Article, that when Jackie reported to Plaintiff that

she had been sexually assaulted by multiple men at a UVA fraternity, Plaintiff provided Jackie

with multiple options, which included "fil[ing] a criminal complaint with police," "fil[ing] a

complaint with the school's Sexual Misconduct Board, to be decided in a 'formal resolution with

a jury of students and faculty, and a dean as a judge'"; or seeking an "informal resolution"

whereby Jackie could "face her attackers in Eramo's presence and tell them how she felt; Eramo

could then issue a directive to the men, such as suggesting counseling."  Defendants further

admit, upon information and belief and as reported in the Article, that Jackie did not choose to

pursue any of the options presented by Plaintiff at their initial meeting.  Except as expressly

admitted, Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    To the extent the allegations of Paragraph 110 of the Complaint purport to

characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants

state that none of these allegations are referenced in the press release.  Defendants further state

that the press release speaks for itself and respectfully refer the Court to the full press release for

a true and correct recitation of the contents thereof, available at

http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants admit, upon

information and belief and as reported in the Article, that Plaintiff continued to correspond with

Jackie in the weeks following their initial meeting, including, among other things, sending Jackie

a follow-up note thanking her for sharing her story and saying "I could tell that was very difficult

for you," and stating that while she respected Jackie's wish not to file a report, she'd be happy to

assist Jackie if she "decide[d] that [she] would like to hold these men accountable."  Defendants

further admit, upon information and belief and as reported in the Article, that Plaintiff "connected [Jackie] with Emily [Renda], a fourth-year who'd become active in One Less, a student-run sexual-assault education organization that doubles as a support group." Except as expressly admitted, Defendants deny the allegations of Paragraph 110 of the Complaint.

111. To the extent the allegations of Paragraph 111 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and Defendants further state that the press release contains no reference to Plaintiff having "encouraged Jackie to report the alleged assault to the police" during their April 21, 2014 meeting. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the Complaint.

112. To the extent the allegations of Paragraph 112 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 112 of the Complaint.

113.    To the extent the allegations of Paragraph 113 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 113 of the Complaint.

114.    To the extent the allegations of Paragraph 114 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 114 of the Complaint.

115.    To the extent the allegations of Paragraph 115 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the

Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 115 of the Complaint.

116. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 116.

117. To the extent the allegations of Paragraph 117 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 117 of the Complaint.

118. To the extent the allegations of Paragraph 118 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711. Defendants lack knowledge or information sufficient to form a belief as to the truth  or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 118 of the Complaint.

119. To the extent the allegations of Paragraph 119 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press

33

release for a true and correct recitation of the contents thereof, available at

http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the

Charlottesville Police Department's account of its investigation as set forth in the press release,

and otherwise deny the allegations of Paragraph 119 of the Complaint.

120.    To the extent the allegations of Paragraph 120 of the Complaint purport to

characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants

state that the press release speaks for itself and respectfully refer the Court to the full press

release for a true and correct recitation of the contents thereof, available at

http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the

Charlottesville Police Department's account of its investigation as set forth in the press release,

and otherwise deny the allegations of Paragraph 120 of the Complaint.

121.    To the extent the allegations of Paragraph 121 of the Complaint purport to

characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants

state that the press release speaks for itself and respectfully refer the Court to the full press

release for a true and correct recitation of the contents thereof, available at

http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the

Charlottesville Police Department's account of its investigation as set forth in the press release,

and otherwise deny the allegations of Paragraph 121 of the Complaint.

122.    To the extent the allegations of Paragraph 122 of the Complaint purport to

characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants

state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 122 of the Complaint.

123.    To the extent the allegations of Paragraph 123 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 123 of the Complaint.

124.    To the extent the allegations of Paragraph 124 of the Complaint purport to characterize the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Charlottesville Police Department's account of its investigation as set forth in the press release, and otherwise deny the allegations of Paragraph 124 of the Complaint.

125.    In response to the allegations of Paragraph 125, which characterize and selectively quote from the Charlottesville Police Department's March 23, 2015 press release, Defendants state that the press release speaks for itself and respectfully refer the Court to the full press release for a true and correct recitation of the contents thereof, available at http://www.charlottesville.org/index.aspx?page=635&recordid=2711.  Defendants further state that the press release concludes as follows:  "The department's investigation cannot rule out that something may have happened to 'Jackie' somewhere and at some time on the evening of September 28, 2012. Yet, without additional evidence we are simply unable to reach a definitive conclusion.  This investigation remains open, yet suspended in the event additional evidence should come to light."  Defendants otherwise deny the allegations of Paragraph 125 of the Complaint.

126.    To the extent the allegations of Paragraph 126 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 126 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

127.    In response to the allegations of Paragraph 127 of the Complaint, Defendants admit that Erdely, a contributing editor for *Rolling Stone*, worked with editors and fact-checkers at the magazine in the course of reporting and editing the Article.  Except as expressly admitted, Defendants deny the allegations of Paragraph 127 of the Complaint.

128.    Defendants deny the allegations of Paragraph 128 of the Complaint.

129.    In response to the allegations of Paragraph 129, which characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation

of the contents thereof. Defendants otherwise deny the allegations of Paragraph 129 of the Complaint.

130. In response to the allegations of Paragraph 130, which purport to characterize and selectively quote from an unidentified article, Defendants state that the article referenced in Paragraph 130 of the Complaint speaks for itself and respectfully refer the Court to that article for the contents thereof. Defendants otherwise deny the allegations of Paragraph 130 of the Complaint.

131. In response to the allegations of Paragraph 131, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for the contents thereof. Defendants admit that Erdely was directed to Jackie by Emily Renda, a recent UVA graduate and sexual assault survivor who, at the time she met Erdely, was an employee of UVA working on sexual assault issues. Defendants further state that the fact that Emily Renda worked at UVA and directed Erdely to Jackie, coupled with the fact that Renda included Jackie's account of being "gang-raped" by multiple fraternity men in her June 2014 Congressional testimony regarding campus sexual assault issues, provided credibility to Jackie's story. Except as expressly admitted, Defendants deny the allegations of Paragraph 131 of the Complaint.

