CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00023-GEC |
| ) | |
| ROLLING STONE LLC, ) | |
| SABRINA RUBIN ERDELY, and ) | |
| WENNER MEDIA LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AMENDED STIPULATED PROTECTIVE ORDER

Plaintiff Nicole P. Eramo ("Plaintiff") and Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC ("Defendants"), by and through their respective counsel of record in the above-captioned matter, hereby stipulate to the entry of this Amended Stipulated Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1):

1. **PURPOSES AND LIMITATIONS**

The Parties acknowledge that disclosure and discovery activity in this litigation is likely to include production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that have been and may be exchanged and/or produced in this case. The Parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 7.5, below,

that this Stipulated Protective Order does not entitle them to file confidential information under seal; General Local Rule 9(b) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. **DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**2.1** **Party.** Any party to this action, including that party's counsel, consultants, and retained experts.

**2.2** **Non-Party.** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.3** **Disclosure or Discovery Material.** All items or information regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party subpoenas) or other requests for documentation in this matter.

**2.4** **"CONFIDENTIAL" Information or Items.** "Confidential Information" shall mean any non-public information, produced during the Discovery Process, deserving protection under Federal Rule of Civil Procedure 26(c) because the Producing Party in good faith reasonably believes that the documents or information so designated constitute: (a) non-public information that reveals trade secrets or that is proprietary or commercially sensitive; (b) medical or psychiatric information concerning any individual; (c) personal identity information; (d) personal income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (e) personnel or employment records; (f) unpublished newsgathering materials; and (g) information of a personal or intimate nature regarding any individual.

**2.5** **"ATTORNEYS' EYES ONLY" Information or Items.** "ATTORNEYS' EYES ONLY" shall mean information produced through the Discovery Process, deserving of protection under Federal Rules of Civil Procedure 26(c) because the Producing Party in good faith reasonably believes that the document or information so designated is prohibited from disclosure by statute, including but not limited to Family Educational Rights and Privacy Act (FERPA).

**2.6** **Receiving Party.** A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** **Producing Party.** A Party or Non-Party that produces Disclosure or Discovery Material in this case.

**2.8** **Designating Party.** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information or Items.

**2.9** **Protected Material.** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information or Items.

**2.10** **Expert.** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or her/its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**3.** **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

3

counsel to or in this litigation or in other settings that might reveal Protected Material. The protections conferred by this Order apply with equal force to those responding to third-party discovery. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) except for education records covered by FERPA, any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) except for education records covered by FERPA, any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or during hearings before the Court shall be governed by a separate agreement or order.

Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege or the attorney work-product doctrine, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

4. **DURATION**

This Order shall apply from the time it is entered, and shall survive the termination of this litigation. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**5.2 Manner and Timing of Designations.** The designation of Protected Material shall be performed in the following manner:

(a) **For information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material.

(b) **For testimony given in deposition or in other pre-trial proceedings,** testimony transcripts, testimony exhibits, and video recordings shall be treated as CONFIDENTIAL for thirty (30) days after receipt of the final transcript to allow time for designation of Protected Material. The Designating Party shall designate and specify any portions of the testimony that qualify as "CONFIDENTIAL" in writing to all parties. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a

23075/1/7337600v1
Case 3:15-cv-00023-GEC   Document 36   Filed 11/16/15   Page 5 of 16   Pageid#: 1076

Designating Party may specify, at the deposition or up to 30 days after receipt of the transcript that the entire transcript, or a portion thereof, shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

(c) **For information produced in some form other than documentary, and for any other tangible items**, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 **Inadvertent Failure to Designate or Disclosure.** Pursuant to Fed. R. Evid. 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Additionally, the parties recognize the possibility of inadvertent production of materials to which a Party or Non-Party may make a claim of privilege or of protection from discovery as trial preparation material. The inadvertent

production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection. The Receiving Party, on timely notification of the inadvertent production, shall make reasonable efforts to assure that the material is returned to the Producing Party.

6. **CHALLENGING OTHER PARTY'S DESIGNATION**

    **6.1** **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2** **Meet and Confer.** If a Party contends that any material is not entitled to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" treatment, such Party may give written notice to the Party or Non-Party who designated the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The parties shall first try to resolve such dispute in good faith on an informal basis within fourteen (14) days of service of the written notice described above.

    **6.3** **Judicial Intervention.** If the dispute cannot be resolved within fourteen (14) days of the written notice described above, the Party or Non-Party who challenges the designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall have twenty-one (21) days from the Producing Party's receipt of such written notice to move the Court for an order removing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation from the material. Each such motion should include a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the

7
23075/1/7337600v1

Challenging Party to make such a motion within 21 days (or 14 days, if applicable) shall automatically waive its right at a later time to challenge the confidentiality designation for each challenged designation. The material shall continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" until that motion is decided by the Court.

