CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 19 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO,<br><br>Plaintiff,<br><br>- against -<br><br>ROLLING STONE LLC, SABRINA RUBIN ERDELY, and WENNER MEDIA LLC<br><br>Defendants. | Case No. 3:15-cv-00023-GEC<br><br>CONSENT ORDER GOVERNING TREATMENT OF PROTECTED NONPARTY EDUCATION RECORDS SOUGHT IN DISCOVERY FROM NON-PARTY UNIVERSITY OF VIRGINIA |

This defamation action, brought by Nicole Eramo, arises out of an article titled "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA" (the "Article"), which was written by Defendant Sabrina Rubin Erdely and published by Defendants Rolling Stone LLC and Wenner Media LLC (collectively with Ms. Rubin Erdely, "Defendants"). On August 19, 2015, Defendants served a subpoena to produce documents (the "UVA Subpoena") on the Rectors and Visitors of the University of Virginia ("UVA"). The UVA Subpoena seeks, among other things, documents and information that may constitute the "education records" of non-party current or former UVA students, as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, and may include personally identifiable information.

These non-party student records may be released pursuant to a judicial order, without the students' prior consent, as set forth in 20 U.S.C. §1232g(b) and 34 C.F.R. § 99.31(a)(9)(i), provided that the student whose education records are at issue has an opportunity to seek protective action.

1

In response to the UVA Subpoena, subject to its FERPA obligations, UVA is required to produce certain documents requested by Defendants that may implicate FERPA or otherwise include education records or personally identifiable information governed by FERPA.

Defendants and UVA have requested the Court's assistance in implementing the notification of students whose education records are at issue and the production of these materials.

Based upon the foregoing, IT IS HEREBY ORDERED as follows:

1. To the extent that any of the Requests made by Defendants in the UVA Subpoena seek documents and information that constitute the education records of non-party current or former UVA students, as defined by FERPA, this Order hereby authorizes UVA to produce such documents and information in accordance with 20 U.S.C. §1232g(b) and 34 C.F.R. § 99.31(a)(9)(i), provided that the notice protocol set forth in Sections 3-7 are followed.

2. Nothing in this Order waives or adjudicates any non-FERPA-related objection UVA may have to the UVA Subpoena.

3. The protocol in this Order is adopted for treatment of documents and information that constitute the education records of non-party current or former UVA students, as defined by FERPA:

4. Before producing any education record, UVA shall make a reasonable effort in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the non-party student(s) whose record is to be disclosed in discovery. Students whose education records are to be disclosed shall receive this notice, as well as students identified in such education records. The notice shall provide the following:

A party in the lawsuit entitled *Eramo v. Rolling Stone et al.*, Case No. 3:15-cv-00023-GEC, now pending before the United States District Court for the Western District of Virginia, Charlottesville Division, has requested certain records maintained by the University of Virginia ("UVA") relating to allegations of rape, sexual assault, sexual harassment, and/or other sexual misconduct in violation of UVA's Sexual Misconduct Policy. The Court has ordered that UVA produce these records to the parties of the litigation, pursuant to a Stipulated Protective Order, a copy of which is enclosed. Certain of your education records are subject to this request.

UVA is required by law to make a reasonable effort to notify you that certain of your education records, as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, in the above-identified category may be produced pursuant to the judicial order so that you may seek protective action if you wish. Federal law permits disclosure of education records without prior written consent if the disclosure is to comply with a judicial order, following a reasonable effort to notify any affected students to allow the affected student to seek protective action.

The Court's Order allows fourteen (14) days from the date of this notice during which time you may seek protective action in accordance with 34 C.F.R. § 99.31(a)(9)(ii). You may do so by submitting a letter to the court to the mailing address below.

**Any objections to the production of requested records should be sent to the Court's mailing address within fourteen (14) days from the date of the notice to you:**

Clerk's Office
U.S. District Court
210 Franklin Road, Suite 540
Roanoke, VA 24011

You may seek further information by visiting the Court's website at http://www.vawd.uscourts.gov/.

UVA cannot provide legal advice to individuals receiving this notice; however, you have a right to seek independent counsel if you wish. If you wish to seek protective action, any such request must be received by the Court no later than 14 days after the date on this notice.

Copies of the relevant federal regulations and the pertinent Court orders are enclosed.

The notice shall not include any other instructions from UVA. Officials speaking on behalf of

UVA may not provide legal advice to any non-party student with respect to the notice, but if any such official is contacted by a student that person may state that the student may advise the Court directly of any concerns the student may have, and may generally describe the nature of the student's records in question.

5. After the fourteen-day notice period expires, and after allowing sufficient time for the Court to advise of any requests for protective action, UVA shall promptly make available the records for which no request for protective action was made by the respective non-party student. Such records will be made available without redactions and with all personally identifiable information included. If any request for protective action is made by a non-party student during the fourteen-day period, then that non-party student's records shall not be released without further instruction from the Court.

6. The non-party student records are to be treated as Confidential and "Attorney Eyes Only" pursuant to the Protective Order entered by the Court.

7. To the extent any non-party student's records are submitted to this Court, personally identifiable information shall be redacted therefrom, unless consent is given in writing in advance. Alternatively, the parties can elect to file non-redacted versions under seal pursuant to the parties' Protective Order.

**IT IS SO ORDERED.**

DATED: NOVEMBER 19, 2015

Hon. Glen E. Conrad
United States District Judge