IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| NICOLE P. ERAMO | ) | |
| | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3.:15-cv-00023-GEC |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE LLC, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |

**NON-PARTY RESPONDENT'S MOTION FOR RELIEF IN CONNECTION WITH PLAINTIFF'S RULE 45 SUBPOENA OF DOCTOR**

Respondent seeks relief from an untenable and worsening situation caused by the ongoing and escalating harmful actions taken on behalf of Plaintiff Dean Eramo. Despite not having named Respondent as a party, Plaintiff Eramo, through her counsel, nevertheless has publicly attacked Respondent in court filings and media statements. Plaintiff Eramo has engaged in scorched-earth discovery tactics and aggressive attacks against Respondent with utter disregard for Respondent's health and well-being. The seething and unconscionable vehemence of this attack on a non-party to a case is bizarre, inappropriate, and gravely harmful. This is even more troubling and inexplicable given that the broad discovery Plaintiff purportedly seeks is — as explained in detail in this and other filings — completely unnecessary and irrelevant to this case. Therefore, Respondent respectfully renews her request that the Court consider the declaration offered by her treating psychologist, and accepted by the Court *in camera*, and reject

1

Plaintiff's efforts to obtain discovery from her doctor.[1]

Thankfully, the law is clear that any discovery, especially when sought from a third party, requires the balancing of need versus burden. The severe harm Respondent will suffer as a result of the discovery sought by Plaintiff Eramo – including Respondent's deposition and now the deposition of her psychologist -- greatly outweighs the limited utility of such discovery in light of the real issues in this case. Unfortunately, instead of demonstrating reasonableness – much less any responsibility or compassion -- Plaintiff Eramo has demonstrated time and time again that she is more than willing to use her losing case as a weapon to attack and gravely harm this non-party sexual assault victim. In fact, Plaintiff Eramo herself admits, and the Rolling Stone article reported, that Respondent said positive things about Plaintiff Eramo.

The most prudent approach to resolving this potentially dangerous situation would be for the Court to consider the psychologist's declaration submitted *in camera,* to quash all discovery sought from her treating psychologist, including any attempted deposition of him, and to quash the deposition of Respondent for the reasons requested in Respondent's Motion to Quash Plaintiff's Rule 45 Deposition Subpoena or in the Alternative Motion for a Protective Order ("Motion to Quash Respondent Deposition"). To the extent the Court believes there is a narrow scope of information that the parties must obtain from Respondent, then far more limited, less invasive and less harmful alternative options for obtaining such information exist, as detailed in Respondent's Motion to Quash her deposition. At the very least, given the risks of severe, potentially permanent emotional and physical harm to Respondent, any such inquiry should be deferred until after rulings on summary judgment.

---

[1] As the Court is aware, Respondent withdrew her doctor's declaration out of concern for Respondent's health and in direct reliance on Plaintiff's apparently false representation that if the declaration was withdrawn, there would be no need for any deposition of the doctor. Plaintiff's refusal to honor this representation, to return the declaration and not use it for any purpose in this case, and insistence of her right to depose the doctor at some point in the future necessitates this motion.

In support of her Motion to Quash her deposition, Respondent provided the Court, *in camera*, with a narrowly tailored declaration from her psychologist. This declaration offers the doctor's opinion about sexual assault victim Respondent's current mental state as it relates to her ability to sit for a deposition in this case and the danger that this presents. Anyone reading this declaration should have felt concern for this young woman. This should be particularly true of Plaintiff Eramo given her personal relationship with Respondent, having counseled her in connection with Respondent's sexual assault. Not wanting to risk such devastating consequences to such a fragile sexual assault victim, Plaintiff Eramo should have withdrawn her subpoena to Respondent and refused to be a driving force behind the continued mental health struggles that Respondent is facing, let alone taking steps that are making them worse for no good reason.

Instead, Plaintiff does the exact opposite, providing powerful proof of the validity and accuracy of the OCR's findings that Plaintiff created a hostile environment at UVA for sexual assault victims and that Plaintiff violated Title IX in her role at the university. Plaintiff's conduct in this case has done more to damage her reputation and discredit any claim she may have had to being a compassionate counselor and advocate of sexual assault victims than any magazine article. Plaintiff's latest efforts to attack, harass, and intimidate non-party Respondent by seeking to subpoena Respondent's treating psychologist, Dr. ███████████, should not be tolerated. It was offered to inform the Court of Respondent's current condition and the serious impact that a deposition will have on her health and well-being. The Court should reject Plaintiff's efforts to pry into the irrelevant, private medical history of a witness who is a victim of sexual assault and has already been re-victimized by Plaintiff's aggressive tactics to date, both in public filings and in the media. Rather than reacting with basic humanity in light of the doctor's declaration, Plaintiff has callously sought to leverage the doctor's declaration to attempt

3

to inflict even further grave harm on Respondent. Plaintiff is not entitled to any such discovery or deposition from the doctor and her subpoena to the doctor should be quashed.

