IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| NICOLE P. ERAMO | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3.:15-cv-00023-GEC |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE LLC, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |

**NON-PARTY RESPONDENT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE NON-PARTY RESPONDENT "JACKIE'S"
PERSONAL ATTACKS ON PLAINTIFF IN HER COURT FILINGS**

It is, among other things, ironic that Plaintiff Nicole Eramo asks this Court to strike truthful statements that Respondent has been forced to make to defend herself from Dean Eramo's attacks because Dean Eramo finds the truth "false, hurtful, and irrelevant." Yet Dean Eramo fails to identify a single such statement that she seeks to have stricken from the record. Moreover, Respondent is not a party here. Dean Eramo chose to bring this lawsuit against the Defendants, and decided to attempt to prevail by subjecting Respondent, a third-party sexual assault victim, to unduly burdensome, overly broad and irrelevant discovery requests. Dean Eramo herself has implicitly conceded her discovery requests were unsupportable. Having failed in her unprecedented effort to contest transfer of her own motion to compel to the Court presiding over her claims, Dean Eramo abandoned more than half of her discovery requests rather than attempt to defend them in this Court. Dean Eramo has sought to use the Court and the press as vehicles to attack and re-victimize Respondent, and now seeks to censor Respondent in connection with Respondent's effort to invoke her rights and enforce the rule of law.

1

Respondent merely wants to be left alone to heal. Despite the actually false, hurtful, and irrelevant statements made ***by Dean Eramo about Respondent*** in public filings and in the media, it was within Dean Eramo's power to do the right thing, to end this unfortunate and misguided exercise and withdraw her subpoena for Respondent's deposition, but she refused to do so.

Inasmuch as Dean Eramo does not specify what statements she claims are supposedly false, hurtful, or irrelevant, it is difficult for Respondent to address Plaintiff's request specifically. Moreover, in reality it is Dean Eramo, through her counsel, who has launched a relentless stream of vicious attacks on Respondent, a non-party, sexual assault victim. It appears that Dean Eramo takes issue with anyone who espresses a negative opinion of her. First, she filed this defamation lawsuit against Rolling Stone, based on clearly unactionable statements of opinion. Next, when Respondent did not bend to Dean Eramo's demands, Dean Eramo and her counsel opened fire on Respondent, filing countless motions, far more than she has filed against all of the Defendants together, in which she makes offensive, harmful, and untrue statements about Respondent's character. Then, Plaintiff files this motion, seeking to strike the statements Respondent had no choice but to make in order to defend herself.

It is not clear whether Dean Eramo also seeks to strike the uncontroverted conclusions about her reached by the federal government in their OCR report. But it does appear that Dean Eramo takes issue with the following uncontested facts that Respondent has reluctantly been forced to raise in her own defense:

- Dean Eramo is twice referenced specifically in the Department of Education Office of Civil Rights findings following the years long investigation into the handling of sexual assault reports on UVA's campus. *See* Exhibit A, OCR Findings

- The Office of Civil Rights concluded that "[b]ecause she had these responsibilities as well as the multiple roles associated with serving as the Chair of the SMB, there was an appearance of a conflict of interest among these multiple duties." *Id* at p. 15.

2

- In addition, the Office of Civil Rights concluded that "statements from the Chair of the SMB in a radio interview that was broadcast to the University community constitute an additional basis for the existence of a hostile environment for affected students." *Id* at p. 21.

- The National Organization of Women felt compelled to write an open letter to the President of the University of Virginia addressing Dean Eramo's treatment of Respondent in this case. *See* Exhibit B, NOW Letter

- Terry O'Neill, the President of NOW, told UVA: "Your dean's demands recite nearly every false argument made to undermine victims of sexual assault. It is exactly this kind of victim blaming and shaming that fosters rape culture, re-victimizes those brave enough to have come forward, and silences countless other victims. It is deeply disturbing to see what UVA students are now witnessing: A senior University official, whose job was to counsel and support rape survivors, publicly attacking one such survivor in court filings. We do not see how students who experience sexual assault at UVA will be able to trust University officials tasked with protecting them if this conduct is allowed to continue." *Id.*

Respondent is not surprised Dean Eramo would rather these facts not be publicized further. They are, and should be, troubling to anyone concered for the protection of victims reporting assaults on college campuses. The problem for Dean Eramo is they are true and they are relevant. As the Court has recognized, Respondent has done nothing more than exercise her legal rights to oppose Plaintiff's unreasonable discovery requests. Plaintiff wants to gag Respondent from providing the Court with the facts and information necessary to rule on the various motions filed, while Dean Eramo and her lawyers remain free to continue to levy cruel accusations against Respondent, both in filings and in the press.

