IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO ) | |
| ) | |
| ) | |
| *Plaintiff*, ) | Case No. 3.:15-cv-00023-GEC |
| ) | |
| v. ) | |
| ) | |
| ROLLING STONE LLC, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**NON-PARTY RESPONDENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE AND TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA AND COURT ORDER**

Plaintiff's unnecessary campaign of harassment has reached new heights with the instant motion which not only seeks documents Plaintiff knows Respondent does not have, but also takes the additional extreme and ridiculous step of demanding sanctions for the costs associated with filing what Plaintiff has already been told is a totally fruitless and unnecessary motion. It is Plaintiff who should be sanctioned. Respondent has has fully complied with the Court's Order regarding Plaintiff's subpoena and produced all responsive documents in her possession. Respondent has further informed Plaintiff that Respondent has not withheld any responsive, non-privileged documents. Plaintiff's motion is completely baseless. Respondent does not have any more responsive, non-privileged documents to produce. To be clear, the documents Plaintiff seeks in response to Request 15 (1) have already been ruled by the Court to be irrelevant to Respondent's deposition (2) are in no way addressed in the underlying article, let alone in Plaintiff's claims and (3) have apparently already been obtained by Plaintiff from other third parties.

1

Respondent cannot produce what she does not have. The sole purpose of this motion appears to be Dean Eramo's desire to further embarrass and hurt Respondent, and to seek to intimidate her by threatening sanctions against her. Enough is enough. Respondent has fully complied with the subpoena and Order. Plaintiff has no valid basis for filing this motion, it should be denied.

## FACTUAL BACKGROUND

On January 25, 2016, the Court entered an Order relating to Plaintiff's Rule 45 document subpoena to Respondent and the accompanying motion practice. (January 25, 2016, Memorandum and Opinion and Order, [Dkts. 34 and 35]). On January 29th, just four days later, Respondent made her first production; two additional productions followed on February 5th and February 16th, representing full compliance with the Court's January 25th Order.

Dean Eramo did not raise any issue with or objection to Respondent's production until a month later, on March 16, 2016. This was the day after Respondent filed her Motion to Quash, in which she once again highlighted not only the deficiencies in Dean Eramo's case, but also the public censure Dean Eramo received from the Federal Government and the National Organization for Women. *See* [Dkt. 59]. That day Respondent received a letter claiming that the production was incomplete, threatening contempt of Court and other sanctions against Respondent, and demanding a response by the next day. (March 16, 2016, Letter from A. Phillips to R. Anzidei, attached to Plaintiff's Motion to Show Cause, as Ex. A [Dkt. 64-1]). This despite the fact that Plaintiff had not previously raised the hint of a problem with Respondent's production in the intervening month, either by phone or email, let alone had Dean Eramo sought to meet and confer on any alleged issue.

Despite the unreasonableness of the demand and the inappropriate threats, Respondent promptly replied and explained to Plaintiff that Respondent had made a complete production in

accordance with the Court's Order and had produced everything responsive and non-privileged, that was in her possession. (March 17, 2016, Letter from R. Anzidei to A. Phillips, attached to Plaintiff's Motion to Show Cause, as Ex. B [Dkt. 64-2]). Respondent then inquired when counsel for Dean Eramo would be available to discuss the issues further if necessary. Counsel for Dean Eramo refused to speak to Respondent's counsel.

Respondent has again reiterated in email correspondence that she had complied with the subpoena and Order, produced all responsive, non-privileged documents in her possession, custody or control, and that any motion on this issue would be a waste of the Court's time and resources. Plaintiff ignored these facts and filed this motion.

## ARGUMENT

### I. THE LAW DOES NOT FAVOR ORDERING A "CERTIFICATION" OF JACKIE'S SEARCHES FOR DOCUMENTS

Respondent does not possess the documents sought by Plaintiff's motion. This should end the inquiry. As this Court has stated, "[i]f [a nonparty] does not have documents responsive to [a party's] subpoena, it need not produce any. . . Similarly, if [a nonparty] has only limited responsive documents, then that is all that it is required to produce—those documents within its 'possession, custody, or control.'" *77 Const. Co. v. UXB Int'l, Inc.*, No. 7:13-CV-340, 2013 WL 6073176, at *3 (W.D. Va. Nov. 18, 2013). *See also Arista Records LLC v. Does 1-14*, No. 7:08CV00205, 2008 WL 5350246, at *6 (W.D. Va. Dec. 22, 2008) (denying motion to compel where "[nonparty] Virginia Tech cannot produce what it does not have").

