IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO | )<br>)<br>) |
| Plaintiff | )<br>) Case No. 3:15-cv-00023-GEC<br>) |
| v. | )<br>) |
| ROLLING STONE LLC,<br>SABRINA RUBIN ERDELY, and<br>WENNER MEDIA LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN
SUPPORT OF HER MOTION FOR AN ORDER TO SHOW CAUSE AND TO COMPEL
COMPLIANCE WITH RULE 45 SUBPOENA AND COURT ORDER**

Pursuant to Local Rule 11(c)(1), Movant Nicole Eramo, Plaintiff in the case of *Eramo v. Rolling Stone LLC, et al.*, No. 3:15-cv-00023-GEC, respectfully moves this Court for an entry of an Order granting Plaintiff leave to file a supplemental brief in further support of her March 29, 2016 Motion for an Order to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order of January 25, 2016 [Dkt. 63]. Plaintiff's proposed Supplemental Brief is attached hereto as Exhibit 1. In support of this Motion, Plaintiff states the following:

1. On January 25, 2016, following briefing and a hearing on Plaintiff's Motion to Compel Nonparty Respondent Jackie's Compliance with Plaintiff's Rule 45 Subpoena, this Court ordered "Jackie," the primary source for the magazine article at issue in this defamation action, to produce documents responsive to Demand No. 15 of Plaintiff's Rule 45 Subpoena. (*See* Court Order, *Eramo v. Rolling Stone LLC*, No. 3:15-MC-00011, ¶ 2 (Jan. 25, 2016) ("Jan. 25, 2016 Order") [Dkt. 35]). Specifically, the Court ordered Jackie to produce "communications

1

between 'Haven Monahan' and Ryan Duffin, communications between 'Haven Monahan' and any other individual whose name was previously disclosed to defendants, and communications between Jackie and any disclosed individual that mentions 'Haven Monahan'…'" (*See id.*). As the Court recognized, this included documents that Jackie may have herself authored while posing under the alias or pseudonym "Haven Monahan." (*See* Mem. Op., No. 3:15-mc-00011, 10-11 (Jan. 25, 2016) [Dkt. 34]).

2. To date, Jackie has not produced any documents responsive to Demand No. 15 of Plaintiff's Rule 45 Subpoena and her counsel has repeatedly claimed that she is not in possession, custody, or control of such documents. However, her counsel has refused to state whether or not Jackie authored any of the "Haven Monahan" documents that are known to exist because they have been produced by third parties in this litigation.

3. On March 16, 2016, counsel for Plaintiff wrote to Jackie's counsel, identifying "Haven Monahan" documents that are known to exist but that Jackie has failed to produce, explaining that the Court's order requires the production of those documents, and citing evidence showing that Jackie was the author of these communications and thus is, or at one time had been, in possession of responsive documents. (*See* Letter from Andrew Phillips to Rebecca Anzidei and Phil O'Beirne (Mar. 16, 2016) ("Mar. 16, 2016 Letter") (Attached as Ex. A of the attached Supplemental Brief). Plaintiff's counsel demanded that Jackie produce documents responsive to Demand No. 15 as ordered by this Court. Plaintiff's counsel further demanded that if Jackie claimed to no longer be in possession of documents known to have been in her custody, then her counsel needed to provide an explanation of the bases for the claim that Jackie was no longer in possession of the documents, such as an explanation of the circumstances of any deletion of the documents, and a description of the efforts undertaken to search for and recover the documents.

(*See id*.). Additionally, Plaintiff's counsel requested that if Jackie's counsel contends that she was not the author of any of the "Haven Monahan" communications sought in Demand No. 15 — despite the overwhelming evidence that she was — then her counsel needed to provide some explanation of the basis for that belief. (*See id.*).

4. On March 17, 2016, counsel for Jackie responded to Plaintiff's counsel's letter by simply stating, without any explanation, that Jackie had produced the documents responsive to the Court Order that she has in her possession. (*See* Letter from Rebecca Anzidei to Andrew Phillips (Mar. 17, 2016) ("Mar. 17, 2016 Letter") (Attached as Ex. B of the attached Supplemental Brief)). Jackie's counsel provided no information or explanation as to why Jackie did not produce responsive documents to Demand No. 15 as ordered to by the Court. (*See id.*). Jackie's counsel responded similarly on March 22, 2016 to additional requests by Plaintiff's counsel on March 17, 2016 and March 21, 2016. (*See* Emails Between Andrew Phillips and Rebecca Anzidei (Mar. 17, 2016, 11:31 PM EDT, Mar. 21, 2016, 4:25 PM EDT, and Mar. 22, 2016 7:51 PM EDT) ("Mar. 17-22, 2016 Emails") (Attached as Ex. C of the attached Supplemental Brief)).

