IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO,<br><br>               Plaintiff,<br><br>    v.<br><br>ROLLING STONE LLC,<br>SABRINA RUBIN ERDELY, and<br>WENNER MEDIA LLC,<br><br>               Defendants. | Case No. 3:15-cv-00023-GEC |

## DEFENDANTS' MOTION *IN LIMINE* NO. 3 AND SUPPORTING AUTHORITIES: POST-PUBLICATION LETTERS RECEIVED BY ROLLING STONE

Defendants Rolling Stone LLC, Wenner Media LLC, and Sabrina Rubin Erdely (collectively, "Defendants") move this Court *in limine* to exclude all documents, testimony, and argument regarding any unpublished reader correspondence received by Rolling Stone following the November 19, 2014 publication of "A Rape on Campus" (the "Article").

## ARGUMENT

Defendants understand that Plaintiff intends to offer as evidence at trial a collection of letters and email correspondence from readers received by Rolling Stone following the Article's publication, which Rolling Stone did not thereafter publish (the "Unpublished Letters"). These Unpublished Letters—which number over a thousand—are inadmissible hearsay. The third-party Unpublished Letters are also irrelevant to any issue to be raised at trial, and their introduction would risk prejudicing and confusing the jury. All documents and testimony regarding the contents of the Unpublished Letters received by Rolling Stone following the Article's publication—including but not limited to Plaintiff's Exhibits PX-91, PX-92, and PX-

93,[1] as well as PX-94, PX-95, PX-96, and PX-97[2]—should therefore be excluded by the Court under Rules 802, 402, and 403 of the Federal Rules of Evidence.

*First*, in neither her Rule 26(a) disclosures nor answers to interrogatories did Eramo identify as witnesses any of the authors of the Unpublished Letters reacting to the Article. Yet, the content of the Unpublished Letters is offered for no reason other than the truth of the matters contained therein—*i.e.*, that readers understood and/or reacted to the Article in certain ways (indeed, this was precisely the reason Eramo offered three of the Unpublished Letters at summary judgment). These out-of-court statements offered for the truth of the statements expressed therein are categorically hearsay, and must be excluded on that basis alone. Fed. R. Evid. 802.

*Second*, the Unpublished Letters are not relevant or probative to any question to be raised at trial and are therefore inadmissible. *See* Fed. R. Evid. 401 and 402. The question of actual malice focuses on a defendant's state of mind *at the time of publication*. *Bose Corp. v. Consumer Union of U.S., Inc.*, 466 U.S. 485, 512 (1984). Readers' reactions to the Article received after publication are not "of consequence" to the question of a defendant's state of mind at the time of publication and are irrelevant to an actual malice inquiry. Fed. R. Evid. 401; *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) ("Whether a proposition is of consequence to the determination of the action [under Rule 401] is a question that is governed by the substantive law. Simply stated, the proposition to be proved must be part of the hypothesis governing the case."). Nor is the proffered evidence probative as whether the challenged statements are defamatory in the eyes of readers, as any such evidence would usurp the jury's

---

[1] Plaintiff publicly filed these three documents (PX-91, PX-92, PX-93) as Exhibits 27, 28, and 29 to her July 1, 2016 Statement of Undisputed Facts in support of her Motion for Partial Summary Judgment. (Dkts. 99-31, 99-32, 99-33.)

[2] These seven letters are collectively attached as Exhibit 2 to this motion.

