**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

---------------------------------------------------------------x
NICOLE P. ERAMO,

                       Plaintiff,

           - against -

ROLLING STONE LLC, SABRINA RUBIN
ERDELY, AND WENNER MEDIA LLC,

                       Defendants.

---------------------------------------------------------------x

Case No. 3:15-cv-00023-GEC

**DECLARATION OF
SEAN WOODS IN OPPOSITION
TO PLAINTIFF'S MOTION IN
LIMINE NO. 1**

I, Sean Woods, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over the age of 18, a resident of New York, New York and competent to make this declaration. I have personal knowledge of the statements set forth below. I submit this declaration in support of the opposition of Defendants Rolling Stone LLC, Wenner Media LLC (collectively, "Rolling Stone"), and Sabrina Rubin Erdely to Plaintiff's Motion in Limine No. 1, to Exclude Evidence About WUVA Interview of Ms. Eramo.

2.      I am Deputy Managing Editor at Rolling Stone. In that position, I oversaw the reporting and editing of Sabrina Rubin Erdely's article titled "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA" (the "Article" or "A Rape on Campus"), which was published on Rollingstone.com on November 19, 2014 and in the December 5, 2014 print edition of *Rolling Stone* magazine.

3.      On November 24, 2014, I watched the complete 21-minute interview of Dean Nicole Eramo by a UVA student for the WUVA radio station (the "WUVA Interview"). I found the WUVA Interview by reading a November 24 article on *BuzzFeed* titled "You Can Admit to Raping Someone at UVA and Not Be Expelled." The *BuzzFeed* story is still online at

https://www.buzzfeed.com/ellievhall/head-of-uvas-sexual-misconduct-board-is-asked-why-rapists-ar?utm_term=.ipR3JJ9gR#.jvWrXXLW9.  (A true and correct copy of the *BuzzFeed* article is attached hereto as **Exhibit 1**.)  I have reviewed the copy of the WUVA Interview contained in Exhibit 103 to the Declaration of Elizabeth A. McNamara in Support of Defendants' Motion for Summary Judgment, and I can state without reservation that the contents of that video are the same as the one I watched on November 24, 2014.

4.  Watching the WUVA Interview on November 24 reinforced my conviction that the criticisms voiced in the Article about the University of Virginia's response to sexual assault cases were valid. It also contributed to my belief that the University tended to treat rape as a behavioral problem rather than the violent crimes that it is.  I found particularly shocking Dean Eramo's comments about why a student who admitted to a sexual assault in the school's informal resolution process would not deserve to be expelled, while at the same time the University routinely expels students, for lying, cheating, and other honor code violations.

5.  The WUVA Interview impacted my thinking in responding to media critics in the days following my November 24 viewing of the interview.  Specifically, I believed that by focusing on Rolling Stone's failure to get comment from the alleged ringleader of Jackie's rape our critics missed the larger point of the Article, which was how the University of Virginia responded to Jackie's allegations and how its sexual assault policies and practices overall failed to adequately protect the campus from potential sexual predators.  Starting on or around December 1, 2014, Rolling Stone distributed a press statement that I understand is challenged as false and defamatory in this case:

> The story we published was one woman's account of a sexual assault at a UVA fraternity in September 2012 -- and the subsequent ordeal she experienced at the hands of University administrators in her attempts to work her way through the trauma of that evening.  The indifference with which her complaint was met was, we discovered, sadly

consistent with the experience of many other UVA women who have tried to report such assaults. Through our extensive reporting and fact-checking, we found Jackie to be entirely credible and courageous and we are proud to have given her disturbing story the attention it deserves

The WUVA Interview influenced my belief that this press statement was entirely accurate at the time we distributed it, and it continues to influence my view that this press statement remains accurate and true today.

This Declaration was executed on September 26th, 2016 in New York, New York. I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

SEAN WOODS