IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROLLING STONE, LLC, ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and ) | |
| WENNER MEDIA, LLC, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## MOTION TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY

Defendants Rolling Stone, LLC, Wenner Media, LLC and Sabrina Rubin Erdely (collectively, "Defendants"), by counsel, submit this brief in support of their motion to exclude the undisclosed expert testimony of Dr. Kant Lin, M.D., and to preclude Dr. Lin from appearing as a witness at trial.

### INTRODUCTION

Given its special nature, expert testimony is governed by special rules, both in terms of its disclosure and admissibility. Plaintiff, however, did not even take the first step in this structured process, choosing to not make any Rule 26(a)(2) expert witness disclosure. Nevertheless, Plaintiff then listed Dr. Lin—one of her treating physicians—on her trial witness list filed this past Monday. This is plainly improper under Rule 26(a)(2) and the Joint Second Amended Scheduling Order, as well as governing case law. A treating physician is emblematic of non-retained experts who, although not required to submit a Rule 26(a)(2)(B) written report, must still be timely and properly *disclosed* as an expert trial witness under Rule 26(a)(2)(C). Specifically, Plaintiff's expert disclosure is required to provide: (i) the subject matter of the

proposed expert testimony and (ii) "a summary of the facts and opinions to which the witness is expected to testify."[1]

The reasoning behind Rule 26(a)(2) expert disclosures is basic and sound. *First*, expert disclosures provide an opportunity for the opposing side to discover the expert's opinions and their bases, to prepare for trial and to consider whether to challenge the proposed expert testimony under Rule 702. *Second*, the Federal Rules of Civil Procedure (as well as this Court's scheduling orders) provide time for the opposing party to locate and retain a rebuttal trial expert. None of these procedures and safeguards are possible given Plaintiff's failure to timely and properly disclose Dr. Lin as an expert witness.

In addition, Dr. Lin should be wholly precluded from testifying at trial. Any "factual" observations from Dr. Lin—Eramo's treating physician—about her physical condition would necessarily be based on his Rule 702 "scientific, technical, or other specialized knowledge." Moreover, any minimal probative value of such testimony would be substantially outweighed by the danger of unfair prejudice.

For her part, Plaintiff avers that no specific expert disclosure is required. Instead, she contends that Defendants should have cobbled together the existence and substance of this disclosure from pieces of her Complaint, her initial disclosures, documents produced in discovery, and her deposition testimony. To date, no support has been offered for this brazen position, which turns the notion of an expert "disclosure" on its head.

The Court should not sanction Plaintiff's attempt to obfuscate her affirmative obligation to disclose her experts. Rather, for the reasons explained further below, the Court should grant Defendants' motion and preclude Dr. Lin from appearing as a witness at trial.[2]

---

[1] For purposes of this Motion only, Defendants are presuming that Dr. Lin is a non-retained expert witness, but reserve all rights to subsequently challenge that classification.

**RELEVANT BACKGROUND**

**A. Non-retained expert disclosures under Rule 26(a)(2)(C) and the Court's Joint Second Amended Scheduling Order.**

After the 2010 Amendments to the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence even Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).

For non-retained experts, a written report is not necessary. But for such experts, a party is still required to make a Rule 26(a)(2)(C) disclosure, and "this disclosure ***must state***: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). *See also* 2010 Ad. Comm. Notes ("Parties must identify such witnesses under Rule 26(a)(2)(A) ***and*** provide the disclosure required under Rule 26(a)(2)(C).") (emphasis added).

Rule 26(a)(2)(C) was "added to ***mandate summary disclosures*** of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." 2010 Ad. Comm. Notes (emphasis added). A treating physician is the quintessential Rule 26(a)(2)(C) expert. *See id.* ("Frequent examples include physicians or other health care professionals . . ."). Without a proper Rule 26(a)(2) expert disclosure, treating physicians cannot testify as to medical matters, as this is beyond an average lay witness's competency and thus requires Rule 702 specialized knowledge. *See, e.g.*, *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 69 (D.D.C. 2014) ("[A] treating physician who testifies as to her diagnosis and treatment of the patient is still giving expert testimony.").

