IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROLLING STONE, LLC, )<br>SABRINA RUBIN ERDELY, and )<br>WENNER MEDIA, LLC, )<br>)<br>Defendants. ) | Case No. 3:15-cv-00023-GEC |

## PROFFER OF DEFENDANTS UNILATERAL ALTERNATIVE STIPULATIONS

Defendants Rolling Stone, LLC, Wenner Media, LLC (together, "Rolling Stone"), and Sabrina Rubina Erdely ("Erdely"), by counsel, respectfully submit the following Proffer of Defendants' Unilateral Alternative Stipulations, stating as follows:

Background for Alternative Stipulations:

1. The trial of this case is properly bifurcated between liability and damages. The Defendants endorse this bifurcation for numerous reasons, including the increasingly likely result that the Plaintiff's case (as framed by deposition designations and exhibit disclosures) cannot fairly be tried in the two-week time frame allotted, much less so with the addition of damages into the liability phase. Efficiency and fairness demand bifurcation in this case in any event.

2. The Court has properly ruled that the statements sued upon by the Plaintiff are not defamatory *per se*. Defendants fully endorse this ruling for multiple reasons, most notably that the Defendants disagree with the Plaintiff as to how the statements should be interpreted. For example, Statement #4 hinges on "Eramo's nonreaction" to the narrative just described to her by Jackie relating two additional allegations of gang rape at Phi Kappa Psi. Plaintiff

1

claims to interpret "nonreaction" broadly as an indictment that she then did nothing with this information and was thus derelict in her duties as a dean; and Defendants interpret "nonreaction" as simply reflecting a description of the Plaintiff's countenance and verbal/non-verbal response immediately upon hearing the news of two other gang rape allegations. The other allegedly defamatory statements have similarly contested interpretive underpinnings, leaving it to the jury as to whether to accept or reject the Plaintiff's proposed interpretation. Thus, the Defendants cannot stipulate that the statements are defamatory *per se*, even if they might be defamatory *per se* <u>as interpreted by the Plaintiff</u>.

3. When the statements at issue are not defamatory *per se,* as here, Defendants acknowledge that Plaintiff must prove the existence of some level of damage with regard to each alleged defamatory statement, as an element of her case. In Defendants' view, there is really no issue with deferring the issue of "existence of" damages completely to the damages phase of the trial. <u>If</u> the Plaintiff is successful in meeting the challenge of proving that the statements at issue are false statements of fact, had a defamatory meaning, are of and concerning her <u>and</u> further meets her high burden of proving that each was made with actual malice, <u>then</u> the ultimate question of damages will be asked with regard to each statement, requiring the jury to determine whether the Plaintiff suffered damage as a result of each particular publication.

4. The Plaintiff takes a different approach, believing that some evidence of damages is required in the liability phase of the trial, even with Defendants' agreement to officially defer any such finding until the damages phase.

5. Against this backdrop, Defendants have attempted to reach an agreed stipulation with Plaintiff as to how to proceed with the liability phase of the trial without requiring any

evidence of actual damages. Defendants have proposed several options for mutual agreement, but none of those have been acceptable to the Plaintiff.

## STIPULATION

WHEREFORE, the Defendants offer the following unilateral alternative stipulations, any one of which may be accepted by the Court in resolution of this procedural issue and in order to maintain the efficiency and fairness of this bifurcated trial, all of which are conditioned on the premise that no party and/or witness shall be allowed to present any evidence of actual damages during the liability phase of the trial and each party and/or witness will, in fact, refrain from publishing any evidence or testimony as to damages during the liability phase of the trial:

A. Defendants stipulate that the plaintiff need not prove damages as an element of her liability claim at the liability phase of the trial, reserving that element to the damages phase of the trial (at which such proof will be required in any event). This stipulation may be disclosed to the jury; OR

B. Defendants stipulate that, if asked on direct examination, the Plaintiff would testify during the liability phase of the trial that she has been damaged by each of the allegedly defamatory statements as those statements are interpreted by her and on which she has sued. And, for purposes of the liability phase of the trial only, the Defendants would offer no rebuttal evidence to contradict such blanket assertion by the Plaintiff. This stipulation may be disclosed to the jury; AND,

C. For either of the forgoing stipulations, Defendants further stipulate that they will not raise any issue or objection on appeal asserting that the Plaintiff failed to meet an element of her liability proof during the liability phase of the trial with regards to establishing the

<u>existence of</u> damages as to any of the allegedly defamatory statements.  PROVIDED, HOWEVER,

D. The Defendants reserve the right during the damages phase of the trial to contest the existence, extent and proximate cause of actual damages as to each alleged defamatory statement; and, in the event that <u>any</u> damages testimony (or other form of evidence) is received into evidence or offered by the Plaintiff (or witnesses called by her) during the liability phase of the trial, the Defendant may withdraw these stipulation(s), and they shall be treated as if they had never been made and Defendants may treat any and all damages as fully contested issued for purposes of liability.

ROLLING STONE, LLC
SABRINA RUBIN ERDELY
WENNER MEDIA, LLC

By: /s/ J. Scott Sexton
Counsel

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail:  paxton@gentrylocke.com
E-mail:  sexton@gentrylocke.com
E-mail:  finney@gentrylocke.com

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Telephone: (212) 489-8230

Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison B. Schary (*pro hac vice*)
DAVIS WRIGHTTREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ J. Scott Sexton