IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANTS' EMERGENCY MOTION
# FOR INJUNCTIVE RELIEF AND SANCTIONS

Defendants Rolling Stone, LLC, Wenner Media, LLC, and Sabrina Rubin Erdely ("Erdely"), by counsel, respectfully move this Court to enter an emergency injunction preventing Plaintiff from further violations of the Amended Stipulated Protective Order ("Protective Order") (Dkt. No. 36) in this case, and further move this Court to sanction Plaintiff for violating the Court's Protective Order by leaking confidential deposition videos to ABC for use in a 20/20 feature about the case --- set to air less than three days before trial.

As explained further in Defendants' supporting brief, Plaintiff's improper actions have caused and will continue to cause substantial personal harm and improperly influence the jury pool. The Court has broad powers to fashion appropriate relief and sanctions for such egregious behavior, ranging from dismissal of the action to the following forms of relief, any and all of which are warranted:

1. The Court should enjoin Plaintiff from further violations of the Protective Order, pursuant to Paragraph 10 of the Order;

1

2. The Court should order Plaintiff to inform the Court and Defendants what video testimony she has disclosed to ABC or any other third parties, and what efforts she or her counsel have taken to promote the 20/20 program;

3. The Court should hold Plaintiff in contempt;

4. The Court should prohibit Plaintiff from using any deposition testimony at trial (written transcripts or videos);

5. If the 20/20 broadcast airs as scheduled, the Court should transfer venue and postpone the trial date to allow the memory of the prejudicial broadcast to fade, and require the Plaintiff to reimburse the Court and Defendants for all costs incurred for rescheduling the trial that cannot be mitigated; and

6. The Court should order Plaintiff to pay Defendants the costs and fees they incurred due to Plaintiff's willful and improper conduct.

WHEREFORE, for the reasons stated above and in their supporting brief, Defendants respectfully request that the Court grant their Emergency Motion for Injunctive Relief and Sanctions, grant them the relief specified, and enter such additional relief as the Court deems just and proper.

ROLLING STONE, LLC
SABRINA RUBIN ERDELY
WENNER MEDIA, LLC

By: /s/ W. David Paxton
          Counsel

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail : sexton@gentrylocke.com
E-mail: finney@gentrylocke.com

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison B. Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ W. David Paxton