CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2016

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NICOLE P. ERAMO, | ) |
| | ) Civil Action No. 3:15-CV-00023 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| ROLLING STONE LLC, et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

Nicole Eramo ("Eramo") filed this defamation action against defendants Rolling Stone, LLC, Sabrina Rubin Erdely, and Wenner Media, LLC. On September 22, 2016, the court granted plaintiff's motion for partial summary judgment as to the question of whether the challenged statements were "of or concerning" Eramo. The case is presently before the court on the defendants' motion for reconsideration. For the following reasons, the motion will be granted.

The relevant facts and applicable law of the case are set out in the court's previous memorandum opinion, Eramo v. Rolling Stone, No. 3:15CV23, 2016 WL 5234688 (W.D. Va. Sept. 22, 2016). On October 11, 2016, the court held a hearing on the instant motion. It has been fully briefed and is now ripe for disposition.

In reviewing a motion for reconsideration, the court is "guided by the general principles of Rule 59(e) and Rule 60(b) motions for reconsideration of final judgments." MicroStrategy Servs. Corp. v. OpenRisk LLC, No. 14-cv-1244, 2015 WL 2126924, at *1 (E.D. Va. May 6, 2015). Thus, the court has discretion to depart from a previous ruling "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand

v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). However, "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003). Therefore, "[m]otions for reconsideration of [summary judgment] orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514 (citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983)) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Applying these principles, the court believes that defendants are entitled to reconsideration of the court's September 22, 2016 memorandum opinion regarding whether the statements are "of or concerning" the plaintiff. Certainly, there is no dispute that the statements that specifically mention Eramo are "of or concerning" her, and the court intends to so instruct the jury. However, while the court believes that the remaining challenged statements could be "of or concerning" the plaintiff, whether these statements actually are "of or concerning" Eramo is a question for the factfinder. See Fornshill v. Ruddy, 891 F. Supp. 1062, 1070 (D. Md. 1995), aff'd, 89 F.3d 828 (4th Cir. 1996) ("[T]he question of whether a publication is of and concerning a defamation plaintiff is a matter for the jury to decide."). Accordingly, the defendants' motion for reconsideration will be granted.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 11th day of October, 2016.

_____
Chief United States District Judge

2

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NICOLE P. ERAMO, | ) |
| | ) Civil Action No. 3:15-CV-00023 |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| ROLLING STONE LLC, et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

For the reasons stated in the accompanying memorandum opinion, it is now

**ORDERED**

that the defendants' motion for reconsideration is **GRANTED**.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to all counsel of record.

ENTER: This 11th day of October, 2016.

/s/ Glen E. Conrad
Chief United States District Judge