CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 3 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

NICOLE P. ERAMO, )
 )
   Plaintiff, )
 )
v. ) Civil Action No. 3:15-CV-00023
 )
 ) **MEMORANDUM OPINION**
ROLLING STONE, LLC, et al., )
 ) By: Hon. Glen E. Conrad
   Defendants. ) Chief United States District Judge
 )

Nicole Eramo filed this defamation action against defendants Rolling Stone, LLC ("Rolling Stone"), Sabrina Rubin Erdely, and Wenner Media LLC ("Wenner"). The defendants filed a motion in limine, seeking to exclude a report by the Columbia School of Journalism and evidence regarding the conclusions reached in that report (the "Columbia Journalism Report" or "CJR"). For the reasons set forth below, the motion will be denied.

The background facts of the case are set out in the court's previous memorandum opinion and are not reiterated here. See Eramo v. Rolling Stone, No. 3:15CV23, 2016 WL 5234688 (W.D. Va. Sept. 22, 2016). After independent entities uncovered details undermining the credibility of Jackie's account, Rolling Stone and Wenner reached out to the Columbia School of Journalism to investigate "any lapses in reporting, editing and fact-checking behind the story." William Dana, A Note from the Editor, Rolling Stone and UVA: The Columbia University Graduate School of Journalism Report (April 5, 2015). In formalizing this relationship, Wenner Media promised that the CJR would be published in Rolling Stone magazine and on Rolling Stone's website. Wenner retained the ability to edit the report to some extent, had first publication rights, and agreed to reimburse the Columbia School of Journalism for the expenses incurred in creating the report. When the CJR was published on Rolling Stone's website, it was

presented alongside a note from Will Dana, Managing Editor of Rolling Stone. In the note, Dana stated that Rolling Stone was "committing [itself] to a series of recommendations about journalistic practices that are spelled out in the report." Id.

In their motion, defendants argue that the report should be excluded under Federal Rule of Evidence 403. Plaintiff contends that the CJR is an admission of a party opponent and not unfairly prejudicial. On October 7, 2016, the court held a hearing on the parties' motions in limine. The issue has been fully briefed and is now ripe for review.

Federal Rule of Evidence 801(d)(2) admits an opposing party's statements into evidence as nonhearsay. Fed. R. Evid. 801(d)(2). Notably, an opposing party's statement may be admissible when it "is one the party manifested that it adopted or believed to be true," "was made by a person whom the party authorized to make a statement on the subject," or "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Id. "An admission of a party opponent is, by its very nature, always prejudicial. Rule 403, however, protects only those statements that are unfairly prejudicial." Becton v. Starbucks Corp., No. 2:05-CV-1143, 2007 WL 2688128, at *3 (S.D. Ohio Sept. 6, 2007) (emphasis in original). To the extent the CJR is based on hearsay, anonymous sources, and contains the authors' opinions and conclusions, these arguments are specifically addressed in the commentary to the Federal Rules. Fed. R. Evid. 801(d)(2) note (1)(C)(2) ("The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness[,] . . . from the restrictive influence of the opinion rule and the rule requiring firsthand knowledge, . . . calls for generous treatment of this avenue of admissibility.").

Here, the court believes that the CJR is a statement of a party opponent. Wenner asked the Columbia School of Journalism to make these statements and promised, in advance of the

statements, to publish them. A copy of the CJR appears on Rolling Stone's website alongside a written commitment from Rolling Stone to change its practices based on the report. See Transbay Auto Serv., Inc. v. Chevron USA, Inc., 807 F.3d 1113, 1118 (9th Cir. 2015) ("[W]hen a party acts in conformity with the contents of a document ... such an action constitutes an adoption of the statements contained therein."); see also MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, No. , 2012 WL 2568972, at *4 (S.D.N.Y. July 3, 2012) ("[A]uditors have been held to be agents of a party for purposes of Rule 801(d)(2)(D) and, therefore, statements by auditors are deemed non-hearsay statements of a party opponent."); Reid Bros. Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292, 1306 (9th Cir. 1983) (admitting an outside report when the report was made at the defendant's request, circulated to defendant's officers and managers, and the investigator had full access to defendant's books and records); United States v. Sanders, 749 F.2d 195, 199 (5th Cir. 1984) (noting that the rule "includes statements made by agents authorized to speak concerning a subject as admissions by a party opponent"). Therefore, the court believes the CJR is admissible under Federal Rule of Evidence 801(d)(2) and is not unfairly prejudicial. The court will deny defendants' motion in limine.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 13th day of October, 2016.

_____
Chief United States District Judge

3