CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

NICOLE P. ERAMO,          )
                          )  Civil Action No. 3:15-CV-00023
    Plaintiff,            )
                          )  **ORDER**
v.                        )
                          )  Hon. Glen E. Conrad
ROLLING STONE LLC, et al.,)  Chief United States District Judge
                          )
    Defendants.           )

This case is presently before the court on the parties' motions in limine and defendants' motion to exclude undisclosed expert witness Dr. Lin. For the reasons stated during a hearings held on October 7, 2016 and October 11, 2016, it is hereby

**ORDERED**

as follows:

1. Plaintiff's motion to exclude the twenty-one minute WUVA Interview is **DENIED**. The court may provide a relevant limiting instruction to the jury.

2. Plaintiff's motion to exclude the National Organization for Women Open Letter is **GRANTED IN PART AND DENIED IN PART**. Such evidence may be admitted for impeachment purposes and during a damage phase, if necessary.

3. Plaintiff's motion to exclude the Office of Civil Rights Letter of Finding, the associated draft, and the UVA Compromise Agreement is **GRANTED IN PART AND DENIED IN PART**. Witnesses may make reference to the letter, its conclusions, and its place in the chronology of events, and such evidence may be used for impeachment purposes.

4. Defendants' motion to exclude The Cavalier Daily letter, post-publication emails received by UVA and Eramo, and evidence regarding plaintiff's change in employment is

**DENIED**, provided that the parties remain unable to stipulate as to the damage element of plaintiff's case.

5. Defendants' motion to exclude evidence regarding Eramo's diagnosis and treatment for cancer is **DENIED**. Such evidence is admissible only in the damages phase, if necessary.

6. Defendants' motion to exclude testimony by Dr. Lin is **GRANTED IN PART AND DENIED IN PART**. Dr. Lin is excluded from providing an expert opinion that Eramo's recovery was impacted by stress. Dr. Lin may testify regarding his belief, as Eramo's treating physician, that Eramo was under stress and his experience with patients who enter surgery under independent stressors.

7. Defendants' motion to exclude post-publication emails received by Rolling Stone is **GRANTED**.

8. Defendants' motion to exclude the Charlottesville Police investigation report and contemporaneous press release is **GRANTED IN PART AND DENIED IN PART**. Witnesses may make reference to the investigation, its conclusions, and its place in the chronology of events. The court may provide a relevant limiting instruction to the jury.

9. The defendants' motion to exclude the Columbia Journalism Report is **DENIED**, for reasons set forth in a separate memorandum opinion.

10. Defendants' motion to exclude the post-December 5th emails between Erdely and Jackie is **GRANTED IN PART AND DENIED IN PART**. Such evidence may be admitted only for impeachment purposes.

11. Defendants' motion to exclude the Newseum exhibit or similar third-party criticism is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may introduce evidence of the fact of the Newseum exhibit in the damages phase of the trial but may not present

evidence regarding "The Worst Journalism of 2014" article.

12. Defendants' motion to exclude testimony by the "Three Friends" and regarding "Haven Monahan" is **DENIED**. The court may limit the scope of their testimony.

13. Defendants' motion to exclude testimony regarding Erdely's state of mind is **GRANTED IN PART AND DENIED IN PART**. The witnesses may not testify as to their opinion whether Erdely had a certain mindset. The witnesses may testify regarding Erdely's response to hearing certain information, provided a proper foundation is established.

14. Defendants' motion to exclude opinion testimony concerning the meaning of the statements is **GRANTED IN PART AND DENIED IN PART**. The witnesses may testify whether the statements are consistent with their opinions of Eramo. The witnesses may not testify regarding a dispositive issue in the case, such as whether, in their opinion, the statements reflected negatively on Eramo. The scope of the testimony depends on the foundation laid, the phrasing of the questions, and other matters to be determined at trial.

15. Defendants' motion to exclude the video recording of the Law & Order episode is **GRANTED**.

16. Defendants' motion to exclude previous articles written by Erdely is **DENIED**.

ENTER: This 13th day of October, 2016.

_____
Chief United States District Judge