IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO, | ) |
| | ) |
| Plaintiff | ) Case No. 3:15-cv-00023-GEC |
| | ) |
| v. | ) |
| | ) |
| ROLLING STONE LLC, | ) |
| SABRINA RUBIN ERDELY, and | ) |
| WENNER MEDIA LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 11, 2016 ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS**

Plaintiff respectfully submits this brief in support of her Motion for Reconsideration of the Court's October 11, 2016 Order Granting Defendants' Emergency Motion for Injunctive Relief and Sanctions [Dkt. 267].[1] As explained herein, based on the arguments of the parties and statements by the Court at the October 11 hearing, Plaintiff respectfully believes that the Court's decision to grant Defendants' Motion was based on a misunderstanding of the parties' relevant conduct during discovery in this case—a misunderstanding arising because, or at least exacerbated by, the fact that Defendants' motion was considered less than 18 hours after it was filed, which did not afford Plaintiff an adequate opportunity to respond. Through her Motion for Reconsideration, Plaintiff seeks to correct that misunderstanding and requests that the Court reconsider its ruling on Defendants' Motion. Plaintiff respectfully requests a hearing on this Motion for Reconsideration at an appropriate time during or after trial in this case.

---

[1] *See* Order Granting Defs.' Emergency Mot. for Injunctive Relief & Sanctions [Dkt. 267] (Oct. 11, 2016); Defs.' Emergency Mot. for Injunctive Relief & Sanctions [Dkt. 243] ("Defendants' Motion") (Oct. 10, 2016).

Because Plaintiff believes that the Court's ruling on Defendants' Motion was based on a misunderstanding of the parties' conduct relating to the designation of materials and testimony as confidential under the Protective Order—and the withdrawal of such designations from (de-designation of) some of those materials and testimony—Plaintiff explains the parties' actions regarding confidentiality designations and de-designations below.

## BACKGROUND

During the October 11 hearing on Defendants' Motion, argument on that motion focused almost entirely on the question of whether Plaintiff had ***filed*** videotapes of depositions (as opposed to transcripts) with the Court in support of her summary judgment pleadings. In the span of the 15 transcript pages of the hearing devoted to Defendants' Motion, Defendants' counsel raised the issue of whether discovery materials were filed with the Court no fewer than eight times, and the Court likewise repeatedly focused its attention on whether Plaintiff "tender[ed] the video discs [of depositions] to the Court," in support of Plaintiff's summary judgment filings such that they became a part of the public summary judgment record.[2] The Court also referenced Local Rule 9, which governs the public and under-seal ***filing*** of documents with the Court.[3]

Respectfully, Plaintiff believes that that focus at the hearing, Plaintiff's very limited opportunity for argument at the hearing,[4] and Plaintiff's limited opportunity to respond to

---

[2] *See* Oct. 11, 2016 Hr'g Tr. at 3-18.

[3] *Id.* at 14:11-24.

[4] Plaintiff's counsel had extremely limited opportunity to present argument before the Court expressed its conclusion that the Protective Order had been violated and "the question is: What do we do about it?" (*Id.* at 11:20-13:12.) Indeed, whereas Defendants' counsel's argument spans eight transcript-pages, Plaintiff's counsel's was limited to barely over a single page before the Court expressed its conclusion that the Protective Order had been violated. *Compare id.* at 3-11, *with id.* at 11-13.)

Defendants' Motion before the hearing[5] led to a misunderstanding and improper focus on the question of what materials were actually filed with the Court in support of the parties' summary judgment motions. But the relevant question is not whether testimony was *filed* with the Court—instead the operative question is whether the materials were designated as "Confidential" under the Protective Order. Here there is no question that the testimony provided to the third-party media outlet had been de-designated under the Protective Order (thereby rendering it no longer confidential). That is the key to understanding why Plaintiff did ***not*** violate the Protective Order.

