IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO, | ) |
| Plaintiff | ) Case No. 3:15-cv-00023-GEC |
| v. | ) |
| ROLLING STONE LLC, SABRINA RUBIN ERDELY, and WENNER MEDIA LLC, | ) |
| Defendants. | ) |

**PLAINTIFF'S SUBMISSION ON THE ADMISSIBILITY OF DEFENDANTS' INDEMNIFICATION AGREEMENT**

After the jury was excused on Saturday, Plaintiff raised with the Court the issue of the admissibility of the indemnification agreement under which Rolling Stone LLC and/or Wenner Media LLC have agreed to indemnify Ms. Erdely for any damages assessed against her in this litigation. Just this evening, Defendants' counsel informed Plaintiff's counsel for the first time that that agreement is an Indemnification *and Cooperation Agreement*, under the terms of which Ms. Erdely is obligated to cooperate with Rolling Stone LLC and Wenner Media LLC in this litigation.

As the Court correctly indicated on Saturday, evidence of Defendants' indemnification agreement is admissible, and Defendants' contention that the agreement can only be admissible if a defendant affirmatively testifies that "I don't have insurance,"[1] is incorrect. Now that it has become known that Defendants' agreement is in fact an Indemnification *and Cooperation* Agreement, the admissibility of that agreement is even more clear.

---

[1] Oct. 22, 2016 Trial Tr. 158:1-4.

***First***, as the Court noted, evidence regarding Defendants' indemnification agreement "goes to [Ms. Erdely's] motivation giving testimony and whether or not anything that she's saying might or might not be weighted towards Rolling Stone because of the indemnity agreement."[2]  As courts across the county have repeatedly explained, "[i]ndemnification agreements are admissible when relevant to prove a party's knowledge, the corporate relationship of parties, a disputed issue at trial, or to impeach a witness's credibility." *Procaps S.A. v. Patheon Inc.*, No. 12-cv-24356, 2015 WL 11090665, at *5 (S.D. Fla. Oct. 19, 2015) (collecting cases); *see also Brocklesby v. United States*, 767 F.2d 1288, 1299 & n.3 (9th Cir. 1985) (holding indemnification agreement between co-defendants/ "admissible to attack credibility of [defendants'] witnesses"), *cert. denied*, 474 U.S. 1101 (1986); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-cv-9350, 2015 WL 5730101, at *2 (S.D.N.Y. Sept. 10, 2015) (collecting cases and explaining that "[c]ourts have found that indemnification agreements between co-defendants, including agreements regarding the payment of defense fees and costs, are relevant to credibility issues[.]").  Indeed, as courts have explained in holding indemnification agreements between co-defendants admissible, "[t]he relationship and understanding between the Defendants with regard to liability for the acts that comprise [a] lawsuit are especially probative." *Galaxy Computer Servs., Inc. v. Baker*, 325 B.R. 544, 551-52 & n.2 (E.D. Va. 2005) (denying motion in limine to exclude evidence of indemnification agreement); *see also DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 329 (5th Cir. 1997) (holding that an indemnification agreement is "an integral part of the relationship between the parties in [] litigation").

---

[2] *Id.* at 158:22-24.

Similarly, Defendants' Indemnification and Cooperation Agreement is admissible because the cooperation provisions of that agreement—which obligate one co-defendant to cooperate with her other co-defendants—likewise provide a strong incentive for Ms. Erdely to testify favorably for Rolling Stone and Wenner Media (and Rolling Stone and Wenner Media employees to testify favorably for Ms. Erdely) and is thus further probative of Ms. Erdely's bias (and that of Rolling Stone and Wenner Media witnesses). *See, e.g.*, *E. Allen Reeves, Inc. v. Michael Graves & Assocs., Inc.*, No. 10-cv-1393, 2015 WL 105825, at *2 (D.N.J. Jan. 7, 2015) ("The Cooperation Agreement contractually obligates [a witness] to cooperate and assist Plaintiff in obtaining the maximum recovery against Defendant. Its admission is relevant to potential bias on the part of [the witness], and ... the admission of the Cooperation Agreement for this limited purpose does not harm the purposes underlying the rule against admission of compromises."); *see also Goodyear Tire & Rubber Co. v. Dow Deutschland GmbH & Co. OHG*, No. 08-cv-1118, 2009 WL 3614959, at *2 (N.D. Ohio Oct. 28, 2009) (holding provision of settlement agreement requiring cooperation among defendants relevant "determine bias and the reliability of [a party's] testimony" and not protected by Rule 408).

**Second**, and importantly, admission of evidence regarding Defendants' Indemnification and Cooperation Agreement would not prejudice Defendants because, as courts have recognized, "[a] jury is likely to appreciate the concept of an indemnity agreement and the fact that it does not admit liability." *Quad/Graphics, Inc. v. One2One Commc'ns, LLC*, No. 09-cv-99, 2011 WL 4478440, at *2 (E.D. Wis. Sept. 23, 2011).

**Third**, even if evidence regarding Defendants' Indemnification and Cooperation Agreement were not otherwise admissible (which it is), as Plaintiff explained to the Court, Defendants opened the door to its admissibility by soliciting testimony from Ms. Erdely that,

3

among other things, she has not made much money as a journalist, that she was terminated from her contract, and that she has received "zero dollars" from writing since publishing "A Rape on Campus."[3]  As Judge Posner has explained, "[t]he defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab." *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) (Posner, J.).  Accordingly, courts have routinely held that when a defendant pleads poverty or engages in "poor-mouthing," she opens the door to admissibility of indemnification agreements and even otherwise inadmissible insurance policies.  *See, e.g.*, *DSC Commc'ns Corp. v. Next Level Commc'ns*, 929 F. Supp. 239, 248 (E.D. Tex. 1996) (collecting cases) ("Allowing curative admissibility in response to poor-mouthing has garnered support in both the judiciary and academia.").  Here, the amount of Erdely's journalistic compensation (or lack thereof) could only have been elicited by her counsel and offered in an attempt to elicit sympathy from the jury—a wholly improper purpose.  In so doing, Defendants opened the door to evidence regarding their indemnification agreement, which is necessary to rebut Erdely's plea of poverty to the jury.

