# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | | |
|---|---|---|
| NICOLE P. ERAMO | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-CV-0023-GEC** |
| | ) | |
| ROLLING STONE LLC, | ) | |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' FIRST AMENDED PROPOSED
## JURY INSTRUCTIONS AND VERDICT FORMS

### PRELIMINARY STATEMENT

Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC, submit the following first amended proposed jury instructions, as well as Special Interrogatories that will serve as the Verdict forms in this case.

We have not included previously submitted preliminary instructions, but begin with Proposed Instruction No. 4 to stay consistent with our prior numbering. To reflect changes and rulings in the case since Defendants' original proposed instructions were submitted, as well as the Court's requests, the following instructions have been revised: Nos. 10, 16, 17-20, 32-35, 40, 42, 45, and 49. In addition, we have added Instruction No. 37A to address the damage element that Plaintiff must prove as part of the liability phase, and eliminated Instruction No. 50 as Plaintiff has withdrawn her punitive damage claim. The Special Interrogatories have also been modified consistent with changes in the substantive instructions.

We respectfully request the ability to amend or supplement these proposed charges, or to withdraw proposed charges, as necessary based on the contents of any pending opinions or

1

rulings issued by the Court, any instructions proposed by Plaintiff, any rulings the Court may

render in charging conferences or during the course of the trial, or the evidence adduced at trial.

23075/1/7771438v3

**Proposed Instruction at Close of Evidence & Post Arguments**

**Proposed Instruction No. 4**

**Consideration of the Evidence; Duty to Follow Instructions**

Ladies and gentlemen of the jury, now that you have heard the evidence and the parties' arguments, it becomes my duty to give you the instructions as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions that I will give you and to apply the rules of law so given to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court. Similarly, it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts. Instead, you are the sole judges of fact in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

You must perform your function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 103:01 (6th Ed.);
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.1-2);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.1-2).

3

**Proposed Instruction No. 5**

**All Persons Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

In this case, two of the parties are limited liability companies, which is a legitimate way for businesses to organize and operate. I tell you that limited liability companies are entitled to the same fair consideration that you would give any individual person. Again, all parties are equal before the law.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 103:11; 103:12 (6th Ed.);
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.1-2);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.1-2).

4

**Proposed Instruction No. 6**

**Multiple Defendants**

      Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, any of the other defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No single defendant is to be prejudiced should you find against the other.  Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 103:14 (6th Ed.).

5

**Proposed Instruction No. 7**

**Burden: Preponderance of the Evidence**

Some issues in this action will be decided under the preponderance of the evidence burden of proof. By this is meant the greater weight and degree of evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether a fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence regardless of who may have produced them.

<u>Sources and Authorities</u>:
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.3);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.3);
Adapted from Virginia Model Jury Instruction 3.100.

6

**Proposed Instruction No. 8**

**Burden of Proof: Clear and Convincing Evidence**

Some issues in this action will be decided under the "clear and convincing evidence" standard of proof. "Clear and convincing evidence" is that degree of proof which will produce in your mind a firm belief or conviction, without hesitancy, as to the matter at issue. It is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. The Court will tell you when to apply this standard.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 104.02 (6th Ed.);
Adapted from Virginia Model Jury Instruction 3.110.

7

## Proposed Instruction No. 9

## What is Not Evidence

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again. First, statements, arguments, questions, and comments by the attorneys do not constitute evidence.

Second, objections are not evidence. The parties have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustain an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been.

Third, testimony that I struck from the record or told you to disregard is not evidence and must not be considered.

Fourth, anything you saw or heard about this case outside of the courtroom is not evidence.

Finally, things I may have said or done, or rulings I may have made, are not evidence. I tell you that answers to questions I may have asked should be treated just as answers to any other questions posed. In other words, answers to questions I may have asked should not be taken as having any special meaning or as any indication that I have any particular views about the case.

Sources and Authorities:
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.5);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.11);
Adapted from Virginia Model Jury Instructions 2.000 and 2.170.

8

**Proposed Instruction No. 10**

**Credibility of Witnesses**

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence. In making your credibility determinations, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case. You may consider the fact of the Joint Defense and Confidentiality Agreement between Defendants, including the indemnification and cooperation provisions, in assessing Defendant Erdely's credibility and when considering the relationship between the Defendants.

In evaluating credibility, you may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 105:01 (6th Ed.);
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.6);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.4);
The parties' stipulation;
Adapted from Virginia Model Jury Instructions 2.000 and 2.020.

23075/1/7771438v3

**Proposed Instruction No. 11**

**Impeachment of Witnesses**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you may choose to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness, or give it such weight as you may think it deserves.

<u>Sources and Authorities</u>:
Adapted from 3 Fed. Jury Pract. & Instr. § 105:04 (6th Ed.);
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.8-9);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.5-6).

10

**Proposed Instruction No. 12**

**Number of Witnesses**

You are not bound to decide any issue of fact based on the number of witnesses who testify on an issue, if that testimony does not produce in your minds belief in the likelihood of truth, when compared against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 104:54 (6th Ed.);
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.11);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.7).

11

**Proposed Instruction No. 13**

**Exhibits & Stipulations**

In addition to the testimony of the witnesses, the evidence in the case consists of any and all exhibits which have been received into evidence and all facts which have been either admitted or stipulated.

Sources and Authorities:
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.12);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.8);
Adapted from Virginia Model Jury Instruction 2.000.

23075/1/7771438v3

**Proposed Instruction No. 14**

**Deposition Testimony**

During the trial, certain testimony was presented to you by way of video deposition. A deposition consists of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented under oath on a videotape.

I tell you that video testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed by you, in the same way as if the witness had been present here in court and had testified in person.

Sources and Authorities:
Adapted from 3 Fed. Jury Pract. & Instr. § 105:02 (6th Ed.);
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.10);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.9).

23075/1/7771438v3

**Proposed Instruction No. 15**

**Special Interrogatory Form**

At this time, I am going to ask the marshal to give each of you a copy of a series of Special Interrogatory forms which will be provided to you when you are sent out to deliberate. I want to make reference to the form as I instruct you as to the law which governs the particular case before us today.

Your verdict on the questions posed must be based on the facts as you find them and on the law contained in all of these instructions.

Sources and Authorities:
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.13);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.12).

14

**Claims at Issue**

The plaintiff in this case is Nicole P. Eramo. There are three defendants in this case: Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC.

As you will recall from the opening instructions, Nicole Eramo had asserted defamation claims against the defendants over eleven specific statements. I will briefly review the statements that are still at issue in this case. These statements are also set forth in your Special Verdict Form, and they have been highlighted and identified in the binder provided to you. As will be detailed later in these instructions, the Court has determined that some statements can only be maintained against one or two defendants, rather than all three defendants.

First, Plaintiff alleges that each of the following statements (Statement One through Statement Three) from the article titled "A Rape on Campus," published on November 19, 2014, are false and defamatory of her:

1. "Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."

2. "Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"

3. "A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS.) As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror. … Of all her assailants, Drew was the one she most wanted to see held accountable – but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."

The Court has determined that Statement Four is no longer at issue in this case, and thus it will not be considered further by you.

Second, Plaintiff alleges that the following statement, Statement Five, made by reporter Sabrina Rubin Erdely on the Brian Lehrer Show on November 26, 2014, is false and defamatory of her:

23075/1/7771438v3

5. "[J]ackie was kind of brushed off by her friends and by the administration . . . And eventually, when she did report it to the administration, the administration did nothing about, they did nothing with the information. And they even continued to do nothing when she eventually told them that she had become aware of two other women who were also gang raped at the same fraternity."

Third, Plaintiff alleges that the following statements, Statements Six through Statement Nine, made by reporter Sabrina Rubin Erdely on the Slate DoubleX podcast on November 26, 2014, are false and defamatory of her:

6. "[J]ackie had eventually kind of mustered up the courage to tell the administration that she had been brutally gang raped, and that the University did nothing with this information that they continued to do nothing even when she told them that she had become aware of two other women that were also gang raped at that fraternity."

7. "It is incredibly extreme. I mean whether this was perpetrated by a serial rapist who has many victims – I mean it seems like no matter what, this is an incredibly messed up situation. But it was absolutely a violent crime and I think what was really telling was the idea that – and this really underscores the entire article; is the student body and the administration doesn't really treat rape as a crime, as a violent crime . . . Even in this case, right, exactly. And this is why this case blew my mind, that Jackie's situation blew my mind; that even in a situation that was so extreme and so obviously within the realm of criminal, that they would seek to suppress something like this because that's really what they did. Not only did they not report it to the police, but really I feel she was sort of discouraged from moving this forward."

8. "She's particularly afraid of Drew who she's assigned a tremendous amount of power in her own mind. … So I think that the idea of [Jackie] facing him or them down in any way is really just emotionally crippling for her. She's having a hard time facing up to that, and I think that she needs a lot of support if she's going to get to the place where she can actually confront them. When she does actually run into some of her alleged assailants on campus sometimes, just the sight of them, obviously it's a shock but it also tends to send her into a depression. So it just goes to show sort of the emotional toll something like this would take. I just think it would require a great deal of support for her to move forward into any of these options to resolve her case and that's something that's been completely absent. She really hasn't had any of that support from her friends, from the administration, nor from her family."

9. "What I found is that UVA is a place where their culture is one of extreme loyalty, so I guess it shouldn't have surprised me that the community of survivors, they're totally devoted to the University, even as they're not very happy with the way that their cases are handled. They totally buy into the attitude that radiates from the administration that doing nothing is a fine option. You know, if you unburden yourself to the Dean and take care of your own mental health, then

16

that's good enough. They created this support group, which is great for them and they do activism, they do bystander support seminars, I mean intervention seminars and things like that which is great, but really what they're doing is affirming one another's choices not to report, which is, of course, an echo of their own administration's kind of ethos."

Fourth, Plaintiff alleges that the following statement, Statement Ten, made by reporter Sabrina Rubin Erdely to The Washington Post on November 30, 2014, is false and defamatory of her:

> 10. "As I've already told you, the gang-rape scene that leads the story is the alarming account that Jackie – a person whom I found to be credible – told to me, told her friends, and importantly, what she told the UVA administration, which chose not to act on her allegations in any way – i.e., the overarching point of the article. THAT is the story: the culture that greeted her and so many other UVA women I interviewed, who came forward with allegations, only to be met with indifference."

Finally, Plaintiff alleges that the following statement, Statement Eleven, provided by representatives of Rolling Stone in response to press inquiries on December 1, 2014, is false and defamatory of her:

> 11. "The story we published was one woman's account of a sexual assault at a UVA fraternity in October 2012 – and the subsequent ordeal she experienced at the hands of the University administrators in her attempts to work her way through the trauma of that evening. The indifference with which her complaint was met was, we discovered, sadly consistent with the experience of many other UVA women who have tried to report such assaults. Through our extensive reporting and fact-checking, we found Jackie to be entirely credible and courageous and we are proud to have given her disturbing story the attention it deserves."

Sources and Authorities:
Adapted from *Bates v. Strawbridge Studios, Inc.*, 7:11-cv-00216 (p.12).

