IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **NICOLE P. ERAMO** ) | |
| ) | |
| Plaintiff ) | Case No. 3:15-cv-00023-GEC |
| ) | |
| v. ) | |
| ) | |
| **ROLLING STONE LLC,** ) | |
| **SABRINA RUBIN ERDELY, and** ) | |
| **WENNER MEDIA LLC,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO CLARIFY HER DEFAMATORY IMPLICATION CLAIM
AND
RESPONSE TO DEFENDANTS' BENCH MEMORANDUM ON MS. ERAMO'S
DEFAMATION BY IMPLICATION CLAIM**

Plaintiff Nicole P. Eramo respectfully submits this Motion to Clarify Her Defamatory Implication Claim, under Federal Rules of Civil Procedure 15(b) and 54(c) and the Court's inherent authority, in order to clarify, based on the evidence adduced at trial and her prior communications with Defendants, that her defamatory implication claim asserts simply that Defendants' "A Rape on Campus" article, taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material) gives rise to the false and defamatory implication that Ms. Eramo discouraged Jackie from pursuing a formal complaint or police investigation regarding her rape allegations and/or suppressed Jackie's alleged assault.

As explained herein, Defendants have been aware of this claim—and its exact substance—since March, when Ms. Eramo informed Defendants of her intent to amend her complaint to include it, and Defendants expressly agreed that such amendment was unnecessary because her original complaint "already asserts claims under a theory of defamation by

implication."[1] This Motion is necessary now because Defendants have construed a similar statement of Ms. Eramo's claim—which Ms. Eramo provided to Defendants upon their request in conjunction with a yet-to-be-argued jury instruction issue, and which Ms. Eramo was not legally required to provide—as binding Ms. Eramo to a more detailed statement of her defamation by implication claim. This more-detailed statement, however, is not binding on Ms. Eramo, who fully set forth her defamation-by-implication claim and theory to Defendants over seven months ago. Moreover, even if it were binding (and it is not), justice requires that the Court allow Ms. Eramo to formally amend her defamation-by-implication claim to conform it with its original and longstanding articulation. Defendants will not be prejudiced thereby because they have long known this formulation of Ms. Eramo's claim, because that formulation is simply a subset of the more-detailed jury-instruction statement of that claim, and because the evidence adduced at trial (which Ms. Eramo contends is sufficient to raise a jury question on the claim) was therefore equally applicable to both statements of Ms. Eramo's defamation-by-implication claim.

In this filing, Ms. Eramo also responds to Defendants' "bench memorandum" regarding Ms. Eramo's defamation-by-implication claim in order to explain that contrary to Defendants' contentions, Ms. Eramo's defamation-by-implication claim is actionable and supported by sufficient evidence at trial to require its presentation to the jury for resolution.

## BACKGROUND

Although Defendants have recently taken issue with the scope of Ms. Eramo's defamation-by-implication claim, Defendants have been aware of the exact nature of this claim for over seven months.

---

[1] *See* Email from Alison Schary to Libby Locke (Mar. 16, 2016) (attached as **Exhibit A**).

In March 2016, Ms. Eramo's counsel contacted Defendants' counsel to request their consent under Federal Rule of Civil Procedure 15(a) to file an amended complaint to (1) expressly assert defamation-by-implication claims and (2) increase Ms. Eramo's damages claim in light of developments since her original complaint was filed.[2] Ms. Eramo's counsel attached to that email her proposed Amended Complaint.[3] As relevant here, that proposed Amended Complaint expressly set forth Ms. Eramo's claim for and theory of defamation by implication:

> In addition to the statements outlined above, the article as a whole and the illustration of Dean Eramo within it, intended to, and did in fact, imply that Dean Eramo sought to discourage Jackie from reporting the alleged gang-rape to police and/or to pursue an official complaint through the University sexual misconduct board.[4]

