CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 31 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

NICOLE P. ERAMO,  )
 )
    Plaintiff,  ) Civil Action No. 3:15-CV-00023
 )
v.  ) **MEMORANDUM OPINION**
 )
ROLLING STONE LLC, et al.,  ) Hon. Glen E. Conrad
 ) Chief United States District Judge
    Defendants.  )

From October 17, 2016 through October 28, 2016, a bifurcated jury trial was conducted on plaintiff's claims of defamation and defamation by implication. At the close of plaintiff's evidence, defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The case is currently before the court on defendants' motion as to plaintiff's defamation by implication claim and plaintiff's motion to clarify her claim. For the following reasons, the court will grant defendants' motion.

### Standard of Review

Rule 50(a) of the Federal Rules of Civil Procedure permits a party to submit a motion for judgment as a matter of law after the opposing party has been fully heard. "Pursuant to Rule 50(a), the court will not submit an issue to the jury unless sufficient evidence exists to justify, as a legal matter, a finding in favor of the proponent. In other words, if the judge concludes that the plaintiff's case is, as a matter of law, so weak that no rational jury could find in favor of the plaintiff, the judge has the authority to enter judgment in favor of the defendant[s]." Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 160 (4th Cir. 2012).

### Discussion

The facts of this case are outlined in detail in the court's memorandum opinion granting in

part and denying in part the parties' cross motions for summary judgment. See Eramo v. Rolling Stone, No. 3:15CV23, 2016 WL 5234688 (W.D. Va. Sept. 22, 2016). In her complaint, plaintiff did not expressly include a count for defamation by implication. Defendants, however, acknowledged that plaintiff's "complaint already asserts claims under a theory of defamation by implication." Email from Alison Schary to Libby Locke (March 16, 2016 6:13 p.m.). At a hearing held on October 11, 2016, defendants requested that plaintiff specify the defamatory meaning she claimed defendants implied. Hearing Tr. 42-43, Dkt. 263. Plaintiff agreed to do so and, sometime thereafter, provided a statement delineating the alleged defamatory implication. Id. Plaintiff asserted "that the Rolling Stone article 'A Rape on Campus,' taken as a whole and viewed in context with its headlines, illustrations, captions and promotional material, implies and insinuates that Nicole Eramo acted as a false friend to Jackie, pretending to be on her side while at the same time discouraging Jackie from pursuing a formal complaint or police investigation regarding her rape allegations in order to suppress the assault and protect the University's reputation." After resting and prior to the defendants' presentation of evidence, plaintiff moved to clarify her defamatory implication claim.

In Virginia, a defamation by implication plaintiff must demonstrate that "the statements were designed and intended by the defendants to imply [the defamatory innuendo of which the plaintiff complains.]" Pendleton v. Newsome, 290 Va. 162, 175 (2015). When a plaintiff alleges that she has been defamed by implication, "the alleged implication must be reasonably drawn from the words actually used." Webb v. Virginia-Pilot Media Cos., LLC, 287 Va. 84, 89 (2014) (citing Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092-93 (4th Cir. 1993)); see also Carwile v. Richmond, 196 Va. 1, 9 (1954) ("The meaning of the alleged defamatory language cannot, by innuendo, be extended beyond its ordinary and common acceptation. The province of the innuendo is to show how the words used are defamatory, and how they relate to the plaintiff, but it cannot introduce new matter, nor extend the meaning of the words used, or make that certain which is in

2

fact uncertain.").

Claims for defamation are subject to notice pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Nonetheless, a defamation plaintiff "ought to specify the defamatory statements, even under the liberal federal pleading regime." Johnson v. Lantz, 2:02CV00120, 2002 WL 1821610, at *1 (W.D. Va. Aug. 8, 2002). For example, in Compel v. Citi Mortgage Inc., the district court dismissed a defamation claim when the complaint failed "to identify which specific statements plaintiff consider[ed] defamatory or libelous." 1:04CV01377, 2005 WL 4904816, at *1 (E.D. Va. Feb. 23, 2005).

