IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

---

NICOLE P. ERAMO,

        Plaintiff,

    - against -

ROLLING STONE LLC, SABRINA RUBIN ERDELY, AND WENNER MEDIA LLC,

        Defendants.

Case No. 3:15-cv-00023-GEC

---

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ANY *PER DIEM* DAMAGES CALCULATIONS

Defendants Rolling Stone LLC, Wenner Media LLC (collectively, "Rolling Stone"), and Sabrina Rubin Erdely ("Erdely") submit this damages phase motion *in limine* to exclude evidence and argument, including in opening statements, regarding any "*per diem*" type damages calculations.

Such calculations are not permissible under Virginia law, so such evidence is wholly irrelevant to the issues before the jury under Rules 401 and 402 of the Federal Rules of Evidence. In addition, such a calculation would be highly and unfairly prejudicial, as well as presenting a great danger of confusing the issues and misleading the jury under Rule 403.

### ARGUMENT AND AUTHORITIES

A *per diem* damages calculation is one that bases an actual damages award on a daily or other fixed basis. Here, Plaintiff's potential *per diem* damages calculations may include:

- A fixed amount of money for each of the times that an actionable statement was viewed;

- A fixed amount of money for each sale/purchase/circulation of an actionable statement; and/or

- A fixed amount of money per day, month, and/or year for the plaintiff not remaining in her position as Associate Dean of Students.

It is well-established under Virginia law—and as applied by federal courts sitting in diversity—that any *per diem* damages calculations are improper. In Virginia, the plaintiff has the burden of proving the elements of her alleged actual damages with reasonable certainty. This burden requires the plaintiff to provide sufficient facts and circumstances that will permit the finder of fact to make "an intelligent and probable estimate" of her alleged actual damages. *Dillingham v. Hall*, 235 Va. 1, 365 S.E.2d 738, 739 (1988) (per curiam) *quoting Gwaltney v. Reed*, 196 Va. 505, 84 S.E.2d 501, 502 (1954).

*Per diem* damage calculations are therefore inconsistent with Virginia law because they are arbitrary estimations lacking evidentiary support. *Dillingham*, 365 S.E.2d at 739; *Wakole v. Barber*, 283 Va. 488, 722 S.E.2d 238, 240 (2012) ("The danger against which the Court sought to guard [in prohibiting any *per diem* damages calculation] was an argument placed before the jury that was not based on the evidence and further was based on a flawed premise that pain and suffering is constant from individual to individual and the degree of pain is the same daily."); *Certified T.V. & Appliance Co. v. Harrington*, 201 Va. 109, 109 S.E.2d 126, 131 (1959) ("To permit…an amount to be allowed for pain, suffering, mental anguish and disability calculated on a daily or other fixed basis, allows [the plaintiff] to invade the province of the jury and to get before it what does not appear in evidence…. Verdicts should be based on deductions drawn by the jury from the evidence presented and not the mere adoption of calculations submitted by counsel").

Courts sitting in diversity follow this body of Virginia law. In *Moorehead v. State Farm Fire & Casualty Co.*, 123 F.Supp.2d 1004 (W.D. Va. 2000), the defendant moved for partial summary judgment, seeking to prevent the plaintiffs from basing their damages on a *per diem* calculation—$100/day for emotional harm. *Id*. at 1005. This Court granted the defendant's motion, holding that the "plaintiffs' calculation of emotional harm on a *per diem* basis is clearly not a proper measurement of damages." *Id.* at 1007 (citing and quoting *Dillingham* and *Certified T.V.*). *See also Wuth v. United States*, 161 F.Supp. 661, 663-64 (E.D. Va. 1958) (refusing to apply *per diem* approach for past and future physical pain and mental anguish).

Accordingly, Plaintiff should not be able introduce evidence or argument regarding any "*per diem*" type damages calculation, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the Court should grant this damages phase motion in limine, excluding any *per diem* damages calculations.

.

Dated: November 4, 2016

By: /s/ Elizabeth A. McNamara

        Elizabeth A. McNamara (*pro hac vice*)
        Samuel M. Bayard (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        1251 Avenue of the Americas, 21st Fl.
        New York, New York 10020-1104
        Telephone: (212) 489-8230
        Fax: (212) 489-8340
        Email: lizmcnamara@dwt.com
                     samuelbayard@dwt.com

Alison Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4248
Fax: (202) 973-4448
E-mail: alisonschary@dwt.com

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Anthony M. Russell (VSB No. 44505)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: sexton@gentrylocke.com
E-mail: russell@gentrylocke.com
E-mail: finney@gentrylocke.com

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2016, the foregoing was served by CM/ECF on counsel of record for all parties to this action. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Elizabeth A. McNamara