IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

```
─────────────────────────────────────── x
NICOLE P. ERAMO,                        :
                                        :   Case No. 3:15-cv-00023-GEC
                  Plaintiff,            :
                                        :
         - against -                    :
                                        :
ROLLING STONE LLC, SABRINA RUBIN        :
ERDELY, AND WENNER MEDIA LLC,           :
                                        :
                  Defendants.           :
                                        :
─────────────────────────────────────── x
```

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
ALL EVIDENCE RELATED TO PUNITIVE DAMAGES**

Defendants Rolling Stone LLC, Wenner Media LLC (collectively, "Rolling Stone"), and Sabrina Rubin Erdely ("Erdely") submit this damages phase motion *in limine* to exclude evidence and argument, including in opening statements, related to the concept or purpose of punitive damages. In particular, Defendants seek to exclude any references to "sending a message," "holding Defendants accountable," "punishing Defendants," "having an award high enough that will deter Defendants and/or others from doing this again," or similar type phrases or statements.

Given that Plaintiff has withdrawn her punitive damages claim, such evidence or argument is wholly irrelevant to this damages phase, pursuant to Rules 401 and 402 of the Federal Rules of Evidence. It would also be highly and unfairly prejudicial under Rule 403, seeking to inflame and invite the jury to base their award on an improper basis.

## BACKGROUND

After the jury had been selected in this case, Plaintiff withdrew her claim for punitive damages on October 17, 2016. (Dkt. No. 287.)

In the liability phase of trial, Plaintiff was asked "what is it that you're hoping to accomplish with this lawsuit?" (10/18 Trial Tr. Vol. I at 162.) In her response, Plaintiff testified that she "want[s] to hold the people at Rolling Stone accountable for what they did to [her]," that "people need to know," "[a]nd journalists need to know that for the future. You can't just do drive-by journalism." (*Id*. at 163.) Defense counsel objected that this testimony—akin to "sending a message" to Rolling Stone and the journalism industry overall—was improper, outside the bounds of any actual damages, and "really a communication of damage that is solely related to punitives." (*Id*. at 164-65.)[1]

During closing argument, Plaintiff then went back to the "accountable" theme, ending with an appeal for the jury to enter a liability verdict in her favor "setting the record straight." (11/1 Trial Tr. Vol. II at 139.)

## ARGUMENT AND AUTHORITIES

In the upcoming damages phase, Plaintiff would be entitled to fair and reasonable compensation for actual damages proximately caused by the remaining statements at issue. Having withdrawn her punitive damages claim, however, she is not entitled to punitive-type damages through the back-door, under the guise of compensatory actual damages.

Accordingly, any punitive damages-type evidence or argument is wholly irrelevant to this case. Fed. R. Evid. 401 and 402. Likewise, it would be highly and unfairly prejudicial, appealing to the jury's passions or improper bases to award damages. Fed. R. Evid. 403.

---

[1] While the Court disagreed with the objection at the time, it did emphasize that it would instruct the jury as to how to properly consider the issue of damages in this case. (10/18 Trial Tr. at 164-65.)

A "jury's award of punitive damages is entirely separate from the compensatory damages award" because "[p]unitive damages serve an entirely different purpose than compensatory damages." *Johns v. Stillwell*, 2009 U.S. Dist. LEXIS 67810, at *24-35 (W.D. Va. Aug. 4, 2009). Compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001). On the other hand, punitive damages, "which have been described as 'quasi-criminal' operate as 'private fines' intended to punish the defendant and deter future wrongdoing." *Id*. (citations omitted) *See also King v. McMillan*, 594 F.3d 301, 314 (4th Cir. 2010) (affirming the district court's ruling remitting a jury's award of compensatory damages on a battery claim, because it "appeared to include a punitive element"); *Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 204 n.16 (4th Cir. 1982) (recognizing that a jury verdict reflecting a "compromise" of punitive and compensatory damages issues is improper).

