IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROLLING STONE LLC, )<br>SABRINA RUBIN ERDELY, and )<br>WENNER MEDIA LLC, )<br>)<br>Defendants. )<br>) | Case No. 3:15-cv-00023-GEC |

**DEFENDANTS' RENEWED MOTION *IN LIMINE*
TO EXCLUDE THE NEWSEUM EXHIBIT**

Defendants Rolling Stone LLC, Wenner Media LLC, and Sabrina Rubin Erdely (collectively, "Defendants") renew their motion *in limine* to exclude testimony regarding the Newseum exhibit during the damages phase of the trial. Defendants have obtained photographic evidence demonstrating that neither Plaintiff's name nor any of the allegedly defamatory statements are displayed or referenced in the exhibition. Accordingly, the exhibit can have no impact on Plaintiff's reputation, and testimony from Plaintiff regarding the exhibition is both irrelevant to her claim for compensatory damages and highly prejudicial.

**ARGUMENT**

In opposing Defendants' previous motion *in limine* number 7 regarding the Newseum Exhibition (Dkt. No. 178), Plaintiff argued that evidence relating to the exhibition was relevant to her damages because: "Ms. Eramo's name has been enshrined in a museum and further associated with false and defamatory allegations." Plaintiff's Opp. at 2 (Dkt. No. 202). *See also id.* ("those defamatory words were enshrined in a museum visited hundreds of thousands if not millions of people"). *See also* 10/7/16 Tr. at 118:9-11 ("Ms. Eramo's name is enshrined in this

Newseum."); *id*. at 118:16-17 ("even now her name being enshrined in the Newseum further damages her"). As set forth in the Affidavit of Katherine O'Marra and its exhibits, Defendants have obtained photographs of the Newseum exhibit that demonstrate that Plaintiff's statements are not factually accurate. The photographs demonstrate that Plaintiff's name is ***not*** used in the exhibit and that ***none*** of the remaining allegedly defamatory statements at issue in this case are displayed, repeated, or otherwise referenced in the exhibit.

More specifically, only the first page and opening illustration of the print edition of "A Rape on Campus" are displayed in the Newseum exhibit. O'Marra Aff., Ex. A-B. These pages of the magazine do not mention Plaintiff by name or title and do not include any of the three statements now at issue in this action. *See* Plaintiff's Trial Ex. 1 at RS001070-71; O'Marra Aff. ¶ 6. The magazine pages appear behind glass, so that no visitor to the museum can see any other pages of the magazine. O'Marra Aff. ¶ 4. The museum's explanatory text appearing to the left of the magazine pages likewise do not mention Plaintiff or reference any of the allegedly defamatory statements:

> *Rolling Stone*'s Reporting Failure:
>
> *Rolling Stone* sparked a national dialogue about campus rape in 2014 after publishing a shocking account of a gang rape at a University of Virginia fraternity house. But when several journalists uncovered discrepancies, the spotlight shifted to the magazine's reporting failures. *Rolling Stone* officially retracted the story following a review by the Columbia University Graduate School of Journalism. The scathing report said the magazine relied too heavily on a single source, neglecting "basic, even routine journalistic practice" by failing to verify the source's version of events.

O'Marra Aff. ¶ 5, Ex. C.

Under Virginia law, a plaintiff has "the burden of proving by a preponderance of the evidence both the quantum of his loss and that the defamatory words were its proximate cause." *Great Coastal Exp., Inc. v. Ellington*, 230 Va. 142, 156, 334 S.E.2d 846, 855 (1985), *overruled*

2

*on other grounds* by *Cashion v. Smith*, 286 Va. 327, 338, 749 S.E.2d 526, 532 (2013). *See also Harper v. Virginia Blood Servs.*, 35 Va. Cir. 50, 50 (1994) (where statement is not defamatory per se, plaintiff "must show that the loss came about because of the defamation and not for other causes"). In *Sheckler v. Virginia Broadcasting Corp.*, 63 Va. Cir. 368 (2003), a television station broadcast inaccurate information regarding the plaintiff's drug arrest. On the issue of damages, the court stated that "the Defendant could be held responsible ***only for those injuries inflicted by the defamatory portions of the Defendant's broadcasts***, not the losses or injuries sustained from the attendant arrest, prosecution, and forfeiture proceedings, or from the newspaper accounts and the accurate portions of the television broadcasts and Internet publications reporting those events." *Id*. at *8 (emphasis added).

Defendants recognize that, at the October 7 hearing on motions *in limine*, the Court stated that Plaintiff would be entitled to testify that the Newseum exhibit was "part of the concern [she has] ongoing about the firestorm that ensued." 10/7/16 Tr. at 119:19-20. But Plaintiff is only entitled to damages proximately caused by the allegedly defamatory statements at issue, ***not*** for harm stemming from other causes. Now that the Court has dismissed the defamation-by-implication claim, Plaintiff cannot argue that the Article as a whole caused her actual damages, but rather must trace her injury to the specific allegedly actionable parts that remain in the case. The photographs attached to the O'Marra Affidavit make clear that the Newseum exhibit does not make any reference to Plaintiff nor reproduce any allegedly defamatory portion of the Article. Because it cannot be the proximate cause of any cognizable injuries suffered by Plaintiff, testimony regarding it is irrelevant and should be excluded under Federal Rules of Evidence 401 and 402. This is consistent with the Court's October 7 ruling excluding the "The Worst Journalism of 2014" article after Mr. Paxton observed that that article makes "no reference to

3

Dean Eramo," just criticizes "the investigation into Jackie's rape," and "has nothing to do with Dean Eramo." 10/7/16 Tr. at 120:16-24.

Alternatively, even if marginally relevant (which it is not), testimony regarding the Newseum exhibit is highly prejudicial to Defendants and may improperly encourage the jury to "send a message" to the Defendants for their journalistic shortcomings, rather than actual harm proximately caused by the allegedly defamatory statements at issue. Now that Plaintiff has dropped her claim for punitive damages, there is no imaginable justification for tempting the jury to award damages on such a basis. Therefore, the danger of unfair prejudice substantially outweighs any probative value testimony regarding the Newseum exhibit may have, and such testimony or related evidence should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiff from mentioning, referencing, inquiring about, obtaining testimony from witnesses on, introducing documents or that reference the Newseum exhibit.

Dated: Charlottesville, Virginia
November 4, 2016

By: /s/ Elizabeth A. McNamara

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Fl.
New York, New York 10020-1104
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email: lizmcnamara@dwt.com
samuelbayard@dwt.com

Alison Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800

4

Washington, DC  20006-3401
Telephone:   (202) 973-4248
Fax:              (202) 973-4448
E-mail:         alisonschary@dwt.com

W. David Paxton (VSB No. 19798)
J. Scott Sexton (VSB No. 29284)
Anthony M. Russell (VSB No. 44505)
Michael J. Finney (VSB No. 78484)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA  24022-0013
Telephone:   (540) 983-9300
Fax:              (540) 983-9400
E-mail:         paxton@gentrylocke.com
E-mail:         sexton@gentrylocke.com
E-mail:         finney@gentrylocke.com

*Attorneys for Defendants Rolling Stone LLC,
Sabrina Rubin Erdely, and Wenner Media LLC*

5

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2016, the foregoing was served by CM/ECF on counsel of record for all parties to this action. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Elizabeth A. McNamara
Elizabeth A. McNamara

DWT 30669407v1 3770077-000050
Case 3:15-cv-00023-GEC   Document 370   Filed 11/04/16   Page 6 of 6   Pageid#: 17464