IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

---

NICOLE P. ERAMO,

        Plaintiff,

- against -

ROLLING STONE LLC, SABRINA RUBIN ERDELY, AND WENNER MEDIA LLC,

        Defendants.

Case No. 3:15-cv-00023-GEC

---

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE AS TO THE IMPACT OF THE ARTICLE AS A WHOLE

Defendants Rolling Stone LLC, Wenner Media LLC (collectively, "Rolling Stone"), and Sabrina Rubin Erdely ("Erdely") submit this damages phase motion *in limine* to exclude evidence and argument, including in opening statements, regarding the impact of the Article as a whole on Plaintiff Nicole Eramo. Given the Court's grant of judgment as a matter of law on Plaintiff's defamation by implication claim and as to Statement No. 4, such global evidence as to the Article introduced to-date cannot be considered by the jury during damages. Likewise, Plaintiff should not introduce any such undifferentiated evidence during the damages case, nor make argument regarding the Article as a whole. Such evidence is inadmissible pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence.

Rather, Plaintiff's evidence and argument must be limited to harm allegedly caused by the specific statements still at issue in this case, and based on the relevant dates.

## BACKGROUND

During the liability phase of this trial, Plaintiff's evidence was focused on the impact of the Article as whole, rather than the individual statements still at issue in the case. For example, she testified:

> Q What -- in the *days after the article*, can you describe the atmosphere on campus as you observed it?
>
> A I can only describe it as hysterical. There were protests. There were missives flying around in social media. There were e-mails flying around in my inbox. It was just tumult everywhere. It's hard to describe how it had just spun out of control, it seemed, so quickly.

(10/18 Trial Tr. Vol. II at 114 (emphasis added).) Further, to the extent that Ms. Eramo claims any continuing damages, she attributes them to the Article as a whole:

> Q Ms. Eramo, based on interactions that you continue to have up to this day, do you continue to feel lingering effects *from the Rolling Stone article*?
>
> A Yes.

(*Id.* at 175 (emphasis added).)

Similarly, Dean Groves—Plaintiff's boss when she was an Associate Dean of Students—testified that he, Vice President Pat Lampkin, and Associate Vice President Susan Davis—made the assessment that Plaintiff should not continue in an intake role due to the Article overall, and made this decision "in the *day or two after the article had been published*." (10/26 Tr. Vol. I at 24-25 (emphasis added).)

## ARGUMENT AND AUTHORITIES

As reflected in the Court's draft damages jury instructions and verdict form—as well as controlling case law, Plaintiff bears the burden of proving damages proximately caused by *each specific statement at issue* and at the applicable times—rather than by any other cause. *See*

*Great Coastal Exp., Inc. v. Ellington*, 230 Va. 142, 156, 334 S.E.2d 846, 855 (1985) (the plaintiff has "the burden of proving by a preponderance of the evidence both the quantum of his loss and that the defamatory words were its proximate cause"), *overruled on other grounds by Cashion v. Smith*, 286 Va. 327, 338, 749 S.E.2d 526, 532 (2013); *Sheckler v. Va. Broad. Corp.*, 63 Va. Cir. 368, 377 (Charlottesville Cir. Ct. 2003) ("[T]he Defendant could be held responsible *only for those injuries inflicted by the defamatory portions of the Defendant's broadcasts, not* the losses or injuries sustained from the ***attendant*** arrest, prosecution, and forfeiture proceedings, or from the newspaper accounts and the accurate portions of the television broadcasts and Internet publications reporting those events.") (emphasis added); *Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1316 (11th Cir. 1990) (to give rise to actual damages, the specific actionable statements must be the legal cause of the harm alleged; and "[l]egal causation requires a finding that the slanderous statement was both a factual cause and a proximate cause of" the alleged harm).

For these reasons, the Court should instruct the jury that all evidence introduced to-date about the Article's overall impact on Plaintiff cannot be considered by the jury during this damages phase. Likewise, the Court should preclude Plaintiff from introducing any such undifferentiated evidence during the damages case, nor make argument regarding the Article as a whole. Such evidence is irrelevant to the damages inquiries now before the jury, it is also highly and unfairly prejudicial to Defendants. Fed. R. Evid. 401, 402, 403. Rather, the Court should rule that Plaintiff's evidence and argument must be limited to harm allegedly caused by the specific statements still at issue in this case and within the applicable times.

Evidence that should not be considered by the jury—nor introduced during the damages phase—includes, but is not, limited to:

- Any testimony about the impact of the Article in general on Ms. Eramo;

- Any emails criticizing Ms. Eramo over the Article, not specifically tied to an actionable statement;

- Any testimony about the photo illustration, including Ms. Eramo's prior testimony that it (and/or the Article as a whole) made her "look like the devil." (10/18 Trial Tr. Vol. II. at 111-12, 121-22.)

## CONCLUSION

WHEREFORE, for the reasons stated above, the Court should grant this damages phase motion *in limine*, excluding all evidence and argument regarding the undifferentiated impact of the Article as a whole on Plaintiff, instead requiring evidence and argument to be tied to specific statements still at issue and at the applicable times.

Dated: November 4, 2016

By: /s/ Elizabeth A. McNamara

      Elizabeth A. McNamara (*pro hac vice*)
      Samuel M. Bayard (*pro hac vice*)
      DAVIS WRIGHT TREMAINE LLP
      1251 Avenue of the Americas, 21st Fl.
      New York, New York 10020-1104
      Telephone: (212) 489-8230
      Fax: (212) 489-8340
      Email: lizmcnamara@dwt.com
             samuelbayard@dwt.com

      Alison Schary (*pro hac vice*)
      DAVIS WRIGHT TREMAINE LLP
      1919 Pennsylvania Avenue NW, Suite 800
      Washington, DC 20006-3401
      Telephone: (202) 973-4248
      Fax: (202) 973-4448
      E-mail: alisonschary@dwt.com

      W. David Paxton (VSB No. 19798)
      J. Scott Sexton (VSB No. 29284)
      Anthony M. Russell (VSB No. 44505)
      Michael J. Finney (VSB No. 78484)
      GENTRY LOCKE

10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300
Fax: (540) 983-9400
E-mail: paxton@gentrylocke.com
E-mail: sexton@gentrylocke.com
E-mail: russell@gentrylocke.com
E-mail: finney@gentrylocke.com

*Attorneys for Defendants Rolling Stone LLC,
Sabrina Rubin Erdely, and Wenner Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2016, the foregoing was served by CM/ECF on counsel of record for all parties to this action. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Elizabeth A. McNamara