CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 0 6 2016
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT CHARLOTTESVILLE

NICOLE P. ERAMO, )
    Plaintiff, ) ORDER
 )
v. ) Civil Action No. 3:15CV00023
 )
ROLLING STONE, LLC, et al., ) By: Hon. Glen E. Conrad
    Defendants. ) Chief United States District Judge

Following a partially favorable verdict for plaintiff in the liability phase of this bifurcated case, defendants filed several motions in limine prior to the damage phase. For reasons stated in a conference in chambers on Friday, November 4, 2016, it is now

**ORDERED**

as follows:

1) Defendants' Motion in Limine to Exclude Any Per Diem Damages Calculations shall be and hereby is **GRANTED**. The court deems such calculations to be speculative and grounded in guesswork;

2) Defendants' Renewed Motion in Limine to Exclude the Newseum Exhibit shall be and hereby is **GRANTED**. The court deems such evidence to be only minimally relevant to the plaintiff's case, and highly prejudicial to the defendants.

3) Defendants' Motion in Limine to exclude all evidence as to the impact of the article, "A Rape on Campus," shall be and hereby is **GRANTED IN PART AND DENIED IN PART**. If defendants object to certain questions, the court will rule on a question-by-question basis.

4) Defendants' Motion in Limine to Exclude All Evidence Related to Punitive Damages is **GRANTED**. The court has already granted plaintiff's motion to withdraw her claim for punitive damages.

5) Plaintiff has proposed a damage instruction advising the jury that any award to the plaintiff will be taxable. Defendants have objected to the proposed instruction. The court has determined not to include such an instruction in the charge to the jury. The court believes that the inclusion of such an instruction would invite other instructions as to the financial ramifications of a jury award. More to the point, the United States Supreme Court has aptly noted the likelihood that most Americans understand that damage awards are generally taxable. See Norfolk & W. Ry. Co. v. Liepelt, 444 U.S. 400, 497 (1980) (quoting Domeracki v. Humble Oil & Refining Co., 443 F.2d 1245, 1251 (3d. Cir. 1971), cert. denied, 404 U. S. 883 (1971) ("We take judicial notice of the 'tax consciousness' of the American public. Yet, we also recognize, . . . that few members of the general public are aware of the special statutory exception for personal injury awards contained in the Internal Revenue Code.")); id. ("It is surely not fanciful to suppose that the jury . . . believed that a large portion of the award would be payable . . . in taxes."). Thus, the court believes that the damage instruction should be limited to those situations in which the award is not taxable. Accordingly, plaintiff's request to include the instruction is **DENIED**.

The Clerk shall certify copies of this order to all parties.

Entered this ___6th___ day of November, 2016

_____
Chief United States District Judge

2