IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

FILED IN OPEN COURT
DATE: 11/4/2016
*Susan Mondy*
DEPUTY CLERK

| | | |
|---|---|---|
| NICOLE P. ERAMO , | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-CV-00023 |
| | ) | |
| v. | ) | **SPECIAL VERDICT FORM** |
| | ) | **NUMBER ONE** |
| ROLLING STONE, LLC, et. al, | ) | **SABRINA RUBIN ERDELY** |
| | ) | |
| Defendants. | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |

This special verdict form includes each of the statements on which plaintiff bases her claim of defamation against Sabrina Rubin Erdely. Answer the questions in accordance with the court's instructions.

1. As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

   *"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

   1(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

   **ANSWER YES OR NO.** Yes
   **If you answered question 1(a) "no," proceed to question 2.**

   1(b). If you answered "yes" to question number 1(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

   **ANSWER YES OR NO.** Yes

2. As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

   *"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean*

*Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

2(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** Yes
**If you answered question 2(a) "no," proceed to question 3.**

2(b). If you answered "yes" to question number 2(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

**ANSWER YES OR NO.** N O

3. As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

*"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror…. Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

3(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** Yes
**If you answered question 3(a) "no," proceed to question 4.**

3(b). If you answered "yes" to question number 3(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

**ANSWER YES OR NO.** Yes

4.  As to this statement made on the Brian Lehrer show on November 26, 2014:
    *"[J]ackie was kind of brushed off by her friends and by the administration . . . And eventually, when she did report it to the administration, the administration did nothing about, they did nothing with the information. And they even continued to do nothing when she eventually told them that she had become aware of two other women who were also gang raped at the same fraternity."*

    4(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

    **ANSWER YES OR NO.** Yes
    **If you answered question 4(a) "no," proceed to question 5.**

    4(b). If you answered "yes" to question number 4(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

    **ANSWER YES OR NO.** Yes

5.  As to this statement made on the Slate DoubleX Gabfest podcast on November 26, 2014:
    *"[Jackie] had eventually kind of mustered up the courage to tell the administration that she had been brutally gang raped and that the University did nothing with this information and that they continued to do nothing even when she eventually then told them that she had become aware of two other women who were also gang raped at that same fraternity."*

    5(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

    **ANSWER YES OR NO.** Yes
    **If you answered question 5(a) "no," proceed to question 6.**

    5(b). If you answered "yes" to question number 5(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

    **ANSWER YES OR NO.** No

3

6.    As to this statement made on the Slate DoubleX Gabfest podcast on November 26, 2014:

*"It is incredibly extreme. I mean whether this was perpetrated by a serial rapist who has many victims – I mean it seems like no matter what, this is an incredibly messed up situation. But it was absolutely a violent crime and I think what was really telling was the idea that – and this really underscores the entire article; is the student body and the administration doesn't really treat rape as a crime, as a violent crime . . . Even in this case, right, exactly. And this is why this case blew my mind, that Jackie's situation blew my mind; that even in a situation that was so extreme and so obviously within the realm of criminal, that they would seek to suppress something like this because that's really what they did. Not only did they not report it to the police, but really I feel she was sort of discouraged from moving this forward."*

6(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.  Yes**
**If you answered question 6(a) "no," proceed to question 7.**

6(b).   If you answered "yes" to question number 6(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

**ANSWER YES OR NO. Yes**

7.    As to this statement made on the Slate DoubleX Gabfest podcast on November 26, 2014:

*"She's particularly afraid of Drew who she's assigned a tremendous amount of power in her own mind. . . . So I think that the idea of [Jackie] facing him or them in any way is really just emotionally crippling for her. She's having a hard time facing up to that, and I think that she needs a lot of support if she's going to get to the place where she can actually confront them. When she does actually run into some of her alleged assailants on campus sometimes, just the sight of them, obviously it's a shock but it also tends to send her into a depression. So it just goes to show sort of the emotional toll something like this would take. I just think it would require a great deal of support for her to move forward into any of these options to resolve her case and that's something that's been completely absent. She really hasn't had any of that support from her friends, from the administration, nor from her family."*

4

7(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** ___Yes___
**If you answered question 7(a) "no," proceed to question 8.**

7(b). If you answered "yes" to question number 7(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

