IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| NICOLE P. ERAMO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00023-GEC |
| ) | |
| ROLLING STONE LLC, ) | |
| SABRINA RUBIN ERDELY, and ) | |
| WENNER MEDIA LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND EIGHT MEDIA COMPANIES FOR LEAVE TO APPEAR AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT**

Caitlin Vogus
*Counsel of Record*
Bruce D. Brown
Gregg P. Leslie
Ariel B. Glickman
THE REPORTERS COMMITTEE
  FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, D.C. 20005
Telephone: (202) 795-9300
cvogus@rcfp.org

The Reporters Committee for Freedom of the Press and eight additional news organizations respectfully seek leave of the Court to file the attached *amicus curiae* brief in support of Defendants' Motion for judgment notwithstanding the verdict. Defendants consent to the filing of this brief; Plaintiff does not.

District courts have broad discretion in allowing non-parties to file *amicus curiae* briefs. *See, e.g.*, *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (refusing to overturn district court's grant of *amici curiae*'s motion because judge did not abuse broad discretion); *Bryant v. Better Bus. Bureau of Greater Md.*, 923 F. Supp. 720, 728 (D. Md. 1996); *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective than can help the court beyond the help that lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks omitted). An *amicus* brief need not be impartial if the non-party "has a special interest that justifies his having a say." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988).

*Amicus* The Reporters Committee for Freedom of the Press ("Reporters Committee") is a voluntary, unincorporated association of reporters and editors that works to defend the First Amendment rights and freedom-of-information interests of the news media. The Reporters Committee has provided representation, guidance, and research in First Amendment and Freedom of Information Act litigation since 1970.

Additional *amici* are as follows: American Society of News Editors, The Associated Press, Gannett Co., Inc., Landmark Media Enterprises, LLC, Online News Association, Radio

1

Case 3:15-cv-00023-GEC   Document 399   Filed 12/08/16   Page 2 of 4   Pageid#: 18620

Television Digital News Association, Society of Professional Journalists, and The Washington Post.

The brief of *amici* will help the Court in evaluating the significance of responding to new information in publications as it develops. *Amici* are reputable news organizations that serve the public interest and are tasked everyday with providing accurate and trusted information. They recognize a commitment to be vigilant in clarifying inconsistencies and to update their work accordingly to guarantee that their audience receives the most accurate information.

*Amici* write separately because they are uniquely situated to stress the chilling effects that would result if Defendants are to be penalized for appending an editor's note about mistakes in their journalism. Plaintiff threatens to set a dangerous precedent for news organizations and those who rely upon them for accurate up-to-the-minute news throughout the country. Upholding the current verdict would set *amici* on a collision course between correcting errors in their journalism and facing liability for doing so. Confronted with additional penalties for appending an editor's note and offering an apology like *Rolling Stone*'s Note to Readers, news organizations may avoid responding to new information altogether, diminishing their credibility and harming the public in the process.

WHEREFORE, *amici* respectfully request that the Court grant their motion for leave to file the *amicus curiae* brief submitted herewith.

Respectfully submitted this 8th day of December 2016.

/s/ Caitlin Vogus
Caitlin Vogus
Bruce D. Brown
Gregg P. Leslie
Ariel B. Glickman
THE REPORTERS COMMITTEE
   FOR FREEDOM OF THE PRESS

*Attorneys for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December 2016, I filed the foregoing motion via the CM/ECF system, which electronically served the following:

Elizabeth A. McNamara (*pro hac vice*)
Samuel M. Bayard (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230

Alison B. Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006
Telephone: (202) 973-4248

W. David Paxton
Michael J. Finney
J. Scott Sexton
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022
Telephone: (540) 983-9300

*Attorneys for Defendants Rolling Stone LLC, Sabrina Rubin Erdely, and Wenner Media LLC*

Elizabeth M. Locke
Thomas A. Clare
Andrew C. Phillips
Joseph R. Oliveri
CLARE LOCKE LLP
902 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
tom@clarelocke.com
libby@clarelocke.com
andy@clarelocke.com
joe@clarelocke.com

*Attorneys for Plaintiff Nicole P. Eramo*

/s/ Caitlin Vogus
Caitlin Vogus