CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

NICOLE P. ERAMO,                        )
                                        )
            Plaintiff,                   )   Civil Action No. 3:15-CV-00023
                                        )
                                        )   **MEMORANDUM OPINION**
v.                                      )
                                        )   Hon. Glen E. Conrad
ROLLING STONE LLC, et al.,              )   Chief United States District Judge
                                        )
            Defendants.                  )
                                        )

The case is presently before the court on plaintiff's motion for reconsideration of the court's October 11, 2016 order imposing sanctions. For the reasons that follow, the court will grant in part and deny in part plaintiff's motion.

### Factual and Procedural History

Plaintiff Nicole P. Eramo ("Eramo") filed the instant action alleging several counts of defamation against defendants Sabrina Rubin Erdely ("Erdely"), Rolling Stone, LLC ("Rolling Stone"), and Wenner Media, LLC ("Wenner Media"). On November 7, 2016, following a seventeen-day bifurcated jury trial, the jury returned a verdict in favor of plaintiff.

During discovery, the parties agreed to an amended stipulated protective order, governing the disclosure of certain confidential information. See Docket No. 36. One week before trial, defendants filed an emergency motion for sanctions upon learning that plaintiff's counsel had provided video copies of certain depositions to at least one news outlet. After a hearing, the court found that plaintiff's counsel was in violation of the parties' amended stipulated protective order and granted defendants' emergency motion for sanctions. As a sanction, the court prevented the plaintiff from presenting at trial the video deposition of defendant Sabrina Rubin Erdely or any

other video deposition disclosed by plaintiff to third-party media outlets and aired by those outlets. See Docket No. 267. Additionally, the court enjoined the plaintiff from further violations of the amended stipulated protective order. Id. Plaintiff now seeks an order reversing the court's October 11, 2016 imposition of sanctions. The court held a hearing on the issue on February 9, 2017. The matter is now ripe for review.

## Discussion

In reaching the conclusion that plaintiff had violated the amended stipulated protective order, the court determined that the amended stipulated protective order contemplated a difference between transcripts of depositions and videos of those same depositions. Hearing Tr. Oct. 11, 2016 at 15:16-16:2. Prior to the summary judgment deadline, at plaintiff's request, defendants "de-designated" certain portions of deposition transcripts, so that the transcripts could be filed publicly in support of plaintiff's motion for partial summary judgment. Defendants "de-designated" the transcripts, but did not "de-designate" the corresponding videos. Nevertheless, plaintiff sent portions of the videos to at least one media outlet.

To the extent plaintiff seeks reconsideration of the order imposing sanctions, the court believes the motion is moot. The sanctions related only to what plaintiff could present at trial and only prevented plaintiff from presenting the video deposition of Erdely, who was available to testify. However, the court recognizes that its earlier ruling was based upon the understanding that plaintiff intentionally violated the amended stipulated protective order. Upon further consideration, and given the apparent confusion as to whether the "de-designation" included both the transcripts and the video recordings of the depositions, the court believes that plaintiff's violation of the amended stipulated protective order was not intentional. Accordingly, the court will grant in part and deny in part plaintiff's motion for reconsideration.

2

## **Conclusion**

For the reasons stated, the plaintiff's motion for reconsideration will be granted in part and denied in part. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This __12th__ day of April, 2017.

_____
Chief United States District Judge