132. To the extent the allegations of Paragraph 132 purport to characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 132 of the Complaint.

133. Defendants deny the allegations of Paragraph 133 of the Complaint.

134.     In response the allegations of Paragraph 134, which characterize and selectively quote from a December 14, 2014 interview with *CNN* host Brian Stelter, Defendants state that the interview speaks for itself and respectfully refer the Court to the full interview (available at http://reliablesources.blogs.cnn.com/2014/12/14/student-source-for-rolling-stones-disputed-uva-rape-story-speaks-out/) for a true and correct recitation of its contents, and further state that the interview contains no reference to Plaintiff.  Defendants further state that in the same interview, Ms. Pinkleton stated that she "definitely believe[s] something traumatic happened to [Jackie] that night. That has been something consistent from the night of … everyone that she told, it has always been that she was raped."; that she believed Erdely "wanted to bring light to" the issue of sexual assault, which is a "prevalent issue at UVA"; and that "[w]e know that there are many, many stories of sexual assault here on grounds [at UVA]."  Except as expressly admitted, Defendants deny the allegations of Paragraph 134 of the Complaint.

135.     In response to the allegations of Paragraph 135, which characterize and selectively quote from a December 14, 2014 interview with CNN host Brian Stelter and other unidentified articles, Defendants state that those publications speak for themselves and respectfully refer the Court to those publications for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 135 of the Complaint.

136.     In response to the allegations of Paragraph 136, which purport to quote an unidentified "Yale student," Defendants state that the publication referenced in Paragraph 136 speaks for itself and refer the Court to such publication for the contents thereof.  Defendants otherwise deny the allegations of Paragraph 136 of the Complaint.

137.     In response to the allegations of Paragraph 137, which purport to quote and characterize the statement of an unidentified "UVA student," Defendants state that the

38

publication referenced in Paragraph 137 speaks for itself and refer the Court to such publication for the contents thereof. Defendants otherwise deny the allegations of Paragraph 137 of the Complaint.

138.     In response to the allegations of Paragraph 138, which characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 138 of the Complaint.

139.     Defendants deny the allegations of Paragraph 139 of the Complaint.

140.     To the extent the allegations of Paragraph 140 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants state that, as set forth in the Columbia Report, Jackie "[a]t times … did not respond to Erdely's calls, texts and emails." Defendants otherwise deny the allegations of Paragraph 140 of the Complaint.

141.     To the extent the allegations of Paragraph 141 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants state that, as set forth in the Columbia Report, Erdely asked to examine the bloodstained red dress that Jackie said she wore on the night of her assault; that Jackie told Erdely her mother had thrown away the red dress, and offered to put Erdely in touch with her mother; and that Erdely "called and left messages several times" with Jackie's mother, who did

not respond. Except as expressly admitted, Defendants deny the allegations of Paragraph 141 of the Complaint.

142. To the extent the allegations of Paragraph 142 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants state that, as set forth in the Columbia Report, Erdely asked to examine the bloodstained red dress that Jackie said she wore on the night of her assault; that Jackie told Erdely her mother had thrown away the red dress, and offered to put Erdely in touch with her mother; and that Erdely "called and left messages several times" with Jackie's mother, who did not respond. Except as expressly admitted, Defendants deny the allegations of Paragraph 142 of the Complaint.

143. To the extent the allegations of Paragraph 143 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 143 of the Complaint.

144. To the extent the allegations of Paragraph 144 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants admit that Jackie referred to "Drew" by a first name prior to the Article's publication but deny that this was a "red flag." Defendants further deny that they believed that "Jackie's story could not be verified without this information" and state that at the time of publication, they had no doubts as to the truth of the Article. Except as expressly admitted, Defendants deny the allegations of Paragraph 144 of the Complaint.

40

145.     To the extent the allegations of Paragraph 145 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants further state that as a result of allegations made by Jackie and two others, UVA placed Phi Kappa Psi under investigation which, as noted by the Columbia Report, "added to the impression that UVA regarded Jackie's narrative as reliable." Defendants otherwise deny the allegations of Paragraph 145 of the Complaint.

146.     To the extent the allegations of Paragraph 146 purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants admit that Erdely made multiple attempts to discover the full name of "Drew" through various means. Defendants state that as a result of allegations made by Jackie and two others, UVA placed Phi Kappa Psi under investigation – a development which, as noted by the Columbia Report, "added to the impression that UVA regarded Jackie's narrative as reliable." Except as expressly admitted, Defendants deny the allegations of Paragraph 146 of the Complaint.

147.     To the extent the allegations of Paragraph 147 purport to characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 147 of the Complaint.

148.     Defendants deny the allegations of Paragraph 148 of the Complaint.

149.     Defendants deny the allegations of Paragraph 149 of the Complaint.

150.    In response to the allegations of Paragraph 150 of the Complaint, Defendants state that Jackie provided access to her own emails and records of her interactions with Plaintiff and other UVA administrators, including an email in which Plaintiff offered to assist Jackie if she ever "decide[d] that [she] would like to hold these men accountable."  Defendants further state that neither Plaintiff nor any UVA representative ever raised the possibility of a FERPA waiver or stated that such a waiver from Jackie alone would be sufficient to allow Plaintiff to participate in an interview concerning the University's response to the many other sexual assault cases discussed in the Article.  Defendants further state that as a result of allegations made by Jackie and two others, UVA placed Phi Kappa Psi under investigation – a development which, as noted by the Columbia Report, "added to the impression that UVA regarded Jackie's narrative as reliable." Defendants otherwise deny the allegations of Paragraph 150 of the Complaint.