**6.4    Burden.** In all cases in which judicial intervention is sought for an order removing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation from any material so designated, the Designating Party shall have the burden of persuasion to demonstrate that the material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is deserving of that designation under this Protective Order, the Federal Rules of Civil Procedure, or other applicable law. The designation of particular material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not create any presumption that the material so designated is in fact deserving of such protection, nor does it limit the Challenging Party's ability to argue that any confidentiality protections have been forfeited by waiver or for any other reason.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1    Basic Principles.** A Receiving Party may only use Protected Material that is disclosed or produced by a Party or Non-Party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order provided with the Protected Material. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Section 11 below.

Counsel for a Receiving Party which provides Protected Material to a permitted person specified below shall maintain a copy of the signed Exhibit A ("Acknowledgment and Agreement to Be Bound").

**7.2** **Persons to Whom "CONFIDENTIAL" Information May Be Disclosed.**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "CONFIDENTIAL" by a Designating Party may be disclosed only to the following persons:

  (a) "Outside Counsel," which shall specifically be defined as attorneys, paralegals, and their staff who are employed by or members of the law firms currently retained by the parties to this action and all independent companies or agencies that are directly engaged by Outside Counsel to perform litigation support services under the supervision of such counsel whose duties and responsibilities require access to the CONFIDENTIAL Information or Items.

  (b) "In-House Counsel," which shall be defined as attorneys who are employees of a Party and all independent companies or agencies that are directly engaged by inside counsel to perform litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of such counsel and managers and others charged with making strategic decisions, including regarding settlement, whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items, and only after execution of Exhibit A hereto by that person;

  (c) The Receiving Party (where the party is a natural person), or officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation (where the party is a business entity);

  (d) Experts (as defined above) who have been retained to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by that person;

**(e)** Any person whose testimony is taken in this litigation, provided that such person may only be shown copies of "CONFIDENTIAL" Information or Items during his or her testimony, and may not retain any "CONFIDENTIAL" Information or Items;

**(f)** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**(g)** Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person;

**(h)** The Court and its personnel.

**7.3 Persons to Whom "ATTORNEYS' EYES ONLY" Information May Be Disclosed.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "ATTORNEYS' EYES ONLY" by a Designating Party may be disclosed only to the following persons:

**(a)** Outside Counsel, as defined in Section 7.2(a) above.

**(b)** In-House Counsel, as defined in Section 7.2(b) above.

**(c)** Plaintiff Nicole Eramo.

**(d)** Experts (as defined above) who have been retained to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by that person;

**(e)** Any person whose testimony is taken in this litigation, provided that such person may only be shown copies of "ATTORNEYS' EYES ONLY" Information or Items during his or her testimony, and may not retain any "ATTORNEYS' EYES ONLY" Information or Items;

**(f)** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**(g)** Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person; such agreement shall not be unreasonably withheld by the Designating Party, and the Designating Party's failure to agree with regard to Defendant Sabrina Rubin Erderly shall be subject to the procedures for challenge and judicial intervention set forth in Section 6 above;

**(h)** The Court and its personnel.

**7.4 Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

**7.5 Presentation of Protected Material To Court.** The parties shall make a good faith effort to avoid unnecessarily filing documents or revealing Protected Material in the public record. Before filing any Protected Material under seal with the Court, the filing Party shall consult with the Designating Party to determine whether, with the consent of the Designating Party, the document or a redacted version of the document may be filed with the Court not under seal. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 9(b). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 9(b), a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If the Court declines to permit specific Protected Material to be filed under seal, that Protected

Material may then be filed in the public record.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within a reasonable time period and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. This Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.

9. **NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the

12

23075/1/7337600v1
Case 3:15-cv-00023-GEC   Document 36   Filed 11/16/15   Page 12 of 16   Pageid#: 1083

remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Designating Party reserves all rights against the Receiving Party for its violations. In the event any Party or Non-Party violates or threatens to violate any term of this Order, any Party may seek immediate injunctive relief against any such Party or Non-Party violating or threatening to violate any term of this Order.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or certify in writing that all Protected Material has been destroyed. As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this

13

provision, counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence or attorney work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

## 12. MISCELLANEOUS

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Each Party expressly acknowledges that such modifications may be necessary. Further, each Party expressly acknowledges that written modifications to this Order approved by the parties may be necessary as the case goes forward.

**12.2 Enforcement.** Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Western District of Virginia has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded. The United States District Court for the Western District of Virginia shall retain jurisdiction over all parties and persons who have received Protected Material for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine. Should a dispute materialize concerning whether a person was improperly provided Protected Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) court days written notice.

**12.3 Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. The parties specifically agree

14

that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any Party waived its objections to produce any particular documents or information.

**12.4  Effective Without Court Order.**  The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED: November 13, 2015        /s/ Thomas A. Clare
                                Thomas A. Clare
                                CLARE LOCKE LLP
                                Attorneys for Plaintiff

DATED: November 13, 2015        /s/ Elizabeth A. McNamara
                                Elizabeth A. McNamara
                                DAVIS WRIGHT TREMAINE LLP
                                Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: NOVEMBER 16, 2015        /s/ Glen E. Conrad
                                Hon. Glen E. Conrad
                                Chief United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Western District of Virginia on _____, 2015 in the case of *Eramo v. Rolling Stone LLC, et al.,* Case No. 3:15-cv-00023. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Virginia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____