Now Respondent finds herself in an unbearable situation that is driven by Plaintiff's actions. Respondent is faced with either agreeing to sit for the deposition, which will have shattering and potentially irreparable consequences, or in an effort to avoid these significant consequences, offering a declaration from her doctor, which explains her current mental health status and how that relates to her inability to sit for such a deposition, which resulted in Plaintiff Eramo's demand that Respondent's doctor be deposed as well. In an attempt to avoid these harmful consequences, and to inform the Court and the parties, Respondent chose to submit the doctor's declaration to the Court, *in camera*. Feeling no concern for Respondent's condition or the destructive impact of Plaintiff's actions, Plaintiff instead intensifies her assault on Respondent. Respondent is now forced to contend with Plaintiff's attempt to subject Respondent's doctor to broad discovery, continuing to invade her privacy, and attempting to injure the trusting relationship that she has been able to establish with her psychologist. This threatens to destroy what limited progress Respondent has been able to achieve and intrude on the safe place provided by her doctor for no good reason.

When faced with this impossible choice, and given the continued concern for the health and safety of Respondent and the need to maintain continued privacy of her sensitive personal medical information, Respondent elected to withdraw the declaration. This was done in reliance on the clear and unequivocal representation made by Plaintiff's counsel that if the Court was not going to consider the doctor's declaration, he would have no need to depose the doctor. But instead of honoring that promise, Plaintiff's counsel has refused to return or destroy the doctor's declaration, insisting on some non-existent right to potentially depose the doctor in the future and improperly and invasively probe into Respondent's mental health and treatment. Case law on

4

the matter is clear – a court should not order a medical inquiry of a non-party witness whose medical history is not at issue in the underlying case. Plaintiff should not be allowed to threaten a third-party witness by refusing to return the confidential medical declaration, claiming a right to subpoena the doctor at a later, or trying to use the declaration in any way prohibited by Fed.R.Civ.P. 35 or any other protections or privileges.

Given the current state of Plaintiff's ongoing attacks – which are literally putting Respondent's health at risk -- the Court should consider the doctor's declaration *in camera*, in support of Respondent's Motion to Quash her deposition [Dkt. 58], quash any discovery subpoena to the doctor, issue a protective order barring any future deposition of the doctor, and ultimately quash any deposition of Respondent. The law – including directly applicable Fourth Circuit precedent – clearly empowers the Court to grant the relief sought by Respondent. *Fonner v. Fairfax County, VA*, 415 F.3d 325, 331-332 (4th Cir. 2005). The interests of fairness, justice and the need to protect a third-party sexual assault victim who is simply trying to navigate the impossible circumstances generated by Plaintiff's conduct, dictate the decision to quash the subpoena of the doctor. Further, given the relevance of this issue to a deposition of Respondent, if any, Respondent requests that this motion be decided prior to any ruling on Respondent's Motion to Quash her deposition [Dkt. 58].

To the extent the Court determines that a deposition of the doctor is necessary, Respondent requests the following relief: Based on the limited availability of the doctor to sit for a deposition and the existing deadlines on Respondent's Motion to Quash her deposition [Dkt. 58], Respondent proposes sequencing and extending deadlines as detailed later in this motion. Respondent also seeks certain limitations as to the time and scope of the deposition. No more than two hours should be permitted, and the scope should be limited by the Court's prior relevance rulings, and limited to Respondent's current mental health condition as it relates to her

ability to sit for a deposition. Finally, because of the considerable risks attendant upon the allowance of discovery from the doctor, Respondent respectfully requests that if the Court determines that a deposition of the doctor is necessary, that Respondent be given the alternative opportunity to withdraw the declaration from consideration, and that all parties be ordered to return or destroy the declaration and not use it for any purpose, and that no discovery from the doctor will be permitted at any time in connection with this matter.

**FACTUAL BACKGROUND**

On March 15, 2016, Respondent filed a Motion to Quash and in the Alternative a Motion for a Protective Order Plaintiff's Rule 45 deposition subpoena. In support of that motion, Respondent submitted to the Court, for *in camera* review, a declaration from Respondent's treating psychologist. As a courtesy, and with the express statement that the declaration had been provided to the Court for *in camera* review, Respondent sent a copy of the doctor's declaration to the parties in the case, making it clear that the declaration had been submitted to the Court with a request for *in camera* review.