Plaintiff's counsel Libby Locke, for example, has given numerous comments and interviews to various news outlets, including the Washington Post, CBS 19, and CNN. On March 30th, after filing the present motion to strike, Ms. Locke spoke with the Washington Post[1] and both attacked Respondent and mischaracterized the facts of this case, all at the expense of

---

[1] https://www.washingtonpost.com/news/grade-point/wp/2016/03/30/lawyers-for-jackie-in-rolling-stone-lawsuit-protest-under-oath-deposition-say-it-could-re-traumatize-her/ (accessed April 12, 2016)

3

Respondent, a non-party, sexual assault victim. Ms. Locke questioned the integrity of both Respondent and her counsel. Ms. Locke even saw fit to take aim at the National Organization of Women following their open letter to UVA. Then, just hours after the hearing on Respondent's Motion to Quash her deposition, in which the Court drastically reduced the scope of the questions that Plaintiff sought to ask Respondent, Ms. Locke again availed herself of media attention, even going so far as to falsely and outrageously state to CNN that Respondent did not report her assault to the police because "it appears that Jackie knew that her tale of rape would not have stood up under real scrutiny and investigation."[2]

This is exactly the behavior that NOW took issue with in their letter to President Sullivan, calling attention to the fact that Dean Eramo (and her counsel) "recite nearly every false argument made to undermine victims of sexual assault.[3] Further, Ms. O'Neill, President of NOW, makes it clear that Dean Eramo's repeated attacks on Respondent for not reporting her assault to the police, and not wishing to cooperate with a police investigation are "exactly th[e] kind of victim blaming and shaming that fosters rape culture, re-victimizes those brave enough to have come forward, and silences other victims." *Id.* At no point has Dean Eramo sought to distance herself from the positions taken by her counsel in public filings or statements made to the media, thus tacitly endorsing them. Ms. O'Neill makes the point of not only how improper and inappropriate Dean Eramo's conduct is, but what the practical and devastating impact of her behavior is when she wrote, "[i]t is deeply disturbing to see what UVA students are now witnessing: A senior University official, whose job was to counsel and support rape suriviors, publicly attacking one such survivor in court filings. We do not see how students who experience

---

[2] http://money.cnn.com/2016/04/05/media/jackie-rolling-stone-rape-story/

[3] http://now.org/media-center/press-release/an-open-letter-to-uva-president-teresa-a-sullivan/

4

sexual assault at UVA will be able to trust University officials tasked with protecting them if this conduct is allowed to continue." *Id.*

It is also important to note that Plaintiff's motion to strike further confirms what has been Respondent's position all along – that no deposition of Respondent was really necessary for Plaintiff to fully and fairly litigate her case against Defendants. Plaintiff states that in April 2015 Dean Eramo was willing to reach an agreement with Respondent whereby "Jackie would provide information relevant to this lawsuit ***without ever having to participate in a deposition***." (Plaintiff's Motion to Strike Non-Party Respondent "Jackie's" Personal Attacks on Plaintiff in Her Court Filings, [Dkt. 65], at ¶ 2) (emphasis in original). Plaintiff finally admits it was clear in April 2015 that no deposition of Respondent was necessary in this case. Plaintiff offers this Court no basis for why, contrary to that position, she has repeatedly insisted that such a deposition is now "critical." Especially in light of the thousands of pages of discovery she has received from Defendants, other third parties, and Respondent, over the past year.