Respondent has undertaken all reasonable steps to locate any potentially responsive documents and has produced them. Rule 45(c)(3)(A) prohibits requiring Respondent to do anything more as anything else would create an undue burden on non-party Respondent, especially where Plaintiff already has the documents she claims to be seeking from Respondent.

3

(Rule 45(c)(3)(A) states "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]"; *see also Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D.Conn. 2005) (holding that courts must consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *United States v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y.1979)). This is not a case of a corporation failing to run searches on their backup data storage system or a disagreement as to the scope of custodian documents to search. Rather, it is an individual, who is not a party to this litigation, who simply does not have any additional responsive, non-privileged documents to produce.

Plaintiffs cite five cases, but none of them have any bearing here. Putting aside that none are from the Fourth Circuit, three of them do not even deal with discovery being sought from a third party, but rather deal with discovery sought from corporate or governmental parties. *See, e.g., Super Film of America, Inc. v. UCV Films, Inc.*, 219 F.R.D. 649 (D. Kan. 2004); *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mutual Ins. Group*, 2003 WL 21659662 (D. Kan. June 4, 2003); *Gray v. Faulkner, et al.*, 148 F.R.D. 220 (N.D. Ind. 1992). The other two cases, where discovery was sought from a non-party, the non-parties were again corporations or governmental entities with extensive historical files and detailed document retention policies and written policies regarding the search for responsive documents. *See, e.g. Campbell, et al., v. First American Title Insurance Co.*, 2009 WL 4020429 (D. Maine, Nov. 18, 2009); *Meeks v. Parsons*, 2009 WL 3003718 (E.D. Cal. Sept. 18, 2009).

These cases provide no support for Plaintiff's harassment of a non-party victim who has repeatedly confirmed that she has complied with the Court's Order and produced all of the responsive, non-privileged documents in her possession, custody or control.

4

## II. PLAINTIFF'S REQUEST FOR FEES IS BASELESS AND OFFENSIVE

There is no support whatsoever for awarding fees to Plaintiff in connection with this motion. In fact, the law actually supports **Plaintiff** bearing **Respondent's** costs incurred by a non-party Respondent in responding to her subpoena.

The Sedona Conference, a non-profit legal policy research and education organization, has a working group comprised of judges, attorneys, and electronic discovery experts dedicated to resolving electronic document production issues. With regard to electronic discovery many courts have looked to the Sedona Principles and Sedona Commentaries thereto, which are "the leading authorities on electronic document retrieval and production." *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 106 (E.D. Pa. 2010). The Sedona Conference has published a Commentary on Non–Party Production & Rule 45 Subpoenas ("Sedona Commentary"), 9 SEDCJ 197 (2008). The Sedona Commentary notes that the few reported cases that have addressed the acquisition of ESI from non-parties "recognize that the costs and burdens of preservation and production that the law imposes on litigants should not be the same for non-parties. Third parties should not be required to subsidize litigation to which they have no stake in the outcome." 9 SEDCJ at *198–99.

The case law is unambiguous: where cost shifting occurs, it is the movant party, who has an interest in the outcome of the litigation, who should bear the cost of responding to a non-party subpoena. Under Rule 45, federal courts lack authority to impose costs or attorney's fees for a nonparty for non-compliance with a subpoena, which is not even the case here, as Respondent has fully complied with the subpoena. *See Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *4 (M.D. La. Mar. 10, 2008) (denying request for court costs and attorney's fees against non-party for non-compliance with subpoena because "[Rule 45], dealing with the issuance of and response to subpoenas directed to non-parties, does not provide for court costs

and attorney's fees as a sanction against persons who fail to produce the subpoenaed documents") (citing *S.E.C. v. Kimmes*, 1996 WL 734892 (S.D.N.Y.1996) (same)). Federal Rule of Civil Procedure 45(c) provides that "an order to compel production shall protect any person who is not a party ... from significant expense resulting from the inspection and copying commanded." Fed.R.Civ.P. 45(c)(2)(B); *see also id.* advisory committee note ("A non-party required to produce documents or materials is protected against significant expenses resulting from involuntary assistance to the court.") Even assuming that Jackie's response to the subpoena is incomplete – which it is not – the law would still not be grounds for sanctions. *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 672 (N.D. Fla. 2010) (where response to subpoena produced some, but not all, documents, moving party not entitled to fees because incomplete response still "obeyed" the subpoena, and there was no basis for sanctions under Rule 45).