5. On March 29, 2016, Plaintiff filed her Motion to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order ("Motion to Show Cause") [Dkt. 63], explaining how Jackie failed to produce any communications Jackie authored posing as "Haven Monahan" and any non-pseudonymous communications that Jackie had with others regarding "Haven Monahan," including emails sent to Ryan Duffin from the email account "haven.monahan@yahoo.com." (*See* Plaintiff's Memorandum of Law in Support of Her Motion for an Order to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order, 1-2 (Mar. 29, 2016) ("Memorandum") [Dkt. 64]).

6. On March 30, 2016, in order to obtain additional and conclusive evidence that Jackie was currently or at one time in possession of communications from "Haven Monahan," Plaintiff issued a subpoena to third party Yahoo! Inc. ("Yahoo") requesting information associated with the email account, "haven.monahan@yahoo.com." (*See* March 30, 2016 Yahoo Subpoena, attached as Ex. D to the attached Supplemental Brief).

7. On April 12, 2016, Jackie filed her Opposition to Plaintiff's Motion, in which she once again stated and certified to this Court that she had produced all responsive documents to Plaintiff's Rule 45 Subpoena and this Court's Order, without in any way addressing the merits of the relevant question; specifically, whether Jackie authored the Haven Monahan communications and if so, why she is unable to produce them. (*See* Nonparty Resp.'s Opp'n to Mot. for Order to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order [Dkt. 77]).

8. On April 19, 2016, Plaintiff timely filed her Reply Brief to Nonparty Respondent "Jackie's" Opposition to Plaintiff's Motion for an Order to Show Cause and to Compel Compliance with the Rule 45 Subpoena and Court Order of January 25, 2016. (*See* Pl.'s Reply Brief to Non-party Resp.'s Opp'n to Mot. for Order to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order ("Reply Brief") [Dkt. 78]).. Plaintiff's Reply Brief noted, among other things, that Jackie's counsel had failed to offer any explanation for their failure to produce the email Jackie authored using the email account haven.monahan@yahoo.com, despite the fact that producing the email should require no more than simply accessing the account using the username and password Jackie used to create it. *See id*. 1-4.

4

Case 3:15-cv-00023-GEC   Document 83   Filed 05/16/16   Page 4 of 10   Pageid#: 1710

9. Plaintiff exercised due diligence in obtaining all relevant records and information prior to and for submission as part of her Memorandum and Reply Brief in support of her motion.

10. On April 23, 2016, four days after Plaintiff filed her Reply Brief, Plaintiff received Yahoo's production in response to her subpoena, which included information regarding the email account "haven.monahan@yahoo.com," specifically the IP addresses from which the email was accessed and dates and times on which the email was accessed from those IP addresses. (*See* April 20, 2016 Yahoo Subpoena Response ("Yahoo Response"), attached as Ex. E to the attached Supplemental Brief).

11. The additional evidence obtained by Plaintiff from Yahoo shows that the email "haven.monahan@yahoo.com" was created on October 2, 2012 from the IP address 199.111.183.134, which is an IP address that is "found in Charlottesville, Virginia" and "is allocated to University of Virginia." (*See* 199.111.183.134 IP address Information, attached as Ex. H of the attached Supplemental Brief).[1] This additional evidence also shows that the email "haven.monahan@yahoo.com" was last accessed on March 18, 2016 from the IP address 199.119.116.162. (*See* Yahoo Response). That IP address is "found in Washington, District of Columbia" and "is allocated to ALTG, Stein, Mitchell, Muse & Cipollone LLP." (*See* 199.119.116.162 IP address Information, attached as Ex. J of the attached Supplemental Brief).[2]

12. Yahoo's Response shows that, based on the locations and access dates of the IP addresses, Jackie created the "haven.monahan@yahoo.com" email account at the University of Virginia ***one (1) day before*** she sent an email from that account to third party Ryan Duffin. (*See* Email from Haven Monahan to Ryan Duffin on October 3, 2012 8:33PM EDT) (Attached as Ex.

---

[1] Also available at http://www.speedguide.net/ip/199.111.183.134.
[2] Also available at http://www.speedguide.net/ip/199.119.116.162.

5

Case 3:15-cv-00023-GEC   Document 83   Filed 05/16/16   Page 5 of 10   Pageid#: 1711

I of the attached Supplemental Brief)). Yahoo's Response also shows that someone at Stein, Mitchell, Muse & Cipollone LLP, ***Jackie's counsel***, accessed the "haven.monahan@yahoo.com" email account ***two (2) days after*** Plaintiff's counsel sent a letter questioning why the email had not been produced and ***one (1) day after*** Jackie's counsel replied affirming that they had produced all documents in Jackie's possession responsive to Plaintiff's Rule 45 Subpoena as ordered by this Court. (*See* Mar. 16, 2016 Letter; *see* Mar. 17, 2016 Letter). And on March 22, 2016, ***four (4) days after accessing the "haven.monahan@yahoo.com" email account***, Jackie's counsel once again asserted that Jackie was not in possession of these emails and that Jackie had produced all responsive documents in her possession. (*See* Mar. 17-22, 2016 Emails).