role. *Duncan v. Pearson*, 135 F.2d 146, 150-51 (4th Cir. 1943) (affirming the exclusion by the trial court of "[e]vidence as to the construction placed by witnesses upon the article alleged to be libelous"); *Tomblin v. WCHS-TV8*, 434 F. App'x 205, 212 (4th Cir. 2011) (trial court did not err when it found third parties' opinions regarding the alleged defamatory meaning of a broadcast inadmissible, since "such impressions would not be helpful to the trier of fact because they would be duplicative of those which could be reached by the jury").[3] Underscoring that concern is that there is no reason to believe this collection of Unpublished Letters is a fair representation of readers' opinions or carry any indicia of being a representative sample; nor is there any way to judge the credibility of the writer or what he/she based their views on, along with many other concerns surrounding this correspondence. Indeed, this Court has expressed its skepticism as to the emails' relevance for just this reason, stating in the August 12, 2016 hearing on the parties' cross-motions for summary judgment that "the mere fact that a number of other people read [the Article] one way so as to prompt them to make a response doesn't suggest that others read it another way and didn't feel compelled based on their reading to make a response." (Ex. 1 [Hearing Tr.] at 32:19-22.) Finally, the Unpublished Letters are also irrelevant to an analysis of Eramo's damages, since they were received by Defendants only, were not published by Defendants, and Eramo can offer no evidence that she or her employer were even aware of the Unpublished Letters beyond obtaining them in discovery in this action. In sum, because the

---

[3] Plaintiff relied on the *Tomblin* case at oral argument on the parties' cross-motions for summary judgment on August 12, 2016, claiming that in this case "the Fourth Circuit held that exactly that type of evidence, how real people read the story, is admissible to show the defamatory meaning of the publication." (Ex. 4 [Hearing Tr.] at 171:7-11.) This claim was not accurate. In *Tomblin*, the Fourth Circuit in fact affirmed a trial court's ***exclusion*** of portions of sworn affidavits by third parties setting out their opinions of the challenged broadcast's defamatory implication. *Tomblin*, 434 F. App'x at 212. The Fourth Circuit agreed that such evidence would be "unhelpful," and thus inadmissible under Rule 701, as the jury should make its own evaluation of the challenged statements. *Id*. Defendants note further that the sentence from the *Tomblin* opinion that Plaintiffs quoted to this Court ("Moreover, witnesses could surely testify to the understanding about the daycare that they *actually* took from the broadcast while watching it.") is plainly dicta. The only way to reconcile this sentence with the court's actual evidentiary ruling is to read it as leaving the door open to *live witness* testimony about something *other than* defamatory implication (for instance, on the question of damages). Here, Plaintiff offers only unreliable and inadmissible hearsay, and offers it in support of a defamatory meaning argument, which is impermissible under *Tomblin*.

3

Unpublished Letters are irrelevant to any issue at trial, they should be excluded pursuant to Rule 402.

*Third*, the Unpublished Letters offered consist of individual readers' reactions to the Article, without regard to whether those reactions are based on a reasonable interpretation. These responses would serve only to bias and inflame the jury, compromising their determination of the challenged statements' reasonable meaning. Furthermore, introduction of any subset of the thousand-plus total Unpublished Letters would necessary present an inaccurate summary of reader responses, and introduction of the complete set would cause a substantial and unjustifiable delay in the proceedings. Measured against the minimal or non-existent probative value of this evidence to the issues at trial, Rule 403 requires their exclusion.

## CONCLUSION

For these reasons, the Court should exclude at trial all documents, testimony, and argument regarding any unpublished reader correspondence received by Rolling Stone following publication of the Article.


Dated:  New York, New York
        September 16, 2016

                By: /s/ Elizabeth A. McNamara

                Elizabeth A. McNamara (*pro hac vice*)
                Samuel M. Bayard (*pro hac vice*)

                DAVIS WRIGHT TREMAINE LLP
                1251 Avenue of the Americas, 21st Fl.
                New York, New York  10020-1104
                Telephone:  (212) 489-8230
                Fax:         (212) 489-8340
                Email:       lizmcnamara@dwt.com
                     samuelbayard@dwt.com

                Alison Schary (*pro hac vice*)

DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: sexton@gentrylocke.com
E-mail: finney@gentrylocke.com

*Attorneys for Defendants Rolling Stone LLC,
Sabrina Rubin Erdely, and Wenner Media LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016, the foregoing was served by CM/ECF on counsel of record for all parties to this action. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Elizabeth A. McNamara
Elizabeth A. McNamara