---

[2] Defendants' Motion *in Limine* No. 2 seeks to exclude evidence regarding Plaintiff's treatment for and diagnosis of breast cancer. (Dkt. No. 173.) It should be granted by the Court, which would necessarily exclude any testimony from Dr. Lin and thus moot this separate motion about Plaintiff's failure to disclose him as an expert. But even if Motion *in Limine* No. 2 were denied, Dr. Lin should still be excluded from trial for the reasons stated herein.

23075/1/7738807v1

The purpose of any "disclosure" is to put the opposing party on adequate notice to prepare its case and to avoid surprise. For expert witnesses—given the nature of their specialized subject matter, the ability to separately challenge the admissibility of expert testimony, and the need to locate and retain rebuttal experts—the timing of the expert disclosures is of great significance. Thus, unlike fact trial witnesses, the Federal Rules provide default expert disclosure deadlines well in advance of trial (at least 90 days before trial in the first instance, and 60 days before for rebuttal), which can also be modified by court order. *See* Fed. R. Civ. P. 26(a)(2)(D).

In this case, the Court did modify the default expert disclosure deadlines, and specifically addressed the need to make Rule 26(a)(2)(C) disclosures for non-retained experts. Paragraph 18 of Joint Second Amended Scheduling Order dealt exclusively with Rule 26(a)(2)(C) expert witnesses. (*See* Dkt. No. 49.) There, the Court said that "pursuant to Rule 26(a)(2)(C), the plaintiff must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefore by May 20, 2016." (Second Am. Scheduling Order, ¶ 18.) Then, in the Order's "Summary of Deadlines," "Expert Disclosures under Rule 26(a)(2)(C)" was separately listed with same the May 20, 2016 date, followed by "Rebuttal Expert Disclosures" on June 3, 2016. Expert witnesses could then be deposed through the end of expert discovery, which closed on June 10, 2016.[3]

### B. Defendants moved to exclude evidence related to Plaintiff's breast cancer.

On September 16, 2016, Defendants filed their Motion *in Limine* No. 2, seeking to exclude evidence related to Plaintiff's diagnosis of and treatment for breast cancer. (Dkt. No. 173.) There, Defendants addressed Plaintiff's theory—up to that point advanced only through

---

[3] Fact discovery closed just under a month earlier, on May 13, 2016. (Second Am. Scheduling Order, ¶ 12.)

4

23075/1/7738807v1

her own testimony—that stress related to the Article contributed to complications from her previously scheduled December 19, 2014 surgery. (*Id*. at 3.) In asking the Court to exclude such evidence under Rules 402 and 403, Defendants stated that "Eramo has failed to produce any evidence or disclose any expert witness to support a theory of causation between the Article's publication and her post-operative infection." (*Id*.) Defendants also observed that Plaintiff's 884-page medical record of her infection and subsequent hospitalization:

> contains no mention of the Article or any of the Defendants. Even more critically, the record contains not a single mention of any report of any emotional impairment, stress, or anxiety Eramo might have been suffering prior to or after her surgery, nor does it suggest in any way that Eramo's post-operative infection could have been caused by her mental state. To the contrary, it records only repeated positive assessments of Eramo's mental health.

(*Id*.)

### C. Plaintiff admits that she did not prepare a specific Rule 26(a)(2)(C) disclosure for Dr. Lin.

On September 23, 2016, the parties exchanged preliminary witnesses. After seeing Dr. Lin and another doctor on Plaintiff's list, Defendants inquired about the inclusion of these treating physicians, and asked Plaintiff to send a copy of any Rule 26(a)(2)(C) disclosure. (**Exhibit A**, email exchange between counsel.)

In response, Plaintiff admitted that she did not serve an identified "expert disclosure." Instead, Plaintiff's position was that no "particular" expert disclosure was required for treating physicians, and that Plaintiff had properly disclosed these experts through: (i) a reference in her complaint about her alleged post-surgical complications and their connection to stress from the Article; (ii) inclusion in her initial disclosures; (iii) Plaintiff's deposition testimony about her December 19, 2014 surgery and comments her doctor made about his alleged belief about the

Article's impact on her upcoming recovery, and (iv) that Plaintiff had "produced all of her medical records from UVA relating to the time period during which she was hospitalized." (*Id.*)

On September 26, 2016, Plaintiff filed her opposition to Defendants' Motion *in Limine* No. 2, which doubled-down on these same contentions:

> in accordance with the Court's Scheduling Order, Plaintiff timely disclosed the identity of Ms. Eramo's surgeon and provided a summary of the opinion he will render and the basis for that opinion. Specifically, in the complaint (filed May 2015), Ms. Eramo disclosed that the stress brought on by the Article affected Ms. Eramo's ongoing treatment for a recurrence of breast cancer, with the publication occurring shortly before she was scheduled to undergo surgery; and that Ms. Eramo entered surgery emotionally and physically debilitated and suffered post-surgical complications requiring several days of hospitalization and additional surgery. Compl. ¶ 207. In her initial disclosures (served on August 14, 2015), Ms. Eramo identified her surgeons—Dr. Kant Y.K. Lin and Dr. David Brenin[4]—and explained that they had treated Ms. Eramo and were aware of facts regarding her treatment for cancer and medical condition at the time of the Article. *See* Aug. 14, 2015 Pl's Initial Disc. And, during her deposition, Ms. Eramo provided a summary of the opinion that Dr. Lin would render and the basis for that opinion.

(Dkt. No. 197 at 2-3.) In the deposition testimony referenced above, Eramo stated that her doctors "were concerned about [her] going into the surgery in the state [she] was in," and attributed this only to conversations had with her surgeon. (*Id. See also generally* Dkt. No. 173-1 (Plaintiff's complete deposition testimony on this subject).)

**D. Plaintiff did not produce medical records from the relevant time period.**

Notably, Plaintiff did not produce any medical records from her December 19, 2014 surgery. Nor did she produce any medical records reflecting any doctor consultations with Dr. Lin prior to or immediately after her December 19 surgery. But, according to Plaintiff, that was

---

[4] Although listing him on her preliminary witness list, Plaintiff did not include Dr. Brenin on her final trial witness list.

6

the time that Dr. Lin expressed his concern about her recovery. (*See* Dkt. No. 197 ("Ms. Eramo *entered surgery* emotionally and physically debilitated") (emphasis added); Dkt. No. 173-1 at p. 338 (stating that Dr. Lin expressed concern about "*going into the surgery* in the state I was in") (emphasis added).)

Instead, Eramo produced only hospital records related to her subsequent stay in the hospital during the period of January 23-31, 2015, where she was treated for what was a bacterial infection. The voluminous (884 page) hospital records from January 2015 contain no information about the plaintiff having been stressed, experiencing any psychosocial problems, or taking any medication for stress, insomnia, depression or the like. In short, Plaintiff has failed to produce any medical records that reflect any notation that she was in an impaired state due to stress or fatigue prior to her long-scheduled cancer surgery that may have made her susceptible to a post-operative infection, or how a bacterial infection (as opposed to an infection caused by a virus) might have been related to stress or fatigue experienced prior to December 19, 2014.

### E. Plaintiff's initial disclosures—limited to "facts"—are irrelevant to the expert disclosure requirement.

As shown above, Plaintiff references her initial disclosures as part of her Rule 26(a)(2)(C) expert disclosure. By rule (and common sense), initial disclosures do not disclose trial witnesses, but merely individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). And initial disclosures certainly do not disclose experts. This is confirmed by Rule 26(a)(2), which states the expert disclosure requirement is explicitly "*[i]n addition* to the disclosures required by Rule 26(a)(1)," *i.e.*, the parties' initial disclosures. Fed. R. Civ. P. 26(a)(2)(A) (emphasis added).

Further, Plaintiff's initial disclosures only disclosed Dr. Lin as possessing fact information: "Dr. Lin is a surgeon who has treated Plaintiff. He is aware of *facts* regarding

7

Case 3:15-cv-00023-GEC   Document 226   Filed 10/05/16   Page 7 of 16   Pageid#: 12894
23075/1/7738807v1

Plaintiff's treatment for cancer and medical condition at the time of Defendants' article."
(**Exhibit** B, 8.14.15 Initial Disclosures (emphasis added).)   Moreover, Dr. Lin was not the only "treating" medical provider listed as possessing fact information; Plaintiff disclosed four other individuals—two M.D.s, a psychiatrist, and a clinical social worker.  (*See id.*)

### F.  Plaintiff included Dr. Lin as a trial witness.

On October 3, 2016, the parties filed their trial witness list.  Despite the lack of an expert disclosure, Plaintiff's list includes Dr. Lin.  (Dkt. No. 213 at 2.)