### A. Operation and Effect of the Protective Order.

As the Court and parties know, the default rule in litigation (when there is no protective order in place) is that "[a] party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal,"[6] which includes "dissemination [of materials] to the public."[7] That rule applies to all discovery materials—including videotaped deposition testimony—because "[t]he discovery rules themselves place no limitations on what a party may do with materials obtained in discovery."[8]

Cognizant of that default rule, the parties in this case negotiated and entered into a Protective Order.[9] The Protective Order modified the default rule by allowing parties to designate materials or testimony as "Confidential" under the Protective Order.[10] Under the

---

[5] Plaintiff had fewer than 18 hours to respond to Defendants' 16-page brief (48 pages including exhibits).

[6] *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-84 (5th Cir. 1985) (collecting cases); *see also, e.g., In re Halkin*, 598 F.2d 176, 188 (D.C. Cir. 1979) ("Generally speaking, when a party obtains documents or information through the discovery process, he can use that information in any way which the law permits." (quotation marks omitted)); *Morrow v. City of Tenaha*, No. 08-cv-288, 2010 WL 3927969, at *3 (E.D. Tex. Oct. 5, 2010) (similar).

[7] *Halkin*, 598 F.2d at 188.

[8] *Id.*

[9] *See* Am. Stip. Prot. Order [Dkt. 36] (Nov. 16, 2015) ("Protective Order").

[10] Protective Order at ¶¶ 2.4, 2.9, 5.

Protective Order, materials or testimony designated by a party as "Confidential" could not be shared or disseminated (except as provided in the Order) unless and until one of two events occurs: (1) a party successfully challenges a confidentiality designation and the Court rules the challenged testimony to not be confidential, *or (2) the party who designated testimony as "Confidential" under the Protective Order agrees to de-designate (withdraw its "Confidentiality" designation from) those materials or testimony.*[11]

Critically, once a party de-designates (withdraws its "Confidentiality" designation from) testimony, that testimony is no longer protected by the Protective Order and the parties are once again free to share or disseminate it—just as they would be in a world without a protective order. That is true regardless whether such testimony was ultimately filed with the Court (and thereby injected into the public record by those means) or not, because "[a] party may generally do what it wants with material obtained through the discovery process" that is not otherwise subject to restrictions in a protective order.[12]

It bears emphasis the party de-designating testimony does not need to reproduce those materials to the opposing party without a confidentiality legend on them—which would result in significant and unnecessary expense. Rather, it need only agree to withdraw its confidentiality designation.[13]

### B. The Parties' Actions De-Designating (Withdrawing Their "Confidentiality" Designations from) Materials and Testimony Under the Protective Order.

Here, as summary judgment approached, the parties entered into discussions regarding various materials that one party or the other had designated as "Confidential" under the

---

[11] *Id.* ¶ 6.

[12] *Harris*, 768 F.2d at 683-84.

[13] Protective Order at ¶ 6.2.

4

Case 3:15-cv-00023-GEC   Document 289   Filed 10/17/16   Page 4 of 12   Pageid#: 13918

Protective Order.[14]  The purpose of those discussions was to reach agreement, ***before summary judgment motions and supporting materials were filed***, that at least some of those materials should not, in fact, be designated as "Confidential" (because they are not entitled to confidential treatment under the terms of the Protective Order and applicable law).  The Protective Order expressly contemplates such discussions regarding confidentiality designations:  It provides that any party may challenge any confidentiality designations at any time, and that where a party contends that materials or testimony are not entitled to a confidentiality designation, the parties shall meet and confer regarding the issue.[15]  When the party challenging a confidentiality designation and the party who made that confidentiality designation agree that that designation can be withdrawn (i.e., that the materials or testimony can be "de-designated"), the confidentiality designation is withdrawn and the materials or testimony previously subject to that designation can be freely disseminated—just as if they had never been designated as "Confidential" under the Protective Order.