*Fourth*, evidence of Defendants' Indemnification and Cooperation Agreement is also relevant to and admissible on the issue of damages.  *See, e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 10-cv-248, 2011 WL 7036048, at *5 (E.D. Va. July 5, 2011) (denying motion in limine to exclude evidence of indemnification agreement, and explaining that it is relevant to damages).  Again, this is especially true where, as here, a defendant affirmatively raised the issue of her finances.  As the Second Circuit has explained, "[i]t would be entirely inappropriate for a defendant to raise the issue of his limited financial resources if there existed

---

[3] Oct. 22, 2016 Trial Tr. 156:19-157:13.

an indemnity agreement placing the burden of paying the award on someone else's shoulders." *Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997).

***Finally***, to the extent that Defendants may attempt to liken their Indemnification and Cooperation Agreement to an insurance policy, that analogy has been expressly rejected, as courts do "not consider [an] indemnification agreement to be liability insurance for purposes of [Federal Rule of Evidence] 411." *Galaxy Computer Servs.*, 325 B.R. at 551. But even if courts did treat indemnification agreements as insurance policies, Rule 411 still would not prohibit admission of Defendants' indemnification here to show Defendant Erdely's potential bias and to rebut her claims of poverty. This is clear from the plain terms of Rule 411, which provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. ***But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice*** or proving agency, ownership, or control.

Fed. R. Evid. 411. Here, Ms. Eramo seeks to admit evidence of Defendants' indemnification agreement only to highlight an obvious source of Erdely's potential bias in favor of Rolling Stone and Wenner Media[4] and to rebut Erdely's testimony, elicited by her counsel, that clearly suggested to the jury that is should not find her liable because she lacks the resources to pay a judgment. Any attempt by Defendants to invoke Rule 408 to bar admission of their cooperation agreement also fails, as courts have held that cooperation agreements are not settlement agreements and are not inadmissible under Rule 408. *See, e.g.*, *E. Allen Reeves, Inc.*, 2015 WL 105825, at *2; *Goodyear Tire & Rubber Co.*, 2009 WL 3614959, at *2.

Accordingly, evidence the Indemnification and Cooperation Agreement under which Rolling Stone LLC and/or Wenner Media LLC have agreed to indemnify Ms. Erdely for any

---

[4] The fact that Defendants Rolling Stone LLC and/or Wenner Media LLC have agreed indemnify Ms. Erdely presents a classic case of potential bias, as jurors could view the agreement as an attempt by Rolling Stone and Wenner Media to curry favor with and obtain favorable testimony from Ms. Erdely. Jurors could appropriately discount the credibility of Ms. Erdely's testimony on that basis.

damages assessed against her in this litigation is admissible. As such, Plaintiff respectfully requests that the Court, upon the resumption of the examination of Ms. Erdely, inform and instruct the jury as follows:

> Defendants Rolling Stone LLC and/or Wenner Media LLC have entered an Indemnification and Cooperation Agreement with Defendant Erdely. An indemnification agreement is an agreement under which one or more parties agree to pay costs incurred by or damages assessed against another party. A cooperation agreement is an agreement under which the parties to a case agree and are required to cooperate with each other in the conduct of that case.
>
> Under the Indemnification and Cooperation Agreement between the Defendants, Rolling Stone LLC and/or Wenner Media LLC have agreed (1) to pay all of Defendant Erdely's legal fees and costs associated with this case, (2) to satisfy any judgment and pay any and all damages assessed against Defendant Erdely if she is found liable to Ms. Eramo in this case, *and* (3) that Ms. Erdely is required to cooperate with Rolling Stone LLC and/or Wenner Media LLC in the defense of this case. This means that Defendant Erdely, if found liable to Ms. Eramo, will not be required to personally pay any judgment against her, that Rolling Stone LLC and/or Wenner Media LLC will pay any damages assessed Defendant Erdely, and that Ms. Erdely is contractually required to cooperate with Rolling Stone LLC and Wenner Media LLC in this case.
>
> You may consider the fact of the Indemnification and Cooperation Agreement between Defendants as just described in assessing the Defendants' credibility and when considering the relationship between the Defendants.

Dated: October 23, 2016

Respectfully submitted,

By: */s/ Elizabeth M. Locke*
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
Andrew C. Phillips (VA Bar No. 88880)
Joseph R. Oliveri (VA Bar No. 77152)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
andy@clarelocke.com
joe@clarelocke.com

*Attorneys for Plaintiff Nicole P. Eramo*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Submission on the Admissibility of Defendants' Indemnification Agreement \was served on the below counsel of record on October 23, 2016 in accordance with the Fed. R. Civ. P.:

Michael John Finney & William David Paxton
GENTRY LOCKE RAKES & MOORE
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9373
Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Elizabeth A. McNamara & Samuel M. Bayard
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230 / Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com

Alison B. Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248 / Fax: (202) 973-4448
Email: alisonschary@dwt.com
*Attorneys for Defendants Rolling Stone LLC,*
*Sabrina Rubin Erdely, and Wenner Media LLC*

Benjamin Gaillard Chew
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036-5303
Telephone: (202) 585-6511
Email: bchew@manatt.com
*Attorney for Defendant Sabrina Rubin Erdely*

Dated: October 23, 2016         By:   */s/ Elizabeth M. Locke*
                                       Elizabeth M. Locke