23075/1/7771438v3

## Proposed Instruction No. 17

## Defamation by Implication

In addition to Statements One through Three detailed above, the plaintiff alleges that "the Rolling Stone article 'A Rape on Campus,' taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material, implies and insinuates that Nicole Eramo acted as a false friend to Jackie, pretending to be on her side while at the same time discouraging Jackie from pursuing a formal complaint or police investigation regarding her rape allegations in order to suppress the assault and protect the University's reputation."

The article does not say these things directly. Rather, the plaintiff alleges that the article defamed her by implication, in the specific manner quoted above.

A statement that is not directly defamatory may nonetheless suggest a defamatory meaning in an indirect way, that is, by implications. However, the implication proposed by the plaintiff must be present in the plain and natural meaning of the words used. In determining whether the article implies a defamatory meaning, you may make only reasonable inferences from the words actually used, and you must consider the article as a whole.

In addition, the language of the article itself must affirmatively suggest that the defendants intended or endorsed the specific defamatory implication claimed by the plaintiff.

Accordingly, if you find the plaintiff has not proven that the article can reasonably be read to impart the implication quoted and detailed above, then you shall find against the plaintiff on her defamation-by-implication claim. Likewise, if you find that the language of the article does not affirmatively suggest that the defendants intended or endorsed that implication, you must find against the plaintiff on her defamation-by-implication claim.

Sources and Authorities:
*Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993);
*White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir.1990);
*Baylor v. Comprehensive Pain Mgmt. Ctrs., Inc.*, No. 7:09-CV-00472, 2011 WL 1327396, at *7 (W.D. Va. Apr. 6, 2011);
*Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954).

18

**Proposed Instruction No. 18**

**Liability Issues – Rolling Stone**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions. You will be asked a series of questions in Special Interrogatories to address these issues.

The issues in this case are:

(1) Is each statement of and concerning Nicole Eramo?

(2) Is each statement a materially false statement of fact?

(3) Is each statement "defamatory" of Nicole Eramo, as I will define that term for you?

(4) Did <u>Rolling Stone</u> make each statement?

(5) Did <u>Rolling Stone</u> make each statement either knowing it to be false or with serious doubts that it was true at the time it was made?

(6) Was Nicole Eramo damaged as a result of the statement?

On these issues Nicole Eramo has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

<u>Sources and Authorities</u>:
Adapted from Virginia Model Jury Instruction 37.010;
*Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 711, 714-15 (4th Cir. 1991) (*en banc*) (reversing jury finding for, *inter alia*, failure to properly instruct jury as to the definition of "actual malice").

## Proposed Instruction No. 19

## Liability Issues – Wenner Media

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions. You will be asked a series of questions in Special Interrogatories to address these issues.

The issues in this case are:

(1) Is each statement of and concerning Nicole Eramo?

(2) Is each statement a materially false statement of fact?

(3) Is each statement "defamatory" of Nicole Eramo, as I will define that term for you?

(4) Did <u>Wenner Media</u> make each statement?

(5) Did <u>Wenner Media</u> make each statement either knowing it to be false or with serious doubts that it was true at the time it was made?

(6) Was Nicole Eramo damaged as a result of the statement?

On these issues Nicole Eramo has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

<u>Sources and Authorities</u>:
*Adapted from* Virginia Model Jury Instruction 37.010;
*Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 711, 714-15 (4th Cir. 1991) (*en banc*)
(reversing jury finding for, *inter alia*, failure to properly instruct jury as to the definition of "actual malice").

**Proposed Instruction No. 20**

**Liability Issues – Sabrina Rubin Erdely**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions. You will be asked a series of questions in Special Interrogatories to address these issues.

The issues in this case are:

(1) Is each statement of and concerning Nicole Eramo?

(2) Is each statement a materially false statement of fact?

(3) Is each statement "defamatory" of Nicole Eramo, as I will define that term for you?

(4) Did <u>Sabrina Rubin Erdely</u> make each statement?

(5) Did <u>Sabrina Rubin Erdely</u> make each statement either knowing it to be false or with serious doubts that it was true at the time it was made?

(6) Was Nicole Eramo damaged as a result of the statement?

On these issues Nicole Eramo has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

<u>Sources and Authorities</u>:
Adapted from Virginia Model Jury Instruction 37.010;
*Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 711, 714-15 (4th Cir. 1991) (*en banc*) (reversing jury finding for, *inter alia*, failure to properly instruct jury as to the definition of "actual malice").

21

## Proposed Instruction No. 21

## Defamatory Meaning

To be defamatory, an oral or written statement must be more than merely insulting, offensive, unpleasant, or inappropriate. It must have made Nicole Eramo appear odious, infamous, or ridiculous. A defamatory statement must be a false statement that harms a person's reputation rendering him or her contemptible or ridiculous in the public's estimation, and exposing him or her to public hatred, ridicule, or contempt.

Words alleged to be defamatory are to be taken in their plain and natural meaning, and to be understood as other people would understand them, and according to the sense in which they appear to have been used.

Sources and Authorities:
*Schaecher v. Bouffault*, 290 Va. 83, 93-94 (2015);
*Yeagle v. Collegiate Times,* 225 Va. 293, 296 (1998);
*Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993);
*Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7 (1954).

22

## Proposed Instruction No. 22

## Defamatory Meaning: Consideration of the Publication as a Whole

In determining whether any particular statement is false and defamatory as to the plaintiff, you must read that statement in the context of the article as a whole, or in the context of the interview or statement as a whole, as applicable. This means you may not seize on any one word, phrase, or image, or consider only one particular statement, phrase, or passage in isolation.

<u>Sources and Authority</u>:
*Reuber v. Food Chem. News, Inc.*, 899 F.2d 271, 278 (4th Cir. 1990) (trial court properly instructed jury to consider statements in context of "the article as a whole"), *rev'd en banc on other grounds*, 925 F.2d 703 (4th Cir. 1991);
*Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40, 47-49 (2009);
Restatement (Second) of Torts § 613, cmt. d & § 614, cmt. d.

23

**Proposed Instruction No. 23**

**Definition of "Of and Concerning"**

Plaintiff has the burden of proving that the allegedly defamatory statements are "of and concerning" her.  To satisfy the "of and concerning" test, Nicole Eramo must prove that the statements were intended to refer to her and would be so understood by persons reading or hearing them who knew her.  She does not need to prove that she was mentioned by name, but if the statements on their face do not show that they apply to Nicole Eramo, then she has not satisfied her burden of proof.

Sources and Authorities:
*WJLA-TV v. Levin*, 264 Va. 140, 152 (2002);
*Gazette, Inc. v. Harris*, 229 Va. 1, 37 (1985).

24

23075/1/7771438v3

**Proposed Instruction No. 24**

**Of and Concerning: No Recovery for Defamation of Government Institution**

You are instructed that a magazine and its reporter, just like any other American citizen, has the right to criticize the actions and statements of any state government agency, including the University of Virginia, and to criticize actions taken or not taken by that state government agency.

The U.S. Constitution does not permit the University of Virginia, or any other state or federal government agency, to sue for defamation. In this regard, it is important to remember that the University of Virginia is not the plaintiff in this action. If you decide that any of the statements at issue are about actions, statements or positions taken by the University of Virginia or others who work for UVA, and not about Nicole Eramo personally, then you must find for the defendants with respect to those statements.

Sources and Authorities:
*New York Times v. Sullivan*, 376 U.S. 254, 291-92 (1964).

23075/1/7771438v3

## Proposed Instruction No. 25

### Falsity

The plaintiff must also prove the falsity of each allegedly defamatory statement and implication about which she complains. No matter how inflammatory or hurtful a statement may be, no matter what the defendants' motive in writing or publishing it, if the Plaintiff fails to prove by a preponderance of the evidence that the statement or alleged implication, if it exists, is false, you must render a verdict for the defendants on that claim.

The Plaintiff must prove more than literal falsity or a minor error. It is not necessary that the statement or implication be literally true in every detail so long as it is substantially accurate. Substantial truth is an absolute and complete defense to an action for defamation.

You must remember that there is no burden on the defendants to prove the truth of any statement at issue. Defendants were free to offer proof of truth, but by doing so they did not assume the burden of convincing you of the truth of these statements. The burden remains on the plaintiff, Nicole Eramo, to prove that each statement and implication she complains of is false in an important, material respect. If Nicole Eramo has not proved that the statements and implications that she complains of are false in an important, material respect, then you must find for the defendants. If you find that the statements are substantially true such that their gist or substance is correct, the Plaintiff has not met her burden even if you believe the statement contains inaccuracies or could have been better prepared.

A plaintiff may only recover for provably false statements of fact. If you find that the statements at issue are critiques that assert underlying statements of fact, and the plaintiff does not meet her burden to prove that those underlying statements of fact are materially false, then you must find for the defendant even if you disagree with the critique.

Sources and Authorities:
*Jordan v. Kollman*, 269 Va. 569, 576 (2005);
*Shenandoah Publishing House, Inc. v. Gunter*, 245 Va. 320, 324-25 (1993);
*Air Wisconsin Airlines Corp. v. Hoeper*, 134 S. Ct. 852, 861 (2014);
*Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 768-69 (1986);
*Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993).

23075/1/7771438v3

## Proposed Instruction No. 26

## First Amendment Protection for Speech about Public Figures

The United States Constitution guarantees that all citizens, including journalists and magazine publishers, shall have the right to report, discuss, and comment on the conduct of public figures. This right of "free speech" is a fundamental right of every citizen in our country. This constitutional right does not depend on the reasons or motives for the publication, the manner or style in which it is published, whether it might result in embarrassment to persons involved, or whether some other person would not have published it or would have published it differently.

The Court has determined as a matter of law that the plaintiff, Ms. Eramo, is a public figure in this case. Therefore, there is no liability for any of the defendants for any of the statements at issue unless the plaintiff proves that one or more of the statements were "of and concerning" her, were false and defamatory, and were published by that defendant either knowing at the time that the specific statement was false, or while having serious doubts that it was true.

Sources and Authorities:
*New York Times v. Sullivan*, 376 U.S. 254 (1964);
*St. Amant v. Thompson*, 390 U.S. 727 (1968);
*Time Inc. v. Pape*, 401 U.S. 279 (1971);
*Carr v. Forbers*, 259 F.3d 273 (4th Cir. 2001);
*Reuber v. Food Chem. News, Inc*., 925 F.2d 703 (4th Cir. 1991).

23075/1/7771438v3

## Actual Malice

The plaintiff has the burden of proving "actual malice" by clear and convincing evidence. To meet this burden, she must prove by clear and convincing evidence that, at the time it was published, each defendant made each statement either:

(1) with knowledge that the statement was false; or

(2) with serious doubts as to whether that statement was true.

"Knowledge that the statement was false" means each defendant must have had actual knowledge, at the time of publication, that each statement was in fact false.

"Serious doubts as to whether the statement was true" means each defendant must have <u>in fact</u> subjectively entertained in his/her mind serious doubts as to the truth of each statement.

Actual malice is a subjective analysis that looks to the state of mind of each defendant. If any defendant believed a statement was substantially accurate at the time of its publication, the defendant cannot be liable for it.

<u>Sources and Authorities</u>:

*St. Amant v. Thompson*, 390 U.S. 727, 731 (1968);

*Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 711, 714-15 (4th Cir. 1991) (*en banc*) (reversing jury finding for, *inter alia*, failure to properly instruct jury as to the definition of "actual malice");

*Ryan v. Brooks*, 634 F.2d 726, 734 (4th Cir. 1980) (definition of "actual malice" set forth in *St. Amant* is proper for jury instruction);

*Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008);

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991);

*Bose Corp. v. Consumer Union of U.S., Inc.*, 466 U.S. 485, 512 (1984).