Defendants' counsel responded to Ms. Eramo's counsel's email on March 16, 2016 and took the position that an Amended Complaint was not necessary because Ms. Eramo's "existing complaint already asserts claims under a theory of defamation by implication" and Ms. Eramo's damages demand "does not preclude [her] from asking for a higher number [than $7.5 million] at any trial."[5] Defendants, as of last March, were therefore aware not only that Ms. Eramo was asserting a defamation-by-implication claim, but also of ***her exact theory of that claim.***

Fast-forward seven months. On the eve of trial, in conjunction with the exchange of proposed jury instructions, Defendants counsel requested that Ms. Eramo's counsel provide a specific statement of defamatory implication on which to charge the jury. Although Ms. Eramo was not legally obligated to set forth her defamation-by-implication claim with any additional

---

[2] *See* Email from Libby Locke to Liz McNamara & Alison Schary (Mar. 14, 2016) (Ex. A).

[3] *See* Proposed Am. Compl. (attached as **Exhibit B**)

[4] Proposed Am. Compl. ¶¶ 213, 229; *see also id.* ¶¶ 4-5, 61, 66 (further explaining the alleged defamatory implications in "A Rape on Campus").

[5] Email from Alison Schary to Libby Locke (Mar. 16, 2016) (Ex. A).

specificity,[6] Ms. Eramo obliged Defendants' request *for purposes of jury instructions*. Notably, jury instructions have not yet been argued. Defendants have nonetheless taken the position that Ms. Eramo, to prevail on her defamation-by-implication claim, must satisfy the precise proposed jury-instruction-formulation of her claim.

Although, as Ms. Eramo has explained to the Court, she believes that the evidence adduced at trial is sufficient for reasonable jurors to find that that overly-specific formulation of her claim is satisfied, Ms. Eramo submits this Motion to Clarify to ensure that her defamation-by-implication claim conforms with the evidence adduced at trial and the operative statement of Ms. Eramo's claim as she has intended it (and all parties have understood it) for over seven months.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(b), the Court, "even at trial ... should freely permit an amendment" to conform the pleadings to the proof. *Stevens v. Showalter*, 458 B.R. 852, 856 (D. Md. 2011); *Ricks v. Virginia*, No. 07-cv-296, 2008 WL 301992, at *2 (E.D. Va. Jan. 31, 2008) (Rule 15(b)(1) sets forth a "liberal standard to amend"); *Gay v. Carolina Buggy Tours*, No. 06-cv-3435, 2008 WL 4031270, at *3 (D.S.C. Aug. 22, 2008) (same for Rule 15(b)(2)). The purpose of the rule is to "avoid the tyranny of formalism." *Kirkland v. District of Columbia*, 70 F.3d 629, 634 (D.C. Cir. 1995). "[T]here is no deadline to amend pleadings, and "a party may even amend its pleading during and after the trial of the case to conform to the facts." *Auxo Med., LLC v. Ohio Nat'l Life Assur. Corp.*, No. 11-cv-259, 2011 WL 3841934, at *2 (E.D. Va. Aug. 30, 2011).

---

[6] *See* Fed. R. Civ. P. 8(a); *see also infra*.

4

Notably, there can be no prejudice to a defendant from such an amendment where, as here, the defendant is aware of the plaintiff's contentions during the discovery in the case. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 258 F. Supp. 2d 461, 465 n.6 (W.D. Va. 2003), *aff'd*, 367 F.3d 212 (4th Cir. 2004); *Tackett v. Ratliff*, No. 01-cv-154, 2003 WL 649112, at *1 n.3 (W.D. Va. Feb. 27, 2003) (same). Indeed, this is true even where, unlike here, a plaintiff seeks to amend her complaint to add an entirely new theory of recovery. *See, e.g.*, *Maurag, Inc. v. Bertuglia*, 494 F. Supp. 2d 395, 400 n.5 (E.D. Va. 2007) (granting Rule 15 motion to amend and conform pleadings to add additional theory of fraudulent procurement). Rather, prejudice sufficient to deny a Rule 15(b) motion exists only where "[b]elated claims ... change the character of litigation" and "[t]he proof required to defend against [the] new claim would be of an entirely different character than the proof which the defendant had been led to believe would be necessary." *Virginia Brands, LLC v. Kingston Tobacco Co.*, No. 10-cv-9, 2010 WL 5136197, at *4 (W.D. Va. Dec. 10, 2010).