Trial courts have consistently relied upon the innuendo alleged in the plaintiff's complaint in determining whether a plaintiff has sufficiently stated a claim. See e.g., Chapin v. Greve, 787 F. Supp. 557, 564 (E.D. Va. 1992) ("The dispositive question presented is whether or not a reasonable factfinder could conclude that the article or statements in the article state or imply, in their plain and natural sense, the defamatory meanings ascribed to them by plaintiffs in their complaint.") (citing Milkovich v. Loraine Journal Co., 497 U.S. 1, 20-21 (1990)); Pendleton, 290 Va. at 175 (concluding that the statements at issue were "reasonably capable of conveying the defamatory innuendo of which plaintiff complains"); Webb, 287 Va. at 89 ("Thus, the question for the circuit court when ruling on the demurrer was whether, as a matter of law, the article is reasonably capable of the defamatory meaning [plaintiff] ascribed to it). For example, in Pendleton v. Newsome, plaintiff alleged that defendants "falsely implied, inferred, and/or insinuated, through relevant facts, and use of innuendo, that [a child's] death was caused by [her mother's] alleged inactions." 290 Va. at 167. In its opinion reversing and remanding, the Supreme Court of Virginia stated that plaintiff would bear the burden of proving "that the statements . . . were designed and intended . . . to imply that the plaintiff was responsible for her child's death." Id. at 175.

3

Here, the court believes that plaintiff met her federal notice pleading requirement when plaintiff delivered to defendants her statement of implication after the October 11, 2016 hearing. At that point in time, defendants had enough information to "understand the defenses available to [them] and how [they] should proceed." Compel, 2005 WL 4904816, at *2. Moreover, only upon delineating the defamatory implication could plaintiff attempt to prove that the implication was a false factual assertion that defendants "designed and intended," as required by Virginia law. See Pendleton, 290 Va. at 171-75. Thus, the court concludes that it must use the defamatory meaning as alleged by the plaintiff in evaluating whether the inference could be "reasonably drawn from the words actually used" and whether the defendants intended such an implication. Webb, 287 Va. at 89.

After resting her case, plaintiff now seeks to clarify or amend her claim so as to allege a different implication. While leave to amend a complaint is "freely given when justice so requires," the court should deny granting leave where good reason exists, such as when the amendment would be "prejudicial to the opposing party." Hoback v. Doe, 7:14CV00711, 2015 WL 5553745, at *1 (W.D. Va. Sept. 18, 2015) (citing Fed. R. Civ. P. 15(a)). The federal rules contemplate notice pleading so that the other party has the opportunity to defend itself. See Everett v. Prison Health Servs, 412 F. App'x 604, 606 (4th Cir. 2011). Here, the court believes that allowing plaintiff to amend on the eve of defendants' case would not provide defendants with sufficient time to develop their defense, causing prejudice.[1] Therefore, the court will deny the plaintiff's motion to clarify.

Having heard the evidence, the court believes that no reasonable juror could find that "A Rape on Campus," read as a whole and in context of the contemporaneous promotional material, reasonably implies that Eramo was a false friend to Jackie who pretended to be on Jackie's side while seeking to suppress sexual assault reporting. Similarly, based on the evidence adduced, the

---

[1] This is especially true in a case such as this in which plaintiff called many of the witnesses identified by defendants as adverse witnesses.

court further believes that no reasonable juror could find that plaintiff has established by a preponderance of the evidence that defendants designed and intended this defamatory implication. Therefore, the court will grant defendants' motion for judgment as a matter of law in relation to plaintiff's defamation by implication allegations. In so holding, the court denies plaintiff's motion for leave to clarify or amend her claim.

## Conclusion

For the reasons stated, defendants' motion for judgment as a matter of law as to plaintiff's defamation by implication claim is granted and plaintiff's motion to clarify is denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This  31st  day of October, 2016.

_____
Chief United States District Judge


5

Case 3:15-cv-00023-GEC   Document 345   Filed 10/31/16   Page 5 of 5   Pageid#: 16987