For this reason, "send a message" type arguments—those that ask a jury to award compensatory damages not based on proof of actual harm, but in order to "send a message" to the defendants and/or the public at large, and to deter similar behavior in the future—are plainly improper. *See, e.g.*, *R.J. Reynolds Tobacco Co. v. Gafney*, 188 So. 3d 53, 57 (Fla. Ct. App. 2016) ("The overwhelming weight of Florida jurisprudence informs us that 'send a message' arguments are clearly inappropriate when utilized in a way that links the 'sending of the message' to a compensatory damage award, and not to the entitlement to, or amount of, punitive damages."); *Moore v. Hartman*, 102 F. Supp. 3d 35, 2015 U.S. Dist. LEXIS 50934, at *162 (D.D.C. 2015) (noting that courts uniformly forbid "send a message" arguments in compensatory damages actions); *Caudle v. District of Columbia*, 707 F.3d 354, 361 (D.C. Cir. 2013) (a "send a message" argument, made by counsel after the trial court sustained three objections to golden

3

rule arguments, was inappropriate); *Case v. Town of Cicero*, 2013 U.S. Dist. LEXIS 148656, at *30-31 (N.D. Ill. Oct. 16, 2013) (granting defendants' motion in limine preventing plaintiffs from asking jurors to "send a message" in assessing compensatory damages); *Jackowitz v. Lang*, 408 N.J. Super. 495, 506-09, 975 A.2d 531, 537-39 (NJ Ct. App. 2009) (affirming trial court's decision to order a new trial; counsel's argument that the jury should "send a message" by its award in a case solely concerning compensatory damages was "clearly inappropriate"); *Third Wave Techs. Inc. v. Stratagene Corp.*, 405 F. Supp. 2d 991, 1010 (W.D. Wis. 2005) ("It is improper to ask a jury to 'send a message' to other potential tortfeasors when asking for compensatory damages."); *Smith v. Kmart Corp.*, 177 F.3d 19, 26-27 (1st Cir. 1999) (noting that plaintiff's call to "send a message" was an improper request for punitive damages).

Likewise, Plaintiff should not be allowed to ask the jury to hold Defendants "accountable." To the extent relevant or appropriate at all, any "accountability" is reflected in the jury's verdict in Plaintiff's favor at the liability stage. Now, at the damages phase, the only remaining question for the jury to determine fair compensation to Plaintiff for actual damages caused by each statement at issue.

For these reasons, the Court should preclude all punitive damages-type evidence or argument, including but not limited to any references to "sending a message," "holding Defendants accountable," "punishing Defendants," "having an award high enough that will deter Defendants and/or others from doing this again," or similar type phases or statements.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Court should grant this damages phase motion in limine, excluding all evidence and argument relating to the concept or purpose of punitive damages.

4

23075/1/7778018v1
Case 3:15-cv-00023-GEC   Document 369   Filed 11/04/16   Page 4 of 6   Pageid#: 17456

Dated: November 4, 2016                    By: /s/ Elizabeth A. McNamara

        Elizabeth A. McNamara (*pro hac vice*)
        Samuel M. Bayard (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        1251 Avenue of the Americas, 21st Fl.
        New York, New York 10020-1104
        Telephone: (212) 489-8230
        Fax: (212) 489-8340
        Email: lizmcnamara@dwt.com
        samuelbayard@dwt.com

        Alison Schary (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        1919 Pennsylvania Avenue NW, Suite 800
        Washington, DC 20006-3401
        Telephone: (202) 973-4248
        Fax: (202) 973-4448
        E-mail: alisonschary@dwt.com

        W. David Paxton (VSB No. 19798)
        J. Scott Sexton (VSB No. 29284)
        Anthony M. Russell (VSB No. 44505)
        Michael J. Finney (VSB No. 78484)
        GENTRY LOCKE
        10 Franklin Road S.E., Suite 900
        P.O. Box 40013
        Roanoke, VA 24022-0013
        Telephone: (540) 983-9300
        Fax: (540) 983-9400
        E-mail: paxton@gentrylocke.com
        E-mail: sexton@gentrylocke.com
        E-mail: russell@gentrylocke.com
        E-mail: finney@gentrylocke.com

        *Attorneys for Defendants Rolling Stone LLC,*
        *Sabrina Rubin Erdely, and Wenner Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2016, the foregoing was served by CM/ECF on counsel of record for all parties to this action. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Elizabeth A. McNamara