**ANSWER YES OR NO.** ___Yes___

8. As to this statement made on the Slate DoubleX Gabfest podcast on November 26, 2014:
*"What I found is that UVA is a place where their culture is one of extreme loyalty, so I guess it shouldn't have surprised me that the community of survivors, they're totally devoted to the University, even as they're not very happy with the way that their cases are handled. They totally buy into the attitude that radiates from the administration that doing nothing is a fine option. You know, if you unburden yourself to the Dean and take care of your own mental health, then that's good enough. They created this support group, which is great for them and they do activism, they do bystander support seminars, I mean intervention seminars and things like that which is great, but really what they're doing is affirming one another's choices not to report, which is, of course, an echo of their own administration's kind of ethos."*

8(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** ___Yes___
**If you answered question 8(a) "no," proceed to question 9.**

8(b). If you answered "yes" to question number 8(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in making this statement?

**ANSWER YES OR NO.** ___NO___

9. As to this statement emailed to a Washington Post Reporter on November 30, 2014:
*"As I've already told you, the gang-rape scene that leads the story is the alarming account that Jackie – a person whom I found to be credible – told to me, told her friends, and importantly, what she told the UVA administration, which chose not to act on her*

*allegations in any way – i.e., the overarching point of the article. THAT is the story: the culture that greeted her and so many other UVA women I interviewed, who came forward with allegations, only to be met with indifference."*

9(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** Yes
**If you answered question 9(a) "no," proceed to question 10.**

9(b).   If you answered "yes" to question number 9(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that such defendant(s) acted with actual malice in making this statement?

**ANSWER YES OR NO.** Yes

10.   Do you find by a preponderance of the evidence that **Sabrina Rubin Erdely** republished the article, "A Rape on Campus" on December 5, 2014?

**ANSWER YES OR NO.** No
**If you answered question 10 "no," stop.**
**If you answered question 10 "yes," answer question 11, 12, and 13.**

11.   As to this statement republished on December 5, 2014:
*"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

11(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** N/A
**If you answered question 11(a) "no," proceed to question 13.**

11(b).   If you answered "yes" to question number 12(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.** N/A

12. As to this statement republished on December 5, 2014:

*"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

12(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** _N/A_
**If you answered question 12(a) "no," proceed to question 14.**

12(b). If you answered "yes" to question number 13(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.** _N/A_

13. As to this statement republished on December 5, 2014:

*"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror.... Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

13(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Sabrina Rubin Erdely**?

**ANSWER YES OR NO.** _N/A_
**If you answered question 13(a) "no," stop.**

7

13(b). If you answered yes to question number 14(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Sabrina Rubin Erdely** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.**  N/A

*Continue to Special Verdict Form Number Two*

11/4/16
DATE

_____
SIGNATURE OF FOREPERSON

Deborah J. Parmelee
PRINTED NAME OF FOREPERSON

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| NICOLE P. ERAMO , | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-CV-00023 |
| | ) | |
| v. | ) | **SPECIAL VERDICT FORM** |
| | ) | **NUMBER TWO** |
| ROLLING STONE, LLC, et. al, | ) | **ROLLING STONE, LLC** |
| | ) | |
| Defendants. | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |

This special verdict form includes each of the statements which plaintiff alleges to have been made by Rolling Stone, LLC. Answer the questions in accordance with the court's instructions.

1.  As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

    *"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

    1(a).  Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

    **ANSWER YES OR NO.** Yes
    **If you answered question 1(a) "yes," proceed to question 1(b).**

    1(b).  If you answered "yes" to question number 1(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in making this statement?

    **ANSWER YES OR NO.** NO

2.  As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

    *"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean*

*Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

2(a).  Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

**ANSWER YES OR NO.** ___Yes___
**If you answered question 2(a) "no," proceed to question 3.**

2(b).  If you answered "yes" to question number 2(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in making this statement?

**ANSWER YES OR NO.** ___NO___

3.  As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

*"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror.... Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

3(a).  Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

**ANSWER YES OR NO.** ___Yes___
**If you answered question 3(a) "no," proceed to question 4.**

3(b).  If you answered "yes" to question number 3(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in making this statement?