151.    Defendants deny the allegations of Paragraph 151 of the Complaint.

152.    In response to the allegations of Paragraph 152 of the Complaint, Defendants state that UVA declined to make Plaintiff available for an interview despite repeated requests by Erdely, and that neither Plaintiff nor any UVA representative ever suggested that a FERPA waiver would allow Plaintiff to participate in such an interview.  Defendants further state that many of the statements in suit concern the responses by University administrators, including but not limited to Plaintiff, to a number of sexual assault cases at UVA – not just Jackie's – and deny that the absence of a FERPA waiver from Jackie prevented Plaintiff from discussing those other cases.  Defendants otherwise deny the allegations of Paragraph 152 of the Complaint.

153.    To the extent the allegations of Paragraph 153 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of

Paragraph 153 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

154.   Defendants deny the allegations of Paragraph 154 of the Complaint.

155.   In response to the allegations of Paragraph 155 of the Complaint, Defendants admit that the Article used pseudonyms for "Drew," "Randall," "Andy," and "Cindy." Defendants deny that such pseudonyms have any relevance to Plaintiff's claims or any of the statements in suit.  Except as expressly admitted, Defendants deny the allegations of Paragraph 155 of the Complaint.

156.   To the extent the allegations of Paragraph 156 purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 156 of the Complaint.

157.   To the extent the allegations of Paragraph 157 purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 157 of the Complaint..

158.   Defendants deny the allegations of Paragraph 158 of the Complaint.

159.   To the extent the allegations of Paragraph 159 purport to characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 159 of the Complaint.

160.    To the extent the allegations of Paragraph 160 of the Complaint purport to characterize and selectively quote from the Columbia Report and from an April 5, 2015 blog post posted on the *Washington Post*'s website, Defendants state that these publications speak for themselves and respectfully refer the Court to the publications for a true and correct recitation of the contents thereof.  Defendants otherwise deny the allegations of Paragraph 160 of the Complaint.

161.    In response to the allegations of Paragraph 161 of the Complaint, which purport to characterize unidentified "multiple media interviews," Defendants state that the publications referenced in Paragraph 161 speak for themselves and respectfully refer the Court to those publications for a true and correct recitation of the contents thereof.  Defendants lack knowledge or information sufficient to form a belief as to what the individual identified as "Randall" "would have" said or done if Erdely's attempts to reach him had been successful.  Defendants otherwise deny the allegations of Paragraph 161 of the Complaint.

162.    In response to the allegations of Paragraph 162 of the Complaint, which purport to characterize the Columbia Report and other unidentified "interviews," Defendants state that the Columbia Report and the interviews referenced in Paragraph 162 speak for themselves and refer the Court to those publications for a true and correct recitation of the contents thereof. Defendants lack knowledge or information sufficient to form a belief as to what the individuals identified as "Randall," "Andy," and "Cindy" "would have" said or done if Erdely's attempts to reach them had been successful.  Defendants otherwise deny the allegations of Paragraph 162 of the Complaint.

163.    Defendants lack knowledge or information sufficient to form a belief as to what the individuals identified as "Randall," "Andy," and "Cindy" "would have" said or done if

44

Erdely's attempts to reach them had been successful. Defendants otherwise deny the allegations of Paragraph 163 of the Complaint.

164. To the extent the allegations of Paragraph 164 purport to characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 164 of the Complaint.

165. To the extent the allegations of Paragraph 165 purport to characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Defendants otherwise deny the allegations of Paragraph 165 of the Complaint.

166. Defendants deny the allegations of Paragraph 166 of the Complaint. Defendants further state that Jackie participated in an extensive fact-checking process prior to publication and provided her own emails with Plaintiff as part of that process.

167. To the extent the allegations of Paragraph 167 purport to characterize and selectively quote statements attributed to Jackie in a *Washington Post* article dated December 5, 2014, Defendants state that the *Washington Post* article speaks for itself and respectfully refer the Court to the article for a true and correct recitation of the contents thereof. Defendants further state that the *Washington Post* article contained no reference to Plaintiff and reported that "[i]n lengthy in-person interviews, Jackie recounted an attack very similar to the one she presented in [*Rolling Stone*] magazine." Defendants otherwise deny the allegations of Paragraph 167 of the Complaint.

45

168.	Defendants admit that Erdely reached out to the local chapter president of Phi Kappa Psi asking him to comment on allegations of a gang rape at the fraternity house, after learning that the University had placed the chapter under investigation, and admit that the chapter president's response was included in the Article. Except as expressly admitted, Defendants deny the allegations of Paragraph 168 of the Complaint.

169.	In response to the allegations of Paragraph 169 of the Complaint, Defendants state that at the time Defendants contacted Phi Kappa Psi for comment in connection with the Article, UVA had opened an investigation into the chapter based upon the report by Jackie to Plaintiff and other UVA officials concerning her own assault and allegations of two other assaults at the fraternity house. Except as expressly admitted, Defendants deny the allegations of Paragraph 169 of the Complaint.

170.	In response to the allegations of Paragraph 170 of the Complaint, which consist of speculation as to what the local chapter of Phi Kappa Psi "would have" and "could have" done in response to various theoretical interactions, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations. Defendants further state that at the time Defendants contacted Phi Kappa Psi for comment in connection with the Article, UVA had opened an investigation into the chapter based upon the report by Jackie to Plaintiff and other UVA officials concerning her own assault and allegations of two other assaults at the fraternity house. Except as expressly admitted, Defendants deny the allegations of Paragraph 170 of the Complaint.

171.	In response to the allegations of Paragraph 171, Defendants admit that the local chapter president responded to Erdely's request, as reported in the Article, by confirming that the University had told the chapter of an allegation of sexual assault during a fraternity party but

46

stating that the University had not provided additional details.   Except as expressly admitted, Defendants deny the allegations of Paragraph 171 of the Complaint.

172.    To the extent the allegations of Paragraph 172 purport to characterize and selectively quote from the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof.  Defendants deny that the Columbia Report contains any quote from Erdely stating that she "checked the box," and otherwise deny the allegations of Paragraph 172 of the Complaint.