On March 16, 2016, Plaintiff issued a broad subpoena to the doctor for both a deposition and certain documents relating to Respondent's treatment, including the doctor's entire treatment file of Respondent, including any and all notes, records and correspondence relating to Respondent's mental health treatment.

On March 18, 2016, the parties and Respondent had a call with the Court regarding the Court's acceptance of the declaration on an *in camera* basis. The Court stated that he would consider the declaration *in camera*, and that any motions filed relating to the doctor must be filed under seal. During that call, Plaintiff stated that if the Court did not consider the declaration, then there was no need to depose the doctor.

As explained in an email to the Court, shortly after the teleconference, in light of Plaintiff's intention to seek extensive discovery regarding Respondent's most sensitive medical and mental health information, and out of continued concern for the health and safety of Respondent, she informed the Court that she wished to withdraw from consideration her doctor's declaration. This was done in reliance on Plaintiff's representation regarding the lack of any need to depose the doctor if the declaration was not considered by the Court. Respondent requested that the parties return or destroy any copies of the doctor's declaration.

In response, not only did Plaintiff refuse to return or destroy the declaration, she claimed some newfound right to depose the doctor regardless of the declaration, contrary to her representation to the Court. Faced with the circumstance where her doctor may be deposed regardless of what Respondent does, Respondent must re-submit her doctor's declaration for consideration by the Court, *in camera*, so that the Court can make an informed determination regarding Respondent's Motion to Quash her own deposition. In order to protect against the unnecessary and baseless claim that Plaintiff needs to "pressure-test" the doctor's conclusions regarding the severe psychological trauma that Respondent will suffer if deposed, Respondent makes the following motion for relief from Plaintiff's efforts to subpoena doctor now or at any point in the future.

**ARGUMENT**

**I.    THE COURT SHOULD REJECT ANY EFFORT TO SUBPOENA THIRD-PARTY SEXUAL ASSAULT VICTIM'S DOCTOR**

Plaintiff should not be permitted to pry into the private medical and mental health history and treatment of third-party sexual assault victim Respondent. In support of her Motion to Quash Plaintiff's Rule 45 Deposition Subpoena or in the Alternative Motion for a Protective Order Respondent's doctor submitted a declaration in order to provide the Court with

information regarding Respondent's current mental health status and the likely severe psychological harm that Respondent will suffer as a result of being deposed. However, in no event does this invite Plaintiff's continued efforts to intimidate, harass and invade the privacy of a third-party sexual assault victim. Indeed, Plaintiff's subpoena, which seeks additional medical information about Respondent, amounts to a backdoor Rule 35 motion for medical examination – which is strictly prohibited for nonparty witnesses whose medical condition is not at issue in the case.

***First***, the Court has full discretion whether to quash this subpoena under Rule 45 and Rule 26, and it should do so to avoid manifest injustice in this case. *See Fonner v. Fairfax County, VA*, 415 F.3d 325, 331-332 (4th Cir. 2005) (affirming decision to quash deposition subpoena after psychologist submitted affidavit that witness was emotionally fragile, and a deposition would have caused witness to be "emotionally over-whelmed and traumatized," and "the negative effects of the deposition would likely trigger a relapse of previous symptoms and problematic behaviors"). Plaintiff's subpoena seeks to compel documents and testimony from a clinical psychologist who has treated Respondent for over a year. Respondent is not a party to this litigation and her medical history has absolutely no relevance to the instant defamation matter. Respondent's rights to medical privacy are violated by this fishing expedition into highly personal psychological history borne from the trauma of sexual assault. Plaintiff's efforts to subpoena Dr. ▮▮▮ files, as well as his deposition, go far beyond any measure of reasonableness or proportionality as required by Rule 26.[2]

---

[2] Rule 26 states that courts "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, ***considering the needs of the case***, the amount in

Respondent is not a party to this matter and the rules provide even further protections for such non-parties. Under Rule 45, Dean Eramo and Defendants "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45. Rule 26 adds to these protections, stating that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery . . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . ." Fed. R. Civ. P. 26. *See Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005)("In the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.")(internal citations and punctuation omitted); *Myers v. AT&T, Inc.*, No. 5:12-CV-00714-BO, 2015 WL 4566940, at *3 (E.D.N.C. July 28, 2015)("In the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.")(internal citations omitted).