Dean Eramo attempts to justify her aboutface by mischaracterizing the proposal actually presented to Respondent's counsel in April 2015. Sadly, although now admitting that no deposition was necessary (then or now), the text of Plaintiff's April 2015 proposal actually contradicts the position Plaintiff takes in her motion that she made such an offer to Respondent. There is not a single reference to a deposition of Respondent in Mr. Clare's email to Ms. Pustilnik, let alone any offer that Respondent would never be deposed in the litigation. The representation to the Court otherwise is simply false. In fact, in this "proposal," Plaintiff uses the threat of suing Respondent to intimidate Respondent into giving in to Plaintiff's demands. Far from offering to minimize the impact on Respondent, Dean Eramo demanded Respondent agree to a tolling agreement for any claims Plaintiff may bring against Respondent, and attempted to pressure Respondent into buying into Plaintiff's theory of the case. Respondent refused to be

5

bullied by Plaintiff, and did not agree to any such tolling agreement. Plaintiff clearly had no valid claims against Respondent since she did not bring any, making her threat an empty, calculated attempt to manipulate Respondent.

Plaintiff wants the Court to award her almost $8 million because she suffered some emotional upset at having to read negative things about her in an article and a handful of blog posts. Yet she feels no shame and demonstrates no hesitation to publicly insult and degrade a sexual assault victim that Dean Eramo herself previously counseled. Dean Eramo should be ashamed of herself for her treatment of Respondent, and for the impact her statements will have on all sexual assault victims, especially those at the University of Virginia.

Regardless, to say that Respondent brought this upon herself is as offensive as it is untrue. No basis exists to strike any portion of Respondent's pleadings and Plaintiff's motion should be denied.

## CONCLUSION

For the reasons stated above, Respondent respectfully requests that Plaintiff's Motion to Strike be denied.

Dated: April 12, 2016          Respectfully submitted,

*/s/ Philip O'Beirne*
Rebecca R. Anzidei (VA Bar No. 46346)
Philip J. O'Beirne (VA Bar No. 71956)
STEIN MITCHELL CIPOLLONE BEATO
  & MISSNER LLP
1100 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
Tel: 202-737-7777
Email: ranzidei@steinmitchell.com
Email: pobeirne@steinmitchell.com

6

Palma E. Pustilnik (VA Bar No. 73337)
CENTRAL VIRGINIA LEGAL AID SOCIETY
1000 Preston Avenue, Suite B
Charlottesville, VA 22903
Tel: (434) 327-1443
Email: palma@cvlas.org

Steven D. Rosenfield (VA Bar No. 16539)
Jeffrey Fogel (VA Bar No. 76345)
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 Tel
434-220-4852 Fax
Email: attyrosen@aol.com

*COUNSEL FOR RESPONDENT*

7

Case 3:15-cv-00023-GEC   Document 76   Filed 04/12/16   Page 7 of 8   Pageid#: 1581

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Non-Party Respondent's Opposition to Plaintiff's Motion to Strike Non-Party Respondent "Jackie's" Personal Attacks on Plaintiff in Her Court Filings was served on the below counsel on April 12, 2016, via ECF and email.

    Thomas A. Clare (VA Bar No. 39299)
    Elizabeth M. Locke (VA Bar No. 71784)
    CLARE LOCKE LLP
    902 Prince Street
    Alexandria, Virginia 22314
    Telephone: (202) 628-7400
    tom@clarelocke.com
    libby@clarelocke.com
    *COUNSEL FOR PLAINTIFF NICOLE ERAMO*

    Elizabeth A. McNamara (*pro hac vice*)
    Samuel M. Bayard (*pro hac vice*)
    DAVIS WRIGHT TREMAINE LLP
    1251 Avenue of the Americas, 21st Floor
    New York, NY 10020
    Telephone: (212) 603-6437
    lizmcnamara@dwt.com
    samuelbayard@dwt.com

    W. David Paxton (VA Bar No. 19798)
    Michael J. Finney (VA Bar No. 78484)
    GENTRY LOCKE
    10 Franklin Road, S.E., Suite 900
    P.O. Box 40013
    Roanoke, VA 24022-0013
    Telephone (540) 983-9300
    Paxton@gentrylocke.com
    finney@gentrylocke.com

    *COUNSEL FOR DEFENDANTS*

                                      */s/ Philip O'Beirne*
                                      Philip J. O'Beirne (VA Bar No. 71956)