Under Rule 45, and in stark contrast to Plaintiff's request, the law actually counsels for Respondent to be compensated for production: "[a] nonparty's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable." *First Am. Corp. v. Price Waterhouse LLP*, 184 F.R.D. 234, 241 (S.D.N.Y.1998). This is because "'[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.'" *In re Letters Rogatory Issued by Nat'l Court of First Instance in Commercial Matters*, 144 F.R.D. 272, 278 (E.D.Pa.1992) (quoting *United States v. Columbia Broad. Sys.*, 666 F.2d 364, 371 (9th Cir.1982)). If anything, the Court should Order that Plaintiff must bear all of the costs that non-party Respondent has incurred to comply with the Rule 45 subpoena. *See, e.g., In re Auto. Refinishing Paint,* 229 F.R.D. 482, 496 (E.D. Pa. 2005) (to alleviate costs of production to non-party witness, plaintiffs must compensate the witness for all costs); *In re Law Firms of McCourts & McGrigor Donald*, No. M. 19-96 (JSM), 2001 WL 345233, at *3 (S.D.N.Y. Apr. 9,

2001) (nonparty respondent will not bear any costs of production under Rule 45).

The authority cited by Dean Eramo provides no basis at all to support her motion. In fact, of the five cases cited by Plaintiff, only one even mentions costs, and that court ***did not award costs to the moving party***. *Meeks v. Parsons*, 2009 WL 3003718 (E.D. Cal. Sept. 18, 2009). Thus, Plaintiff is entirely without legal authority for her costs argument. This is this case because it is overwhelmingly clear that the law actually favors cost-shifting to protect the party *responding* to a subpoena.

## CONCLUSION

When viewed alongside Dean Eramo's unintelligible motion to "strike" truthful statements made by Respondent in defense against Dean Eramo's attacks, this motion appears to be nothing more than Dean Eramo's latest barb aimed at causing Respondent distress. Because non-party Respondent has complied with the subpoena, because she cannot produce what she does not have, and because Plaintiff's request for costs and fees is entirely without support under the law, Plaintiff's motion should be denied in its entirety.

Dated: April 12, 2016

Respectfully submitted,

/s/ Rebecca Ruby Anzidei
Rebecca R. Anzidei (VA Bar No. 46346)
Philip J. O'Beirne (VA Bar No. 71956)
STEIN MITCHELL CIPOLLONE BEATO
 & MISSNER LLP
1100 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
Tel: 202-737-7777
Email: ranzidei@steinmitchell.com
Email: pobeirne@steinmitchell.com

Palma E. Pustilnik (VA Bar No. 73337)
CENTRAL VIRGINIA LEGAL AID SOCIETY
1000 Preston Avenue, Suite B

7

Charlottesville, VA 22903
Tel: (434) 327-1443
Email: palma@cvlas.org

Steven D. Rosenfield (VA Bar No. 16539)
Jeffrey Fogel (VA Bar No. 76345)
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 Tel
434-220-4852 Fax
Email: attyrosen@aol.com

*COUNSEL FOR RESPONDENT*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Respondent's Opposition to Plaintiff's Motion to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order was served on the below counsel on April 12, 2016, via email and ECF.

Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com

*COUNSEL FOR PLAINTIFF NICOLE ERAMO*


Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 603-6437
lizmcnamara@dwt.com
samuelbayard@dwt.com

W. David Paxton (VA Bar No. 19798)
Michael J. Finney (VA Bar No. 78484)
GENTRY LOCKE
10 Franklin Road, S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone (540) 983-9300
Paxton@gentrylocke.com
finney@gentrylocke.com

*COUNSEL FOR DEFENDANTS*

*Philip J. O'Beirne*
Philip J. O'Beirne (VA Bar No. 71956)