13. Yahoo's Response proves definitively and conclusively that (1) Jackie created the "haven.monahan@yahoo.com" email account and therefore is "Haven Monahan," the subject of the communications requested in Demand No. 15 of Plaintiff's Rule 45 Subpoena and this Court's Order of January 25, 2016. Yahoo's Response also proves that Jackie's counsel at Stein, Mitchell, Muse & Cipollone LLP have access to the "haven.monahan@yahoo.com" email account and have not produced at a minimum the email sent from "haven.monahan@yahoo.com" to Ryan Duffin, despite representing to the Plaintiff and this Court that they do not have the email or any other responsive documents in their possession.

14. This newly discovered information suggests that Jackie and her counsel have not been forthcoming with Plaintiff or this Court when continually and repeatedly representing that they are not in possession of documents responsive to Demand No. 15 of Plaintiff's Rule 45 Subpoena, and raises new questions about their failure to comply with this Court's Jan. 25, 2016 Order.

15. This newly discovered information further supports the contentions Plaintiff made in her Motion to Show Cause, her Memorandum of Law in Support of her Motion, and her Reply Brief, and underscores the importance and need for Jackie and her counsel to explain why they have not produced documents they were ordered to do so by this Court that appear to be in their possession.

16. The additional documentation and information, which Plaintiff did not possess at the time she filed her Reply Brief, is significant, conclusive, and directly relevant to this Court's consideration of Plaintiff's Motion to Show Cause.

17. On May 2, 2016, Plaintiff's counsel sent an additional letter to Jackie's counsel which included the documents produced by Yahoo and yet another demand to comply with this Court's Order and produce the "Haven Monahan" documents in Jackie's possession. (*See* Letter from Andrew Phillips to Rebecca Anzidei and Phil O'Beirne (May 2, 2016) (Attached as Ex. F of the attached Supplemental Brief)).

18. On May 6, 2016, Jackie's counsel responded by once again stating simply that Jackie had "produced the documents responsive to the Court's January 25, 2016, Order and Opinion, that [Jackie] has in her possession, custody or control" and that "Respondent is not withholding any responsive, non-privileged documents." (*See* Letter from Rebecca Anzidei to Andrew Phillips (May 6, 2016) (Attached as Ex. G of the attached Supplemental Brief)).

19. Based on the foregoing, this Court should grant Plaintiff leave to file the attached Supplemental Brief so that the Court may consider this new information and properly evaluate Jackie's counsel's repeated claims that it does not have access to, at a bare minimum, the email sent from "haven.monahan@yahoo.com" to Ryan Duffin on October 3, 2012.

20. Additionally, in light of this new conclusive information, Plaintiff believes that sanctions against Jackie's counsel at Stein, Mitchell, Muse & Cipollone LLP are warranted and appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

Granting Plaintiff Nicole P. Eramo the right to file the attached Supplemental Brief in Support of her Motion for an Order to Show Cause and to Compel Compliance with Rule 45 Subpoena and Court Order of January 25, 2016;

Awarding reasonable attorney's fees and costs to Plaintiff for bringing her Motion to Show Cause and all other subsequent pleadings; and

Granting such other and further relief to which this Court finds the Plaintiff otherwise entitled.

Dated: May 16, 2016           Respectfully submitted,

By: */s/ Thomas A. Clare*
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
Andrew C. Phillips (VA Bar No. 88880)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
andy@clarelocke.com

*ATTORNEYS FOR PLAINTIFF NICOLE ERAMO*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Nicole Eramo's Motion for Leave to File a Supplemental Brief in Support of her Motion for an Order to Show Cause and Compel Compliance with Rule 45 Subpoena and Court Order was served on the below counsel of record on May 16, 2016 via ECF (for those attorneys that have registered), or by email and Federal Express (for those attorneys that have not).

Pat A. Cipollone
Rebecca R. Anzidei
Philip J. O'Beirne
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue N.W., Suite 1100
Washington, D.C. 20036
Telephone: (202) 737-7777
Fax: (202) 296-8312
Email: pcipollone@steinmitchell.com
pobeirne@steinmitchell.com
Email: ranzidei@steinmitchell.com

Palma Pustilnik
Staff Attorney
Central Virginia Legal Aid Society
1000 Preston Avenue, Suite B
Charlottesville, VA 22903
Telephone: (434) 327-1443
Fax: (434) 296-5731
Email: palma@cvlas.org

*Attorneys for Nonparty Respondent "Jackie"*

Michael John Finney
William David Paxton
Gentry Locke Rakes & Moore
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9373
Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Elizabeth A. McNamara

Samuel M. Bayard
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com

Alison B. Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248 Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC,
Sabrina Rubin Erdely, and Wenner Media LLC*

Benjamin Gaillard Chew
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036-5303
Telephone: (202) 585-6511
Email: bchew@manatt.com

*Attorney for Defendant Sabrina Rubin Erdely*


Dated: May 16, 2016                  By: */s/ Thomas A. Clare*
                                             Thomas A. Clare