## ARGUMENT

### A. Plaintiff did not make a Rule 26(a)(2)(C) expert disclosure for Dr. Lin.

There is no dispute on the dispositive facts:  Plaintiff never sent Defendants anything identified as an "expert disclosure" for Dr. Lin by the Court's May 20, 2016 deadline, much less anything that complied with Rule 26(a)(2)(C)'s requirements for non-retained experts that may be called at trial, including "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff apparently is unconcerned by her failure to comply with Rule 26(a)(2) and the Court's Joint Second Amended Scheduling Order.  Her primary position is that no particular non-retained expert witnesses disclosure is required.  Instead, she contends that Defendants must sift through the record as a whole and intuit:  (i) who her non-retained trial experts are; and (ii) all of the substantive requirements of Rule 26(a)(2)(C), including a summary of those experts' opinions.  This perverse and unsupported construction of Rule 26(a)(2) does not strain the definition of an expert "disclosure;" it negates it.  Plaintiff's argument would allow litigants to intentionally "hide the ball," avoid affirmative expert disclosures, include the non-retained experts on witness lists produced right before trial, and then claim that the other side should have figured out what they meant or intended.

8

The fundamental error and unfairness inherent in Plaintiff's position is clear from Rule 26(a)(2) and the Court's Joint Second Amended Scheduling Order. And courts from around the country have confirmed that this or similar tacks are improper. *See, e.g.*, *Daniels*, 15 F. Supp. at 68 n.5 ("The plaintiff's mere reference to such a theory and the names of the plaintiff's treating physicians do not satisfy the requirements of Rule 26(a)(2)(A) or Rule 26(a)(2)(C), which are designed to ***provide clear notice about the witnesses designated to testify as experts on particular subject matters***. Thus, the plaintiff[']s interrogatory responses are not a substitute for proper Rule 26 disclosures and do not avoid the type of surprise and prejudice Rule 26 is meant to prevent.") (internal citation omitted) (emphasis added); *Derosa v. Blood Sys.*, 298 F.R.D. 661, 664 (D. Nev. 2014) ("The court will not allow plaintiff to ***game the court by waiting till the eleventh hour to designate an expert*** [a treating physician] to testify to an essential element of her claim, preventing [the defendant] form deposing him or otherwise learning the basis for and substance of his opinions.") (emphasis added); *Ingram v. Novartis Pharms. Corp.*, No. CIV-05-913-L, 2012 U.S. Dist. LEXIS 150258, at *5 (W.D. Okla. June 19, 2012) (holding that non-retained experts must provide Rule 26(a)(2)(C) disclosures and that "mere reference to unspecified testimony is insufficient").

Likewise, this Court has previously concluded that parties must make a separate, particular disclosure addressing Rule 26(a)(2)(C)'s requirements. In *Kristensen v. Spotnitz*, No. 3:09cv84, 2011 U.S. Dist. LEXIS 59740 (W.D. Va. June 3, 2011), the Court held that litigants must "generally comply with Rule 26(a)(2)(C)." *Id*. at *4. There, prior to the expert disclosure deadline, the plaintiffs filed a "notice of the use of Drs. Frye, Poehailos, and Elgort as treating physicians." *Id*. at *4. One letter was submitted from Dr. Frye, and the disclosure also

9

Case 3:15-cv-00023-GEC   Document 226   Filed 10/05/16   Page 9 of 16   Pageid#: 12896
23075/1/7738807v1

referenced "medical records of the treating physicians." Subsequently, three "treating physician summar[ies]" were also submitted. *Id*. at *4-5.

The *Kristensen* plaintiffs contended that the late summaries were only a precaution, and that the medical records referenced "exceeded the requirement" of Rule 26(a)(2)(C). The Court flatly disagreed, holding that "whatever the precise meaning of the requirement, a 'summary' is ordinarily understood to be an 'abstract, abridgment, or compendium.'" *Id*. at *5 (quotation omitted). Thus, it held that the plaintiffs "cannot comply with the rule by disclosing the complete records of the treating physicians in issue." *Id*. at *5-6 (citing cases).