That is precisely what happened here.  ***Before summary judgment motions and supporting materials were filed***, the parties met and conferred and agreed to withdraw confidentiality designations from numerous documents and deposition testimony.[16]

### C.    The Parties' Summary Judgment Filings.

After the parties agreed to withdraw confidentiality designations from (de-designate) various materials and testimony under the Protective Order, the parties filed their summary judgment motions.  In support of those motions, the parties filed various materials and transcripts of deposition testimony publicly, including materials and testimony that were originally

---

[14] *See generally* Email Chain between E. McNamara and E. Locke (attached as Exhibit A).

[15] *Id.* ¶¶ 6.1, 6.2.

[16] *See generally* Email Chain between E. McNamara and E. Locke (attached as Exhibit A).

designated as "Confidential," but from which the parties had agreed to remove that designation. As both parties' public summary judgment filings make clear, various materials and testimony that the parties agreed were no longer under the Protective Order continued to bear "Confidential" legends on their cover or in their Bates stamps;[17] those legends were simply no longer operative, as the parties had agreed that those materials were no longer confidential under the Protective Order. That meant that these materials could be filed publicly, and did not need to be filed under seal pursuant to Local Rule 9.

### D. Plaintiff's Counsel Shares Only Discovery Materials From Which Confidentiality Designations Had Been Withdrawn Prior To Summary Judgment.

Following the parties' agreement to withdraw "Confidential" designations from various materials and testimony (which, again, occurred prior to the parties' summary judgment filings), Plaintiff's counsel received requests from third-party media companies for access to materials that were not "Confidential" under the terms of the Protective Order.[18] Plaintiff's counsel disclosed to a requesting third-party media company *only* documents and testimony that had never been designated as "Confidential" under the terms of the Protective Order or that had been de-designated (had their initial "Confidential" designation withdrawn)—some of which had *also* been publicly filed. ***None of these materials had been filed under seal pursuant to Local Rule 9***. ***And none were designated Confidential under the Protective Order***. Indeed, Plaintiff's counsel took great lengths—and expended significant resources—to ensure that testimony that was designated as Confidential was excerpted and removed from any video provided to the

---

[17] *See, e.g.*, Exhibits 83. 86. 87, 88, 89. 90, & 91 to Decl. of Elizabeth A McNamara in Supp. of Defs.' Mot. for Summ. J. [Dkt. 108] (July 1, 2016) (deposition transcripts bearing "Confidential" legend on cover page); Exhibits 3, 9, 19, 32, & 34 to Pl.'s Statement of Undisputed Facts in Supp. of Mot. for Partial Summ. J. [Dkt. 99] (July 1, 2016) (deposition transcripts bearing "Confidential" legend on cover page)

[18] *See generally* Decl. of Elizabeth M. Locke in Supp. of Pl.'s Opp'n to Defs.' Emergency Mot. for Injunctive Relief & Sanctions ("Locke Decl.") [Dkt. 248-1] (Oct. 10, 2016); Decl. of Thomas A. Clare in Supp. of Pl.'s Opp'n to Defs.' Emergency Mot. for Injunctive Relief & Sanctions ("Clare Decl.") [Dkt. 248-2] (Oct. 10, 2016).

6

requesting third-party media company.[19] At bottom, Plaintiff's counsel *never* disclosed any materials or testimony that retained a confidentiality designation under the Protective Order or that were filed under seal pursuant to Local Rule 9.[20]

## LEGAL STANDARD

A motion for reconsideration is appropriate where, as here, the Court bases its ruling on a misunderstanding of a party's contentions or "an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, e.g.*, *Madison River Mgmt. Co. v. Bus, Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) (explaining that reconsideration is appropriate where the court has "misapprehended a party's position or the facts or applicable law").

## ARGUMENT

As the above explanation clarifies, Plaintiff's counsel disclosed only testimony that either had never been designated as "Confidential" under the Protective Order or that had previously been designated as "Confidential" under the Protective Order but from which those designations had been withdrawn (de-designated testimony)—before the parties' summary judgment filings. That is entirely proper and allowable.