## Proposed Instruction No. 28

### Clear and Convincing Evidence of Actual Malice

The plaintiff must prove the existence of "actual malice" by clear and convincing evidence. Clear and convincing evidence is that degree of proof which will produce in your mind a firm belief or conviction, without hesitancy, that the defendants' acted with "actual malice" as I have defined it in these instructions. It is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt.

The plaintiff must prove actual malice by clear and convincing evidence for each defendant and each statement individually.

Sources and Authorities:
*United States v. Watson*, 793 F.3d 416, 420 (4th Cir. 2015);
*Jafari v. Old Dominion Transit Mgmt. Co*., 913 F. Supp. 2d 217, 225 n.4 (W.D. Va. 2012)(quoting *Southeastern Tidewater Opportunity Project v. Bade*, 246 Va. 273, 276 (1993);
Adapted from Virginia Model Jury Instruction 3.110.

29

## Proposed Instruction No. 29

### Actual Malice Is More than Negligence

There is a fundamental difference between negligence or lack of due care and actual malice. The defendants' conduct in this case is not to be measured by whether a reasonably prudent person in their position would have published the statement in the article or would have investigated further before publishing. Even if you find that the defendants or any one of them were negligent and did not exercise appropriate care in the research or preparation of the article, this failure alone does not establish the "actual malice" required in this case.

Actual malice is a subjective standard. It is the defendant's actual <u>knowledge</u> at the time of publication that is controlling, and not what the defendant, with hindsight, could have learned or might have learned.

The plaintiff cannot establish actual malice by proving that the defendants, or any one of them, presented a one-sided or unbalanced account of the facts in question. Even if you feel the article was not fair, this fact alone does not establish actual malice. To find actual malice, you must find clear and convincing evidence that, at the time of publication, each defendant either knew that each statement was false or had serious doubts as to whether it was true. The question is not whether that defendant <u>should have</u> had doubts; the plaintiff must present clear and convincing evidence that defendant <u>actually</u> had serious doubts as to whether the statement was true.

<u>Sources and Authorities</u>:
*St. Amant v. Thompson*, 390 U.S. 727 (1968);
*Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 711, 714-15 (4th Cir. 1991) (*en banc*) (reversing jury finding for, *inter alia*, failure to properly instruct jury as to the definition of "actual malice");
*Ryan v. Brooks*, 634 F.2d 726, 734 (4th Cir. 1980) (definition of "actual malice" set forth in *St. Amant* is proper for jury instruction);
*Hatfill v. The New York Times Co.*, 532 F.3d 312, 325 (4th Cir. 2008).

23075/1/7771438v3

**Proposed Instruction No. 30**

**Actual Malice Is Not Ill-Will, Hatred, or Bias**

The term "actual malice" should not be confused with the more common meanings of the word "malice," such as ill-will or hatred. Actual malice is not established merely because a journalist or magazine publisher was motivated by ill-will, prejudice, hostility, hatred, contempt, or even a desire to injure the plaintiff.

Journalists and magazine publishers are entitled to publish what they believe to be the truth, regardless of how they may feel about the subject of the publication. Moreover, the fact that an article or statements made may advance a particular viewpoint or advance a partisan cause does not constitute actual malice. The crucial question is whether the defendant <u>knew</u> that the statement complained of was false or in fact entertained <u>serious doubts</u> as to whether it was true.

<u>Sources and Authorities</u>:
Adapted from Bacigal, Virginia Practice – Jury Instructions § 48:17 (2015) (citing *Garrison v. State of La.*, 379 U.S. 64, (1964) and *Ryan v. Brooks*, 634 F.2d 726 (4th Cir. 1980));
*Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 715-16 (4th Cir. 1991).

31

## Proposed Instruction No. 31

## Actual Malice Is Not Established By Failure to Investigate

Actual malice is not measured by whether a reasonably prudent person would have published, or would have done further investigation before publishing. Failure to investigate does not establish actual malice. Thus, it is not enough for the plaintiff to prove that the defendants did not conduct a thorough investigation of the facts or that they were negligent or careless in the way they wrote or edited the article. Likewise, it is not enough for the plaintiff to prove that the defendants departed from accepted standards of journalism in the reporting, editing, or fact-checking of the article or post-publication statements that the plaintiff complains of. Defendants are not required to track down every possible source, and they are not required to interview every person whom the plaintiff believes they should have interviewed. In order to recover, the plaintiff must prove that the defendants knew that the complained of statements were false or in fact entertained serious doubts as to whether they were true. If you find that the defendants believed the sources of information for the article to be reliable and believed the statements to be accurate when published, you must find in favor of defendants and against the plaintiff.

Sources and Authorities:
*Jackson v. Hartig*, 274 Va. 219, 229 (2007);
*Shenandoah Pub. House, Inc. v. Gunter*, 245 Va. 320, 324 (1993);
*St. Amant v. Thompson*, 390 U.S. 727 (1968);
*Reuber v. Food Chemical News*, 925 F.2d 703, 711-12, 716 (4th Cir. 1991);
*Ryan v. Brooks*, 634 F.2d 726, 732, 734 (4th Cir. 1980);
*Fitzgerald v. Penthouse Int'l, Lt*d. 691 F.2d 666, 670 (4th Cir. 1982);
*CACI Premier Tech., Inc. v. Rhodes*, 536 F.3d 280, 300 (4th Cir. 2008);
*Reuber v. Food Chemical News*, 925 F.2d 703 (4th Cir. 1991);
*Church of Scientology Int'l v. Daniels*, 992 F.2d 1329 (4th Cir. 1993);
*Hugger v. Rutherford Inst.*, 94 F. App'x 162, 167 (4th Cir. 2004);
*Levan v. Capital Cities/ABC, Inc.*, 190 F.3d 1230, 1243 (11th Cir. 1999);
*Richmond Newspapers, Inc. v. Lipscomb*, 234 Va. 277, 289-90 (1987).

32

## Proposed Instruction No. 32

### Selective Presentation of Facts Is Not Actual Malice

The First Amendment protects a magazine author or publisher's right to decide what facts it will report on a particular matter and what facts it chooses not to report. The plaintiff may only recover for a selective presentation of the facts by proving, by clear and convincing evidence, that the publisher selected the material to report or not report with "actual malice," that is, with actual knowledge or a high degree of awareness that it would create a false statement of fact.

Sources and Authorities:
*Levan v. Capital Cities/ABC, Inc.*, 190 F.3d 1230, 1243 (11th Cir. 1999);
*Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 681-82 (9th Cir. 1990);
*Howard v. Antilla*, 294 F.3d 244, 254-55 (1st Cir. 2002) ;
*Janklow v. Newsweek, Inc.*, 788 F.2d 1300, 1306 (8th Cir. 1986);
*Biro v. Condé Nast*, 963 F. Supp. 2d 255, 285-86 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015);
*Perez v. Scripps-Howard Broad. Co.*, 35 Ohio St. 3d 215, 220, 520 N.E.2d 198, 204 (1988);
*Dixon v. Ogden Newspapers, Inc.*, 416 S.E.2d 237, 244 (W. Va. 1992);
*Reliance Ins. Co. v. Barron's*, 442 F. Supp. 1341, 1352 (S.D.N.Y. 1977).

**Proposed Instruction No. 33**

**Implication and Actual Malice**

In this case, the plaintiff claims that article "A Rape on Campus" conveys an implication about her that is false and defamatory. In order to find "actual malice" with respect to that alleged implication, you must find by clear and convincing evidence that the defendants <u>knew</u> or <u>intended</u> the defamatory inferences that the plaintiff claims may be drawn from their statements.

<u>Sources and Authorities</u>:
*Saenz v. Playboy Enters., Inc.*, 841 F.2d 1309, 1319 (7th Cir. 1988);
*Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 681-82 (9th Cir. 1990);
*Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1064 (9th Cir. 1998).

23075/1/7771438v3

**Rational Interpretation of Ambiguous Events and Subject Matter**

The First Amendment protects the right of a journalist or magazine publisher to interpret ambiguous events and subject matters. Thus, when a journalist or publisher expresses a viewpoint that is one among a number of possible rational interpretations of an ambiguous event or subject matter, the actual malice standard does not permit liability for expressing that rational interpretation even if the interpretation turns out to be wrong or ill-conceived. Therefore, if you find that any of the statements that the plaintiff challenges in this case or the alleged implication are rational interpretations of ambiguous events or subject matter, then you must find in favor of defendants and against the plaintiff with respect to that statement.

Sources and Authorities:
*Bose Corp. v. Consumer Union of U.S., Inc.*, 466 U.S. 485, 512-513 (1984);
*Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971);
*CACI Premier Tech., Inc. v. Rhodes*, 536 F.3d 280, 296 (4th Cir. 2008).

35

**Republication**

Nicole Eramo claims that by appending the "Editor's Note" to the top of the existing online article on December 5, 2014, Rolling Stone "republished" the content of the original article. In assessing her claim, you must consider the content of the "Editor's Note" and all other evidence you find that bears on the issues to be decided. Only one action for damages may be maintained for any single publication.

In order to find that Rolling Stone "republished" the original online article on December 5, 2014, you must find that by adding the "Editor's Note" to the top of the online article, Rolling Stone (1) <u>affirmatively reiterated</u> the content of any allegedly false and defamatory statements or the alleged implication in the original article, and (2) that it did so with the <u>intent to reach a new audience</u> that was not targeted by the original publication.

Further, if you find a republication occurred on December 5, 2014, then in order to find for the plaintiff against any of the defendants you must also find by clear and convincing evidence that the defendant made this republication with actual malice as previously defined.

<u>Sources and Authorities</u>:
*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777-78 (1984);
*Clark v. Viacom Int'l Inc.,* 617 F. App'x 495, 504-05 (6th Cir. 2015);
*Yeager v. Bowlin*, 693 F.3d 1076, 1082 (9th Cir. 2012);
Sept. 22, 2016 Memorandum Opinion (Dkt. 188) at 24-25.

**Proposed Instruction No. 36**

**Definition of Independent Contractor**

Sabrina Rubin Erdely is an independent contractor of Rolling Stone. As an independent contractor, Sabrina Rubin Erdely is engaged to produce a specific result but is not subject to Rolling Stone's control as to the way she brings about that result.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction No. 8.100.

37

## Proposed Instruction No. 37

## Acts and Knowledge of Independent Contractor not Imputed to Principal

A person who hires an independent contractor is not liable for the independent contractor's actions and is not assumed to have the same knowledge as the independent contractor, and vice versa. Because Sabrina Rubin Erdely is an independent contractor and not an employee of Rolling Stone, Ms. Erdely's knowledge and actions may not be imputed to Rolling Stone. Similarly, Rolling Stone's knowledge and actions are not imputed to Ms. Erdely.

Thus, in determining whether each defendant acted with "actual malice," you may not assume without evidence that all defendants share the same knowledge. Plaintiff must prove the state of mind for each defendant with respect to each statement.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 8.110;
*McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1302-03 (D.C. Cir. 1996);
*Price v. Viking Penguin, Inc.*, 881 F.2d 1426, 1446 (8th Cir. 1989);
*Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1034 (2d Cir. 1997).