Similarly, even where Rule 15(b) is not applicable, Rule 54(c)—which provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings" Fed. R. Civ. P. 54(c)—authorizes recovery under **any theory** supported by facts adduced at trial: "the plaintiff need not set forth any theory ... for the court will award appropriate relief if the plaintiff is entitled to it on any theory." *Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 686–87 (D. Md. 2001). This is so because "[u]nder the [Federal Rules] ... a plaintiff in his complaint is required only to set forth a short and plain statement of the claim" and she "need not set forth any theory" because "the court will award appropriate relief if the plaintiff is entitled to it upon any theory." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963)

5

(citing Rule 54(c)); *Robinson v. Lorillard Corp.*, 444 F.2d 791, 803 (4th Cir. 1971) ("The pleadings serve only as a rough guide to the nature of the case.").

## ARGUMENT

I. **Ms. Eramo's Proposed And Yet-To-Be-Adjudicated Jury-Instruction Formulation Of Her Defamation-By-Implication Claim Is Not Binding, And Even If It Were, It Should Be Conformed To Her Long-Standing Statement Of Her Claim In Light Of The Evidence Adduced At Trial.**

Here, Ms. Eramo seeks to do exactly what the Federal Rules (and the inherent authority of the Court) allows: she seeks to ensure that her defamation-by-implication claim, as pleaded, conforms with the evidence adduced at trial that "A Rape on Campus," taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material) gives rise to the false and defamatory implication that Ms. Eramo discouraged Jackie from pursuing a formal complaint or police investigation regarding her rape allegations and suppressed Jackie's alleged assault.[7]

Defendants have made much about the detailed statement of Ms. Eramo's defamation-by-implication claim that Ms. Eramo provided to Defendants ***for the sole purpose of the formulation of a potential jury instruction***, and have now taken the position that *that* statement of Ms. Eramo's claim binds her. It does not. Under the Federal Rules, Ms. Eramo is not required to provide a binding detailed statement of her defamation-by-implication claim. Rather, she need only offer a "short and plain statement" of that claim, which she did seven months ago. *See* Fed. R. Civ. P. 8(a). Moreover, Virginia law simply does not require a plaintiff asserting a defamation-by-implication claim to offer a "statement of implication" detailing the allegedly defamatory implication(s) to which she claims a publication gives rise—no case requires such a

---

[7] The Court's ruling denying Defendants' Rule 50 Motion for Judgment as a Matter of Law and holding that there is sufficient evidence from which a reasonable jury could conclude that Statements #1-3 in "A Rape on Campus" are defamatory of Ms. Eramo confirms that there was likewise sufficient evidence adduced at trial to send this defamatory implication to the jury.

statement. Rather, at most, some courts have required a plaintiff to simply connect the allegedly defamatory implication to express statements in the publication giving rise to it, *see Binion v. O'Neal*, No. 14-13454, 2015 WL 3544518, at *5 (E.D. Mich. Apr. 2, 2015), while other courts do not even require that, and have instead observed that "[w]hen the basis of a claim of libel lies in an implication flowing from the rhetoric of a publication, the allegedly damaging implication frequently cannot be connected to any one statement, or to even a few specific statements, but rather emanates from the tone of the article as a whole." *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 986 n.4 (N.D. Cal. 2010). Here, of course, Ms. Eramo has connected the defamatory implication of "A Rape on Campus" to express statements in the article that Ms. Eramo "discouraged" Jackie from pursuing an investigation of or complaint about her alleged sexual assault and that Ms. Eramo acted to "suppress" Jackie's alleged assault. Nothing more is required, and Ms. Eramo simply has not, through a yet-to-be-adjudicated jury instruction, amended the statement of her defamation-by-implication claim that she asserted—and informed Defendants about—over seven months ago