**ANSWER YES OR NO.** ___NO___

2

4.    As to this statement emailed to a Washington Post Reporter on November 30, 2014:

*"As I've already told you, the gang-rape scene that leads the story is the alarming account that Jackie – a person whom I found to be credible – told to me, told her friends, and importantly, what she told the UVA administration, which chose not to act on her allegations in any way – i.e., the overarching point of the article. THAT is the story: the culture that greeted her and so many other UVA women I interviewed, who came forward with allegations, only to be met with indifference."*

4(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

**ANSWER YES OR NO.**  *NO*
**If you answered question 4(a) "no," proceed to question 5.**

4(b).   If you answered "yes" to question number 4(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that such defendant(s) acted with actual malice in making this statement?

**ANSWER YES OR NO.**  *N/A*

5.    As to this statement first released in a press release on December 1, 2014 and circulated between December 1 and December 4, 2014:

*"The story we published was one woman's account of a sexual assault at a UVA fraternity in October 2012 – and the subsequent ordeal she experienced at the hands of the University administrators in her attempts to work her way through the trauma of that evening. The indifference with which her complaint was met was, we discovered, sadly consistent with the experience of many other UVA women who have tried to report such assaults. Through our extensive reporting and fact-checking, we found Jackie to be entirely credible and courageous and we are proud to have given her disturbing story the attention it deserves."*

5(a)    Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

**ANSWER YES OR NO.**  *Yes*
**If you answered question 5(a) "no," proceed to question 6.**

5(b)   If you answered "yes" to question number 5(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in making this statement?

**ANSWER YES OR NO.** _NO_

6.   Do you find by a preponderance of the evidence that **Rolling Stone, LLC** republished the article, "A Rape on Campus" on December 5, 2014?

**ANSWER YES OR NO.** _Yes_
**If you answered question 6 "no," stop.**
**If you answered question 6 "yes," answer question 7, 8, and 9.**

7.   As to this statement republished on December 5, 2014:
*"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

7(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

**ANSWER YES OR NO.** _Yes_
**If you answered question 7(a) "no," proceed to question 8.**

7(b).   If you answered "yes" to question number 7(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.** _Yes_

8.   As to this statement republished on December 5, 2014:
*"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

8(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

ANSWER YES OR NO. _Yes_
   If you answered question 8(a) "no," proceed to question 9.

8(b).   If you answered "yes" to question number 8(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in republishing this statement?

ANSWER YES OR NO. _Yes_

9.   As to this statement republished on December 5, 2014:
   *"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror…. Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

9(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Rolling Stone, LLC**?

ANSWER YES OR NO. _Yes_
   If you answered question 9(a) "no," stop.

9(b).   If you answered "yes" to question number 9(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Rolling Stone, LLC** acted with actual malice in republishing this statement?

ANSWER YES OR NO. _Yes_

***Continue to Special Verdict Form Number Three***

_11/4/16_
DATE

_[signature]_
SIGNATURE OF FOREPERSON

_Deborah J. Parmelee_
PRINTED NAME OF FOREPERSON

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NICOLE P. ERAMO , | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:15-CV-00023 |
| | ) |
| v. | ) **SPECIAL VERDICT FORM** |
| | ) **NUMBER THREE** |
| ROLLING STONE, LLC, et. al, | ) **WENNER MEDIA, LLC** |
| | ) |
| Defendants. | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |

This special verdict form includes each of the statements which plaintiff alleges to have been made by Wenner Media, LLC. Answer the questions in accordance with the court's instructions.

1. As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

   *"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

   1(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

   **ANSWER YES OR NO.** Yes
   **If you answered question 1(a) "no," proceed to question 2.**

   1(b). If you answered "yes" to question number 1(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in making this statement?

   **ANSWER YES OR NO.** NO

2. As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

   *"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean*

*Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

2(a).  Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

**ANSWER YES OR NO.** _Yes_
**If you answered question 2(a) "no," proceed to question 3.**

2(b).  If you answered "yes" to question number 2(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in making this statement?

**ANSWER YES OR NO.** _NO_

3.  As to this statement appearing in the November 19, 2014 print and online editions of "A Rape on Campus":

*"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror.... Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

3(a).  Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

**ANSWER YES OR NO.** _Yes_
**If you answered question 3(a) "no," proceed to question 4.**

3(b).  If you answered "yes" to question number 3(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in making this statement?