173.    In response to the allegations of Paragraph 173 of the Complaint, Defendants admit that the national executive director of Phi Kappa Psi responded to Erdely's request, as reported in the Article, by confirming that the University "indeed notified him of sexual assault allegations"; stating that he had dispatched a representative to meet with the chapter; and explaining the fraternity has "no evidence to substantiate the allegations" given the paucity of information from the University.  Except as expressly admitted, Defendants deny the allegations of Paragraph 173 of the Complaint.

174.    Defendants deny the allegations of Paragraph 174 of the Complaint.

175.    In response to the allegations of Paragraph 175 of the Complaint, which purport to characterize and conflate selective quotes from the Article and various post-publications statements, Defendants state that the Article and the referenced publications speak for themselves and respectfully refer the Court to those publications for the contents thereof. Defendants further state that the Article does not contain any statement that Plaintiff "abused" Jackie, acted with "indifference" toward her, put her through an "ordeal," tried to "suppress" her rape, or state that Plaintiff "discouraged" Jackie from speaking about her assault.  To the

47

contrary, the Article states that Plaintiff put Jackie in touch with Emily Renda and the sexual assault survivors group One Less; that Dean Eramo is "beloved by survivors, who consider her a friend and confidante"; that survivors "laud [her] as their best advocate and den mother"; that Jackie called her "an asset to the community"; and that "students praise" UVA's deans that deal with sexual assault like Dean Eramo "as caring folks who answer late-night calls from victims and even make emergency-room visits," among other positive descriptions. Defendants admit that the Article reports that many people – including Plaintiff – "discourage[ed]" Jackie from talking to a reporter for *Rolling Stone*. Except as expressly admitted, Defendants deny the allegations of Paragraph 175 of the Complaint.

176. In response to the allegations of Paragraph 176, which purport to characterize the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof, including the observation that "Renda's warning to Erdely - a notice from a UVA employee that Phi Kappa Psi was under university scrutiny over allegations made by Jackie and two others - added to the impression that UVA regarded Jackie's narrative as reliable." Defendants otherwise deny the allegations of Paragraph 176 of the Complaint.

177. Defendants deny the allegations of Paragraph 177 of the Complaint.

178. Defendants deny the allegations of Paragraph 178 of the Complaint.

179. In response to the allegations of Paragraph 179 of the Complaint, Defendants admit that the *Cavalier Daily* published a letter titled "Advocating for Dean Eramo" on or about November 24, 2014, which included a number of statements, and that the statement quoted in Paragraph 179 of the Complaint was attributed by the *Cavalier Daily* to "Jackie, Rolling Stone interviewee." Defendants state that the letter speaks for itself and refer the Court to the letter for

the contents thereof, available at http://www.cavalierdaily.com/article/2014/11/letter-advocating-for-dean-eramo. Defendants deny that this statement attributed to Jackie identifies any statements in the Article concerning Plaintiff that were "false," and further deny that the Article contained any statement that Plaintiff "abuse[d]" Jackie. Except as expressly admitted, Defendants deny the allegations of Paragraph 179 of the Complaint.

180. In response to the allegations of Paragraph 180 of the Complaint, which selectively and erroneously characterize and quote articles published by C-VILLE on November 21, 2014 and November 26, 2014, Defendants state that these articles speak for themselves and refer the court to the articles for the contents thereof, available at http://www.c-ville.com/one-uva-rape-victim-wants-take-away-rolling-stone-article/#.VahFg_lVhBe and http://www.c-ville.com/uva-activists-author-rolling-stone-article-speak/#.VahFmPlVhBe. Defendants further state that the quote attributed to Renda makes no reference to Plaintiff whatsoever, but rather reads as follows: "I never really hesitated to share my story. And I also feel like there's not a lot of nuanced discussion about sexual assault. It's a subject that evokes a lot of anger and disgust and grief. In circumstances like that, it's really easy to point fingers, create an effigy, hang it and burn it. You want to be angry at something. I don't think there's a lot of critical engagement." Except as expressly admitted, Defendants deny the allegations of Paragraph 180 of the Complaint.

181. In response to the allegations of Paragraph 181 of the Complaint, Defendants deny that the Article states that Plaintiff was "indifferent to sexual assaults of students"; to the contrary, the Article states that Dean Eramo is "beloved by survivors, who consider her a friend and confidante"; that survivors "laud [her] as their best advocate and den mother"; that Jackie called her "an asset to the community"; and that "students praise" UVA's deans that deal with

49

sexual assault like Dean Eramo "as caring folks who answer late-night calls from victims and even make emergency-room visits," among other positive descriptions. To the extent the allegations of Paragraph 181 purport to selectively quote a statement from Alex Pinkleton included in the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 181 of the Complaint.

182.    In response to the allegations of Paragraph 182, which selectively quote a statement from Sara Surface included in the Columbia Report, Defendants state that the Columbia Report speaks for itself and respectfully refer the Court to the Columbia Report for a true and correct recitation of the contents thereof, which also contains a quote from Ms. Surface stating that "UVA does have plenty of room to grow in regard to prevention and response, as most if not all colleges do."

183.    In response to the allegations of Paragraph 183 of the Complaint, which misquote and mischaracterize statements by Erdely in a November 26, 2014 article by C-VILLE, Defendants state that the C-VILLE article speaks for itself and refer the court to that article for the contents thereof, available at http://www.c-ville.com/uva-activists-author-rolling-stone-article-speak/#.VahFmPlVhBe. Defendants further state that the passage in the C-VILLE article where the quoted language from Paragraph 183 appears makes no reference to Renda or Surface – nor Plaintiff – but rather reads, in context, as follows:

> Erdely acknowledged that her story showed one side of UVA culture, "but it is the dominant culture," she said. Which is why she kept hammering on those "Rugby Road" verses.
>
> "That's what I wanted to address, that the degradation of women is intrinsically woven into the campus, and on every campus, and frankly in our culture," she

50

said. "If people are getting confused by that, I'm sorry to hear that. It's another aspect of their denialism."