**Second,** the consideration of whether to grant a protective order to a third-party on the basis of health does not require the invasive process of deposition testimony for the Court to weigh a doctor's declaration. In fact, applicable case law cautions against it. In *Dunford v. Rolly Marine Serv. Co.*, the court was offered the affidavit of a treating physician who stated that a non-party witness should not be subject to a deposition due to health reasons. *See* 233 F.R.D. 635, 637 (S.D. Fla. 2005). The Court accepted the affidavit and its conclusion, and found the doctor should not be required to testify regarding the health of the witness. *Id.* In considering

---

controversy, the parties' resources, the importance of the issues at stake in the action, and ***the importance of the discovery in resolving the issues***." Fed. R. Civ. P. 26(b)(2)(C).

9

the weight of the affidavit for a nonparty witness, the Court found that "[t]his is the bottom-line opinion of a treating neurologist at a reputable institution. That is enough for the Court." *Id*

Plaintiff's request here, which seeks to invade Respondent's privacy with respect to highly sensitive medical and mental health information, is in effect a backdoor attempt to conduct a Rule 35 medical examination of Respondent which is clearly prohibited by the rules. As such, the Court should quash the subpoena because Rule 35 does not permit such examination of a non-party witnesses. *See Dunford*, 233 F.R.D. at 637 (denying request for request for Rule 35 examination because "Rule 35 only applies to a party and when that party's 'mental or physical condition . . . is in controversy," and thus there was "[n]o authority" that a Rule 35 examination could be done on a non-party witness). The Plaintiff in *Dunford*, as here, had asserted to the Court that further inquiry was necessary to probe the conclusions provided by the doctor, but the Court found in *Dunford*, as it should here, that such a conclusory basis for a deposition is insufficient to compel the disclosure of a nonparty witness' medical information. *Id. See also, e.g., Young v. United States,* 311 F.R.D. 117, 120 (D.N.J. 2015) (denying Rule 35 examination of non-party witness because Rule 35 does not permit it); *Cutting v. United States*, No. 07-CV-02053-PAB-MEH, 2008 WL 5064267 (D. Colo. Nov. 24, 2008) (same). Plaintiff should be not permitted to avoid the clear prohibitions of Rule 35 and inquire into the medical condition of third-party Respondent.

***Third***, Plaintiff sued Defendants for defamation in connection with an article, which Plaintiff claims defames her. Plaintiff chose not to name Respondent as a party, likely because she had no valid claim against her as Respondent said only positive things about Plaintiff to Rolling Stone, and also to avoid the backlash that would result if a former sexual assault counselor sued one of her students. As detailed in prior briefs, none of the supposed defamatory

statements are attributed to Respondent.  Further, as Plaintiff has admitted, the crux of her case is what Defendant Erdely would have learned had she spoken to others, and whether Defendant Erdely's failure to do so amounts to reckless disregard or actual malice.  Putting aside that the second point is a legal question for which no factual discovery is necessary, Dr. ▮ is not a proper witness on either of these points.  Dr. ▮ cannot testify regarding what Ms. Erdely would or would not have learned had she spoken to individuals other than Respondent.

Dr. ▮ is a licensed psychologist with over thirty years of experience counseling patients with PTSD.  His declaration was offered for the limited purpose of explaining Respondent's current mental status and the likely extremely harmful effects on Respondent that will result from having to sit for a deposition in this matter.  Dr. ▮ began treating Jackie in March 2015.  This was three and a half years after Respondent's sexual assault, and almost a year after she first spoke with Rolling Stone.  He simply cannot offer any testimony that is relevant to the actual elements that Plaintiff must prove in prosecuting her defamation case.  The only reason Plaintiff seeks to subpoena Dr. ▮ is to further harass and intimidate Respondent.

**II.  THIS MOTION SHOULD BE DECIDED PRIOR TO ANY FURTHER BRIEFING OF OR A DECISION ON RESPONDENT'S MOTION TO QUASH PLAINTIFF'S RULE 45 SUBPOENA OF RESPONDENT**

Given the direct impact that this motion has on the Court's evaluation and decision regarding Respondent's Motion to Quash her deposition, [Dkt.58], Respondent also requests that this motion be decided prior to any further briefing on Respondent's pending Motion to Quash and her sitting for any deposition, to the extent one is ordered.  Therefore, the briefing schedule for Respondent's Motion to Quash the subpoena of Jackie should be adjusted accordingly.  Plaintiff filed their opposition to Respondent's motion on March 22nd, and Respondent's reply is

currently due March 29th, and any deposition currently scheduled for April 5th. Plaintiff is entitled for fourteen days to respond to this motion, with Respondent having seven days to reply. That would complete briefing by April 14th. That leaves plenty of time to then complete the briefing on Respondent's Motion to Quash her deposition, including Respondent sitting for a deposition to the extent one is required, in advance of the May 13th close of fact discovery.