Here—and unlike the *Kristensen* plaintiffs—Eramo (by her own admission) did not even attempt to serve an identified expert disclosure for Dr. Lin by the May 20 deadline. And it is clear that reference to disparate discovery materials is plainly insufficient. Rather, Plaintiff must affirmatively announce her expert witnesses long before trial and, for non-retained experts like Dr. Lin, provide a Rule 26(a)(2)(C) disclosure that identifies the expert testimony's subject matter, as well as a summary of all opinions and their factual bases.[5]

---

[5] Although it is not the proper standard, Plaintiff's misguided "disclosure" argument collapses on its face. Her complaint makes no specific reference to Dr. Lin (nor any other treating physician). Her initial disclosures list five medical professionals that have "treated" Plaintiff. Of her 884-pages of medical records produced in discovery, it appears that only two records are from Dr. Lin (neither mentioning her stress damages theory). Her deposition testimony makes no specific reference to Dr. Lin (nor any other treating physician). And Plaintiff's deposition testimony does not state the generic "opinion" that she is now espousing (that stress from the Article caused her post-surgery complications), much less the factual basis for **Dr. Lin's alleged opinion**. Instead, Plaintiff only testified that "they . . . were concerned" about her going into the December 19, 2014 surgery after the Article came out. This is not based on anything in her medical records, but solely on an alleged verbal concern conveyed by her surgeon. Plaintiff's testimony made no mention of a causal link to her complications (rather than a forward-looking "concern"), much less the basis for one. Equally important, Plaintiff has produced no medical records whatsoever from the December 19 surgical procedure where this supposed concern was expressed.

Under Plaintiff's theory though, from this incomplete and amorphous information—interposed with the entire litigation and discovery record for this case—Defendants should have divined that Dr. Lin was disclosed as an expert treating physician, as well as the substance and bases of his opinions.

23075/1/7738807v1

### B. Dr. Lin's undisclosed expert testimony should be excluded.

As this Court has stated, "Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Scott v. Clarke,* No. 3:12cv00036, 2014 U.S. Dist. LEXIS 150494, at *3-4 (W.D. Va. Oct. 22, 2014) (quoting *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005)). Further, a "district court has **'*particularly wide latitude'*** to exercise its discretion to **exclude expert witness testimony** proffered by a party that has **failed to meet the disclosure requirements** imposed by Fed. R. Civ. P. 26(a)." *Scott*, 2014 U.S. Dist. LEXIS 150494, at *4 (quoting *Saudi*, 427 F.3d at 279).

"If a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Whether a failure to disclose may be excused is guided by the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the proffering party's explanation for the nondisclosure.

*Russell v. Absolute Collection Servs.,* 763 F.3d 385, 396-97 (4th Cir. 2014) (*quoting Southern States,* 318 F.3d at 596). Eramo—the non-disclosing party—bears the burden of establishing that her failure to comply with Rule 26(a)(2)(C) was either substantially justified or harmless. *Scott*, 2014 U.S. Dist. LEXIS 150494, at *6. She cannot come close to meeting her burden here.

As an initial matter, Plaintiff has made no attempt to justify or explain her failure to disclose Dr. Lin as an expert trial witness. To the contrary, she trumpets her actions and

11

erroneously claims that Dr. Lin was disclosed, while simultaneously admitting that she made no specific, identified Rule 26(a)(2)(C) disclosure.

Plaintiff's failure is anything but harmless and cannot be cured at this late juncture. Dr. Lin's (and another doctor's) inclusion on Plaintiff's preliminary witness list came as a great surprise to Defendants, who promptly raised this issue, and then filed this motion two days after Plaintiff disclosed Dr. Lin as a trial witness. Defendants do not know the substance or bases of Dr. Lin's opinions, and do not reasonably have time before trial begins to: (i) depose Dr. Lin to learn this information; (ii) determine whether any such opinions should be excluded under Rule 702; and (iii) locate and retain a rebuttal expert. Further, engaging in such an effort would be highly prejudicial to Defendants and their trial preparation. *See, e.g.*, *Schmitt-Doss v. Am. Regent, Inc.*, No. 6:12cv40, 2014 U.S. Dist. LEXIS 107505, at *49 (W.D. Va. Aug. 5, 2014) (allowing the plaintiff to use her improperly disclosed experts at trial would "create incurable surprise for the [d]efendants and leave insufficient time for the parties to obtain competing expert opinions and reports, depose witnesses, and prepare for trial").[6]

Plaintiff has also not shown that Dr. Lin's proposed testimony is "important." For example, according to her sworn deposition testimony, Dr. Lin did ***not*** causally link stress from the Article to any post-surgery complications. Rather, Plaintiff testified that he simply expressed generalized "concern," "going into" her December 19, 2014 surgery.