Moreover, as the attached email correspondence between counsel for the parties makes clear, Defendants had designated—and subsequently de-designated—deposition *testimony* under the terms of the Protective Order. They did not separately designate (or de-designate) deposition transcripts or videotapes as confidential, nor did they de-designate one (transcripts) but not the other (videotapes). Nor could they have. With regard to depositions, the express terms of the Protective Order only allow parties to designate deposition *testimony* as confidential, not the

---

[19] *See id.*

[20] *See generally* Locke Decl.; Clare Decl.

specific forms in which that testimony is recorded. Paragraph 5.2 of the Protective Order provides:

> **5.2 Manner and Timing of Designations.** The designation of Protected Material hall be performed in the following manner:
>
> **(b) For <u>testimony</u> given in deposition or in other pre-trial proceedings,** testimony transcripts, testimony exhibits, and video recordings shall be treated as CONFIDENTIAL for thirty (30) days after receipt of the final transcript to allow time for designation of Protected Material. The Designating Party shall designate and specify any ***portions of the <u>testimony</u>*** that qualify as "CONFIDENTIAL" in writing to all parties. Only those ***portions of the <u>testimony</u>*** that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.[21]

Notably, paragraph 5.2(b) does ***not*** treat "testimony transcripts" and "video recordings" differently. They are both treated as Confidential for thirty days to allow time for appropriate confidentiality designations. And they are ***both*** considered non-confidential once the designating party removes the confidentiality designation from the "portions of testimony" previously designated. And this makes sense: it is the content of testimony, not the form in which it happens to be recorded, that contains the "Confidential Information" that the Order protects (trade secrets, personally identifiable information, etc.).

Accordingly, because Plaintiff's counsel only disclosed videotapes of testimony that was either never designated as confidential or that was previously designated as confidential but from which Defendants had withdrawn such designation, neither Plaintiff nor her counsel violated the Protective Order through that disclosure.

To be sure, Plaintiff continues to believe (as she argued in her Expedited Opposition to Defendants' Motion) that the disclosure of videotaped deposition testimony was ***proper for the additional, separate, and independent reason*** that Plaintiff disclosed only testimony that was

---

[21] *Id.* ¶ 5.2 (bold, non-italic emphasis in original). Emphases added unless otherwise noted.

already in the public record by virtue of the parties' public filing of transcripts of that testimony. Paragraph 3 of the Protective Order ("Scope") provides that "the protections conferred by this Stipulation and Order do *not* cover the following information: (a) except for education records covered by FERPA, any information that ... becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, ***including becoming part of the public record through trial or otherwise.***"[22] Thus, by its own terms, the Protective Order does not apply to prevent disclosure of testimony that becomes part of the public record through the litigation of this case—including through public summary judgment filings.

Plaintiff understands that the Court disagrees with her contention on this point (for purposes of preserving the issue for appeal, Plaintiff incorporates herein and reasserts the arguments on this issue from her Expedited Opposition to Defendants' Motion), but the Court's disagreement with this secondary contention is not dispositive of Defendants' Motion. Although the parties to this case can certainly publicly disclose materials or testimony that have already been publicly filed and that is therefore already part of the public record, they can also disclose materials and testimony that is not yet part of the public record ***as long as those materials or testimony are not designated as "Confidential" under the Protective Order***—either because they were never so designated or because such designation has been withdrawn (the materials or testimony have been de-designated).

Finally, although Defendants did not raise or cite—much less allege any violation of—Local Rule 9 in their Motion, Plaintiff briefly addresses that rule here because the Court mentioned it during the hearing on Defendants' Motion. Plaintiff addresses that rule in order to

---

[22] Protective Order ¶ 3.

assure the Court that Plaintiff did not violate it and to make clear that it is inapplicable to Defendants' allegations in their Motion.