23075/1/7771438v3

## Proposed Damages Instruction No. 37A

## The Existence of Actual Damages

Damages are not to be presumed nor may they be based on speculation, but they must be proven. The burden is on Nicole Eramo to prove by a preponderance of the evidence that each statement or the alleged implication resulted in damage to her. You need not consider the amount of any damages at this stage of the case. Rather, the issue is whether Nicole Eramo has proven that each statement or the implication in fact was the proximate cause of damage to her.

Damage proximately caused by ta statements or the implication at issue could consist of: (1) any insult to her including any pain, embarrassment, humiliation, or mental suffering; and/or (2) any injury to her reputation.

A proximate cause of injury or damage is a cause that in natural and continuous sequence, unbroken by an intervening cause, produces the injury or damage. It is a cause without which the injury or harm would not have occurred.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 3.100, 5.000, 9.010, 37.100.

39

**Proposed Instruction No. 38**

**Deliberations**

In just a few moments it will be time for you to retire to the jury room to begin your deliberations. You will be permitted to take all of the exhibits with you, as well as a copy of the court's written instructions.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesman here in court. A verdict form has been prepared for your responses. You will take this form to the jury room. I tell you that in answering the questions on the verdict form, it is necessary that each of you agree as to the response. Your verdict as to each question must be unanimous.

The verdict must represent the considered judgment of all of you. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

You must each decide the case for yourself but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But, do not surrender your honest convictions as to the weight or effect of the evidence solely because others among you may disagree or for the mere purpose of returning a verdict. Your sole interest is to seek the truth from the evidence of the case.

During your deliberations, you must not communicate  about this case to anyone who is not a member of the jury by any means.

You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Twitter, Snapchat, LinkedIn, or YouTube to communicate any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone in person, on the phone, send text messages or electronically communicate in any other way with anyone about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate issues or people involved in this case. It is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate.

You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow

40

jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Sources and Authorities:
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.31-33);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.25-27);
Adapted from Virginia Model Jury Instruction 2.000;
"Revised Jury Instructions Hope to Deter Juror Use of Social Media During Trial," (August 21, 2012) (discussing federal model jury instructions on the use of social media), found at http://www.uscourts.gov/news/2012/08/21/revised-jury-instructions-hope-deter-juror-use-social-media-during-trial).

23075/1/7771438v3

**Proposed Instruction No. 39**

**Selection of Foreman & Requirement for Unanimity**

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. I again tell you that your answers to the questions on the Special Interrogatory form must be unanimous. Once you begin your deliberations, if you find it necessary to communicate with the court, let the marshal know and he will in turn let me know so we can all reconvene in open court. Once you begin your deliberations, you should not have contact with any person other than the marshal.

If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial. If you want to communicate with me at any time,· please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

You should not let anyone know, including the court or the marshal, how you stand on your deliberations either numerically or on the questions before you, until after you have reached a unanimous verdict.

Sources and Authorities:
*McKinley v. The Salvation Army*, 7:15-cv-00166 (p.31-33);
*Walker v. Mod-U-Kraf*, 7:12-cv-470 (p.25-27).

23075/1/7771438v3

**Proposed Damages Instruction No. 40**

**Damages Issues**

We are now entering the final phase of this action, the issues in this phase of the case are:

(1) Did the statements made by one or more defendants that were found to be false and defamatory cause damage to Nicole Eramo;

(2) If Nicole Eramo is entitled to recover, what is the amount of her actual damages; and

On these issues, the plaintiff has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 37.010.

23075/1/7771438v3

**Proposed Damages Instruction No. 41**

**Issue of Damages**


      The Court instructs the jury that the fact that I am going to address you on the issue of damages is not to be taken as any indication that I feel the plaintiff is or is not entitled to recover damages.  I am required to instruct you on all principles of law that apply to this case.  Even if the plaintiff has established the threshold requirements under the Special Interrogatories to get to this phase of the case, it does not necessarily mean that the plaintiff is entitled to damages.   The plaintiff is only entitled to damages if she proves actual damages as described in these instructions.

Sources and Authorities:
*See generally* Virginia Model Jury Instructions 3.100, 9.010, and 37.100.

23075/1/7771438v3

**Proof of Actual Damages**

Damages are not to be presumed nor may they be based on speculation, but they must be proven. The burden is on Nicole Eramo to prove by a preponderance of the evidence each item of damage she claims and to prove that each item was caused by the statement for which a particular Defendant may be held liable. Unless such item or element is proven by a preponderance of the evidence, then the plaintiff cannot recover for such item or element.

In proving actual damages, Nicole Eramo must prove that the Defendant's statement which you found to be defamatory and made with actual malice, was the proximate cause of the injury or damage that she claims.

If you find that the plaintiff has proven that the statement or statements of the Defendant was the proximate cause of her claimed damage, then she is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the Plaintiff fails to do so, then she cannot recover for that item.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 3.100 and 9.010;
*Fleming v Moore*, 221 Va. 884 (1981).

45

**Proposed Damages Instruction No. 43**

**Damages from two causes – Burden of Proof**

Defendants may only be held responsible for injuries and harms inflicted by the defamatory statements of fact which they made, and not for injuries or harms sustained by the plaintiff from accurate reports of statements made by the plaintiff prior to November 19, 2014 which were subsequently reported on by television broadcasts and other media publications.

If you find from the evidence that damage to plaintiff resulted from two causes, and that Defendants are only responsible for one, the burden is on the plaintiff to produce evidence of establish to a reasonable degree of certainty the share of damages for which the Defendants are responsible.

In making this determination, you can only award damages attributable to the statement found to be false and defamatory about her and made with actual malice. If the plaintiff suffered damages from other portions of the article or statements, she cannot recover those damages. If the plaintiff fails to prove with a reasonable degree of certainty the amount of damages she suffered over and above the non-actionable portions, then she cannot recover.

Sources and Authorities:
*Hale v. Fawcett*, 214 Va. 583, 586 (1974);
*Diggs v. Lail*, 201 Va. 871, 876 (1960);
*Lane v. Hampton,* , 197 Va. 46, 50 (1955);
*Sheckler v. Va. Broad. Corp.*, 63 Va. Cir. 368 (Charlottesville 2003).

23075/1/7771438v3

**Proposed Damages Instruction No. 44**

**Proximate Cause**

A proximate cause of injury or damage is a cause that in natural and continuous sequence, unbroken by an intervening cause, produces the injury or damage. It is a cause without which the injury or harm would not have occurred.

The mere fact that the plaintiff may have suffered harm or damage is not proof of the fact that the Defendant's defamatory statement caused that harm or damage. If you find that any of the harm or damages claimed by the plaintiff resulted from matters other than the Defendant's defamatory statement, then Plaintiff may not recover for such damages in this action.

<u>Sources and Authorities</u>:
Adapted from Virginia Model Jury Instruction 5.000.

47

## Proposed Damages Instruction No. 45

## No Recovery to Plaintiff for Harm to Others

There is only plaintiff in this case that is Nicole Eramo, an individual who is employed by the University of Virginia. None of the other individuals mentioned in the article are part of this case, and any harm you believe any of them may have suffered, or any harm you believe others close to Ms. Eramo may have suffered are not elements of damage that can be awarded to plaintiff in this case.

In this regard, any damage to reputation or harm you believe may have been suffered by the University of Virginia, any of its employees, or students is of no consequence in deciding whether Ms. Eramo has personally been damaged. You may not enhance or increase the compensatory damage award to Ms. Eramo because you believe that others close to her also suffered damage or loss, for she may only recover for her losses.

Sources and Authorities:
*Little v. Cook*, 274 Va. 697, 714 (2007).

23075/1/7771438v3

**Proposed Damages Instruction No. 46**

**Superseding Cause**

A superseding cause is an independent event that completely breaks the connection between the defendant's action (or statement here) and the plaintiff's injury. A superseding cause breaks the chain of events so that the defendant's original action (or statement) is not a proximate cause of the plaintiff's injury in the slightest degree.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 5.010.

49

# Proposed Damages Instruction No. 47

## Actual Damages

In determining the amount of damages to which Nicole Eramo is entitled, you may take into consideration all of the circumstances surrounding the statements, the occasion on which the statements were made, and the extent of their publication, the nature and character of the statements, the probable effect on those who read or heard the statements, and their probable and natural effect upon Nicole Eramo's personal feelings and upon her standing in the community.

Your verdict should be for an amount that will fully and fairly compensate her for:

>  (1) any insult to her including any pain, embarrassment, humiliation, or mental suffering;

>  (2) any injury to her reputation; and

>  (3) any actual, out-of-pocket losses that were caused by the statements.

The plaintiff may not recover for lost earnings or lost earning capacity in this case as she has not introduced evidence relating to lost earnings or lost earning capacity.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 37.100.

23075/1/7771438v3

**Proposed Damages Instruction No. 48**

**Duty to Mitigate Damages**

Nicole Eramo had a duty to minimize her damages. If you find that she did not act reasonably to minimize her damages and that, as a result, they increased, then she cannot recover the amount by which they increased.

Sources and Authorities:
Adapted from Virginia Model Jury Instruction 9.020.

23075/1/7771438v3

## Proposed Damages Instruction No. 49

## Mitigation of Damages – Actions Against Media Defendants

You have heard evidence that on December 5, 2014 the Defendants apologized to anyone that the article hurt; apologized again to UVA administrators, including the plaintiff, on April 5, 2015, in connection with its decision to remove the article from public access on the internet; and again made a public apology to the plaintiff on April 22, 2015.  You have also heard the circumstances of publication, including the source of the information, the grounds of reliance, and circumstances surrounding the retractions and apologies.

You may consider this evidence in mitigation of Nicole Eramo's compensatory damages, if proven, but you may not consider it in mitigation of any out-of-pocket losses she actually incurred.

Sources and Authorities:
Adapted from Virginia Model Jury Instructions 37.120 and 37.130;
Virginia Code §§ 8.01-46 and 48.

52

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

NICOLE P. ERAMO,          )
                                     )
             **Plaintiff,**        )
                                     )
**v.**                             )
                                     )
**ROLLING STONE, LLC,**     )       **Case No. 3:15-cv-00023-GEC**
**SABRINA RUBIN ERDELY, and**  )
**WENNER MEDIA, LLC,**      )
                                     )
            **Defendants.**       )

## SPECIAL INTERROGATORY NUMBER ONE

This is the first Special Interrogatory in a series of fifteen (15) that you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 1

The statement involved here is from the Article that was published online and in print on November 19, 2014. Statement No. 1, as set forth in the Plaintiff's Complaint, reads as follows:

> "*Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago.*"

When you see the term "Statement #1" in the questions that follow it refers to the language set forth above.

## QUESTIONS

1.      Do you find that the Plaintiff has proven that "Statement #1" is "of and concerning" Nicole Eramo?

Yes _____                    No _____

*If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.*

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #1" was a "false statement of fact"?

Yes _____                    No _____

*If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #1" was "defamatory" of Nicole Eramo?