In any event, even if the hyper-detailed formulation of Ms. Eramo's defamation-by-implication claim offered in connection with proposed jury instructions were the operative version of Ms. Eramo's claim (and it is not), Ms. Eramo is entitled to amend that statement of her claim to conform with the evidence adduced at trial, which is more than sufficient to raise a question on the issue of whether Ms. Eramo "discouraged" Jackie from pursuing a sexual assault complaint. Critically, Defendants will suffer no prejudice whatsoever by such an amendment for multiple reasons. ***First***, Defendants have been aware of not only Ms. Eramo's defamation-by-implication claim, but also the exact nature and formulation of that claim since March. ***Second***, the evidence that would support or contradict the defamatory implication set forth in March is

the same evidence that would support or contradict the more-detailed version of that their trial strategy or the potential proof adduced at trial would have been any different in light of either formulation of Ms. Eramo's defamation-by-implication claim. **Third**, trial has not yet concluded, and Defendants have not even started their case-in-chief. Accordingly, they will have more than ample opportunity to adduce any evidence they deem necessary in their defense of Ms. Eramo's defamation-by-implication claim—and her other claims.

As such, the situation here is precisely that in which courts have held that amendments pleadings are proper. Ms. Eramo does not seek to assert "[b]elated claims" that "change the character of litigation" and for which "[t]he proof required to defend against [the] new claim would be of an entirely different character than the proof which the defendant had been led to believe would be necessary." *Virginia Brands*, 2010 WL 5136197, at *4. Rather, Ms. Eramo seeks only to conform the pleadings to the proof and "avoid the tyranny of formalism." *Kirkland*, 70 F.3d at 634. That is entirely proper.

Finally, even if the Court is not inclined to allow amendment under the liberal standards of Rule 15(b), it is entirely proper for the Court to allow Ms. Eramo to proceed on her defamation-by-implication claim as long-stated in this case because Rule 54(c) allows plaintiffs to recover on a claim under "any theory" supported by the facts adduced at trial. *See Fare Deals Ltd.*, 180 F. Supp. 2d at 686-87. Failure to do so would amount to reversible error.

## II. Ms. Eramo's Defamation-By-Implication Claim, However Formulated, Is Actionable And Must Be Submitted To The Jury For Resolution.

As explained above, Ms. Eramo's defamation-by-implication claim, as long and properly formulated, simply does not have the intent element (relating to Ms. Eramo's alleged intentions) that Defendants argue it contains. However, even if it did, it is still perfectly actionable and there was sufficient evidence from which a reasonable juror could find in Ms. Eramo's favor on that

claim so as to require its submission to the jury for resolution. Defendants' arguments and authorities, presented in their so-called "Bench Memorandum" filed today do not require otherwise.

> A. **Defendants' Misapply *Chapin*: Defendants Need Not Have Intended Or Endorsed The Defamatory Implications of "A Rape on Campus"—But Even if *Chapin* Were Applicable, There Is Evidence Of Such Intent Or Endorsement.**

As an initial matter, in arguing that Defendants must have intended or endorsed the precise formulation of the defamatory implication on which Ms. Eramo bases her claim, Defendants misstate the Fourth Circuit's holding in *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993). ***As the Fourth Circuit has since clarified, it did not hold in Chapin that the author statements giving rise to a false and defamatory implication or innuendo must affirmatively intend or endorse that implication or innuendo***; rather, as the court explained in *Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 334 (4th Cir. 2005):

> We stated in *Chapin* that "a libel-by-implication plaintiff must make an especially rigorous showing ***where the expressed facts are literally true***. The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference."