**ANSWER YES OR NO.** _NO_

4.      As to this statement emailed to a Washington Post Reporter on November 30, 2014:
        *"As I've already told you, the gang-rape scene that leads the story is the alarming account that Jackie – a person whom I found to be credible – told to me, told her friends, and importantly, what she told the UVA administration, which chose not to act on her allegations in any way – i.e., the overarching point of the article. THAT is the story: the culture that greeted her and so many other UVA women I interviewed, who came forward with allegations, only to be met with indifference."*

   4(a).   Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

           **ANSWER YES OR NO.** $\underline{NO}$
           **If you answered question 4(a) "no," proceed to question 5.**

   4(b).   If you answered "yes" to question number 4(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that such defendant(s) acted with actual malice in making this statement?

           **ANSWER YES OR NO.** $\underline{N/A}$

5.      As to this statement first released in a press release on December 1, 2014 and circulated between December 1 and December 4, 2014:
        *"The story we published was one woman's account of a sexual assault at a UVA fraternity in October 2012 – and the subsequent ordeal she experienced at the hands of the University administrators in her attempts to work her way through the trauma of that evening. The indifference with which her complaint was met was, we discovered, sadly consistent with the experience of many other UVA women who have tried to report such assaults. Through our extensive reporting and fact-checking, we found Jackie to be entirely credible and courageous and we are proud to have given her disturbing story the attention it deserves."*

   5(a)    Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

           **ANSWER YES OR NO.** $\underline{Yes}$
           **If you answered question 5(a) "no," proceed to question 6.**

3

5(b)     If you answered "yes" to question number 5(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in making this statement?

**ANSWER YES OR NO.** _NO_

6.     Do you find by a preponderance of the evidence that **Wenner Media, LLC** republished the article, "A Rape on Campus," on December 5, 2014?

**ANSWER YES OR NO.** _Yes_
**If you answered question 6 "no," stop.**
**If you answered question 6 "yes," answer question 7, 8, and 9.**

7.     As to this statement republished on December 5, 2014:

*"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

7(a).     Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

**ANSWER YES OR NO.** _Yes_
**If you answered question 7(a) "no," proceed to question 8.**

7(b).     If you answered "yes" to question number 7(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.** _Yes_

8.     As to this statement republished on December 5, 2014:

*"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

8(a).     Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

**ANSWER YES OR NO.** _Yes_

**If you answered question 8(a) "no," proceed to question 9.**

8(b). If you answered "yes" to question number 8(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.** _Yes_

9. As to this statement republished on December 5, 2014:

*"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror.... Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

9(a). Do you find by a preponderance of the evidence that this statement is actionable, by satisfying each of the elements set forth on page 23 of the instructions, against **Wenner Media, LLC**?

**ANSWER YES OR NO.** _Yes_

**If you answered question 9(a) "no," stop.**

9(b). If you answered "yes" to question number 9(a), answer the following question: do you find that plaintiff has established by clear and convincing evidence that **Wenner Media, LLC** acted with actual malice in republishing this statement?

**ANSWER YES OR NO.** _Yes_

_11/4/16_
DATE

_(signature)_
SIGNATURE OF FOREPERSON

_Deborah J. Parmelee_
PRINTED NAME OF FOREPERSON

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

NICOLE P. ERAMO,                          )
                                          )
    Plaintiff,                        )    Civil Action No. 3:15-CV-00023
                                          )
v.                                        )    **SPECIAL VERDICT FORM**
                                          )    **NUMBER FOUR**
                                          )
ROLLING STONE, LLC, et al.,               )
                                          )    By:  Hon. Glen E. Conrad
                                          )    Chief United States District Judge
    Defendants.                       )
                                          )

This special verdict form includes each of the statements which you have already found were actionable and made with actual malice. Answer the questions in accordance with the court's instructions.

As to the following statements:

Appearing in the article, "A Rape on Campus," on November 19, 2014:

> *"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

\* \* \*

> *"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror.... Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

Made on the Brian Lehrer show on November 26, 2014:

> "[J]ackie was kind of brushed off by her friends and by the administration . . . And eventually, when she did report it to the administration, the administration did nothing about, they did nothing with the information. And they even continued to do nothing when she eventually told them that she had become aware of two other women who were also gang raped at the same fraternity."