Defendants further state that the quoted statements attributed to Erdely, which were published in November 2014, are not a response to being "confronted" with the statements by Ms. Pinkleton and Ms. Surface set forth in Paragraphs 181 and 182, both of which were published in the Columbia Report in April 2015. Defendants otherwise deny the allegations of Paragraph 183 of the Complaint.

184.    To the extent the allegations of Paragraph 184 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 184 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

185.    To the extent the allegations of Paragraph 185 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 185 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

186.    To the extent the allegations of Paragraph 186 of the Complaint contain allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 186 of the Complaint contain allegations of fact, Defendants deny that Erdely "admitted" to the Columbia Journalism School that she experienced "serious doubts about Jackie's credibility" on November 26, 2014, and further state that as the Columbia Report makes clear, those "serious doubts" only arose from a conversation with Jackie "late on Dec. 4" and was promptly followed by the magazine publishing "an editor's note that effectively retracted Rolling Stone's reporting on Jackie's allegations of gang rape at the University of Virginia." Defendants further state that the November 26 conversation raised a question about the

51

identification of Jackie's assailant, which Erdely responsibly thereafter further endeavored to pursue, but did not cause doubts about the rape Jackie described. Except as expressly admitted, Defendants deny the allegations of Paragraph 186 of the Complaint.

187.   Defendants deny the allegations of Paragraph 187 of the Complaint.

188.   In response to the allegations of Paragraph 188 of the Complaint, which purport to characterize and selectively quote from the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html. Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. Defendants deny that Erdely made any statements to *Slate* on November 27, 2014, and state that the podcast episode was pre-recorded on the morning of November 26, 2014, prior to Erdely's conversation with Jackie later that day. Defendants otherwise deny the allegations of Paragraph 188 of the Complaint.

189.   In response to the allegations of Paragraph 189 of the Complaint, which purport to characterize and selectively quote from the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html. Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. Defendants deny that Erdely made

any statements to *Slate* on November 27, 2014, and state that the podcast episode was pre-recorded on the morning of November 26, 2014, prior to Erdely's conversation with Jackie later that day. Defendants otherwise deny the allegations of Paragraph 189 of the Complaint.

190. To the extent the allegations of Paragraph 190 of the Complaint contain allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 190 of the Complaint contain allegations of fact, and purport to characterize and selectively quote from the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html. Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript, and further state that according to such transcript, the only exchange that specifically refers to Plaintiff is the following:

> June Thomas: Sabrina, one of the things that you talk about is how there are kind of three options; that Dean Eramo presented Jackie with three options as all people in this position do. That you can do sort of informal report, you can take it to the police or you can have a kind of internal investigation, an investigation at the school. Has Jackie done any of those things at this point?
>
> Sabrina Rubin Erdely: She has not. She has done none of those things.

Defendants deny that the statements described in Paragraph 190 refer to Plaintiff in the *Slate* podcast. Defendants further state that the podcast episode was pre-recorded on the morning of November 26, 2014, prior to Erdely's conversation with Jackie later that day. Defendants otherwise deny the allegations of Paragraph 190 of the Complaint.

191.    In response to the allegations of Paragraph 191 of the Complaint, Defendants admit that on November 30, 2014, Erdely tweeted a link to a November 28 *Washington Post* story, for which she had been interviewed on November 26, 2014, prior to Erdely's conversation with Jackie later that day.  Defendants state that the tweet and the article speak for themselves, and refer the Court to the tweet and the article for the contents thereof.   Defendants otherwise deny the allegations of Paragraph 191 of the Complaint.

192.    In response to the allegations of Paragraph 192 of the Complaint, which purport to characterize a November 28 *Washington Post* article, Defendants state that the *Washington Post* article speaks for itself, and refer the Court to the article for the contents thereof.   Defendants further state that Erdely was interviewed by the *Washington Post* for this article on November 26, 2014, prior to Erdely's conversation with Jackie later that day.  Defendants otherwise deny the allegations of Paragraph 192 of the Complaint.

193.    In response to the allegations of Paragraph 193 of the Complaint, which purport to characterize a November 28 *Washington Post* story, Defendants state that the article speaks for itself and refer the Court to the article for the contents thereof.   Defendants further state that Erdely was interviewed by the *Washington Post* for this article on November 26, 2014, prior to Erdely's conversation with Jackie later that day.  Defendants deny that Erdely told the *Washington Post* she had an "agreement" with Jackie not to discuss the names of her attackers, and otherwise deny the allegations of Paragraph 193 of the Complaint.

194.    In response to the allegations of Paragraph 194 of the Complaint, which purport to characterize a December 1, 2014 *Washington Post* story, Defendants state that the article speaks for itself and refer the Court to the article for the contents thereof, which is purportedly attached

as Exhibit E to the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 194 of the Complaint.

195.     In response to the allegations of Paragraph 195 of the Complaint, which purport to characterize a December 1, 2014 *Washington Post* story, Defendants state that the article speaks for itself and refer the Court to the article for the contents thereof, which is purportedly attached as Exhibit E to the Complaint.   Defendants further state that the statements quoted in Paragraph 195 come from Erdely's interview with the *Washington Post* on November 26, 2014, prior to Erdely's conversation with Jackie later that day.  Defendants further state that when Jackie reported to Plaintiff that she had been sexually assaulted by multiple men at a UVA fraternity, Plaintiff did not respond to her as a "source whose fantastical claims could not be verified"; to the contrary, as the Article reports, Plaintiff "e-mailed a follow-up note thanking Jackie for sharing, saying, 'I could tell that was very difficult for you,' and offered to assist Jackie if she should "decide that [she] would like to hold these men accountable," and further state that Plaintiff alleges elsewhere in her Complaint that she "actively encouraged Jackie to speak to others about her allegations" and "encouraged Jackie to report her alleged sexual assault to the police."  Defendants further state that in response to the allegations reported by Jackie to Plaintiff, the University opened an investigation into Phi Kappa Psi; a development which, as the Columbia Report notes, "added to the impression that UVA regarded Jackie's narrative as reliable."  Except as expressly admitted, Defendants deny the allegations of Paragraph 195 of the Complaint.