While Respondent does not believe a deposition of Dr. ▓▓▓▓ is necessary or appropriate, to the extent any such deposition is ordered by the Court, it should take place in Dr. ▓▓▓▓ office in Fredericksburg, VA, rather than Plaintiff's counsel's office so as not to cause a third party witness' doctor hours of travel time away from his busy medical practice. Further, any such deposition should be limited to two hours, which is ample time to inquire into a two-and-a-quarter page declaration. *Wallace v. Wayne Cty.*, 602 F. App'x 223, 232 (6th Cir. 2015) (plaintiff not prejudiced by trial court limiting deposition of witness to 3 hours instead of seven). The scope of the deposition should also be limited by the Court's prior rulings regarding relevance and to Respondent's current mental health condition and the doctor's conclusions about the severe harm likely to result from a deposition of Respondent.

Finally, in light of the severe consequences likely to result from permitting discovery to be had from her psychologist, Respondent requests that, if the Court believes that a deposition of her doctor is necessary and appropriate, that Respondent be given the alternative to withdraw the declaration from consideration, and the parties be ordered to return or destroy the declaration and not use it for any purpose, and there be no discovery permitted from the doctor at any point in connection with this matter.

## CONCLUSION

For the reasons stated herein, Respondent respectfully requests that the Court:

1) consider Dr. ▮ declaration *in camera* as it relates to Respondent's Motion to Quash Plaintiff's Rule 45 Deposition Subpoena or in the Alternative Motion for a Protective Order [Dkt. 58] and reject any attempt to subpoena Dr. ▮ now or in the future;

2) set a briefing schedule that allows for a ruling on this motion before any additional briefing on or a ruling is made on Respondent's Motion to Quash Plaintiff's Rule 45 Deposition Subpoena or in the Alternative Motion for a Protective Order [Dkt. 58];

3) adjust the current briefing schedule on Respondent's Motion to Quash Plaintiff's Rule 45 Deposition Subpoena or in the Alternative Motion for a Protective Order [Dkt. 58], and the date of any deposition of Respondent accordingly;

4) to the extent the Court determines that Dr. ▮ deposition is necessary in connection with the Court's consideration of the declaration, order that the deposition take place at a mutually agreed-to date, at Dr. ▮ Fredericksburg office, and be limited in time to two hours and in scope as set forth above; and

5) Respondent be given the alternative opportunity to withdraw the declaration from consideration, the parties will be ordered to return or destroy the declaration and not use it for any purpose, and no discovery of the doctor will be permitted at any point in connection with this case.

Dated: March 24, 2016

Respectfully submitted,

/s/  Rebecca Ruby Anzidei
Rebecca R. Anzidei (VA Bar No. 46346)
Philip J. O'Beirne (VA Bar No. 71956)
STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP
1100 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
Tel: 202-737-7777
Email: ranzidei@steinmitchell.com
Email: pobeirne@steinmitchell.com

Palma E. Pustilnik (VA Bar No. 73337)
CENTRAL VIRGINIA LEGAL AID SOCIETY
1000 Preston Avenue, Suite B
Charlottesville, VA  22903
Tel: (434) 327-1443
Email: palma@cvlas.org

Steven D. Rosenfield (VA Bar No. 16539)
Jeffrey Fogel (VA Bar No. 76345)
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 Tel
434-220-4852 Fax
Email: attyrosen@aol.com

*COUNSEL FOR RESPONDENT*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Respondent's Motion for Relief In Connection to Plaintiff's Rule 45 Subpoena of Doctor was served on the below counsel on March 24, 2016, via email only as the original was filed under seal.

Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com

*COUNSEL FOR PLAINTIFF NICOLE ERAMO*


Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 603-6437
lizmcnamara@dwt.com
samuelbayard@dwt.com

W. David Paxton (VA Bar No. 19798)
Michael J. Finney (VA Bar No. 78484)
GENTRY LOCKE
10 Franklin Road, S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone (540) 983-9300
Paxton@gentrylocke.com
finney@gentrylocke.com

*COUNSEL FOR DEFENDANTS*

                                            *Philip J. O'Beirne*
                                            Philip J. O'Beirne (VA Bar No. 71956)