Undoubtedly, Plaintiff will argue that Dr. Lin should be permitted to testify because the Court has allowed Laura Dunn and John Fourbert to be added to Defendants trial witness list, subject to the limits on their testimony as discussed during the October 4, 2016 hearing. (*See*

---

[6] In *Schmitt-Doss*, although it was plainly insufficient, the plaintiff did fax an "Expert Witness List" on the expert disclosure deadline, which included short descriptions of the "Substance of their Testimony." *Schmitt-Doss*, 2014 U.S. Dist. LEXIS 107505, at *42-43. Again, here, Plaintiff did not attempt to make any identified expert disclosure by the May 20, 2016 deadline.

12

23075/1/7738807v1

Dkt. No. 220.) This is a false equivalency, as the two situations are materially different for at least three reasons.

*First*, Dr. Lin is an expert witness, while Ms. Dunn and Mr. Fourbert are fact witnesses. As explained above, unlike fact trial witnesses, experts must be disclosed months before trial in a sequenced manner. This is because one side's expert witnesses are subject to special discovery, admissibility challenges, and rebuttal by the other side's experts. These procedures take time, which the Federal Rules and the Court's Joint Second Amended Scheduling Order provide, given expert testimony's significance.

*Second*, Defendants affirmatively brought the issue regarding Ms. Dunn and Mr. Fourbert to the Plaintiff's attention by an August 26, 2016 email and by serving Second Amended Initial Disclosures that same day, more than seven weeks prior to trial. (Dkt. Nos. 161-4, 161-5, and 161-6.) Defendants then raised the issue with the Court, by their **motion to include** witnesses filed on September 7, 2016. In sharp contrast, Plaintiff did not affirmatively raise this issue to Defendants or the Court, but simply included Dr. Lin on her witness list, and left it to Defendants to file a **motion to exclude**.

*Third*, there is not a reasonable time to cure. As discussed above, Defendants raised this issue on August 26, and filed their motion for inclusion on September 7. Here, Plaintiff chose to include Dr. Lin on her witness list (without seeking Court permission) on October 3, just two weeks before trial.

### C. Dr. Lin should be precluded from testifying at trial.

As she did in response to Defendants' Motion *in Limine* No. 2, Plaintiff may argue that—even if excluded as an expert—Dr. Lin can testify as to his observations about Plaintiff's appearance around her December 19, 2014 surgery. (*See* Dkt. No. 197 at 4.) Such testimony would be improper, and should be excluded under Rule 702 and/or Rule 403.

13

23075/1/7738807v1

*First*, based on Plaintiff's initial disclosures and subsequent statements, Defendants assume that Dr. Lin's "factual" knowledge about Plaintiff's appearance was necessarily obtained in Dr. Lin's treatment of her, and in that professional doctor-patient capacity. Accordingly, Dr. Lin's knowledge cannot be separated from his specialized training as a doctor, and was required to have been disclosed as expert testimony under Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 702 (applies to testimony "in the form or an opinion *or otherwise*") (emphasis added); Fed. R. Civ. P. 26(a)(2)(A) ("a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705").

*Second*, any "factual" testimony should independently be excluded under Rule 403. Its probative value is minimal. Assuming that Plaintiff were permitted introduce evidence about her breast cancer diagnosis and treatment, she has and can testify as to her appearance and state of mind. So too could any other pure fact witness. Dr. Lin's testimony about Plaintiff's appearance in December 2014 would be cumulative (and thus of low probative value), ***unless it is given undue special import because of his status as a doctor***. This is precisely the type of "unfair prejudice" that Rule 403 is designed to prevent, which here would substantially outweigh the low probative value of any "factual" testimony by Dr. Lin.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to exclude the undisclosed expert testimony of Dr. Kant Lin, M.D., preclude Dr. Lin from appearing as a witness at trial, and provide such additional relief as the Court deems just and proper.

14

23075/1/7738807v1

Respectfully submitted,

ROLLING STONE, LLC
SABRINA RUBIN ERDELY
WENNER MEDIA, LLC

By: /s/ W. David Paxton
       Counsel

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: sexton@gentrylocke.com
E-mail: finney@gentrylocke.com

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison B. Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

                                                  /s/ W. David Paxton