As explained in the Commentary to Local Rule 9, that "rule describes the procedures in criminal and civil cases relating to sealed documents, including pleadings, motions, exhibits, and other material." (Local Rule 9, cmt.)[23] To that end, subsection (a) of the rule explains what a "sealed document" is (a document filed with the Court to which access is restricted to the Court and authorized Court personnel), subsection (b) sets forth the specific procedures for requesting permission from the Court to file a document under seal, subsection (c) sets forth specific types of documents that can be filed under seal without the need for a motion to seal and order granting that motion, and subsection (d) explains that the Clerk of Court will unseal, at the times provided in that subsection, certain documents that have been filed under seal. (*See generally* Local Rule 9.) Critically for present purposes, **Local Rule 9 only applies to materials actually filed with the Court under seal** (in accordance with a Court order granting a motion to seal those materials); **Local Rule 9 is not applicable to discovery materials not filed with the Court under seal.** This is clear from the plain terms of Local Rule 9, and is further confirmed by the commentary to that rule, which notes the difference between the rule and protective orders governing the exchange of discovery materials and provides that "[t]he procedures described in this rule do not affect the ability of the parties to enter into" protective orders governing discovery. (*See* Local Rule 9, cmt.)

At bottom, Local Rule 9 is simply inapplicable here. Defendants do not allege in their Motion that Plaintiff disclosed any materials that had been filed with the Court under seal

---

[23] As the Commentary observes, this Rule limiting the circumstances in which documents may be filed under seal is necessary because "[c]ase law protects generally the right of public access to documents filed in court, both under the First Amendment and the common law. (Local Rule 9, cmt. (citing *Va. Dep't of State Police v. Washington Post*, 386 F.d 567, 575 (4th Cir. 2004)).)

pursuant to Local Rule 9. And Plaintiff has never disclosed any such documents. Rather, Defendants' allegations relate only to testimony adduced in discovery—not testimony filed under seal with this Court—and, as explained above, Plaintiff's counsel's disclosure of that testimony was fully consistent with the Protective Order in this case. Accordingly, Local Rule 9 is inapplicable here and cannot form a basis for an award of sanctions against Plaintiff.

### CONCLUSION

For the reasons herein, Plaintiff respectfully requests that the Court reconsider its October 11, 2016 Order Granting Defendants' Emergency Motion for Injunctive Relief and Sanctions [Dkt. 267], withdraw that Order, and deny Defendants' Motion. Plaintiff requests a hearing on her Motion for Reconsideration.

Dated: October 17, 2016

Respectfully submitted,

By: */s/ Elizabeth M. Locke*
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
Andrew C. Phillips (VA Bar No. 88880)
Joseph R. Oliveri (VA Bar No. 77152)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
andy@clarelocke.com
joe@clarelocke.com

*Attorneys for Plaintiff Nicole P. Eramo*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Nicole Eramo's Brief in Support of Her Motion for Reconsideration of the Court's October 11, 2016 Order Granting Defendants' Emergency Motion for Injunctive Relief and Sanctions was served on the below counsel of record on October 17, 2016 in accordance with the Fed. R. Civ. P.:

Michael John Finney & William David Paxton
GENTRY LOCKE RAKES & MOORE
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9373
Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Elizabeth A. McNamara & Samuel M. Bayard
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230 / Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com

Alison B. Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248 / Fax: (202) 973-4448
Email: alisonschary@dwt.com
*Attorneys for Defendants Rolling Stone LLC,*
*Sabrina Rubin Erdely, and Wenner Media LLC*

Benjamin Gaillard Chew
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036-5303
Telephone: (202) 585-6511
Email: bchew@manatt.com
*Attorney for Defendant Sabrina Rubin Erdely*

Dated: October 17, 2016 By: */s/ Elizabeth M. Locke*
Elizabeth M. Locke