Yes _____                    No _____

*If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

4.      If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement #1"?

Yes _____                    No _____

*If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

5.      If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "Statement #1" was made by any or all of the Defendants?

Yes ___ No___                    If "Yes", check the Defendant(s) who made the statement:

*Rolling Stone ____        Wenner Media _____        Sabrina R. Erdely _____*

**If you answered "No" to Question No. 5, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.**

6.       If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #1</u>" was made on November 19, 2014 that the Defendant(s) did so with "<u>actual malice</u>"?

                Yes _____                No _____

**If you answered "No" to Question No. 6 because you found the Plaintiff failed to prove that Statement #1 was made with "actual malice," then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.**

7.       If you answered "Yes" to Question No. 6, please indicate which of the Defendants you find had "<u>actual malice</u>" when "<u>Statement #1</u>" was made, by checking the applicable box(es).

        *Rolling Stone ____        Wenner Media _____        Sabrina R. Erdely ____.*

## <u>Verification</u>

        I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

        _____                                _____
        Date                                                          Foreperson

        *Please now go to Special Interrogatory Number Two and answer the questions in that form.*

55

Case 3:15-cv-00023-GEC   Document 343   Filed 10/30/16   Page 55 of 106   Pageid#: 16916

*Rolling Stone ____        Wenner Media _____        Sabrina R. Erdely _____*

**If you answered "No" to Question No. 5, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.**

6.       If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #1</u>" was made on November 19, 2014 that the Defendant(s) did so with "<u>actual malice</u>"?

                Yes _____                No _____

**If you answered "No" to Question No. 6 because you found the Plaintiff failed to prove that Statement #1 was made with "actual malice," then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.**

7.       If you answered "Yes" to Question No. 6, please indicate which of the Defendants you find had "<u>actual malice</u>" when "<u>Statement #1</u>" was made, by checking the applicable box(es).

        *Rolling Stone ____        Wenner Media _____        Sabrina R. Erdely ____.*

## <u>Verification</u>

        I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

        _____                                _____
        Date                                                          Foreperson

        *Please now go to Special Interrogatory Number Two and answer the questions in that form.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

NICOLE P. ERAMO,                              )
                                              )
              Plaintiff,                      )
                                              )
v.                                            )
                                              )
ROLLING STONE, LLC,                           )          Case No. 3:15-cv-00023-GEC
SABRINA RUBIN ERDELY, and                     )
WENNER MEDIA, LLC,                            )
                                              )
              Defendants.                     )

## SPECIAL INTERROGATORY NUMBER TWO

This is the second Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 2

The statement involved here is from the Article that was published online and in print on November 19, 2014. Statement No. 2, as set forth in Plaintiff's Complaint, reads as follows:

> *"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

When you see the term "Statement #2" in the questions that follow it refers to the language set forth above.

56

## QUESTIONS

1.      Do you find that the Plaintiff has proven that "Statement #2" is "of and concerning" Nicole Eramo?

                    Yes _____                 No _____

*If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.*

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #2" was a "false statement of fact"?

                    Yes _____                 No _____

*If you answered "No" to Question No. 2, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #2" was "defamatory" of Nicole Eramo?

                    Yes _____                 No _____

*If you answered "No" to Question No. 3, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

4.      If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement  #2"?

                    Yes _____                 No _____

*If you answered "No" to Question No. 4, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

5.      If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "Statement #2" was made by any or all of the Defendants?

                    Yes ____  No____                 If "Yes", check the Defendant(s) who made the statement:

57

*Rolling Stone* ____     *Wenner Media* _____     *Sabrina R. Erdely* _____

**If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.**

6.      If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #2</u>" was made on November 19, 2014 that the Defendant(s) did so with "<u>actual malice</u>"?

Yes _____               No _____

**If you answered "No" to Question No. 6 because you found the Plaintiff failed to prove that Statement #2 was made with "actual malice," then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.**

7.      If you answered "Yes" to Question No. 6, please indicate which of the Defendants you find had "<u>actual malice</u>" when "<u>Statement #2</u>" was made, by checking the applicable box(es).

*Rolling Stone* ____     *Wenner Media* _____     *Sabrina R. Erdely* ____.

## <u>Verification</u>

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
    Date                                                   Foreperson

*Please now go to Special Interrogatory Number Three and answer the questions in that form.*

58

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

NICOLE P. ERAMO,                          )
                                          )
       Plaintiff,                     )
                                          )
v.                                        )
                                          )
ROLLING STONE, LLC,                       )          Case No. 3:15-cv-00023-GEC
SABRINA RUBIN ERDELY, and                 )
WENNER MEDIA, LLC,                        )
                                          )
       Defendants.                    )


## SPECIAL INTERROGATORY NUMBER THREE

This is the third Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.


## STATEMENT NO. 3

The statement involved here is from the Article that was published online and in print on November 19, 2014, Statement No. 3, as set forth in the Plaintiff's Complaint, reads as follows:

> *"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS.) As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror. ... Of all her assailants, Drew was the one she most wanted to see held accountable – but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

59

When you see the term "Statement #3" in the questions that follow it refers to the language set forth above.

## QUESTIONS

1.      Do you find that the Plaintiff has proven that "Statement #3"  is "of and concerning" Nicole Eramo?

              Yes ____              No ____

*If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.*

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #3" was a "false statement of fact"?

              Yes ____              No ____

*If you answered "No" to Question No. 2, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #3" was "defamatory" of Nicole Eramo?

              Yes ____              No ____

*If you answered "No" to Question No. 3, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

4.      If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement  #3"?

              Yes ____              No ____

*If you answered "No" to Question No. 4, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

23075/1/7771438v3

5.     If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "<u>Statement #3</u>" was made by any or all of the Defendants?

Yes ____  No____                    If "Yes", check the Defendant(s) who made the statement:

*Rolling Stone* ____     *Wenner Media* ____     *Sabrina R. Erdely* _____

**If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.**

6.     If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #3</u>" was made on November 19, 2014 that the Defendant(s) did so with "<u>actual malice</u>"?

Yes ____              No ____

**If you answered "No" to Question No. 6 because you found the Plaintiff failed to prove that Statement #3 was made with "actual malice," then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.**

7.     If you answered "Yes" to Question No. 6, please indicate which of the Defendants you find had "<u>actual malice</u>" when "<u>Statement #3</u>" was made, by checking the applicable box(es).

*Rolling Stone* ____     *Wenner Media* ____     *Sabrina R. Erdely* ___.

## Verification

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                          _____
     Date                                               Foreperson

*Please now go to Special Interrogatory Number Four and answer the questions in that form.*

61

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### SPECIAL INTERROGATORY NUMBER FOUR

This is the fourth Special Interrogatory in a series of fifteen (15) that you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

### STATEMENT NO. 5

The statement involved here is from an interview of Sabrina R. Erdely on the Brian Lehrer Show on November 26, 2014. Statement No. 5, as set forth in the Plaintiff's Complaint, reads as follows:

> *"[J]ackie was kind of brushed off by her friends and by the administration . . . And eventually, when she did report it to the administration, the administration did nothing about, they did nothing with the information. And they even continued to do nothing when she eventually told them that she had become aware of two other women who were also gang raped at the same fraternity."*

When you see the term "Statement #5" in the questions that follow it refers to the language set forth above.

## QUESTIONS

1.     Do you find that the Plaintiff has proven that "Statement #5" is "of and concerning" Nicole Eramo?

Yes _____          No _____

***If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.***

2.     If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #5" was a "false statement of fact"?

Yes _____          No _____

***If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

3.     If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #5" was "defamatory" of Nicole Eramo?

Yes _____          No _____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.     If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement #5"?

Yes _____          No _____

***If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

23075/1/7771438v3

5.      If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "<u>Statement #5</u>" was made by Sabrina Rubin Erdely?

Yes ____            No ____

***If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

6.      If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #5</u>" was made on November 26, 2014 that Sabrina Rubin Erdely did so with "<u>actual malice</u>"?

Yes ____            No ____

## <u>Verification</u>

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                              _____
      Date                                              Foreperson

*Please now go to the next Special Interrogatory Number Five and answer the questions in that form.*

23075/1/7771438v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

NICOLE P. ERAMO,             )
                                )
           Plaintiff,         )
                                )
v.                             )
                                )
ROLLING STONE, LLC,      )      **Case No. 3:15-cv-00023-GEC**
SABRINA RUBIN ERDELY, and )
WENNER MEDIA, LLC,      )
                                )
          Defendants.     )

## SPECIAL INTERROGATORY NUMBER FIVE

This is the fifth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 6

The statement involved here is from an interview with Sabrina R. Erdely on the Slate DoubleX podcast on November 26, 2014. Statement No. 6, as set forth in the Plaintiff's Complaint, reads as follows:

> *"[J]ackie had eventually kind of mustered up the courage to tell the administration that she had been brutally gang raped, and that the University did nothing with this information that they continued to do nothing even when she told them that she had become aware of two other women that were also gang raped at that fraternity."*

When you see the term "Statement #6" in the questions that follow it refers to the language set forth above.

65

## QUESTIONS

1.      Do you find that the Plaintiff has proven that "Statement #6" is "of and concerning" Nicole Eramo?

Yes _____           No _____

***If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.***

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #6" was a "false statement of fact"?

Yes _____           No _____

***If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

3.      If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #6" was "defamatory" of Nicole Eramo?

Yes _____           No _____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.      If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement #6"?

Yes _____           No _____

***If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

66

5.    If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "Statement #6" was made by Sabrina Rubin Erdely?

Yes _____          No _____


***If you answered "No" to Question No. 5, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***


6.    If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "clear and convincing evidence" that when "Statement #6" was made on November 26, 2014 that Sabrina Rubin Erdely did so with "actual malice"?

Yes _____          No _____


## **Verification**

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.


_____                    _____
        Date                                              Foreperson


*Please now go to the next Special Interrogatory Number Six and answer the questions in that form.*

67

23075/1/7771438v3

Case 3:15-cv-00023-GEC   Document 343   Filed 10/30/16   Page 67 of 106   Pageid#: 16928

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

NICOLE P. ERAMO,     )
            )
    **Plaintiff,**    )
            )
v.            )
            )
ROLLING STONE, LLC,   )  **Case No. 3:15-cv-00023-GEC**
SABRINA RUBIN ERDELY, and )
WENNER MEDIA, LLC,   )
            )
    **Defendants.**   )

## SPECIAL INTERROGATORY NUMBER SIX

This is the sixth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 7

The statement involved here is from an interview with Sabrina R. Erdely on the Slate DoubleX podcast on November 26, 2014. Statement No. 7, as set forth in Plaintiff's Complaint, reads as follows:

> *"It is incredibly extreme. I mean whether this was perpetrated by a serial rapist who has many victims – I mean it seems like no matter what, this is an incredibly messed up situation. But it was absolutely a violent crime and I think what was really telling was the idea that – and this really underscores the entire article; is the student body and the administration doesn't really treat rape as a crime, as a violent crime . . . Even in this case, right, exactly. And this is why this case blew my mind, that Jackie's situation blew my mind; that even in a situation that was so extreme and so obviously within the realm of criminal, that they would seek to suppress something like this because that's really what they did. Not only did they not report it to the police, but really I feel she was sort of discouraged from moving this forward."*

When you see the term "Statement #7" in the questions that follow it refers to the language set forth above.

68

## QUESTIONS

1.      Do you find that the Plaintiff has proven that "Statement #7" is "of and concerning" Nicole Eramo?

Yes _____          No _____

*If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.*

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #7" was a "false statement of fact"?