*Id.* at 334 n.7 (quoting *Chapin*, 993 F.2d at 1092-93) (emphasis in *Hatfill*). In *Hatfill*, in contrast to *Chapin*, the plaintiff "allege[d] ***both*** that the [defamatory] inference ... is false ***and*** that the factual assertions from which that inference arises are false." *Id.* Accordingly, the Fourth Circuit concluded that "*Chapin* is inapposite." *Id.* The same conclusion holds here: Ms. Eramo has claimed that not only is Defendants' defamatory implication false and defamatory, but also that the "facts" on which Defendants' base that implication are also false—and Ms. Eramo has adduced evidence at trial in support of those claims and contentions. Accordingly, *Chapin* is

9
Case 3:15-cv-00023-GEC   Document 344   Filed 10/30/16   Page 9 of 15   Pageid#: 16976

inapposite, and Defendants need not have "intend[ed] or endorse[d]" the defamatory implication Ms. Eramo has identified for that implication to be actionable.[8]

In any event, even if *Chapin* were applicable here, Ms. Eramo has adduced sufficient evidence at trial from which a reasonable jury could conclude that Ms. Eramo discouraged Jackie from pursuing a formal complaint or police investigation regarding her rape allegations and/or suppressed Jackie's alleged assault. Indeed, that is clear from the fact that Ms. Eramo's defamation claims relating to express statements in Defendants' publications that Ms. Eramo discouraged Jackie from sharing her story or suppressed Jackie's assault are proceeding to the jury. Moreover, there is likewise more than sufficient evidence from which a reasonable jury could conclude that Defendants knew that Ms. Eramo did not intend to discourage Jackie from pursuing a complaint or police investigation regarding her alleged assault. Indeed, Defendant Erdely's own reporting notes make this clear. For example, Erdely's Reporting Notes and emails between Jackie and Ms. Eramo that Jackie forwarded to Erdely unambiguously demonstrate that:

- Jackie told Erdely that when Jackie reported assaults at Phi Kappa Psi to Ms. Eramo, Ms. Eramo "got pissed at the frat, and she said two fraternities lost their charter this year it wouldn't bother me at all to add a third."[9]
- Emily Renda told Erdely that Ms. Eramo "is very passionate about getting [rapists] punished and is "very interested in making sure we can do something punitive and make something stick;[10]
- Ms. Eramo encouraged Jackie to "continue to consider" "report[ing] [her assault] further to the authorities or through the Sexual Misconduct Policy here on Grounds";[11]

---

[8] Defendants also rely on the Ninth Circuit's decision in *Newton v NBC*, 930 F.2d 662 (9th Cir. 1990) as supporting their reading of *Chapin*. But as the Ninth Circuit explained after its decision in *Newton* (on which Defendants rely), if defendants could avoid liability on defamation by implication claims simply by denying an intent or endorsement of the defamatory implication, "all implied defamation suits would be dead on arrival." *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 892-93 (9th Cir. 2016) (citing *Newton*).

[9] PTX10 (Erdely Reporting File) at RS004312.her alleged assault to Ms. Eramo, Ms. Eramo got was told that Ms. Eramo is "passionate" about obtaining punishment and "making sure ... something punitive ... sticks" (SRE 10/20 p27; PTX10)

[10] *Id.* at RS004147.

- Ms. Eramo arranged for Jackie to meet with the police.[12]

That is more than sufficient evidence to justify submitting Ms. Eramo's defamation-by-implication claim—even as formulated by Defendants—to the jury.

> **B. Defendants Are Incorrect: Statements And Implications Imputing False Intentions Or Motives Can Be Defamatory And Actionable.**