Made on the Slate DoubleX Gabfest podcast on November 26, 2014:

> "It is incredibly extreme. I mean whether this was perpetrated by a serial rapist who has many victims – I mean it seems like no matter what, this is an incredibly messed up situation. But it was absolutely a violent crime and I think what was really telling was the idea that – and this really underscores the entire article; is the student body and the administration doesn't really treat rape as a crime, as a violent crime . . . Even in this case, right, exactly. And this is why this case blew my mind, that Jackie's situation blew my mind; that even in a situation that was so extreme and so obviously within the realm of criminal, that they would seek to suppress something like this because that's really what they did. Not only did they not report it to the police, but really I feel she was sort of discouraged from moving this forward."

* * *

> "She's particularly afraid of Drew who she's assigned a tremendous amount of power in her own mind. . . . So I think that the idea of [Jackie] facing him or them down in any way is really just emotionally crippling for her. She's having a hard time facing up to that, and I think that she needs a lot of support if she's going to get to the place where she can actually confront them. When she does actually run into some of her alleged assailants on campus sometimes, just the sight of them, obviously it's a shock but it also tends to send her into a depression. So it just goes to show sort of the emotional toll something like this would take. I just think it would require a great deal of support for her to move forward into any of these options to resolve her case and that's something that's been completely absent. She really hasn't had any of that support from her friends, from the administration, nor from her family."

Emailed to a Washington Post Reporter on November 30, 2014:

> "As I've already told you, the gang-rape scene that leads the story is the alarming account that Jackie – a person whom I found to be credible – told to me, told her friends, and importantly, what she told the UVA administration,

2

*which chose not to act on her allegations in any way – i.e., the overarching point of the article. THAT is the story: the culture that greeted her and so many other UVA women I interviewed, who came forward with allegations, only to be met with indifference."*

1. As against **Sabrina Rubin Erdely** and based on the foregoing statements, state the amount of damages, if any, you believe plaintiff has proven, by the preponderance of the evidence, that she is entitled to recover.

   $ <u>2 million</u>

---

As to these statements republished on December 5, 2014:

> *"Lots of people have discouraged her from sharing her story, Jackie tells me with a pained look, including the trusted UVA dean to whom Jackie reported her gang-rape allegations more than a year ago."*

\* \* \*

> *"Like most colleges, sexual-assault proceedings at UVA unfold in total secrecy. Asked why UVA doesn't publish all its data, President Sullivan explains that it might not be in keeping with 'best practices' and thus may inadvertently discourage reporting. Jackie got a different explanation when she'd eventually asked Dean Eramo the same question. She says Eramo answered wryly, 'Because nobody wants to send their daughter to the rape school.'"*

\* \* \*

> *"A bruise mottling her face, Jackie sat in Eramo's office in May 2014 and told her about the two others. One, she says, is a 2013 graduate, who'd told Jackie that she'd been gang-raped as a freshman at the Phi Kappa Psi house. The other was a first-year whose worried friends had called Jackie after the girl had come home wearing no pants. Jackie said the girl told her she'd been assaulted by four men in a Phi Psi bathroom while a fifth watched. (Neither woman was willing to talk to RS). As Jackie wrapped up her story, she was disappointed by Eramo's nonreaction. She'd expected shock, disgust, horror…. Of all her assailants, Drew was the one she most wanted to see held accountable—but with Drew about to graduate, he was going to get away*

3

*with it. Because, as she miserably reminded Eramo in her office, she didn't feel ready to file a complaint. Eramo, as always, understood."*

2(a). Do you find, by a preponderance of the evidence, that plaintiff suffered separate and additional harm resulting from the republication of these statements?

        **ANSWER YES OR NO.** _Yes_

        **If you answered "no," stop.**

2(b). If you answered "yes" to question 2(a), state the amount of damages, if any, you believe plaintiff has proven, by the preponderance of the evidence, that she is entitled to recover against **Rolling Stone, LLC** and **Wenner Media, LLC** based on the republication of these statements.

        $ _1 million_

_11/7/16_
DATE

_[signature]_
SIGNATURE OF FOREPERSON

_Deborah J Parmelee_
PRINTED NAME OF FOREPERSON

4