196.     In response to the allegations of Paragraph 196 of the Complaint, which purport to characterize a December 1, 2014 *Washington Post* story, Defendants state that the article speaks for itself and refer the Court to the article for the contents thereof, which is purportedly attached

as Exhibit E to the Complaint. Defendants otherwise deny the allegations of Paragraph 196 of the Complaint.

197. In response to the allegations of Paragraph 197 of the Complaint, which purport to characterize and selectively quote a December 1, 2014 *Washington Post* story, Defendants state that the article speaks for itself and refer the Court to the article for the contents thereof, which is purportedly attached as Exhibit E to the Complaint. Defendants otherwise deny the allegations of Paragraph 197 of the Complaint.

198. In response to the allegations of Paragraph 198 of the Complaint, which purport to characterize a letter titled "Advocating for Dean Eramo" published in the *Cavalier Daily* on or about November 24, 2014, Defendants state that the letter speaks for itself and refer the Court to the letter for the contents thereof, which is available at

http://www.cavalierdaily.com/article/2014/11/letter-advocating-for-dean-eramo. Defendants otherwise deny the allegations of Paragraph 198 of the Complaint.

199. In response to the allegations of Paragraph 199 of the Complaint, Defendants admit that *Rolling Stone* released the statement quoted in Paragraph 199 on December 2, 2014. Except as expressly admitted, Defendants deny the allegations of Paragraph 199 of the Complaint.

200. Defendants deny the allegations of Paragraph 200 of the Complaint.

201. In response to the allegations of Paragraph 201 of the Complaint, which purport to characterize and selectively quote from a December 2, 2014 *New York Times* article titled "Magazine's Account of Gang Rape on Virginia Campus Comes Under Scrutiny," Defendants state that the article speaks for itself and refer the Court to the article for the contents thereof. Defendants admit that the *New York Times* article attributes to Erdely the opinion that "the real

56

scandal … is that the university administration did not pursue the accusations further" and state that the *New York Times* article contains no statement whatsoever concerning Plaintiff. Except as expressly admitted, Defendants deny the allegations of Paragraph 201 of the Complaint.

202. To the extent the allegations of Paragraph 202 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 202 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

203. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 203 of the Complaint.

204. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 204 of the Complaint.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 205 of the Complaint.

206. To the extent the allegations of Paragraph 206 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 206 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

207. To the extent the allegations of Paragraph 207 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 207 of the Complaint are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's medical treatment alleged in the Paragraph 207, and otherwise deny the allegations.

## RESPONSE TO COUNT ONE OF THE COMPLAINT

208. Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

209. In response to the allegations of Paragraph 209 of the Complaint, Defendants admit that the Article was published on *Rolling Stone*'s website on November 19, 2014. Defendants deny that the document attached as Exhibit A to the Complaint represents a true and correct copy of the Article at the time of its publication, and state that the document attached as Exhibit A, which purports to be a copy of the Article printed from *Rolling Stone*'s website at 2:29 p.m. on December 11, 2014, contains an additional prefatory note from Managing Editor Will Dana that was appended on December 7, 2014, and was not initially published with the Article. Defendants further state that the text of the Article published online on November 19, 2014, is identical to the text that appeared in Issue 1223 of *Rolling Stone* magazine, and state that a black-and-white photocopy of the printed Article is purportedly attached as Exhibit B to the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 209 of the Complaint.

210. To the extent the allegations of Paragraph 210 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 210 of the Complaint are deemed to be allegations of fact, Defendants admit that the quoted language in the bullet points of Paragraph 210 of the Complaint appears in the Article, states that the Article speaks for itself, and refers the Court to the full Article for the contents thereof. Defendants deny that any of these statements are actionable and except as expressly admitted, deny the allegations of Paragraph 210 of the Complaint.

211.    The allegations of Paragraph 211 of the Complaint are allegations of law to which no responsive pleading is required.

212.    To the extent the allegations of Paragraph 212 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 212 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

213.    To the extent the allegations of Paragraph 213 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 213 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

214.    To the extent the allegations of Paragraph 214 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 214 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

215.    To the extent the allegations of Paragraph 215 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 215 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

216.    To the extent the allegations of Paragraph 216 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 216 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

217.    To the extent the allegations of Paragraph 217 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 217 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

218.    To the extent the allegations of Paragraph 218 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 218 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

219.    To the extent the allegations of Paragraph 219 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 219 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

220.    To the extent the allegations of Paragraph 220 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 220 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

221.    To the extent the allegations of Paragraph 221 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 221 of the Complaint are deemed to be allegations of fact, Defendants admit that Erdely is a freelance contributing editor to *Rolling Stone*, that the Article was published by *Rolling Stone*, and that employees of *Rolling Stone* participated in the editing and fact-checking of the Article.  Except as expressly admitted, Defendants deny the allegations of Paragraph 221 of the Complaint.

222.     To the extent the allegations of Paragraph 222 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 222 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

<u>**RESPONSE TO COUNT TWO OF THE COMPLAINT**</u>

223.     Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

224.     In response to the allegations of Paragraph 224 of the Complaint, Defendants admit that the Article was published in Issue 1223 of *Rolling Stone* magazine, dated December 4, 2014, and admit that, upon information and belief, Exhibit B is a black-and-white photocopy of the text of the Article as published in the magazine.

225.     To the extent the allegations of Paragraph 225 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 225 of the Complaint are deemed to be allegations of fact, Defendants admit that the quoted language in the bullet points of Paragraph 225 of the Complaint appears in the Article, states that the Article speaks for itself, and refers the Court to the full Article for the contents thereof.  Defendants deny that any of these statements are actionable and except as expressly admitted, deny the allegations of Paragraph 225 of the Complaint.

226.     The allegations of Paragraph 226 of the Complaint are allegations of law to which no responsive pleading is required.