Yes _____          No _____

*If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #7" was "defamatory" of Nicole Eramo?

Yes _____          No _____

*If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

4.      If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement #7"?

Yes _____          No _____

*If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

23075/1/7771438v3

5.      If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "<u>Statement #7</u>" was made by Sabrina Rubin Erdely?

Yes _____          No _____

***If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

6.      If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #7</u>" was made on November 26, 2014 that Sabrina Rubin Erdely did so with "<u>actual malice</u>"?

Yes _____          No _____

## <u>Verification</u>

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
Date                                              Foreperson

*Please now go to the next Special Interrogatory Number Seven and answer the questions in that form.*

23075/1/7771438v3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

NICOLE P. ERAMO,        )
        )
        **Plaintiff,**        )
        )
v.        )
        )
ROLLING STONE, LLC,        )        **Case No. 3:15-cv-00023-GEC**
SABRINA RUBIN ERDELY, and        )
WENNER MEDIA, LLC,        )
        )
        **Defendants.**        )

## SPECIAL INTERROGATORY NUMBER SEVEN

This is the seventh Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address.  You will see certain terms that are underlined and in quotes ("Terms").  These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 8

The statement involved here is from an interview of Sabrina R. Erdely on the Slate DoubleX podcast on November 26, 2014.  Statement No. 8, as set forth in the Plaintiff's Complaint, reads as follows:

> *"She's particularly afraid of Drew who she's assigned a tremendous amount of power in her own mind. ... So I think that the idea of [Jackie] facing him or them in any way is really just emotionally crippling for her.  She's having a hard time facing up to that, and I think that she needs a lot of support if she's going to get to the place where she can actually confront them.  When she does actually run into some of her alleged assailants on campus sometimes, just the sight of them, obviously it's a shock but it also tends to send her into a depression.  So it just goes to show sort of the emotional toll something like this would take.  I just think it would require a great deal of support for her to move forward into any of these options to resolve her case and that's something that's been completely absent.  She really hasn't had any of that support from her friends, from the administration, nor from her family."*

23075/1/7771438v3

When you see the term "Statement #8" in the questions that follow it refers to the language set forth above.

## QUESTIONS

1.    Do you find that the Plaintiff has proven that "Statement #8" is "of and concerning" Nicole Eramo?

Yes _____          No _____

*If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.*

2.    If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #8"was a "false statement of fact"?

Yes _____          No _____

*If you answered "No" to Question No. 2, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

3.    If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #8" was "defamatory" of Nicole Eramo?

Yes _____          No _____

*If you answered "No" to Question No. 3, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

4.    If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement  #8"?

Yes _____          No _____

23075/1/7771438v3

*If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

     5.     If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "<u>Statement #8</u>" was made by Sabrina Rubin Erdely?

        Yes \_\_\_\_         No \_\_\_\_

*If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

     6.     If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that when "<u>Statement #8</u>" was made on November 26, 2014 that Sabrina Rubin Erdely did so with "<u>actual malice</u>"?

        Yes \_\_\_\_         No \_\_\_\_

## **<u>Verification</u>**

     I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                      _____
     Date                                    Foreperson

*Please now go to the next Special Interrogatory Number Eight and answer the questions in that form.*

23075/1/7771438v3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

NICOLE P. ERAMO,                    )
                                    )
        Plaintiff,        )
                                    )
v.                                  )
                                    )
ROLLING STONE, LLC,                 )      Case No. 3:15-cv-00023-GEC
SABRINA RUBIN ERDELY, and           )
WENNER MEDIA, LLC,                  )
                                    )
        Defendants.      )

## SPECIAL INTERROGATORY NUMBER EIGHT

This is the eighth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 9

The statement involved here is from an interview of Sabrina R. Erdely on the Slate DoubleX podcast on November 26, 2014. Statement No. 9, as set forth in Plaintiff's Complaint, reads as follows:

> *"What I found is that UVA is a place where their culture is one of extreme loyalty, so I guess it shouldn't have surprised me that the community of survivors, they're totally devoted to the University, even as they're not very happy with the way that their cases are handled. They totally buy into the attitude that radiates from the administration that doing nothing is a fine option. You know, if you unburden yourself to the Dean and take care of your own mental health, then that's good enough. They created this support group, which is great for them and they do activism, they do bystander support seminars, I mean intervention seminars and things like that which is great, but really what they're doing is affirming one another's choices not to report, which is, of course, an echo of their own administration's kind of ethos."*

When you see the term "Statement #9" in the questions that follow it refers to the language set forth above.

## QUESTIONS

1.      Do you find that the Plaintiff has proven that "Statement #9" is "of and concerning" Nicole Eramo?

Yes _____            No _____

*If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.*

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #9" was a "false statement of fact"?

Yes _____            No _____

*If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #9" was "defamatory" of Nicole Eramo?

Yes _____            No _____

*If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

4.      If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement  #9"?

Yes _____            No _____

*If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

75

5.     If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "Statement #9" was made by Sabrina Rubin Erdely?

Yes _____          No _____

*If you answered "No" to Question No. 5, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

6.     If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "clear and convincing evidence" that when "Statement #9" was made on November 26, 2014 that Sabrina Rubin Erdely did so with "actual malice"?

Yes _____          No _____

## Verification

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
Date                                        Foreperson

*Please now go to the next Special Interrogatory Number Nine and answer the questions in that form.*

76

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL INTERROGATORY NUMBER NINE

This is the ninth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 10

The statement involved here was made by Sabrina R. Erdely to the Washington Post on November 30, 2014. Statement No. 10, as set forth in the Plaintiff's Complaint reads, as follows:

> *"As I've already told you, the gang-rape scene that leads the story is the alarming account that Jackie – a person whom I found to be credible – told to me, told her friends, and importantly, what she told the UVA administration, which chose not to act on her allegations in any way – i.e., the overarching point of the article. THAT is the story: the culture that greeted her and so many other UVA women I interviewed, who came forward with allegations, only to be met with indifference."*

When you see the term "Statement #10" in the questions that follow it refers to the

language set forth above.

## QUESTIONS

1.  Do you find that the Plaintiff has proven that "<u>Statement #10</u>" is "<u>of and concerning</u>" Nicole Eramo?

Yes _____          No _____

***If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.***

2.  If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "<u>Statement #10</u>"was a "<u>false statement of fact</u>"?

Yes _____          No _____

***If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

3.  If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "<u>Statement #10</u>" was "<u>defamatory</u>" of Nicole Eramo?

Yes _____          No _____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.  If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "<u>Statement #10</u>"?

Yes _____          No _____

***If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

5.  If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "<u>Statement #10</u>" was made by any or all of the Defendants?

23075/1/7771438v3

Yes ___ No___          If "Yes", check the Defendant(s) who made the statement:

*Rolling Stone ___          Wenner Media ____          Sabrina R. Erdely _____*

**If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.**

6.     If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "clear and convincing evidence" that when "Statement #10" was made on November 30, 2014 that the Defendant(s) did so with "actual malice"?

Yes ____          No ____

**If you answered "No" to Question No. 6 because you found the Plaintiff failed to prove that Statement #10 was made with "actual malice," then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.**

7.     If you answered "Yes" to Question No. 6, please indicate which of the Defendants you find had "actual malice" when "Statement #10" was made, by checking the applicable box(es).

*Rolling Stone ____          Wenner Media ____          Sabrina R. Erdely ___.*

## **Verification**

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____          _____
Date                                             Foreperson

*Please now go to the next Special Interrogatory Number Ten and answer the questions in that form.*

79

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

NICOLE P. ERAMO,                        )
                                        )
        **Plaintiff,**                 )
                                        )
v.                                      )
                                        )
ROLLING STONE, LLC,                     )       Case No. 3:15-cv-00023-GEC
SABRINA RUBIN ERDELY, and               )
WENNER MEDIA, LLC,                      )
                                        )
        **Defendants.**                )

## SPECIAL INTERROGATORY NUMBER TEN

This is the tenth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 11

The statement involved here comes from representatives of Rolling Stone in response to press inquiries on December 1, 2014. Statement No. 11, as set forth in the Plaintiff's Complaint, reads as follows:

> "*The story we published was one woman's account of a sexual assault at a UVA fraternity in October 2012 – and the subsequent ordeal she experienced at the hands of the University administrators in her attempts to work her way through the trauma of that evening. The indifference with which her complaint was met was, we discovered, sadly consistent with the experience of many other UVA women who have tried to report such assaults. Through our extensive reporting and fact-checking, we found Jackie to be entirely credible and courageous and we are proud to have given her disturbing story the attention it deserves.*"

When you see the term "Statement #11" in the questions that follow it refers to the language set forth above.

## QUESTIONS

1. Do you find that the Plaintiff has proven that "Statement #11" is "of and concerning" Nicole Eramo?

       Yes ____            No ____

***If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.***

2. If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "Statement #11" was a "false statement of fact"?

       Yes ____            No ____

***If you answered "No" to Question No. 2, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

3. If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that "Statement #11" was "defamatory" of Nicole Eramo?

       Yes ____            No ____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4. If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that she was damaged as a result of "Statement #11"?

       Yes ____            No ____

***If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

23075/1/7771438v3

5.      If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that "Statement #11" was made by Rolling Stone LLC and/or Wenner Media LLC?

Yes ___  No___                    If "Yes", check the Defendant(s) who made the statement:

*Rolling Stone* ___      *Wenner Media* ____

**If you answered "No" to Question No. 5, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.**

6.      If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven by "clear and convincing evidence" that when "Statement #11" was made on December 1, 2014 that the Defendant(s) did so with "actual malice"?

Yes ____                    No ____

**If you answered "No" to Question No. 6 because you found the Plaintiff failed to prove that Statement #11 was made with "actual malice," then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.**

7.      If you answered "Yes" to Question No. 6, please indicate which of the Defendants you find had "actual malice" when "Statement #11" was made, by checking the applicable box(es).

*Rolling Stone* ___      *Wenner Media* ____

## **Verification**

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
     Date                                             Foreperson

*Please now go to the next Special Interrogatory Number Eleven and answer the questions in that form.*

23075/1/7771438v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL INTERROGATORY NUMBER ELEVEN

This is the eleventh Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## DEFAMATION BY IMPLICATION

In addition to the express Statements Nos. 1-3, the plaintiff alleges that "the Rolling Stone article 'A Rape on Campus,' taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material, implies and insinuates that Nicole Eramo acted as a false friend to Jackie, pretending to be on her side while at the same time discouraging Jackie from pursuing a formal complaint or police investigation regarding her rape allegations in order to suppress the assault and protect the University's reputation." (the "Implied Defamatory Statement").

The article does not say these things directly. Rather, the plaintiff alleges that the article defamed her by implication, in the specific manner quoted above.

When you see the term the "Implied Defamatory Statement" in the questions that follow, it refers to the definition set forth above.

23075/1/7771438v3

## QUESTIONS

1.     Do you find that the Plaintiff has proven that the "Implied Defamatory Statement" reasonably flows from the Article——based on the plain and natural meaning of the words actually used and only reasonable inferences, and in consideration of the Article as a whole?

Yes _____                     No _____

***If you answered "No" to this Question, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.***

2.     If you answered "Yes" to Question No. 1 do you find that the Plaintiff has proven that the "Implied Defamatory Statement" is "of and concerning" Nicole Eramo?