Defendants next contend in their "Bench Memorandum" that Ms. Eramo's defamation-by-implication claim, as formulated in the proposed jury instruction, must necessarily fail because, according to Defendants, statements about a person's intentions or motivations it constitute nonactionable opinion. Simply put, Defendants are incorrect. Courts routinely hold that statements or implications that impute improper motives or intents to a person can sustain a claim for defamation. *See, e.g.*, *Woods v. Prot. One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1188 (E.D. Cal. 2007) ("It may be defamatory where it may be implied that a plaintiff failed to pay an obligation ***from dishonest motives***[.]"); *Woods v. Asset Res.*, No. 06-cv-398, 2006 WL 3782704, at *4 (E.D. Cal. Dec. 21, 2006) (same); *Yohe v. Nugent*, 321 F.3d 35, 43 (1st Cir. 2003) (explaining that a reporter cannot avoid defamation liability by asserting privilege if he "impute[s] corrupt motives to anyone, [or] indict[s] expressly or by innuendo the veracity or integrity of [the plaintiff]" (quoting Restatement (Second) of Torts § 611 cmt. f); *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 14-cv-1932, 2015 WL 4911585, at *9 (D. Colo. Aug. 18, 2015) (same); *see also Green v. Fid. Investments*, 374 F. App'x 573, 578 (6th Cir. 2010) (explaining that, if false, a statement that "implies a dishonest motive" to a person can be actionable in defamation); *State Auto. Mut. Ins. Co. v. Dunhill Partners, Inc.*, No. 3:12-CV-03770-P, 2014 WL 11515380, at *4 (N.D. Tex. Mar. 26, 2014) (statement that "impl[ies] a

---

[11] PTX-13 at RS018284 (Emails between Jackie and Ms. Eramo, forwarded to Ms. Erdely by Jackie).

[12] PTX 18 at RS017031-42 (Emails between Jackie and Ms. Eramo, forwarded to Ms. Erdely by Jackie).

11

malevolent motive on the part of Plaintiffs" can be actionable in defamation). Defendants' cases do not hold otherwise—they imply confirm the unremarkable proposition that ***not all*** statements about people's motivations and intentions are defamatory; they do not, however, broadly hold that no such statements can be actionable as defamatory.[13]

### C. A Reasonable Jury Could Find That Defendants Acted With Actual Malice In Making Their Defamatory Implication.

Finally, Defendants are incorrect that no reasonable jury could find that they made the defamatory implication in "A Rape on Campus" with actual malice.

First, Defendants largely base this argument on the fact that Erdely did not actually interview Ms. Eramo and, according to Defendants, could therefore not truly know Ms. Eramo's intentions regarding the reporting of Jackie's alleged assault. Defendants' argument sweeps far too broadly. Under Defendants' argument, a defamation defendant could ***never*** be found to have acted with actual malice when making claims about a person (or at least the person's intentions or motives) if the defendant did not interview that person. Essentially, Defendants seek to require, as a precondition to recovery by a defamation-plaintiff, a requirement to speak with the defendant. But that is not the law, and Defendants cite no law in support of that contention.

Second, Defendants' argument (citing *Time, Inc. v. Pape*, 401 U.S. 279 (1971)) that Ms. Eramo's defamation-by-implication claim must fail because Defendants were simply

---

[13] Defendants devote significance space in their brief to discussing *Haynes v Alfred A. Knopf, Inc.*, 8 F.3d 1222 (7th Cir. 1993), but their reliance on this case is is particularly misplaced, as the court there simply held plaintiff's claims not actionable because they "are not within any of the *per se* categories and therefore are not actionable, because Haynes alleges no pecuniary injury." *Id.* at 1226. The court did not hold that statements about a person's motives can never be actionable; rather, in *dicta* the court simply observed that in that particular case, defendants' statements constituted rank speculation about the plaintiff's intentions without any suggestion of undisclosed facts to support that opinion. As the court colorfully noted, the defendant "did not pretend to have the inside dope" on the plaintiff's state of mind. *Id.* Similarly, as Ms. Eramo explained in her summary judgment briefing, the Eighth Circuit's decision in *Janklow v. Newsweek, Inc.*, 788 F.2d 1300 (8th Cir. 1986) is no longer good law. *See Janklow*, 788 F.2d at 1302 (8th Cir. 1986) (citing *Gertz* for the conclusion that "[o]pinion is absolutely protected under the First Amendment"), *recognized as abrogated by Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-21 (1990)* in *Toney v. WCCO Tel., Midwest Cable & Satellite, Inc.*, 85 F.3d 383, 393 (8th Cir. 1996).