227.     To the extent the allegations of Paragraph 227 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of

Paragraph 227 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

228. To the extent the allegations of Paragraph 228 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 228 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

229. To the extent the allegations of Paragraph 229 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 229 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

230. To the extent the allegations of Paragraph 230 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 230 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

231. To the extent the allegations of Paragraph 231 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 231 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

232. To the extent the allegations of Paragraph 232 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 232 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

233. To the extent the allegations of Paragraph 233 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 233 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

234. To the extent the allegations of Paragraph 234 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 234 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

235. To the extent the allegations of Paragraph 235 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 235 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

236. To the extent the allegations of Paragraph 236 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 236 of the Complaint are deemed to be allegations of fact, Defendants admit that Erdely is a freelance contributing editor to *Rolling Stone*, that the Article was published by *Rolling Stone*, and that employees of *Rolling Stone* participated in the editing and fact-checking of the Article. Except as expressly admitted, Defendants deny the allegations of Paragraph 236 of the Complaint.

237. To the extent the allegations of Paragraph 237 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 237 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

63

## RESPONSE TO COUNT THREE OF THE COMPLAINT

238.     Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

239.     In response to the allegations of Paragraph 239 of the Complaint, Defendants admit that Erdely appeared as a guest on the *Brian Lehrer Show*, a radio program broadcast on the public radio station WNYC, on the morning of November 26, 2014.  Defendants state that Exhibit C to the Complaint purports to be a transcript of the November 26, 2014 broadcast, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. Except as expressly admitted, Defendants deny the allegations of Paragraph 239 of the Complaint.

240.     In response to the allegations of Paragraph 240 of the Complaint, which selectively quote from the November 26, 2014 broadcast of the *Brian Lehrer Show*, Defendants state that the broadcast speaks for itself and refer the Court to the full broadcast for the contents thereof, available at http://www.wnyc.org/story/mishandling-campus-rape/.  Defendants state that Exhibit C to the Complaint purports to be a transcript of the November 26, 2014 broadcast, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. To the extent the allegations of Paragraph 240 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto, although Defendants deny that the statement quoted in the bullet point of Paragraph 240, which refers generally to "the administration," is a statement "concerning Dean Eramo," and further deny that this statement is actionable.  Except as expressly admitted, Defendants deny the allegations of Paragraph 240 of the Complaint.

241.     To the extent the allegations of Paragraph 241 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of

Paragraph 241 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

242. To the extent the allegations of Paragraph 242 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 242 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

243. To the extent the allegations of Paragraph 243 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 243 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

244. To the extent the allegations of Paragraph 244 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 244 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

245. To the extent the allegations of Paragraph 245 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 245 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

246. To the extent the allegations of Paragraph 246 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 246 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

247.     To the extent the allegations of Paragraph 247 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 247 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

248.     To the extent the allegations of Paragraph 248 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 248 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

249.     To the extent the allegations of Paragraph 249 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 249 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

250.     To the extent the allegations of Paragraph 250 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 250 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

251.     To the extent the allegations of Paragraph 251 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 251 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

252.     To the extent the allegations of Paragraph 252 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of

Paragraph 252 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

## RESPONSE TO COUNT FOUR OF THE COMPLAINT

253.     Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

254.     In response to the allegations of Paragraph 254 of the Complaint, Defendants admit that Erdely participated in an interview for the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," and further state that the podcast episode was pre-recorded on the morning of November 26, 2014, prior to Erdely's conversation with Jackie later that day. Defendants admit that, upon information and belief, the episode containing that pre-recorded interview aired on November 27, 2014, but deny that Erdely made any statements to *Slate* on November 27, 2014.  Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html.  Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript.  Except as expressly admitted, Defendants deny the allegations of Paragraph 254 of the Complaint.

255.     In response to the allegations of Paragraph 255 of the Complaint, which selectively quote from a November 26, 2014 interview with Erdely for the *Slate* DoubleX Gabfest podcast episode titled "The Butch Goddess Edition," Defendants state that the episode speaks for itself and respectfully refer the Court to the audio version of the episode for the contents thereof, available at

http://www.slate.com/articles/podcasts/doublex_gabfest/2014/11/the_double_x_gabfest_on_uva_frats_and_rape_in_rolling_stone_husbands_hurting.html. Defendants further state that Exhibit D to the Complaint purports to be a transcript of the episode, but lack knowledge or information sufficient to form a belief as to the accuracy of the transcript. To the extent the allegations of Paragraph 255 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 255 of the Complaint are deemed to be allegations of fact, except as expressly admitted, Defendants deny the allegations.

256.    To the extent the allegations of Paragraph 256 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 256 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

257.    To the extent the allegations of Paragraph 257 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 257 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

258.    To the extent the allegations of Paragraph 258 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 258 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

259.    To the extent the allegations of Paragraph 259 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 259 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

260. To the extent the allegations of Paragraph 260 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 260 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

261. To the extent the allegations of Paragraph 261of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 261 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

262. To the extent the allegations of Paragraph 262 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 262 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

263. To the extent the allegations of Paragraph 263 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 263 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

264. To the extent the allegations of Paragraph 264 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 264 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

265. To the extent the allegations of Paragraph 265 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of

Paragraph 265 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

266.     To the extent the allegations of Paragraph 266 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 266 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

267.     To the extent the allegations of Paragraph 267 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 267 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

## RESPONSE TO COUNT FIVE OF THE COMPLAINT

268.     Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

269.     In response to the allegations of Paragraph 269 of the Complaint, Defendants admit that Erdely and *Rolling Stone* editor Sean Woods responded to inquiries from a *Washington Post* reporter between November 28, 2014, and December 2, 2014.  Defendants state that the *Washington Post* article referenced in Paragraph 269 of the Complaint speaks for itself and refer the Court to the article for the contents thereof, a copy of which is purportedly attached as Exhibit E to the Complaint.  Except as expressly admitted, Defendants deny the allegations of Paragraph 269 of the Complaint.