Yes _____                     No _____

***If you answered "No" to Question No. 2, you may stop here. There is no need to answer any other questions in this form, but complete the Verification below.***

3.     If you answered "Yes" to Question Nos. 1 and 2, do you find that the Plaintiff has proven that the "Implied Defamatory Statement" was a "false statement of fact"?

Yes _____                     No _____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.     If you answered "Yes" to Question Nos. 1, 2, and 3, do you find that the Plaintiff has proven that the Article affirmatively suggested that one or more of the Defendants intended or endorsed the "defamatory" meaning alleged by the "Implied Defamatory Statement"?

Yes ___ No___                 If "Yes", check the Defendant(s) who intended or endorsed
                              the alleged defamatory meaning:

*Rolling Stone* ____     *Wenner Media* _____     *Sabrina R. Erdely* _____

***If you answered "No" to Question No. 4, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

23075/1/7771438v3

5.      If you answered "Yes" to Question Nos. 1, 2, 3, and 4, do you find that the Plaintiff has proven that she was damaged as a result of the "Implied Defamatory Statement"?

Yes _____            No _____

***If you answered "No" to Question No. 5, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

6.      If you answered "Yes" to Question Nos. 1, 2, 3, 4, and 5, do you find that the Plaintiff has proven that the "Implied Defamatory Statement" was made by any or all of the Defendants?

Yes ___ No___            If "Yes", check the Defendant(s) who made the statement:

*Rolling Stone* ___      *Wenner Media* _____      *Sabrina R. Erdely* _____

***If you answered "No" to Question No. 6, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

7.      If you answered "Yes" to Question Nos. 1, 2, 3, 4, 5, and 6, do you find that the Plaintiff has proven by "clear and convincing evidence" that when the "Implied Defamatory Statement" was made on November 19, 2014 that the Defendant(s) did so with "actual malice"?

Yes _____            No _____

***If you answered "No" to Question No. 7 because you found the Plaintiff failed to prove that the Implied Defamatory Statement was made with "actual malice," then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

8.      If you answered "Yes" to Question No. 7, please indicate which of the Defendants you find had "actual malice" when the "Implied Defamatory Statement" was made, by checking the applicable box(es).

*Rolling Stone* ___      *Wenner Media* _____      *Sabrina R. Erdely* ___.

85

## **Verification**

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
Date                                                         Foreperson


*Please now go to Special Interrogatory Number Twelve and answer the questions in that form.*

86

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL INTERROGATORY NUMBER TWELVE

This is the twelfth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 1

The statement involved here is from the Article that was published on line. Statement No. 1 reads as follows:

> "*Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago*."

When you see the term "Statement #1" in the questions that follow, it refers to the language set forth above.

## EDITOR'S NOTE

On December 5, 2014, Rolling Stone added an Editor's Note To Our Readers ("Editor's Note") to the top of the existing online version of the Article that was published on November 19, 2014. The Editor's Note reads as follows:

*TO OUR READERS:*

*Last month,* Rolling Stone *published a story titled "A Rape on Campus" by Sabrina Rubin Erdely, which described a brutal gang rape of a woman named Jackie at a University of Virginia fraternity house; the university's failure to respond to this alleged assault — and the school's troubling history of indifference to many other instances of alleged sexual assaults. The story generated worldwide headlines much soul-searching at UVA. University president Teresa Sullivan promised a full investigation and also to examine the way the school responds to sexual assault allegations.*

*Because of the sensitive nature of Jackie's story, we decided to honor her request not to contact the man she claimed orchestrated the attack on her nor any of the men she claimed participated in the attack for fear of retaliation against her. In the months Erdely spent reporting the story, Jackie neither said nor did anything that made Erdely, or* Rolling Stone*'s editors and fact-checkers, question Jackie's credibility. Her friends and rape activists on campus strongly supported Jackie's account. She had spoken of the assault in campus forums. We reached out to both the local branch and the national leadership of the fraternity where Jackie said she was attacked. They responded that they couldn't confirm or deny her story but had concerns about the evidence.*

*In the face of new information, there now appear to be discrepancies in Jackie's account, and we have come to the conclusion that our trust in her was misplaced. We were trying to be sensitive to the unfair shame and humiliation many women feel after a sexual assault and now regret the decision to not contact the alleged assaulters to get their account. We are taking this seriously and apologize to anyone who was affected by the story.*

*Will Dana*
*Managing Editor*

When you see the term "<u>Editor's Note</u>" in the questions that follow, it refers to the language set forth above.

## QUESTIONS

1.      Please refer to Special Interrogatory No. 1.  With respect to "<u>Statement #1</u>," did you answer "Yes" to all of the first three questions in Special Interrogatory No. 1?

        Yes \_\_\_\_            No \_\_\_\_

**If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.**

23075/1/7771438v3

2.      If you answered "Yes" to Question No. 1, you must then determine—considering the "<u>Editor's Note</u>" and all other evidence that you believe is relevant—whether Rolling Stone "<u>republished</u>" "<u>Statement #1</u>" on December 5, 2014.

a.      Do you find that the Plaintiff has proven that Rolling Stone affirmatively reiterated the content of "<u>Statement #1</u>" when the Editor's Note was added on December 5, 2014?

Yes ____          No ____

*If you answered "No" to Question No. 2(a), then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

b.      If you answered "Yes" to Question Nos. 1 and 2(a), do you find that the Plaintiff has proven that on December 5, 2014, Rolling Stone acted with the intent to reach a new audience for "<u>Statement #1</u>" that was not the target of the Article's original November 19, 2014 online and/or print publications?

Yes ____          No ____

*If you answered "No" to Question No. 2(b), then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1, 2(a), and 2(b), do you find that the Plaintiff has proven that she was damaged as a result of the republication of "<u>Statement #1</u>" on December 5, 2014?

Yes ____          No ____

*If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.*

4.      If you answered "Yes" to Question Nos. 1, 2(a), 2(b), and 3, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that Rolling Stone made "<u>Statement #1</u>" on December 5, 2014 with "<u>actual malice</u>"?

Yes _____          No _____

***Please complete the Verification below.***

## <u>Verification</u>

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
Date                                              Foreperson

*Please now go to Special Interrogatory Number Thirteen and answer the questions in that form*.

23075/1/7771438v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| NICOLE P. ERAMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROLLING STONE, LLC, | )      Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) |
| WENNER MEDIA, LLC, | ) |
| | ) |
| Defendants. | ) |

## SPECIAL INTERROGATORY NUMBER THIRTEEN

This is the thirteenth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## STATEMENT NO. 2

The statement involved here is from the Article that was published on line. Statement No. 2 reads as follows:

> *"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

When you see the term "Statement #2" in the questions that follow, it refers to the language set forth above.

23075/1/7771438v3

## EDITOR'S NOTE

On December 5, 2014, Rolling Stone added an Editor's Note To Our Readers ("Editor's Note") to the top of the existing online version of the Article that was published on November 19, 2014. The Editor's Note reads as follows:

*TO OUR READERS:*

*Last month,* Rolling Stone *published a story titled "A Rape on Campus" by Sabrina Rubin Erdely, which described a brutal gang rape of a woman named Jackie at a University of Virginia fraternity house; the university's failure to respond to this alleged assault — and the school's troubling history of indifference to many other instances of alleged sexual assaults. The story generated worldwide headlines much soul-searching at UVA. University president Teresa Sullivan promised a full investigation and also to examine the way the school responds to sexual assault allegations.*

*Because of the sensitive nature of Jackie's story, we decided to honor her request not to contact the man she claimed orchestrated the attack on her nor any of the men she claimed participated in the attack for fear of retaliation against her. In the months Erdely spent reporting the story, Jackie neither said nor did anything that made Erdely, or* Rolling Stone*'s editors and fact-checkers, question Jackie's credibility. Her friends and rape activists on campus strongly supported Jackie's account. She had spoken of the assault in campus forums. We reached out to both the local branch and the national leadership of the fraternity where Jackie said she was attacked. They responded that they couldn't confirm or deny her story but had concerns about the evidence.*

*In the face of new information, there now appear to be discrepancies in Jackie's account, and we have come to the conclusion that our trust in her was misplaced. We were trying to be sensitive to the unfair shame and humiliation many women feel after a sexual assault and now regret the decision to not contact the alleged assaulters to get their account. We are taking this seriously and apologize to anyone who was affected by the story.*

*Will Dana*
*Managing Editor*

When you see the term "Editor's Note" in the questions that follow, it refers to the language set forth above.

23075/1/7771438v3

## QUESTIONS

1.   Please refer to Special Interrogatory No. 2.  With respect to "Statement #2," did you answer "Yes" to all of the first three questions in Special Interrogatory No. 2?

Yes _____          No _____

***If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.***

2.   If you answered "Yes" to Question No. 1, you must then determine—considering the "Editor's Note" and all other evidence that you believe is relevant—whether Rolling Stone "republished" "Statement #2" on December 5, 2014.

a.   Do you find that the Plaintiff has proven that Rolling Stone affirmatively reiterated the content of "Statement #2" when the Editor's Note was added on December 5, 2014?

Yes _____          No _____

***If you answered "No" to Question No. 2(a), then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***

b.   If you answered "Yes" to Question Nos. 1 and 2(a), do you find that the Plaintiff has proven that on December 5, 2014, Rolling Stone acted with the intent to reach a new audience for "Statement #2" that was not the target of the Article's original November 19, 2014 online and/or print publications?

Yes _____          No _____

***If you answered "No" to Question No. 2(b), then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***

3.   If you answered "Yes" to Question Nos. 1, 2(a), and 2(b), do you find that the Plaintiff has proven that she was damaged as a result of the republication of "Statement #2" on December 5, 2014?

23075/1/7771438v3

Yes _____            No _____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.      If you answered "Yes" to Question Nos. 1, 2(a), 2(b), and 3, do you find that the Plaintiff has proven by "clear and convincing evidence" that Rolling Stone made "Statement #2" on December 5, 2014 with "actual malice"?

Yes _____            No _____

***Please complete the Verification below.***

## Verification

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
Date                                            Foreperson

*Please now go to Special Interrogatory Number Fourteen and answer the questions in that form.*

23075/1/7771438v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | Case No. 3:15-cv-00023-GEC |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL INTERROGATORY NUMBER FOURTEEN**

This is the fourteenth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

**STATEMENT NO. 3**

The statement involved here is from the Article that was published on line. Statement No. 3 reads as follows:

> *"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS.) As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror. ... Of all her assailants, Drew was the one she most wanted to see held accountable – but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

When you see the term "Statement #3" in the questions that follow, it refers to the language set forth above.