12

presenting a "rational interpretation of an ambiguous situation" (Defs.' Bench Mem. [Dkt. 340] at 5) is simply inapposite—that is not what Ms. Eramo is claiming.  ***Ms. Eramo does not contend***, as Defendants assert, that "Defendants were implying the wrong conclusion from the known facts that UVA sexual assault survivors described feeling supported by their interactions with her am duet few moved forward with formal complaints."  ***Rather, Ms. Eramo contends*** that Defendants made false statements and implications about Ms. Eramo's specific interactions with Jackie.  Ms. Eramo's defamation-by-implication claim contends that Defendants' "A Rape on Campus" article, taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material) gives rise to the false and defamatory implication that Ms. Eramo discouraged Jackie from pursuing a formal complaint or police investigation regarding her rape allegations and/or suppressed Jackie's alleged assault.  Even as packaged by Defendants, Ms. Eramo's defamation-by-implication claim asserts that Defendants falsely imply that Ms. Eramo intentionally discouraged Jackie from pursuing a formal complaint or police investigation regarding her rape allegations and/or suppressed Jackie's alleged assault.  Those implications relate specifically to Ms. Eramo's actions and conduct with regard to Jackie.  And, as explained above, there is extensive evidence from which a reasonable jury could conclude that Defendants were well aware of the true facts of Ms. Eramo's interactions with Jackie and her true intentions during those interactions.  Simply put, there is no "ambiguous situation" here, and Defendants' argument does nothing more than tear down a straw man.

## CONCLUSION

For the foregoing reasons, Ms. Eramo respectfully requests that the Court grant her Motion to Clarify and hold that the operative statement of Ms. Eramo's defamation-by-

implication claim, to the extent it believes a precise statement is required, provide, in accordance with the parties' long understanding, as follows:

> Defendants' "A Rape on Campus" article, taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material) gives rise to the false and defamatory implication that Ms. Eramo discouraged Jackie from pursuing a formal complaint or police investigation regarding her rape allegations and/or suppressed Jackie's alleged assault.

Ms. Eramo further respectfully requests that the Court deny Defendants' Rule 50 Motion to dismiss her defamation-by-implication claim.

Dated: October 30, 2016

Respectfully submitted,

By: _/s/ Elizabeth M. Locke_
Thomas A. Clare (VA Bar No. 39299)
Elizabeth M. Locke (VA Bar No. 71784)
Andrew C. Phillips (VA Bar No. 88880)
Joseph R. Oliveri (VA Bar No. 77152)
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
andy@clarelocke.com
joe@clarelocke.com

*Attorneys for Plaintiff Nicole P. Eramo*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Clarify Her Defamatory Implication Claim and Response to Defendants' Bench Memorandum on Ms. Eramo's Defamation by Implication Claim was served on the below counsel of record on October 30, 2016 in accordance with the Fed. R. Civ. P.:

Michael John Finney & William David Paxton
GENTRY LOCKE RAKES & MOORE
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9373
Telephone: (540) 983-9334
Fax: (540) 983-9400
Email: finney@gentrylocke.com
Email: paxton@gentrylocke.com

Elizabeth A. McNamara & Samuel M. Bayard
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230 / Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
Email: samuelbayard@dwt.com

Alison B. Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248 / Fax: (202) 973-4448
Email: alisonschary@dwt.com
*Attorneys for Defendants Rolling Stone LLC,*
*Sabrina Rubin Erdely, and Wenner Media LLC*

Benjamin Gaillard Chew
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, DC 20036-5303
Telephone: (202) 585-6511
Email: bchew@manatt.com
*Attorney for Defendant Sabrina Rubin Erdely*

Dated: October 30, 2016            By:    */s/ Elizabeth M. Locke*
                                                            Elizabeth M. Locke