270.     In response to the allegations of Paragraph 270 of the Complaint, which selectively quote from a *Washington Post* article, Defendants state that the *Washington Post* article referenced in Paragraph 270 of the Complaint speaks for itself and refer the Court to the

article for the contents thereof, a copy of which is purportedly attached as Exhibit E to the Complaint. To the extent the allegations of Paragraph 270 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 270 of the Complaint are deemed to be allegations of fact, except as expressly admitted, Defendants deny the allegations.

271. To the extent the allegations of Paragraph 271 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 271 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

272. To the extent the allegations of Paragraph 272 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 272 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

273. To the extent the allegations of Paragraph 273 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 273 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

274. To the extent the allegations of Paragraph 274 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 274 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

275. To the extent the allegations of Paragraph 275 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of

71

Paragraph 275 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

276.    To the extent the allegations of Paragraph 276 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 276 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

277.    To the extent the allegations of Paragraph 277 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 277 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

278.    To the extent the allegations of Paragraph 278 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 278 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

279.    To the extent the allegations of Paragraph 279 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 279 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

280.    To the extent the allegations of Paragraph 280 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 280 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

281.    To the extent the allegations of Paragraph 281 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 281 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

282.    To the extent the allegations of Paragraph 282 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 282 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

## RESPONSE TO COUNT SIX OF THE COMPLAINT

283.    Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

284.    In response to the allegations of Paragraph 284, Defendants admit that *Rolling Stone* released a statement on December 2, 2014, and state that the text of that statement is quoted in the bullet point of Paragraph 285 of the Complaint.  To the extent the allegations of Paragraph 284 purport to characterize publications by various third-party media outlets, including the *Washington Post* and the *Daily Beast*, Defendants state that the publications referenced in Paragraph 284 of the Complaint speak for themselves and refer the Court to the referenced publications for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 284 of the Complaint.

285.    To the extent the allegations of Paragraph 285 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 285 are deemed to be allegations of fact, Defendants deny the allegations.

286. To the extent the allegations of Paragraph 286 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 286 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

287. To the extent the allegations of Paragraph 287 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 287 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

288. To the extent the allegations of Paragraph 288 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 288 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

289. To the extent the allegations of Paragraph 289 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 289 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

290. To the extent the allegations of Paragraph 290 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 290 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

291. To the extent the allegations of Paragraph 291 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of

Paragraph 291 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

292. To the extent the allegations of Paragraph 292 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 292 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

293. To the extent the allegations of Paragraph 293 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 293 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

294. To the extent the allegations of Paragraph 294 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 294 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

295. To the extent the allegations of Paragraph 295 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 295 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

296. To the extent the allegations of Paragraph 296 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent the allegations of Paragraph 296 of the Complaint are deemed to be allegations of fact, Defendants deny the allegations.

With respect to the Wherefore clause and subparagraphs (1) through (4) in Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to any relief, including compensatory or punitive damages, attorneys' fees and costs, or any other form of relief.

## AFFIRMATIVE AND OTHER DEFENSES

To the extent that it is Plaintiff's burden to prove any of the issues raised in the affirmative and other defenses set forth below, Defendants hereby preserve, and do not waive, their legal position that Plaintiff maintains the burden of proof on those issues.

### FIRST DEFENSE

The Complaint fails to state a cause of action against Defendants, in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail because some or all of the statements in suit are not capable of being proven true or false and/or constitute opinion and, hence, are non-actionable under the First and Fourteenth Amendments to the U.S. Constitution, the Constitution of the Commonwealth of Virginia, and governing common law.

### THIRD DEFENSE

Plaintiff's claims fail because some or all of the statements in suit, to the extent they are capable of being proven true or false, are true or substantially true and, therefore, are absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution, the Constitution of the Commonwealth of Virginia, and by governing common law.

### FOURTH DEFENSE

Plaintiff's claims fail because some or all of the statements in suit are not "of and concerning" Plaintiff.

76

## FIFTH DEFENSE

Plaintiff's claims fail because some or all of the statements in suit are not reasonably susceptible to a defamatory meaning, and thus cannot give rise to any claim against Defendants.

## SIXTH DEFENSE

Plaintiff's claims fail under the First and Fourteenth Amendments to the U.S. Constitution because Plaintiff is a public figure, and Defendants did not publish any of the statements in suit with constitutional "actual malice."

## SEVENTH DEFENSE

Plaintiff's claims fail because Defendants did not publish the statements in suit with recklessness, negligence or any other applicable degree of fault.

## EIGHTH DEFENSE

Plaintiff's claims fail because some or all of the statements in suit are not defamatory *per se* or defamatory *per quod*, and Plaintiff has not alleged or suffered any special damages.

## NINTH DEFENSE

Plaintiff's claims fail because some or all of the statements in suit are privileged under Virginia law and common law.

## TENTH DEFENSE

Plaintiff's claims fail because Plaintiff has not suffered any actual harm or damages as a result of, or proximately caused by, the statements in suit.

## ELEVENTH DEFENSE

Plaintiff may not recover punitive damages since the statements in suit were not published by Defendants with constitutional "actual malice" and/or common-law malice.

## TWELFTH DEFENSE

The Complaint, to the extent it seeks punitive damages, violates Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Virginia.

## THIRTEENTH DEFENSE

Defendants reserve the right to amend their Answer and Affirmative and Other Defenses to assert such additional, as yet unstated, defenses as may later become available or apparent to Defendants.

WHEREFORE, Defendants demand judgment dismissing the Complaint, together with the costs and disbursements of the action, including reasonable attorneys' fees, and such other and further relief as is fair and equitable.

**DEFENDANTS DEMAND A TRIAL BY JURY IN THIS ACTION**

Dated: July 16, 2015

Respectfully submitted,

ROLLING STONE LLC
SABRINA RUBIN ERDELY
WENNER MEDIA LLC

/s/ Elizabeth A. McNamara

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

W. David Paxton (VSB No. 19798)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: finney@gentrylocke.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

79