95

# EDITOR'S NOTE

On December 5, 2014, Rolling Stone added an Editor's Note To Our Readers ("Editor's Note") to the top of the existing online version of the Article that was published on November 19, 2014. The Editor's Note reads as follows:

*TO OUR READERS:*

*Last month,* Rolling Stone *published a story titled "A Rape on Campus" by Sabrina Rubin Erdely, which described a brutal gang rape of a woman named Jackie at a University of Virginia fraternity house; the university's failure to respond to this alleged assault — and the school's troubling history of indifference to many other instances of alleged sexual assaults. The story generated worldwide headlines much soul-searching at UVA. University president Teresa Sullivan promised a full investigation and also to examine the way the school responds to sexual assault allegations.*

*Because of the sensitive nature of Jackie's story, we decided to honor her request not to contact the man she claimed orchestrated the attack on her nor any of the men she claimed participated in the attack for fear of retaliation against her. In the months Erdely spent reporting the story, Jackie neither said nor did anything that made Erdely, or* Rolling Stone*'s editors and fact-checkers, question Jackie's credibility. Her friends and rape activists on campus strongly supported Jackie's account. She had spoken of the assault in campus forums. We reached out to both the local branch and the national leadership of the fraternity where Jackie said she was attacked. They responded that they couldn't confirm or deny her story but had concerns about the evidence.*

*In the face of new information, there now appear to be discrepancies in Jackie's account, and we have come to the conclusion that our trust in her was misplaced. We were trying to be sensitive to the unfair shame and humiliation many women feel after a sexual assault and now regret the decision to not contact the alleged assaulters to get their account. We are taking this seriously and apologize to anyone who was affected by the story.*

*Will Dana*
*Managing Editor*

When you see the term "Editor's Note" in the questions that follow, it refers to the language set forth above.

23075/1/7771438v3

## QUESTIONS

1.      Please refer to Special Interrogatory No. 3.  With respect to "Statement #3," did you answer "Yes" to all of the first three questions in Special Interrogatory No. 3?

                Yes _____                No _____

***If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.***

2.      If you answered "Yes" to Question No. 1, you must then determine—considering the "Editor's Note" and all other evidence that you believe is relevant—whether Rolling Stone "republished" "Statement #3" on December 5, 2014.

        a.      Do you find that the Plaintiff has proven that Rolling Stone affirmatively reiterated  the content of "Statement #3" when the Editor's Note was added on December 5, 2014?

                Yes _____                No _____

***If you answered "No" to Question No. 2(a), then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***

        b.      If you answered "Yes" to Question Nos. 1 and 2(a), do you find that the Plaintiff has proven that on December 5, 2014, Rolling Stone acted with the intent to reach a new audience for "Statement #3" that was not the target of the Article's original November 19, 2014 online and/or print publications?

                Yes _____                No _____

***If you answered "No" to Question No. 2(b), then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***

3.      If you answered "Yes" to Question Nos. 1, 2(a), and 2(b), do you find that the Plaintiff has proven that she was damaged as a result of the republication of "Statement  #3" on December 5, 2014?

23075/1/7771438v3

Yes _____          No _____

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.      If you answered "Yes" to Question Nos. 1, 2(a), 2(b), and 3, do you find that the Plaintiff has proven by "<u>clear and convincing evidence</u>" that Rolling Stone made "<u>Statement #3</u>" on December 5, 2014 with "<u>actual malice</u>"?

Yes _____          No _____

***Please complete the Verification below.***

<u>**Verification**</u>

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                          _____
Date                                                    Foreperson

*Please now go to Special Interrogatory Number Fifteen and answer the questions in that form.*

98

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

NICOLE P. ERAMO,              )
                                       )
        **Plaintiff,**         )
                                       )
**v.**                                    )
                                       )
ROLLING STONE, LLC,      )      **Case No. 3:15-cv-00023-GEC**
SABRINA RUBIN ERDELY, and )
WENNER MEDIA, LLC,       )
                                       )
        **Defendants.**     )

## SPECIAL INTERROGATORY NUMBER FIFTEEN

This is the fifteenth Special Interrogatory in a series of fifteen (15) you will need to answer to help determine whether the Plaintiff has proven her case against the Defendants. There will a separate Special Interrogatory for each statement that you are being asked to address. You will see certain terms that are underlined and in quotes ("Terms"). These "Terms" have a specific legal definition that is set forth in the instructions that you have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

## DEFAMATION BY IMPLICATION

In addition to the express Statements Nos. 1-3, the plaintiff alleges that "the Rolling Stone article 'A Rape on Campus,' taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material, implies and insinuates that Nicole Eramo acted as a false friend to Jackie, pretending to be on her side while at the same time discouraging Jackie from pursuing a formal complaint or police investigation regarding her rape allegations in order to suppress the assault and protect the University's reputation." (the "Implied Defamatory Statement").

The article does not say these things directly. Rather, the plaintiff alleges that the article defamed her by implication, in the specific manner quoted above.

When you see the term the "Implied Defamatory Statement" in the questions that follow, it refers to the definition set forth above.

23075/1/7771438v3

## EDITOR'S NOTE

On December 5, 2014, Rolling Stone added an Editor's Note To Our Readers ("Editor's Note") to the top of the existing online version of the Article that was published on November 19, 2014. The Editor's Note reads as follows:

*TO OUR READERS:*

*Last month,* Rolling Stone *published a story titled "A Rape on Campus" by Sabrina Rubin Erdely, which described a brutal gang rape of a woman named Jackie at a University of Virginia fraternity house; the university's failure to respond to this alleged assault — and the school's troubling history of indifference to many other instances of alleged sexual assaults. The story generated worldwide headlines much soul-searching at UVA. University president Teresa Sullivan promised a full investigation and also to examine the way the school responds to sexual assault allegations.*

*Because of the sensitive nature of Jackie's story, we decided to honor her request not to contact the man she claimed orchestrated the attack on her nor any of the men she claimed participated in the attack for fear of retaliation against her. In the months Erdely spent reporting the story, Jackie neither said nor did anything that made Erdely, or* Rolling Stone's *editors and fact-checkers, question Jackie's credibility. Her friends and rape activists on campus strongly supported Jackie's account. She had spoken of the assault in campus forums. We reached out to both the local branch and the national leadership of the fraternity where Jackie said she was attacked. They responded that they couldn't confirm or deny her story but had concerns about the evidence.*

*In the face of new information, there now appear to be discrepancies in Jackie's account, and we have come to the conclusion that our trust in her was misplaced. We were trying to be sensitive to the unfair shame and humiliation many women feel after a sexual assault and now regret the decision to not contact the alleged assaulters to get their account. We are taking this seriously and apologize to anyone who was affected by the story.*

*Will Dana*
*Managing Editor*

When you see the term "Editor's Note" in the questions that follow, it refers to the language set forth above.

## QUESTIONS

1.     Please refer to Special Interrogatory No. 11. With respect to the "Implied Defamatory Statement" did you answer "Yes" to all of the first four questions in Special Interrogatory No. 11?

23075/1/7771438v3

Yes ____          No ____

*If you answered "No" to this Question, you may stop here.  There is no need to answer any other questions in this form, but complete the Verification below.*

2.      If you answered "Yes" to Question No. 1, you must then determine—considering the "<u>Editor's Note</u>" and all other evidence that you believe is relevant—whether Rolling Stone "<u>republished</u>" the "<u>Implied Defamatory Statement</u>" on December 5, 2014.

a.      Do you find that the Plaintiff has proven that Rolling Stone affirmatively reiterated the content of the "<u>Implied Defamatory Statement</u>" when the Editor's Note was added on December 5, 2014?

Yes ____          No ____

*If you answered "No" to Question No. 2(a), then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

b.      If you answered "Yes" to Question Nos. 1 and 2(a), do you find that the Plaintiff has proven that on December 5, 2014, Rolling Stone acted with the intent to reach a new audience for the "<u>Implied Defamatory Statement</u>" that was not the target of the Article's original November 19, 2014 online and/or print publications?

Yes ____          No ____

*If you answered "No" to Question No. 2(b), then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.*

3.      If you answered "Yes" to Question Nos. 1, 2(a), and 2(b), do you find that the Plaintiff has proven that she was damaged as a result of the republication of the "<u>Implied Defamatory Statement</u>" on December 5, 2014?

Yes ____          No ____

23075/1/7771438v3

***If you answered "No" to Question No. 3, then you may stop here. There is no need to answer any other questions on this form, but complete the Verification below.***

4.      If you answered "Yes" to Question Nos. 1, 2(a), 2(b), and 3, do you find that the Plaintiff has proven by "clear and convincing evidence" that Rolling Stone made the "Implied Defamatory Statement" on December 5, 2014 with "actual malice"?

Yes _____          No _____

***Please complete the Verification below.***

## Verification

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
Date                                            Foreperson

23075/1/7771438v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| NICOLE P. ERAMO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING STONE, LLC, | ) | **Case No. 3:15-cv-00023-GEC** |
| SABRINA RUBIN ERDELY, and | ) | |
| WENNER MEDIA, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

<span style="color:red">**[TEMPLATE DAMAGES AS NEEDED]**</span>
<u>**SPECIAL DAMAGES INTERROGATORY NUMBER ---**</u>

In this phase of the trial you will need to answer a series of _____( --) Special Damages Interrogatories to determine if the Plaintiff has established the last element of liability against any of the Defendants, and then if so, the extent of "<u>actual damages</u>" the Plaintiff suffered as the result of the Defendants' statements. You will see certain terms that are underlined and in quotes ("<u>Terms</u>"). These "<u>Terms</u>" have a specific legal definition that is set forth in the instructions that have been given and you are expected to refer to this Court's instructions in answering the Questions listed below.

You have already found the following statement to be a false statement of fact about the Plaintiff and capable of a defamatory meaning.

<u>**STATEMENT NO. ##**</u>

[*INSERT STATEMENT AT ISSUE*]

You also found that the Defendant [_____] made "<u>Statement No.##</u>" and did so with "<u>actual malice</u>."

When you see "<u>Statement No.##</u>" in the questions that follow, it refers to the above statement.

## QUESTIONS

1.      Do you find that the Plaintiff has proven that she has personally suffered "<u>actual damages</u>" as a result of  Statement No. ##?

        Yes _____           No _____

***If you answered "No" to Question No. 1, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***

2.      If you answered "Yes" to Question No. 1, do you find that the Plaintiff has proven that "<u>Statement No.##</u>" was the "<u>proximate cause</u>" of any such "<u>actual damage</u>"?

        Yes _____           No _____

***If you answered "No" to Question No. 2, then you may stop here.  There is no need to answer any other questions on this form, but complete the Verification below.***

3.      If you answered "Yes" to Questions No. 1 and 2, state the type of "<u>actual damage</u>" you find that the Plaintiff suffered and what amount of compensatory damages should be awarded for the "<u>actual damages</u>" proven to be "<u>proximately caused</u>" by "<u>Statement No.##</u>"?

Nature of actual damage suffered by Plaintiff proximately caused "<u>Statement No.##</u>"

_____

_____

_____

Amount of compensatory damage award for Statement No. ## is $_____

### Verification

I verify that each of the answers indicated above was determined by the unanimous verdict of the jury in this case.

_____                    _____
    Date                                  Foreperson

*Please now go to the next Special Damage Interrogatory and answer the questions in that form.*

23075/1/7771438v3

Dated: October 30, 2016

ROLLING STONE, LLC
SABRINA RUBIN ERDELY
WENNER MEDIA, LLC

By: /s/ Michael J. Finney
                        Counsel

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail:  paxton@gentrylocke.com
E-mail:  sexton@gentrylocke.com
E-mail:  finney@gentrylocke.com

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: lizmcnamara@dwt.com
E-mail: samuelbayard@dwt.com

Alison B. Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

23075/1/7771438v3

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ Michael J. Finney

23075/1/7771438v3